"Protectional Filing"

ORIGINAL



FILED

OCT 11 2023

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ naa _____, DEPUTY

| | |
|---|---|
| Name (under which you were convicted): Kenneth H. Tibbetts | Docket or Case No.: CIV-23-913-J |
| Place of Confinement: Joseph Harp Correctional Center | Prisoner No.: 122414 |

Petitioner (include the name under which you were convicted)

Kenneth H. Tibbetts

v.

Respondent (authorized person having custody of petitioner)

David Rogers

The Attorney General of the State of: Oklahoma

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    State of Oklahoma, Beckham County District Court,

    (b) Criminal docket or case number (if you know): CF-2015-188

2.  (a) Date of the judgment of conviction (if you know): March 30th 2016

    (b) Date of sentencing: March 30th 2016

3.  Length of sentence: 5 concurrent Life sentences; 2 concurrent 10 year sent

4.  In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    2 Counts of Attempted Robbery w/ Dangerous Weapon

    2 Counts of Possession of a Firearm After Former Felony Conviction;

    2 Counts of Kidnapping;

    1 Count of Robbery w/ A Weapon

6.  (a) What was your plea? (Check one)

    ☐ (1) Not guilty     ☐ (3) Nolo contendere (no contest)

    ☒ (2) Guilty     ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Oklahoma State Court Of Criminal Appeals ("OCCA")

(b) Docket or case number (if you know): C - 2015 - 419

(c) Result: Denied (see Ex "1"

(d) Date of result (if you know): 9/14/2017

(e) Citation to the case (if you know): _____

(f) Grounds raised: (1) The Trial Court Failed To Meaningfully Inquire Into Petitioner's Competence; (2) There Was Insufficient Factual Basis For Plea; (3) Petitioner did Not Receive Adequate Information On The Punishment Range; (4) Double Jeopardy Punishments; (5) Error Deprived Petitioner A Fair Sentencing Hearing And Excessive Sentence Outcome; (6) Prosecutorial Misconduct At Sentencing and Plea Withdrawal Hearings Deprived Petitioner Of Right To A Fair Proceeding; (7) Ineffective Assistance Of Counsel At Each Stage; and (8) Cumulative Error Deprived Petitioner Of Fair -

(g) Did you seek further review by a higher state court?     ☐ Yes     ☒ No          Proceedings;

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised:

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?      ☐ Yes      ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

_____

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?      ☒ Yes      ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Beckham County, State Of Oklahoma, District Court

(2) Docket or case number (if you know): CF-2015-188

(3) Date of filing (if you know): 5/16/2018

(4) Nature of the proceeding: Post Conviction collateral review

(5) Grounds raised: (1) Conflict Of Interest Ineffective Assistance Of Trial Counsel;

(2) Trial Court Was Without Subject-Matter Jurisdiction To Prosecute The

Defendant; (3) Ineffective Assistance Of Trial Counsel; and

(4) Ineffective Assistance Of Appellate Counsel;

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Denied (See Ex "2")

(8) Date of result (if you know): 3/29/2023   See Ex "2"

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Beckham County, State District Court

(2) Docket or case number (if you know): CF-2015-188

(3) Date of filing (if you know): 9/7/2023

(4) Nature of the proceeding: Post-Conviction - Appeal Out-of-Time

(5) Grounds raised: At No Faults of the incarcerated pro se Petitioner and at the faults of the Trial Court Clerk Office, Petitioner was denied his right to timely appeal to the OCCA, the Trial Courts 3/29/2023 Post Conviction denial order

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: Currently pending in the Trial Court

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:   ☒ Yes   ☐ No

    (2) Second petition:  ☐ Yes   ☒ No

    (3) Third petition:   ☐ Yes   ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Pending

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   THE STATE OBTAINED PETITIONER'S PLEA CONVICTIONS AND

PUNISHMENTS IN VIOLATION OF THE 14th USCA DUE PROCESS OF LAW CLAUSE :

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was a mentally insane drug addict and under influences of drugs prior to and during 5/1/2015 through 5/22/2015 times of committing the alleged crimes the State charged against me, and while I was more likely than not incompetent I entered blind pleas to the charges before Judge Hought on 2/10/2016;

Evidence indicating I more likely than not was incompetent to enter the blind pleas, was in the Court file record that was before Judge Hought during the plea proceeding id.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

Judge Haught had a ~~obligatory~~ obligatory affirmative duty under the due process clause, to conduct an adequate competency inquiry and determination of the defendant to enter the blind pleas knowingly intelligently and voluntary prior to accepting the blind pleas on 2/10/16. The original court record before Judge Haught, at the plea entry proceeding included defendant's Notice Of Insanity Defense, and Judge Haught cursory competency inquireing, resulted in the critically flaewd competent presumption, to accept the blind pleas, I entered while morely likely then not, was incompetent to do so on 2/10/16, before Judge Haught. The Trial Court on 5/11/2016 during Plea Withdrawal proceedings, and on plea withdrawal Certiori appeal, in the OCCA, on 9/17/2017, addressed and denied on the merits this claim. The denial decision is based in parts on objectively unreasonable determinations of facts, and factual findings rebutted by clear and convincing evidence and/or involves objectively unreasonable determinations of and/or contrary to applications of clearly established 14th USCA Due Process Of Law, clause, as determined by the controlling U.S. Supreme Court precdent decision(s) holding.

(B)    I did not provide Judge Haught, with a sufficient basis to accept my blind pleas on 2/10/16 as being knowing, intelligent or voluntary; It was raised in the plea withdrawal and plea appeal proceedings and both entered on the merits adjudications denying the claim, and the OCCA held claim procedorally defaulted and barred from review.

My current imprisonment in this case violates the U.S. Constitution and the Petitioner respectfully request this Honorable Court, issue and grant a Conditional Writ, invalidating the Pleas, and remand to the State with instructions; and/or an Evidentiary Hearing on claim.

Page 6 (i)

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

_____

**GROUND TWO:**   Petitioners Counts: 2 and 7, 1 and 3, and 5 and 6 Plea Convictions and Concurrent Punishments Violate Petitioners 5ᵗʰ USCA Double Jeopardy Clause Protections;

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) I had **ONE(1)**. _____ prior felony convictions (AFCF (1)) on 5/9/2015 and through 5/22/2015 time

I possessed, controlled and had dominion of a .22 caliber pistol; I used that .22 caliber firearm, to commit the Ct.1 Robbery with a firearm on 5/9/15, and Ct. 5 and 6. Attempted Robbery with firearm on 5/15/15. The victims in both crimes identified the .22 caliber firearm was used; and Law enforcement during the 5/22/15 search of my work vehicle discovered and seized the .22 caliber firearm and that same

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

(III.)   The State in Counts V and VI charged on 5/15/15, the defendant committed attempted armed robbery of victims Mr. Troy Stiles, and his wife Mrs. Jay Stiles, of their vehicle and her purse, until attempt interrupted.

In the single robbery of marital property attempt on 5/15/15, the on a per victim involved unit of prosecution, unconstitutionally sub-divided the single attempted robbery came into 2 multiplicious of the other charges of Attempted Robbery.

The Trial Judge thought on 3/30/16, erred in accepting, pronouncing convicted and imposing punishments on Counts V and VI, being in the excess of the crime charging statute.

The 3 Double Jeopardy claims above, were raised and fairly presented to the States highest Criminal Appellate Court, in Petitioners direct appeal of right, and on 9/14/17 the OCCA, on procedural default-waiver of claim, denied appellate review.

Petitioner plea convictions and confinement on Counts 2 and 7, Counts 1 and 3 and Counts 5 and 6, violate the Double Jeopardy Clause and Petitioner respectfully request this Honorable Court issue a conditional habeas Corpus Writ, vacating the Double Jeopardy violating plea conviction and punishment counts.

Page 8 (ii)

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:**   PETITIONER DUE PROCESS OF LAW RIGHTS TO A FAIR SENTENCING WAS DEPRIVED

VIOLATED AND DENIED BY INADMISSIBLE PREJUDICIAL MEDICAL EVIDENCE AND PROSECUTORIAL MISCONDUCT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The prosecutor on 3/30/16, during the plea conviction sentencing hearing before

Judge Haught, committed prosecutorial misconduct of electing State witness testimony

of prior bad conduct — marriage infidelity and present inadmissible medical evidence,

before the Court in punishment aggravation, and in part resulted in excessive punish-

ments the Court imposed; and/or alternatively

Judge Haught abused discretion and committed the plain legal error of accepting as

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

admissible and relying upon as sentence aggravation, the inadmissible medical records evidence and testimony and State arguments about medical records, and there is more than reasonable probability that the excessive sentence outcome of the punishment proceeding on 3/30/16 would have different result of substantially lesser sentences, but for the Plain Error of the Court and the prosecutorial misconduct.

The above error was not independently raised in Petitioner's 4/6/16 Plea Withdrawal Motion, in the Trial Court, and claim was raised for 1st time independently to the OCCA on 4/18/16, in Petitioner's Certiorari-direct appeal of right, and the Court on 9/14/17, denied the claim in part on merits and in part on waiver procedural default grounds, bar of appellate review.

Petitioner's excessive sentences violate the Due Process of Law Clause, and Petitioner respectfully request this Court issue a conditional habeas Corpus Writ vacating and setting aside the excessive sentences and remand to State Court for resentencing.

Page 9 (1)

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

_____

**GROUND FOUR:** Petitioner's 6th USCA Rights to effective assistance of counsel was Deprived, denied and violated at the plea, entry, plea conviction and sentencing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's Family retained defense counsel and funds to hire a qualified mental health professional to assess and determine sanity at time crimes were committed, because of history and ongoing mental illnesses, current treatment and care for mental ailments. Defense Counsel on 11/20/2016 filed in the Court, Notice Of Insanity Defense, and Court

retained the services of a counselor as a qualified mental health expert, to assess and determine Petitioners sanity at time of committing crimes, a task the Counselor was unqualified to undertake, and unqualified to testify as expert defense witness, regarding sanity as the time of committing crimes. At the Sentencing the Prosecutor is in possession of, admits into evidence, argues as aggravation of punishment evidence, the inadmissible counselor medical records, the Court erred by reliance upon the inadmissible medical records, as aggravation of punishment evidence, without objection from Counsel.

Counsel under the totality of the circumstances committed 8, constitutionally deficient errors of:

(1) Failing to Notify the Court during or prior to the 2/10/16 plea entry proceeding of the mental insanity and mental health conditions, history, treatment and care with request for a mental competency exam, process or proceeding or a indepth competency inquiry of defendant. by the Court during the plea entry proceeding?
Petitioner had a substantive due process of law right, entitlement, to not enter a plea resulting in a conviction, in a Court, while more likely than not incompetent. But for defense counsels objectively unreasonable errors to notify Judge or Motion for Competency Exam, the outcome of the 2/10/16 plea conviction proceeding would have been different for the 6, plea convictions and sentences imposed, in that the Motion Would have on the merits prevailed and produced a competency exam, and determine result.

(II) Counsel committed the objectively unreasonable omission, of not challenging the lack of a factual basis for blind Plea to Counts 3, 5 and 6, and the objectively unreasonable sentencing errors, by improperly advising of the punishment ranges,' and to object to double jeopardy punishments imposed, to the admission of the inadmissible prejudicial medical record evidence, to object to the improper prosecutor statements and to invoke sequestration rule;
Errors, that resulted in excessive punishments imposed by the trial Court, and multipliciously in parts. There is more than a reasonable probability but for the unprofessional Counsel errors, the 3/30/16 excessive punishment outcome, would have produced different result of lesser punishments.

Page 10 (i)

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

GROUND FIVE: Petitioner's 6th and 14th USCA Effective Assistance Of Counsel And Due Process Of Law Rights Were Deprived, Violated And Denied At The Plea Withdrawal And Appeal Of Right Of Plea Conviction Steps, Stages And Proceedings.

Petitioner, was advised by his retained defense counsel Sorelle, of the right to appeal a plea conviction or sentence, during an attorney-client plea consultation; At the Plea entry proceeding on 2/10/16 and the 3/30/2016, Sentencing proceeding, Judge Haught advised Petitioner of right to appeal the plea convictions, and it included an indigent appeal.

OCCA rules mandate the attorney representing the plea convicted defendant in the plea-sentencing proceeding, to prepare and file the defendant, desiring to appeal, Plea Withdrawal, jurisdictional Motion, in the Trial Court, with request for An Evidentiary Hearing within 10 days of the sentence imposition date.

The Rules mandate all issues/claims/grounds, for the appeal in the OCCA, to 1st be raised in the Plea Withdrawal Motion, or the issue is waived, forfieted, defaulted and barred from Appellate review for all but Plain Error.

At the sentencing hearing I requested Judge Haught, grant me the indigent appeal in my defense Counsel Sorelle presence.

My retained defense counsel, ineffective assistance at the pre plea, plea entry, and sentencing steps, and stages, created an obvious actual conflict of interest circumstance and situation, as my Plea Withdrawal counsel, to self assess and determine counsel's own effectiveness -vs- ineffectiveness, and if the latter, to determine and decide whether to raise and argue against Counsel's self interest, ineffective assistance or forgo raising it in the Plea Withdrawal Motion, defaulting the claim from Appellate review.

Compelled by the counsel conflict of interest creating Rule id, my plea counsel, as plea withdrawal counsel, operated and labored under the obvious actual conflict of interest situation and circumstance id to prepare my appellate jurisdictional Motion To Withdraw Pleas,

The actual conflict of interest affected my plea counsel adversely to

Page 11(1)

Omit the clearly meritorious Ineffective Assistance of Trial Counsel claim, and the inadequate and/or inartful raising and arguing of the underlying the Ineffective assistance of Counsel, grounds of error, in the Appellate Jurisdictional Plea Withdrawal Motion, resulting in prejudicial waiver and forfeiture of errors.   Conflicted Counsel on April 6th 2016, filed the Plea Withdrawal Motion.

Conflict free Plea Withdrawal Counsel Richard Yohn was appointed by the trial Court on 4/13/16, and this Counsel committed the objectively unreasonable deficient performance errors of foregoing independent investigation of appellate errors, the independent research of the relevant laws, and the Amending or filing anew Plea Withdrawal Motion. In lieu thereof Counsel on 4/18/16 filed a Brief In Support of Conflicted Counsel's Plea Withdrawal Motion.

Judge Haught on 5/11/16 held a evidentiary hearing on the Plea Withdrawal Motion and denied the Motion.

Conflict free Counsel's act of foregoing the independent investigatory interview of defense counsel, regarding ineffectiveness errors, and to forego calling and presenting Counsel's testimony at the Plea Withdrawal Hearing was objectively unreasonable, deficient performance under the prevailing norms and it prejudiced the Petitioner, with outcome determinitive defaults.

Appellate Counsel filed Petitioner's Certiorari Appeal, raising 8 grounds of error, inadequately and inartfully, and ommitted raising the obvious and clearly meritorious grounds of error. Petitioner Pro Se asserted on Post-Conviction, as Ineffective Assistance of Trial Counsel, Conflict Of Interest Ineffective Assistance of Counsel, and Trial Court Lacked Subject-Matter Jurisdiction,

Each of the omitted grounds, on the merits would have prevailed on Plea Withdrawal, or Appeal, but for Appellate Counsel's failures to raise in Plea Withdrawal Motion and Certiorari appellate Brief.

Petitioner respectfully request this Court grant an Evidentiary Hearing, and issue a habeas Corpus Writ, granting Petitioner redress reliefs it deems equitable and Just.

(b) If you did not exhaust your state remedies on Ground Five, explain why:

(c) Direct Appeal of Ground Five:

(i) If you appealed from the Judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective Counsel

(d). Post-Conviction Proceeding:

(1) Did you raise this issue through a post conviction motion, Petition or Petition for habeas
corpus in a State Trial Court? ☒ Yes No ☐

(2) If your answer to question (d)(i) is "Yes" state:

Type of Motion or Petition: Post Conviction

Name and location of the Court where the motion or petition was filed: Beckham
County, State District Court, Sayre, Oklahoma

Docket or case number: CF-2015-188

Date of Courts decision: 3/29/2023

Result (attach a copy of the Courts opinion or order: denied Ex."2"

(3) Did you receive a hearing on your Motion or Petition? ☑ Yes ☒ No

(4) Did you appeal the denial of your Motion or Petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes" state:

Name and location of the court where the appeal was filed:

Docket or case number:

Date of the courts decision:

Result: Ex"3"

(7). If your answer to Question (d)(4) or (d)(5) is "No" explain why you did not raise this issue:
Petitioner's attempt to appeal the denial order, that included this issue, was declined
on lack of appellate Jurisdiction, by the Oklahoma Court of Criminal Appeals, citing the
appeal filing was out-of-time;

(e) Other Remedies: Petitioner is currently litigating a Post-Conviction Appeal Out-of-
Time, of the Post-Conviction Relief Denial Order.

Page 11 (iii)



GROUND SIX: THE STATE COURT LACKED SUBJECT-MATTER JURISDICTION
TO PROSECUTE THE PETITIONER FOR THE CRIMES:

(a) Beckham County Oklahoma, and its Elk City town, involves and includes Indian Territory Lands, that are subject to the exclusive Federal Judicial system, for crimes committed by a Indian and/or against an Indian, that is listed in the Federal Major-Crimes Act.

I am Indian and the crimes occurred on Indian land, and said crimes are listed in the Major Crimes Act, thereby depriving the State of Oklahoma Courts of subject matter jurisdiction, in this case.

The State following it's long term customary practices of prosecuting, convicting and imprisoning unlawfully in the State system, Federal defendants and crimes, charged, convicted and imprisoned this Petitioner, violating U.S. treaties and U.S. laws.

The State Court, rejected my Pro Se "Lack of Jurisdiction" claim, in part on the merits and alternatively on procedural default grounds.

The merits portion of the denial decision, is based on findings of facts, that the trial Court records rebut, with clear and convincing evidence,' and the decision is based on an objectively unreasonable determination of facts in light of the evidence presented, and the decision is contrary to and/or involve the objectively unreasonable application of federal laws as determined by the U.S. Court, precedent decisions.

Petitioner, respectfully request this Honorable Court, grant Petitioner, a writ of habeas corpus writ, vacating and setting the Plea Convictions and Sentences, and any other redress relief it deems equitable;'

(b) If you did not exhaust your state remedies on Ground Six, explain why: The Trial Court denied this claim on Post-Conviction; Petitioner timely filed Notice OF Appeal, The Court Clerk failed to return copy of filed Notice to Petitioner, and the Clerk failed to provide Petitioner date of Notice filing; Per Court Rule date Notice filed in Trial Court, is mandated to be provided by Petitioner, in Petition-In-Error, in order to Appeal the denial order, to the OCCA; Petitioner, had 30 or 60 days to file the Petition In Error in the OCCA; and both expired, prior to Petitioner obtaining the date, from the Clerk; Petitioner with date Notice filed, filed the

Page. 11 (iv)

Petition In Error, in the OCCA and the OCCA declined appellate jurisdiction on grounds the appeal filing was out-of-time

Currently Petitioner is litigating in the Trial Court a Post Conviction Appeal Out-Of-Time of the trial Court's Post-Conviction relief denial order.

(c) Direct Appeal of Ground Six:

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of trial Counsel to raise it and ineffective assistance of Counsel on plea withdrawal and Certiorari appeal, failures to investigate and raise

(d) Post Conviction Proceedings:

(1) Did you raise this issue through a post conviction motion, petition or petition for habeas corpus in a State Court? ☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes" state:

Type of Motion or Petition: Post Conviction

Name and location of the Court where the motion or petition was filed: Beckham County, State District Court, Sayre, Oklahoma,

Docket or case number: CF-2015-188

Date of Court's decision: 3/29/23

Result (attach a copy of Court's opinion or order: Denied- Ex ☒ ☒

(3) Did you receive a hearing on your motion or petition? ☐ ☒

(4) Did you appeal the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes" state:

Name and location of the court where the appeal was filed

Docket or case number

Date of Court's decision

Result: Ex "3"

(7) If your answer to Question (d)(4) or (d)(5) is "No" explain why you did not raise this issue: Petitioner's attempt to appeal the denial order, included this issue and the Appellate Court, on grounds, appeal filed out-of-time, declined appellate jurisdiction.

(e) Other Remedies: Currently pending is Petitioner's Post Conviction-Appeal Out-Of-Time of the Trial Courts Post Conviction denial order.

Page 11 (V)

GROUND SEVEN : PETITIONER 6th and 14th USCA Effective Assistance Of Counsel And

Due Process Of Law Rights Were Violated At Plea Withdrawal

And Certiorari Appeal Of Right :

Petitioner's retained defense Sorelle, was direct friends with the immediate family members of the alleged crime victims, and with the victim advocate, that was an immediate family member of the victims and all of the above persons, were friends of Judge Haught, if not also relatives of the Judge.

Defense counsel knew of and concealed from Petitioner, these obvious actual conflict of interest circumstances and situations, and the same a recusal basis for Judge Haught

Laboring and operating under the actual conflict of interests id Counsel Sorelle, due to adverse affects of the conflict, committed the objective- ly unreasonable deficient performance acts of :

(1) retaining a unqualified, for an insanity defense, counselor, that authored a negative to defense, report;

(2) relinquishing to the D.A. the negative counselor's report, the State presented and successfully relied on as aggravation of punishment evidence.

(3) Failing to raise and argue recusal grounds against Judge Haught sudden entry into case as presiding Judge.

(4) Failure to raise Lack of Subject matter jurisdiction claim.

Counsel Sorelle forewent during pre plea, plea entry, sentencing and plea withdrawal Motion, the grounds id. and but for Counsels errors in doing, the grounds id would have on the merits prevailed and thus a reasonable probability of a substantially different punishment outcome exists.

Petitioner would have insisted on going to a trial disposition, had he known of the above grounds of error.

Appellate Counsel Johnson, failure to investigate and raise the above clearly meritorious grounds of error, is objectively unreasonable deficient performance error, because he asserted weaker in merit appellate grounds, and but for Counsel's failure to raise the

above committed grounds of error, the outcome affirmance of the JES on appeal by the OCCA, would have been the significantly differ-ent result of reversal or modification of JES in whole or parts.

The State's post conviction Court order denying this ground of error, is in parts based on findings of facts, that are rebutted by clear and convincing evidence in the Trial Court record, and the decision in parts is based on a unreasonable determination of material facts in light of the evidence presented, and on the objectively unreasonable applications of clearly established Federal laws as determined by the precedent decisions of the U.S. Supreme Court, in Strickland/ McGirt;

Petitioner respectfully request this Honorable Court, issue a habeas Corpus writ vacating and setting aside the Plea Convictions and Sentences, with remand instructions to the State, to dismiss prosecution and release Petitioner, unless the Federal initiates charges.

(b) If you did not exhaust your state remedies on Ground Seven, explain why: At the faults of the Trial Court Clerk, I was rendered unable to file a timely appeal in the OCCA, of the trial Courts post-conviction denial order and for that reason the OCCA, declined appellate jurisdiction of my attempted Appeal. Currently Petitioner is pursuing a out-of-time appeal of the trial Court denial order.

(c) Direct Appeal OF Ground Seven:
(1) If you appealed from the judgment of conviction did you raise this issue? ☐ Yes ☒ No
(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel;

(d) Post Conviction Proceeding:
(1) Did you raise this issue through a post-conviction motion, petition or petition for habeas corpus in the State Court? ☒ Yes ☐ No
(2) If your answer to Question (d)(1) is "Yes" state:
Type of motion or petition: Post Conviction
Name and location of the Court where motion or petition was filed: Beckham County, State District Court, Sayre, Oklahoma
Docket or case number: CF-2015-188

Date of Court's decision: 3/29/2023

Result (attach a copy of Court's opinion or order: Denied   Ex "Z"

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal the denial of your motion?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes" state:   ☐ Yes   ☐ No

Name and location of the Court where the appeal was filed:

Docket or case number:

Date of Court's decision:

Result (attach a copy of the Court's opinion or order, if available): Ex "3"

(7) If your answer to Question (d)(4) or (d)(5) is "No" explain why you did not raise this issue:

Petitioner's attempted appeal of the denial order to the OCCA, included this issue and the

OCCA on grounds the attempted appeal filing was out-of-time, declined jurisdiction

(e) Other Remedies: Petitioner on 9/7/2023, filed in the Trial Court a Post Conviction

Relief Application for an appeal out-of-time of the Trial Courts

3/29/23 Post Conviction denial order, and it is currently

pending on adjudication;

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☒ No

      If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:   Grounds 5 in part, and Grounds 6 and 7, because at no fault of Petitioner, and at the fault of the Trial Court clerk, Petitioner was deprived of his right to appeal the Trial Court's post-conviction denial of the grounds, to the OCCA.

    (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

_____
_____
_____
_____
_____
_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?          ☒   Yes          ☐   No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.    Beckham County, State District Court, case No. CF-2015-188, Post-
Conviction Belief Application, for an Appeal-out-of-time of the Trial Court's 3/29/23
Post-Conviction denial order; claiming at no fault of the Petitioner and at the fault of the
trial Court Clerk office, the Petitioner was denied the right to timely appeal the Trial
Court's post-conviction denial order, to the OCCA;

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:    Alicia Sorelle, P.O. Box 1223, Elk City, Oklahoma 73648

(b) At arraignment and plea:    Alicia Sorelle (above)

(c) At trial:    _____

(d) At sentencing:    Alicia Sorelle, P.O. Box 1223, Elk City, Oklahoma, 73648

(e) On appeal:    Chad Johnson, Oklahoma Indigent Defense System ("OIDS") P.O. Box 926
Norman, Oklahoma, 73070
(f) In any post-conviction proceeding:    _____

(g) On appeal from any ruling against you in a post-conviction proceeding:    _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐   Yes          ☒   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?　　☐ Yes　　☐ No

18.　TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner's judgment of conviction was affirmed on direct appeal by the OCCA on 9/14/2017; Petitioner did not seek Certiorari in the U.S. Supreme Court and the conviction became final on 12/13/2017. Effective 12/13/2017, the AEDPA (1) year time limitation began its running and after running 158 days, Petitioner's pro se Post Conviction Application was properly filed in the Trial Court on 5/16/2018. The filing tolled the 207 days of AEDPA time period remaining, until the Trial Court on 3/29/2023 denied the Post Conviction Application. (The Post Conviction was pending for 4 years, 10 months and 21 days) Petitioner under state statute, has 30 days to perfect the appeal in the OCCA; and under OCCA Rule, Petitioner has 60 days to perfect the appeal to the OCCA. The time to perfect the appeal of the 3/29/23 Post Conviction denial order in the OCCA, tolls the running of the remaining 207 days of AEDPA time period; In the absence of a tolling event, the 207 days of AEDPA time, expires on 11/21/23, if statutory tolling apply; and if OCCA Rule applies, the remaining 207 days of AEDPA time period, expires on 12/21/2023

Under either scenario, Petitioner's protective 28 USC § 2254 Habeas Petition is timely under AEDPA and the pro se prisoner mailbox filing rules.

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

　　(1)　A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: A Stay and Abeyance pending exhuestion of Grounds 5, 6 and 7; Appointment of Counsel, Evidentiary Hearing and Habeas Writ vacating and Setting Aside Plea Convictions and Sentences; or modifications of both, and . . . . .
or any other relief to which petitioner may be entitled.


_Kenneth H. Zibbetta_
Signature of Petitioner or Attorney (if any)


VERIFICATION

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  10 / 6 / 2023  (month, day, year).
Executed (signed) on      10-6-23      (date).


_____
Signature of Petitioner or Authorized
Person Under 28 U.S.C. § 2242

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____