No. CIV-23-913-J

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

---

### KENNETH H. TIBBETTS,
**Petitioner,**

**–vs–**

### DAVID ROGERS, Warden,
**Respondent.**

---

## BRIEF IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE REMEDIES AND BASED ON THE *YOUNGER* ABSTENTION DOCTRINE

---

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**TESSA L. HENRY, OBA #33193**
**ASSISTANT ATTORNEY GENERAL**
**313 NE 21st Street**
**Oklahoma City, OK   73105**
**(405) 521-3921; (405) 522-4534 (FAX)**
Service emails:   fhc.docket@oag.ok.gov
tessa.henry@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

**December 29, 2023**

# <u>TABLE OF CONTENTS</u>

**Page**

ARGUMENT AND AUTHORITY ................................................................ **1**

**A.**     **Procedural History** .................................................................... **2**

**B.**     **Petitioner's Mixed Petition Should be Dismissed Without a Stay** .................... **8**

     *1.*     *Relevant Law Regarding Exhaustion* ................................ **8**

     *2.*     *Petitioner's Petition Contains Unexhausted Claims* .................. **12**

     *3.*     *Stay and Abeyance* ................................................ **16**

         a.     <u>Good Cause</u> ........................................... **17**

         b.     <u>Potential Merit</u> ........................................ **20**

         c.     <u>Dilatory Tactics</u> ....................................... **22**

         d.     <u>Balance of the Factors</u> ................................. **23**

     *4.*     *Conclusion* ........................................................ **23**

**C.**     **This Court Should Dismiss the Petition Based on the Abstention Doctrine** .................................................................... **24**

**D.**     **Conclusion** .......................................................... **25**

**CONCLUSION** ....................................................................... **25**

**CERTIFICATE OF SERVICE** ........................................................ **26**

## TABLE OF AUTHORITIES

## FEDERAL CASES

*Anderson v. Harless*,
    459 U.S. 4 (1982) ......................................................................... **10**

*Bear v. Boone*,
    173 F.3d 782 (10th Cir. 1999) .............................................. **9, 12**

*Bland v. Sirmons*,
    459 F.3d 999 (10th Cir. 2006) .................................................. **10**

*Brown v. Dep't of Corr. Oklahoma State Penitentiary*,
    No. CIV-13-520-R, 2014 WL 882852 (W.D. Okla. Mar. 6, 2014) ........................... **23**

*Bun v. Wiley*,
    No. 09-1289, 351 F. App'x 267 (10th Cir. Oct. 27, 2009) ..................................... **11, 12**

*Carbajal v. Hotsenpiller*,
    No. 12-1379, 524 F. App'x 425 (10th Cir. Apr. 23, 2013) ........................................... **24**

*Carter v. Friel*,
    415 F. Supp. 2d 1314 (D. Utah 2006) ...................................... **17, 21**

*Cheyenne-Arapaho Tribes of Oklahoma v. State of Okl.*,
    618 F.2d 665 (10th Cir. 1980) .................................................. **22**

*Clonce v. Presley*,
    640 F.2d 271 (10th Cir. 1981) .................................................. **12**

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*,
    319 F.3d 1211 (10th Cir. 2003) ................................................ **24**

*Darr v. Burford*,
    339 U.S. 200 (1950) ..................................................................... **9**

*Davila v. Davis*,
    582 U.S. 521 (2017) ..................................................................... **9**

*Demarest v. Price*,
    130 F.3d 922 (10th Cir. 1997) .............................................. **9, 10**

*Dever v. Kan. State Penitentiary*,
    36 F.3d 1531 (10th Cir. 1994) ................................................................. 12, 13

*Doe v. Jones*,
    762 F.3d 1174 (10th Cir. 2014) ............................................................... 17, 20

*Dolis v. Chambers*,
    454 F.3d 721 (7th Cir. 2006) ......................................................................... 17

*Drake v. Superintendent*,
    No. 3:14-CV-1691-RM, 2015 WL 225808 (N.D. Ind. Jan. 15, 2015)........................ 20

*Duncan v. Henry*,
    513 U.S. 364 (1995) ....................................................................................... 15

*Ellis v. Page*,
    351 F.2d 250 (10th Cir. 1965) ....................................................................... 22

*Fairchild v. Workman*,
    579 F.3d 1134 (10th Cir. 2009) ............................................................... 10, 16

*Garza v. Davis*,
    596 F.3d 1198 (10th Cir. 2010) ............................................................... 11, 16

*Gibson v. Klinger*,
    232 F.3d 799 (10th Cir. 2000) ....................................................................... 18

*Grant v. Royal*,
    886 F.3d 874 (10th Cir. 2018) ............................................................... 10, 14

*Gray v. Netherland*,
    518 U.S. 152 (1996) ....................................................................................... 15

*Green v. Whetsel*,
    No. 05-6260, 166 F. App'x 375 (10th Cir. Feb. 7, 2006)............................. 25

*Hall v. Bellmon*,
    935 F.2d 1106 (10th Cir. 1991) ............................................................... 13, 18

*Harrington v. Richter*,
    562 U.S. 86 (2011) ..................................................................................... 9, 12

*Harris v. Lafler*,
   553 F.3d 1028 (6th Cir. 2009) .................................................. 16

*Hawkins v. Mullin*,
   291 F.3d 658 (10th Cir. 2002) .................................................. 10

*Heleva v. Brooks*,
   581 F.3d 187 (3d Cir. 2009) .............................................. 17, 20

*James v. Gibson*,
   211 F.3d 543 (10th Cir. 2000) .................................................. 11

*Jones v. Hess*,
   681 F.2d 688 (10th Cir. 1982) ................................................... 9

*Kell v. Benzon*,
   925 F.3d 448 (10th Cir. 2019) .............................................. 18, 20

*Klingler v. Bridges*,
   No. CIV-23-324-PRW, 2023 WL 4370470 (W.D. Okla. May 25, 2023).................. 25

*May v. Heimgartner*,
   No. 19-3206, 794 F. App'x 751 (10th Cir. Nov. 27, 2019) .......................... 16

*McCormick v. Kline*,
   572 F.3d 841 (10th Cir. 2009) .................................................. 11

*McDaniel v. Nunn*,
   601 F. Supp. 3d 1085 (N.D. Okla. 2022) ...................................... 10

*McGirt v. Oklahoma*,
   140 S. Ct. 2452 (2020)...................................................... 21, 22

*Miranda v. Cooper*,
   967 F.2d 392 (10th Cir. 1992) .................................................. 15

*Mitchell v. Dowling*,
   No. CIV-20-1202-JD, 2021 WL 4899475 (W.D. Okla. Sept. 8, 2021) ...................... 20

*Neville v. Dretke*,
   423 F.3d 474 (5th Cir. 2005) .................................................. 21

*Newberry v. Oklahoma*,
 Case No. 21-CV-0030-JFH-CDL, 2021 WL 1823116 (N.D. Okla. May 6, 2021)....11

*Oyler v. Allenbrand*,
 23 F.3d 292 (10th Cir. 1994) ................................................................................. 11

*Pace v. DiGuglielmo*,
 544 U.S. 408 (2005) .............................................................................................. 17

*Patterson v. Crowther*,
 No. 2:14-CV-592-DN, 2018 WL 1224462 (D. Utah Mar. 7, 2018)........................... 23

*Phelps v. Hamilton*,
 122 F.3d 885 (10th Cir. 1997) ......................................................................... 24, 25

*Picard v. Connor*,
 404 U.S. 270 (1971) ................................................................................................ 9

*Price v. Philpot*,
 420 F.3d 1158 (10th Cir. 2005) ............................................................................... 7

*Rhines v. Weber*,
 544 U.S. 269 (2005) ..................................................................................... Passim

*Robinson v. Jones*,
 No. CIV-09-0598-C, 2009 WL 3157359 (W.D. Okla. Sept. 28, 2009) ..................... 23

*Rose v. Lundy*,
 455 U.S. 509 (1982) .............................................................................................. 12

*Sampson v. Oklahoma*,
 No. CIV-18-246-D, 2018 WL 2670404 (W.D. Okla. May 8, 2018) .......................... 25

*Selsor v. Workman*,
 644 F.3d 984 (10th Cir. 2011) ..................................................................... 11, 12, 15

*Smallwood v. Gibson*,
 191 F.3d 1257 (10th Cir. 1999) ............................................................................... 9

*Smith v. Workman*,
 550 F.3d 1258 (10th Cir. 2008) ............................................................................. 21

*Thomas v. Gibson*,
   218 F.3d 1213 (10th Cir. 2000) ................................................................... 10

*United States v. Hurst*,
   322 F.3d 1256 (10th Cir. 2003) ..................................................................... 4

*Vreeland v. Davis*,
   No. 13-1170, 543 F. App'x 739 (10th Cir. Sept. 20, 2013) ........................... 10

*Walck v. Edmondson*,
   472 F.3d 1227 (10th Cir. 2007) ................................................................... 24

*Wilkes v. Owens*,
   No. CV-109-149, 2010 WL 3338690 (S.D. Ga. Aug. 3, 2010) ..................... 23

*Williams v. Filson*,
   No. 2:18-CV-1305-KJN-P, 2018 WL 4441103 (E.D. Cal. Sept. 17, 2018) ............. 23

*Williams v. Trammell*,
   782 F.3d 1184 (10th Cir. 2015) ................................................................... 10

*Younger v. Harris*,
   401 U.S. 37 (1971) ...................................................................... 1, 24, 25

## STATE CASES

*Ellis v. State*,
   386 P.2d 326 (Okla. Crim. App. 1963) ........................................................ 22

*State ex rel. Matloff v. Wallace*,
   497 P.3d 686 (Okla. Crim. App. 2022) ........................................................ 21

## FEDERAL STATUTES

28 U.S.C. § 2244 ...................................................................... 4, 18, 19

28 U.S.C. § 2254 ............................................................................ Passim

## STATE STATUTES

OKLA. STAT. tit. 21, § 741 ............................................................................ 2

OKLA. STAT. tit. 21, § 801 ............................................................................ 2

OKLA. STAT. tit. 21, § 1283 ......................................................................... 2

OKLA. STAT. tit. 22, § 1086 ....................................................................... 21

## **FEDERAL RULES**

**10th Cir. R. 32.1** ...................................................................................... 10

**Fed. R. App. P. 32.1** ............................................................................... 10

## **STATE RULES**

***In Re Revision of Portion of Rules of Court of Criminal Appeals***,
   No. CCAD-2018-1, 2018 OK CR 1 (Okla. Crim. App. Feb. 5, 2018) ...................... 19

**Rule 1.5,** ***Rules of the Oklahoma Court of Criminal Appeals,***
   **Title 22, Ch. 18, App. (2023)** ..................................................................... 6

**Rule 5.2,** ***Rules of the Oklahoma Court of Criminal Appeals,***
   **Title 22, Ch. 18, App. (2023)** ............................................................... **Passim**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

KENNETH H. TIBBETTS,                       )
                                           )
    Petitioner,                            )
                                           )
v.                                         )        **Case No. CIV-23-913-J**
                                           )
DAVID ROGERS, Warden                       )
                                           )
    Respondent.                            )

## BRIEF IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE REMEDIES AND BASED ON THE *YOUNGER* ABSTENTION DOCTRINE

Comes now Respondent, by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, and respectfully asks this Court to dismiss the instant Petition for Writ of Habeas Corpus for Petitioner's failure to fully exhaust state remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) and based on the *Younger*[1] abstention doctrine.[2] Therefore, for the reasons stated herein, Respondent respectfully asks this Court to dismiss the instant Petition for Writ of Habeas Corpus without prejudice.

## ARGUMENT AND AUTHORITY

Kenneth H. Tibbetts, hereinafter referred to as Petitioner, has failed to exhaust his

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

[2] This Court's Order calling for a response states that "Respondent shall file an answer, motion or other response within thirty days from this order's date, consistent with Rule 5 of the Rules Governing Section 2254 Cases" (Doc. 8 at 1). In the event this Court denies this Pre-Answer Motion to Dismiss, Respondent respectfully requests permission to file a response on the merits. Respondent also reserves the right to raise any other applicable affirmative or procedural defenses at that time.

available state-court remedies prior to filing the instant Petition, as required by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(b)(1)(A). Moreover, Petitioner currently has a post-conviction appeal pending before the Oklahoma Court of Criminal Appeals ("OCCA"). Ultimately, this Court should abstain from reviewing Petitioner's unexhausted claims, and the Petition should be dismissed.

## A.    Procedural History:

On February 10, 2016, Petitioner pled guilty to Robbery with a Weapon After Former Conviction of a Felony ("AFCF") (Count 1), in violation of OKLA. STAT. tit. 21, § 801 (2011); Possession of a Firearm AFCF (Count 2), in violation of OKLA. STAT. tit. 21, § 1283(A) (2014); Kidnapping AFCF (Counts 3 & 4), in violation of OKLA. STAT. tit. 21, § 741 (2012); Attempted Robbery with a Dangerous Weapon AFCF (Counts 5 & 6), in violation of OKLA. STAT. tit. 21, § 801 (2011); and Possession of a Firearm AFCF (Count 7), in violation of OKLA. STAT. tit. 21, § 1283(A) (2014), in Beckham County District Court Case No. CF-2015-188 (Ex. "1," Plea of Guilty). On March 30, 2016, the state district court sentenced Petitioner to five life sentences (Counts 1 and 3-6) and two ten-year sentences (Counts 2 and 7)—the state district court also ordered Counts 1-4 and 7 to run concurrently to each other, Counts 5 and 6 to run concurrently to each other, and Counts 5 and 6 to run consecutively to Count 1 (Ex. "2," Judgment and Sentence).

On April 6, 2016, through his plea counsel, Petitioner filed an Application to Withdraw Plea of Guilty in state district court (Ex. "3,"Application to Withdraw Plea of Guilty). Petitioner argued that his pleas were not knowingly or voluntarily entered due to a medical condition and medication, "nor did he fully understand what the effect of entering

a blind plea could mean for sentencing" (Ex. 3 at 1). On April 19, 2016, through newly appointed plea withdrawal counsel, Petitioner filed a Brief in Support of his request to withdraw his pleas (Ex. "4," Brief in Support). On May 11, 2016, the state district court heard argument over Petitioner's application and denied the request to withdraw his pleas. (Ex. "5," Docket Sheet for Case No. CF-2015-188; Ex. "6," 05/11/2016 Court Minute). On May 18, 2016, Petitioner appealed from the state district court's denial of his request to withdraw his plea by filing a *certiorari* appeal in OCCA Case No. C-2016-419 (Ex. "7," Notice of Intent to Appeal). On June 28, 2016, Petitioner filed his Petition for Writ of *Certiorari* in OCCA Case No. C-2016-419 (Ex. "8," Petition for Writ of *Certiorari*).

On October 10, 2016, through appellate counsel, Petitioner filed his Brief of Petitioner (in support of his request for *certiorari* review) in OCCA Case No. C-2016-419 (Ex. "9," Brief of Petitioner). In his *certiorari* appeal, Petitioner laid out the following propositions of error:

> **Proposition I:** Mr. Tibbetts' guilty plea was invalid, because the court—just weeks after a notice to declare an insanity defense was filed—failed to conduct any meaningful inquiry into Petitioner's competence.

> **Proposition II:** The record did not establish an adequate factual basis, as even the State acknowledged. The plea cannot be considered knowing, intelligent and voluntary. The trial court erred by denying Petitioner's application to withdraw the guilty plea.

> **Proposition III:** Petitioner was not properly advised of the punishment ranges for the underlying offenses, and the plea cannot be considered knowing, intelligent and voluntary. The trial court erred by denying Petitioner's application to withdraw the guilty plea.

> **Proposition IV:** Acceptance of Petitioner's plea and imposition of sentences violated Petitioner's constitutional and statutory protections against double jeopardy and double punishment.

**Proposition V:** Admitting documents protected by doctor-patient privilege into evidence constituted plain error. Petitioner was deprived of a fair sentencing hearing, and the error contributed to an excessive sentence.

**Proposition VI:** Prosecutorial misconduct at both the sentencing hearing and the withdrawal hearing deprived Mr. Tibbetts of his right to fair proceedings.

**Proposition VII:** Petitioner was denied the effective assistance of counsel throughout the case in violation of his rights under the 6th and 14th Amendments to the United States Constitution and Art. II, §§ 7 and 20, of the Oklahoma Constitution.

**Proposition VIII:** Cumulative errors deprived Mr. Tibbetts of a fair proceeding and a reliable outcome.

(Ex. 9). On September 14, 2017, following a response by the State, Petitioner's *certiorari* appeal was denied by the OCCA (Ex. "10," Order Directing Response; Ex. "11," Brief of Respondent; Ex. "12," Summary Opinion). After the OCCA denied Petitioner's *certiorari* appeal, Petitioner had ninety days after September 14, 2017, to appeal this ruling to the United States Supreme Court. *See* Sup. Ct. R. 13. Since Petitioner failed to do so, his conviction became final on December 13, 2017 (Ex. "13," Docket Sheet for Case No. C-2016-419). Thus, Petitioner's time to file a proper petition for habeas relief began to run on December 14, 2017. *See* 28 U.S.C. § 2244(d)(1); *see also United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003).

On May 16, 2018,[3] Petitioner filed a *pro se* Application for Post-Conviction Relief in the state district court and raised the following propositions of error:

**Proposition I:** The waiver doctrine found in 22 O.S. § 1086 does not apply to fundamental constitutional claims.

---

[3] At this point, 153 days had lapsed since Petitioner's statute of limitations under the AEDPA started running.

**Proposition II:** Petitioner was denied constitutionally effective assistance of counsel due to an actual conflict of interest with his retained counsel of record.

**Proposition III:** The district court of Beckham County was without subject-matter jurisdiction to prosecute Petitioner.

**Proposition IV:** Petitioner was denied constitutionally effective assistance of counsel due to the deficient performance of his attorney and the resulting prejudice Petitioner suffered, which was the proximate result of conflicting interests.

**Proposition V:** Petitioner was denied constitutionally effective assistance of appellate counsel.

(Ex. "14," Application for Post-Conviction Relief; Ex. "15," State's Answer to Petitioner's Application for Post-Conviction Relief). On March 10, 2023, Petitioner filed a Petition for a Writ of Mandamus in OCCA Case No. MA-2023-196, requesting the state district court to be compelled to act upon his previously filed Application for Post-Conviction Relief (Ex. "16," Petition for a Writ of Mandamus). On March 21, 2023, the OCCA filed an Order Directing Response from the state district court (Ex. "17," Order Directing Response). On March 29, 2023, the state district court denied Petitioner post-conviction relief (Ex. "18," Post-Conviction Findings). On April 18, 2023, the OCCA entered an Order dismissing Petitioner's mandamus appeal in OCCA Case No. MA-2023-196 as moot since the district court had fully adjudicated Petitioner's complaints (Ex. "19," Order Dismissing Request as Moot; Ex. "20," Docket Sheet for Case No. MA-2023-196).

On April 18, 2023, Petitioner filed a Notice of Post-Conviction Appeal in the state district court (Ex. "21," Notice of Post-Conviction Appeal). On July 12, 2023, Petitioner filed a Petition in Error in OCCA Case No. PC-2023-581 (Ex. "22," Petition in Error).

Then, on July 25, 2023, the OCCA entered an Order Declining Jurisdiction, relying upon Petitioner's failure to timely file his Petition in Error (Ex. "23," Order Declining Jurisdiction; Ex. "24," Docket Sheet for Case No. PC-2023-581). *See* Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, OKLA. STAT. tit. 22, Ch. 18, App. (2023) (delineating that the petition in error and supporting brief "must be filed within sixty (60) days from the date the final order of the District Court is filed with the Clerk of the District Court").[4] Then, on September 7, 2023, Petitioner filed an Application for Post-Conviction relief in the state district court requesting a post-conviction appeal out of time (Ex. "25," Application for Post-Conviction Relief; Ex. "26," Brief in Support). On October 5, 2023, the state district court filed an Order Recommending an Appeal Out of Time (Ex. "27," Order Recommending Appeal Out of Time Post Conviction Findings).

On October 18, 2023, Petitioner filed a Notice of Post-Conviction Appeal in the state district court (Ex. "28," Notice of Post-Conviction Appeal). On October 31, 2023, Petitioner filed a Petition for an Appeal Out-of-Time in OCCA Case No. PC-2023-880, seeking a post-conviction appeal out of time (Ex. "29," Petition for an Appeal Out-of-Time). Then, on November 8, 2023, the OCCA granted Petitioner's request for a post-conviction appeal out of time (Ex. "30," Order Granting Post-Conviction Appeal Out of Time; Ex. "31," Docket Sheet for Case No. PC-2023-880). The OCCA ordered Petitioner

---

[4] Petitioner's filing of the required documents was due to the OCCA on or before Tuesday, May 30, 2023, as May 28 and 29 fell on a weekend and Memorial Day, respectively. *See* Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, OKLA. STAT. tit. 22, Ch. 18, App. (2023); *see also* Rule 1.5, *Rules of the Oklahoma Court of Criminal Appeals*, OKLA. STAT. tit. 22, Ch. 18, App. (2023).

to file a Notice of Post-Conviction Appeal in the state district court within twenty days of

its Order, as well as a Petition in Error within thirty days of its Order (Ex. 30 at 1-2).

Pursuant to the OCCA's Order, on November 16, 2023, Petitioner filed a Notice of Post-

Conviction Appeal in the state district court (Ex. "32," Notice of Post-Conviction Appeal;

Ex. "33," Certificate of Appeal). Then, on December 6, 2023, Petitioner timely filed a

Petition in Error and Brief in Support in OCCA Case No. PC-2023-978 (Ex. "34," Petition

in Error; Ex. "35," Brief in Support; Ex. "36," Docket Sheet for Case No. PC-2023-978).

That post-conviction appeal remains pending before the OCCA.

Notably, prior to his post-conviction appeal in OCCA Case No. PC-2023-978,

Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court on October 11,

2023[5] (Doc. 1). In his Petition, he raises seven grounds of error:

> **Ground I:** The State obtained Petitioner's plea convictions and punishments
> in violation of the 14th USCA Due Process of Law Clause.
>
> **Ground II:** Petitioner's Counts: 2 and 7; 1 and 3; and 5 & 6 plea convictions
> and concurrent punishments violate Petitioner's 5th USCA Double Jeopardy
> Clause Protections.
>
> **Ground III:** Petitioner['s] Due Process of Law Rights to a fair sentencing
> was deprived[,] violated[,] and denied by inadmissible prejudicial medical
> evidence and prosecutorial misconduct.
>
> **Ground IV:** Petitioner[']s 6th USCA rights to effective assistance of counsel
> was deprived, denied[,] and violated at the plea, entry, plea conviction and

---

[5] In his Petition, Petitioner states that he placed the Petition in the prison mailing system
on October 6, 2023 (Doc. 1 at 26). Petitioner explicitly mentions the prison mailbox rule
(Doc. 1 at 25). However, he failed to sign the mailing verification; thus, he is not entitled
to the benefit of the rule (Doc. 1 at 26). *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th
Cir. 2005) ("the inmate must attest that such a timely filing was made and has the burden
of proof on this issue"). However, even without the benefit of the prison mailbox rule,
Petitioner's Petition is timely under the AEDPA.

sentencing.

**Ground V:** Petitioner's 6th and 14th USCA effective assistance of counsel and Due Process of Law Rights were deprived, violated[,] and denied at the plea withdrawal and appeal of right of plea conviction steps, stages[,] and proceedings.

**Ground VI:** The state court lacked subject-matter jurisdiction to prosecute the petitioner for the crimes.

**Ground VII:** Petitioner['s] 6th and 14th USCA effective assistance of counsel and Due Process of Law Rights were violated at plea withdrawal and certiorari appeal of right.

(Doc. 1 at 5, 7, 10, 12, 15, 18, 20 (select capitalization omitted) (grammar, syntax, and spelling in original)). However, several of these grounds are unexhausted, and at least one of these grounds is part of ongoing post-conviction proceedings.

**B.    Petitioner's Mixed Petition Should be Dismissed Without a Stay:**

As will be shown below, Respondent respectfully asks this Court to dismiss Petitioner's Petition without prejudice. This is so because several of the claims within the Petition have not been exhausted to the OCCA, and Petitioner has failed to show that exhaustion would be futile. *See* 28 U.S.C. § 2254(b)(1)(A). Moreover, Respondent also respectfully requests that this Court decline Petitioner's invitation to stay and abate these federal habeas proceedings.

*1.    Relevant Law Regarding Exhaustion:*

Under the AEDPA, a federal court may not grant habeas corpus relief unless a petitioner has exhausted available state-court remedies. 28 U.S.C. § 2254(b)(1)(A). Moreover, "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly

8

waives the requirement." 28 U.S.C. § 2254(b)(3).[6] "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions," and "[u]nder the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." *Harrington v. Richter,* 562 U.S. 86, 103 (2011). *See also Davila v. Davis*, 582 U.S. 521, 527 (2017); *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) ("Petitioners generally must exhaust available state court remedies before seeking redress via a federal habeas corpus petition."); *Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition."); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997).

Importantly, the "doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest*, 130 F.3d at 932 (internal citations omitted) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Darr v. Burford*, 339 U.S. 200, 204 (1950)). Thus, "[t]he state courts must have had an opportunity to pass on the claim 'in light of a full record,' and where the factual basis for a claim was not presented to the state courts, the claim is unexhausted." *Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982) (internal citations omitted).

_____

[6] Respondent affirmatively does *not* waive that requirement.

9

With respect to § 2254 cases, to exhaust the remedies afforded by state law, the claim must be "fairly presented to the state court, which means that the petitioner has raised the substance of the federal claim in state court." *(Donald) Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (quoting *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009); *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)) (internal quotation marks omitted). *See also Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). In other words, "fair presentation" means that "[t]he prisoner's allegations and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Demarest*, 130 F.3d at 932 (internal quotation marks omitted) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). *See also (Donald) Grant*, 886 F.3d at 890; *Thomas v. Gibson*, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000).

Thus, ultimately, under the AEDPA, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Indeed, exhaustion of any available state remedies, even in the face of likely failure, is required. *See Vreeland v. Davis*, No. 13-1170, 543 F. App'x 739, 742-43 (10th Cir. Sept. 20, 2013) (unpublished) (explaining that even when exhaustion of state remedies may take more time or may be fruitless, exhaustion is nonetheless required)[7]; *McDaniel v. Nunn*, 601 F. Supp. 3d 1085, 1089 (N.D. Okla.

---

[7] All unpublished decisions cited in this Brief in Support are cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2022) (holding that Petitioner's claim "that Oklahoma's alleged lack of jurisdiction over his criminal prosecution shows that the State lacks any corrective process—does not excuse his failure to exhaust"); *Newberry v. Oklahoma*, Case No. 21-CV-0030-JFH-CDL, 2021 WL 1823116, at *4 (N.D. Okla. May 6, 2021) (unpublished) (dismissing petition for failure to exhaust, finding that Petitioner failed to affirmatively show circumstances which would excuse his failure to exhaust available state remedies).

However, "[a] *narrow* exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (emphasis added). *See Bun v. Wiley*, No. 09-1289, 351 F. App'x 267, 268 (10th Cir. Oct. 27, 2009) (unpublished) ("The futility exception, however, is quite narrow."). As noted by the United States Court of Appeals for the Tenth Circuit,

> [i]f a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus *unless exhaustion would have been futile* because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii).

*Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (emphasis added). *See also James v. Gibson*, 211 F.3d 543, 550 (10th Cir. 2000).

Finally, a habeas petitioner bears the ultimate burden of demonstrating that he has fairly presented the substance of his federal claims in state court or that exhaustion is futile. *Selsor*, 644 F.3d at 1026 ("The state prisoner bears the burden of proving that he exhausted state court remedies, or that exhaustion would have been futile." (citations omitted)). *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009); *Oyler v. Allenbrand*, 23 F.3d 292,

300 (10th Cir. 1994); *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). *See also Bun*, No. 09-1289, 351 F. App'x at 268.

2.      *Petitioner's Petition Contains Unexhausted Claims:*

As noted, the AEDPA requires a federal habeas petitioner to exhaust his claims before a state's highest court before a federal court may consider those claims. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) ("The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."); *see also Richter*, 562 U.S. at 103 ("Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions. Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court."). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Petitioners seeking habeas relief in federal court bear the burden of showing that they have exhausted their claims. *Selsor*, 644 F.3d at 1026.

Here, as laid out above, Petitioner, so far, has only had one *proper* appeal[8] to the OCCA, and that was his *certiorari* (direct) appeal the OCCA adjudicated on September 14,

---

[8] As will be discussed *infra*, while Petitioner currently has a post-conviction appeal pending before the OCCA in OCCA Case No. PC-2023-978, the OCCA has not yet had an opportunity to review the claims raised therein (Exhibit 36). Thus, to the extent any of Petitioner's federal claims are raised in that post-conviction appeal, they currently remain unexhausted. *See Bear*, 173 F.3d at 785.

2017 (Exs. 9, 12). In that appeal, Petitioner raised eight propositions of error, and Grounds I through IV of Petitioner's habeas Petition appear to be based upon Propositions I, II, IV, V, VI, and VII from his *certiorari* appeal (*Compare* Ex. 9 at 6-19, 22-46, *with* Doc. 1 at 5-14). Following his *certiorari* appeal, Petitioner filed an Application for Post-Conviction Relief in the state district court on May 16, 2018 (Ex. 14). In that Application, Petitioner raised five grounds of error, and Grounds V through VII of Petitioner's habeas Petition appear to be based upon Propositions II through V of this Application (*Compare* Ex. 14 (Brief in Support) at 5-20, *with* Doc. 1 at 15-22). After the state district court denied post-conviction relief on March 29, 2023, Petitioner attempted to lodge a post-conviction appeal in OCCA Case No. PC-2023-581, but that appeal was dismissed due to Petitioner's failure to timely file his Petition in Error (Exs. 18, 21-23). *See* Rule 5.2(C)(5), *Rules of the Oklahoma Court of Criminal Appeals*, OKLA. STAT. tit. 22, Ch. 18, App. (2023). Thus, Petitioner did not "properly" present his post-conviction claims to the OCCA in OCCA Case No. PC-2023-581 sufficient to exhaust such claims. *See Dever*, 36 F.3d at 1534.

In his Petition, rather than carrying his burden to show exhaustion of state remedies, Petitioner *admits* that several of his grounds of error are unexhausted, and he even labels his Petition as a "Protectional Filing" and requests a stay for the purposes of exhaustion (Doc. 1 at 1, 17-19, 21-24, 26). In particular, Petitioner admits that Ground V (in part), Ground VI, and Ground VII are unexhausted, as he did not raise these claims in his *certiorari* appeal to the OCCA (Doc. 1 at 23). Liberally construing Petitioner's arguments, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), it appears that Petitioner believes the ineffective assistance of plea withdrawal counsel portion of Ground V was raised on

*certiorari* (direct) appeal, and that the ineffective assistance of appellate counsel portion of Ground V is unexhausted (Doc. 1 at 17). While Respondent agrees that Grounds VI and VII, as well as the appellate counsel portion of Ground V are unexhausted, Respondent disagrees that Petitioner has exhausted the plea withdrawal counsel portion of Ground V (Doc. 1 at 23). Importantly, Ground V of Petitioner's Petition bears little resemblance to the allegation of ineffective assistance of plea withdrawal counsel that was raised on *certiorari* appeal (Proposition VII) (*Compare* Ex. 9 at 46-47, *with* Doc. 1 at 15-17).

In his *certiorari* appeal, within Proposition VII, Petitioner made a cursory argument that plea withdrawal counsel filed an insufficient brief in support of Petitioner's request to withdraw his pleas (which had originally been filed by plea counsel) because the brief in support "merely summarized [Petitioner]'s medical condition" and "added no substance to the effort to withdraw the plea" (Ex. 9 at 46-47). Petitioner also alleged that, "despite being prompted by the [state district] court several times at the withdrawal hearing, [plea withdrawal counsel] did not request a contemporaneous competency determination" (Ex. 9 at 47). In contrast, in the relevant portion of Ground V of the present habeas Petition, Petitioner appears to argue that there was an actual and obvious conflict of interest between plea counsel and plea withdrawal counsel that caused plea withdrawal counsel to behave ineffectively (Doc. 1 at 15-17). Clearly, the arguments within Proposition VII of Petitioner's *certiorari* appeal and Ground V of Petitioner's habeas Petition are not the same or substantial equivalents. *(Donald) Grant*, 886 F.3d at 890. While the claims are "somewhat similar," "mere similarity of claims is insufficient to exhaust . . . [a]nd the assertion of a general claim before the state court is insufficient to exhaust a more specific

14

claim asserted for habeas relief." *Id.* at 891 (internal citations and quotation marks omitted) (quoting *Gray v. Netherland*, 518 U.S. 152, 163 (1996); *Duncan v. Henry*, 513 U.S. 364, 366 (1995)). Thus, Petitioner did not present the substance of his present federal claim in Ground V to the OCCA on direct appeal. *Id.* at 890.

Ultimately, based upon Petitioner's concession (Doc. 1 at 23, 26), it is clear that several of the claims within his Petition are unexhausted—Grounds V through VII, in particular. Significantly, Petitioner has not demonstrated that exhaustion is futile in this case due to an absence of corrective process or corrective processes that are insufficient to protect Petitioner's rights. *Selsor*, 644 F.3d at 1026; *see also* 28 U.S.C. § 2254(b)(1)(B). To the contrary, Petitioner—by requesting a stay of these proceedings *for the purposes of exhaustion* and by seeking and being granted an out-of-time post-conviction appeal from the OCCA—has demonstrated that he has *available* state avenues of redress (Doc. 1 at 1, 17-19, 21-24, 26; Exs. 25-30, 32-35). *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Indeed, as recently as December 6, 2023, Petitioner filed his Petition in Error and Brief in Support in OCCA Case No. PC-2023-978, demonstrating that he is utilizing these available state avenues of redress[9] (Exs. 34-36). Consequently, the "narrow exception to

---

[9] It appears that Petitioner is, at the very least, attempting to exhaust Ground VI in his present post-conviction appeal (Exhibit 35 at 9-12). Despite having the opportunity to raise the claims he raised to the state district court, *see* Rule 5.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, OKLA. STAT. tit. 22, Ch. 18, App. (2023), Petitioner has only raised two claims in his post-conviction appeal: 1) that the state district court erred in failing to appoint Petitioner post-conviction counsel; and 2) that the state district court lacked "jurisdiction" over Petitioner (Exhibit 35). Nevertheless, whether Petitioner utilizes them or not, Petitioner has available state avenues of redress that render exhaustion possible rather than futile. *See Miranda*, 967 F.2d at 398.

the exhaustion requirement" does not apply here, and this Court should dismiss the Petition without prejudice. *Garza*, 596 F.3d at 1203; *see also May v. Heimgartner*, No. 19-3206, 794 F. App'x 751, 755 (10th Cir. Nov. 27, 2019) (unpublished) ("In general, federal district courts may not adjudicate mixed petitions and must dismiss them in their entirety.").

      3.     *Stay and Abeyance:*

Relatedly, this Court should also deny Petitioner's request for a stay and abeyance (Doc. 1 at 26). When confronted by a mixed petition, a federal court typically has four (4) different choices: 1) dismiss the mixed petition entirely; 2) stay the petition (and hold the case in abeyance) for purposes of exhaustion; 3) allow the petitioner to dismiss any unexhausted claims and proceed only on the exhausted claims; or 4) ignore exhaustion and deny the entire petition in the event that none of the claims are meritorious. *Fairchild*, 579 F.3d at 1156 (quoting *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). In accord with the second option, the United States Supreme Court has held that a stay of a federal habeas proceeding is sometimes proper in order to allow a petitioner to return to state court to exhaust his federal claims. *Rhines v. Weber*, 544 U.S. 269, 272-73, 278 (2005). However, this "stay and abeyance" option should be exercised by a federal habeas court *only* where: 1) the petitioner is able to show good cause for failing to exhaust state remedies as to all of his claims; 2) that his unexhausted claims are potentially meritorious; and 3) he has not engaged in dilatory litigation practices. *Id.* at 278. A stay and abeyance should be available only in *limited circumstances*, because if it is employed too frequently it has the "potential to undermine" the AEDPA's "goal of streamlining federal habeas proceedings" by "decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his

federal petition," and it also frustrates the AEDPA's "objective of encouraging finality" by "allowing a petitioner to delay the resolution of the federal proceedings." *Id.* at 277. Much like the requirement of exhaustion, it is a petitioner's *burden* to show entitlement to a stay. *Carter v. Friel*, 415 F. Supp. 2d 1314, 1317 (D. Utah 2006); *see also Doe v. Jones*, 762 F.3d 1174, 1184 (10th Cir. 2014). Here, the *Rhines* factors weigh against a stay.[10]

  a. Good Cause:

  The first *Rhines* factor is whether "the petitioner had good cause for his failure to exhaust." *Rhines*, 544 U.S. at 278. However, "[i]n *Rhines*, the Supreme Court did not explain what would constitute good cause for the failure to exhaust." *Carter*, 415 F. Supp. 2d at 1317. Subsequently, the Supreme Court provided one example of good cause: "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Since *Pace*, the Tenth Circuit has noted that "a brief amount of time remaining on [a habeas petitioner's] federal statute of limitations clock" is "a significant factor in determining whether a *Rhines* stay is appropriate," whether it arises from "a tight timeline" or "procedural uncertainty about the state court post-conviction proceeding." *Doe*, 762 F.3d at 1180 (quoting *Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009); *Dolis v. Chambers*, 454 F.3d 721 (7th Cir. 2006)) (internal quotation marks omitted). However, the Tenth Circuit has not definitively held *what* circumstances are

---

[10] Even though Respondent will nevertheless demonstrate why the *Rhines* factors weigh against a stay, it is worth noting that Petitioner does not discuss the *Rhines* factors in requesting a stay (Doc. 1 at 26). *See Carter*, 415 F. Supp. 2d at 1317 ("Petitioner, as movant, has the burden to show he is entitled to a stay under the *Rhines* factors.").

sufficient to show good cause in this circuit. Indeed, more recently, the Tenth Circuit observed that it "lack[ed] a precedent squarely defining the test for good cause under *Rhines*." *Kell v. Benzon*, 925 F.3d 448, 456 (10th Cir. 2019).

Here, Petitioner appears to believe that his statute of limitations under the AEDPA expired on November 21, 2023, or December 21, 2023, and he requests a stay pending exhaustion (Doc. 1 at 25-26). Thus, in liberally construing Petitioner, *Hall*, 935 F.2d at 1110, it appears as though Petitioner believes the expiration of his statute of limitations serves as "good cause." However, per Respondent's calculations, Petitioner's statute of limitations has not yet expired. As Respondent noted above, Petitioner's convictions became final on December 13, 2017, after direct review expired pursuant to 28 U.S.C. § 2244(d)(1)(A) (Ex. 12). Thus, Petitioner's one-year statute of limitations period began to run on December 14, 2017. When Petitioner subsequently filed his Application for Post-Conviction Relief on May 16, 2018, 153 days had lapsed. As a result of Petitioner's post-conviction filing, however, Petitioner's clock was paused and remained so until the state district court denied Petitioner's post-conviction application on March 29, 2023 (Ex. 18).

From there, Petitioner properly filed his Notice of Post-Conviction Appeal (Ex. 21), and he then had until May 30, 2023, to lodge a post-conviction appeal to the OCCA by filing a petition in error—however, this he did not do (Ex. 22).[11] *See* Rule 5.2(C)(1)-(2),

---

[11] In *Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000), the Tenth Circuit held that inmates should be entitled to thirty days of tolling to account for the time in which such inmates could have lodged a post-conviction appeal to the OCCA. In so doing, the Court relied on Rule 5.2(C)(2) of the OCCA's Rules, which allowed a petitioner to file a petition in error and brief in support within thirty days of the date of the order at issue. *See* Rule

*Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2023). Thus, Petitioner's statute of limitations began running again on May 30, 2023, and was not paused until September 7, 2023, when Petitioner requested a post-conviction appeal out of time from the state district court (Exs. 25-26). This once again statutorily tolled his one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Between May 30, 2023, and September 7, 2023, approximately 100 days of Petitioner's statute of limitations had run. However, because the OCCA granted Petitioner a post-conviction appeal out of time, Petitioner's clock remains paused to this day. So, Petitioner's one-year statute of limitations is currently tolling, with roughly three and a half months of time remaining.

With respect to "tight timelines" serving as "good cause," courts have found that *a day or two left* on the AEDPA statute of limitations clock is sufficient "good cause" for a

---

5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2000). Rule 5.1(C)(1), however, provided that a petitioner was *required* to file a notice of post-conviction appeal in the district court within ten days of the date of the order at issue—the *Gibson* Court did not discuss this portion of the Rules. *See* Rule 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2000).

In 2018, the OCCA amended a portion of its Rules and changed the deadline for the notice of post-conviction appeal to twenty days and the deadline for the petition in error and brief in support to sixty days. *See* Rule 5.2(C)(1)-(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018); *see also In Re Revision of Portion of Rules of Court of Criminal Appeals*, No. CCAD-2018-1, 2018 OK CR 1 (Okla. Crim. App. Feb. 5, 2018). Moreover, the OCCA also added that "[t]he filing of the Notice of Post-Conviction Appeal in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal." Rule 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). Because Petitioner fulfilled the initial jurisdictional requirement by filing a Notice of Post-Conviction Appeal, Respondent believes that Petitioner is likely entitled to sixty additional days of tolling under *Gibson*. In any event, even if this Court only provided Petitioner with twenty days of tolling due to his failure to perfect his post-conviction appeal by filing a timely petition in error, Petitioner would still have over two months left on his AEDPA statute of limitations.

stay. *See Doe*, 762 F.3d at 1180; *Drake v. Superintendent*, No. 3:14-CV-1691-RM, 2015 WL 225808, at *3 (N.D. Ind. Jan. 15, 2015) (unpublished). In contrast, courts have found periods exceeding that, such as *a month or more*, insufficient to show "good cause." *See Heleva*, 581 F.3d at 192-93 (indicating that thirty days left on limitations period would not be sufficient good cause); *Mitchell v. Dowling*, No. CIV-20-1202-JD, 2021 WL 4899475, at *4 (W.D. Okla. Sept. 8, 2021), *report and recommendation adopted*, No. CIV-20-01202-JD, 2021 WL 4901557 (W.D. Okla. Oct. 20, 2021) (unpublished) ("39 days . . . would be a sufficient amount of time for Petitioner to re-file his federal habeas petition, especially considering he has already prepared it"). Here, where Petitioner has over three and a half months remaining on his clock once his statute of limitations begins running again (after the OCCA adjudicates Petitioner's current post-conviction appeal), he has failed to show "good cause." As a result, the first *Rhines* factor weighs against a stay.

      <u>b.</u>   <u>Potential Merit:</u>

     The second *Rhines* factor is whether Petitioner has demonstrated that his unexhausted claims have potential merit. *Kell*, 925 F.3d at 454 ("When reviewing a *Rhines* stay, we consider the 'potential merit' of the unexhausted claim."). However, Petitioner has not met this standard.[12] In particular, Petitioner raises three unexhausted claims, Grounds V through VII (Doc. 1 at 15-22). In Grounds V and VII, Petitioner argues that he

---

[12] In the discussion of the second *Rhines* factor, Respondent does not provide a comprehensive analysis of the claims raised, instead focusing only on the most straightforward reasons the claims lack potential merit. Should this case proceed to merits briefing, Respondent preserves the right to raise any and all applicable procedural or substantive defenses to these claims.

received ineffective assistance of plea counsel, withdrawal counsel, and appellate counsel (Doc. 1 at 15-17, 20-22). In Ground VI, Petitioner argues that the state district court lacked "jurisdiction" because he is an Indian that committed his crimes in Indian Country (within the historical boundaries of the Cheyenne and Arapaho Nations) (Doc. 1 at 18-19).

Grounds V and VII, with the exception of ineffective assistance of appellate counsel, could have been raised on Petitioner's direct appeal and are thus barred by an independent and adequate state law procedural bar. *See* OKLA. STAT. tit. 22, § 1086 (2011); *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008). As such, these claims are without potential merit. *See Carter*, 415 F. Supp. 2d at 1322 ("Because the claims appear to be procedurally defaulted in the state courts, the Court finds that Petitioner has not met his burden of showing that his unexhausted claims are potentially meritorious within the meaning of *Rhines*."); *see also Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). With respect to ineffective assistance of appellate counsel, Petitioner merely makes *generic* and insufficient claims that counsel failed to investigate and inadequately or "inartfully" raised certain claims on direct appeal while failing to raise others (Doc. 1 at 16, 20-21). Interestingly, highlighting the lack of any merit to this claim, Petitioner saw fit to abandon this claim in his ongoing post-conviction appeal to the OCCA (Exs. 34-35).

With respect to Petitioner's Ground VI (Doc. 1 at 18-19), which Petitioner has raised in his ongoing post-conviction appeal, his Indian Country claim lacks merit for two reasons. First, the OCCA will likely bar this claim on post-conviction appeal because Petitioner's convictions were final prior to the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). *See State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689

(Okla. Crim. App. 2022) ("we now hold that *McGirt* and our post-*McGirt* decisions recognizing [certain Indian] reservations shall not apply retroactively to void a conviction that was final when *McGirt* was decided"). Second, even setting aside the OCCA's *Wallace* decision, any reservation belonging to the Cheyenne and Arapaho Nations was *disestablished* by Congress via the Act of March 3, 1891 (26 Stat. 989, 1022). *See Cheyenne-Arapaho Tribes of Oklahoma v. State of Okl.*, 618 F.2d 665, 667 (10th Cir. 1980); *Ellis v. Page*, 351 F.2d 250, 252 (10th Cir. 1965); *Ellis v. State*, 386 P.2d 326, 330 (Okla. Crim. App. 1963). As such, considering that this claim will be barred or rejected on the merits, Petitioner's Indian County claim lacks any merit. Considering that Petitioner's unexhausted claims lack merit, the second *Rhines* factor weighs against a stay.

    c.    Dilatory Tactics:

The final *Rhines* factor concerns whether Petitioner has engaged in intentionally dilatory litigation practices. *Rhines*, 544 U.S. at 278. As shown above, Petitioner has been litigating his claims continuously since the conclusion of direct review in December 2017, and he even has time remaining (approximately three and a half months) on his AEDPA statute of limitations due to his efforts in seeking state collateral review. It seems that the longest period of delay in the state court proceedings, from May 2018 to March 2023, was mainly attributable to the state district court failing to rule on Petitioner's request for post-conviction relief (Exs. 14-18). While Petitioner could have earlier sought to vindicate his rights in state district court by checking on the status of his post-conviction application, it does not appear that Petitioner was *intentionally* dilatory. *Id.* As such, the third *Rhines* factor appears to weigh in favor of Petitioner.

d.    Balance of the Factors:

Finally, some federal district courts have held that *Rhines* announced *prongs*, all three of which must be met for a *Rhines* stay. *See, e.g.*, *Williams v. Filson*, No. 2:18-CV-1305-KJN-P, 2018 WL 4441103, at *2 (E.D. Cal. Sept. 17, 2018), *report and recommendation adopted*, No. 218-CV-1305KJMKJNP, 2019 WL 1058099 (E.D. Cal. Mar. 6, 2019) (unpublished); *Wilkes v. Owens*, No. CV-109-149, 2010 WL 3338690, at *7 (S.D. Ga. Aug. 3, 2010), *report and recommendation adopted*, No. CV 109-149, 2010 WL 3338687 (S.D. Ga. Aug. 23, 2010) (unpublished). Other courts, however, have seemed to treat *Rhines* as a series of factors that are balanced against each other. *See, e.g.*, *Brown v. Dep't of Corr. Oklahoma State Penitentiary*, No. CIV-13-520-R, 2014 WL 882852, at *2 (W.D. Okla. Mar. 6, 2014) (unpublished); *Robinson v. Jones*, No. CIV-09-0598-C, 2009 WL 3157359, at *4 (W.D. Okla. Sept. 28, 2009) (unpublished); *Patterson v. Crowther*, No. 2:14-CV-592-DN, 2018 WL 1224462, at *4 (D. Utah Mar. 7, 2018) (unpublished).

To the extent that this Court concludes that Petitioner must show all three *Rhines* factors, then his failure to show "good cause" or that his unexhausted claims have merit are fatal to his request for a stay. Alternatively, to the extent this Court concludes that a balancing of the factors is appropriate, Respondent submits that the balance of the *Rhines* factors, especially considering Petitioner has meritless claims and plenty of time left on his AEDPA clock, should weigh in favor of denying a stay. Therefore, a stay should be denied.

4.    *Conclusion:*

As shown, Petitioner has at least three unexhausted claims in his mixed Petition, and he has not demonstrated that exhaustion of these claims would be futile. Moreover,

23

Petitioner has not demonstrated that he is entitled to a stay and abeyance under *Rhines*. As a result, Petitioner's Petition should be dismissed without prejudice.

**C.     This Court Should Dismiss the Petition Based on the Abstention Doctrine:**

As a final matter, aside from Petitioner's unexhausted claims necessitating the dismissal of the Petition, this Court should also dismiss the Petition because of ongoing state post-conviction proceedings. Notably, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court determined that "federal courts should not interrupt ongoing state criminal proceedings when adequate state relief is available." *Walck v. Edmondson*, 472 F.3d 1227, 1232 (10th Cir. 2007). Thus, federal courts must abstain, absent extraordinary circumstances, from interrupting state proceedings when three elements are met:

> "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

*Id.* at 1233 (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). Moreover, it is a petitioner's "heavy burden" to overcome the bar of the *Younger* abstention doctrine by showing extraordinary circumstances accompanied by irreparable injury or bad faith/harassment by state officials. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

Here, there are "ongoing" state post-conviction proceedings in OCCA Case No. PC-2023-978 (Exs. 34-36). *Carbajal v. Hotsenpiller*, No. 12-1379, 524 F. App'x 425, 428 (10th Cir. Apr. 23, 2013) (unpublished). Second, Petitioner has made *no* argument that these post-conviction proceedings are an inadequate forum for his unexhausted claims.

*Sampson v. Oklahoma*, No. CIV-18-246-D, 2018 WL 2670404, at *2 (W.D. Okla. May 8, 2018), *report and recommendation adopted*, No. CIV-18-246-D, 2018 WL 2656766 (W.D. Okla. June 4, 2018) (unpublished) ("The fact that Petitioner has filed such pleadings indicates that the State has provided an adequate forum for his claims, and he fails to allege any *Younger* exception."). Third, "Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts." *Green v. Whetsel*, No. 05-6260, 166 F. App'x 375, 376 (10th Cir. Feb. 7, 2006) (unpublished) (internal quotation marks omitted). Finally, Petitioner has not alleged bad faith, harassment, or any other extraordinary circumstances. *Phelps*, 122 F.3d at 889. Considering the above, this Court should abstain in this case while Petitioner's post-conviction proceedings remain pending. *See Klingler v. Bridges*, No. CIV-23-324-PRW, 2023 WL 4370470, at *2 (W.D. Okla. May 25, 2023), *report and recommendation adopted*, No. CIV-23-00324-PRW, 2023 WL 4086046 (W.D. Okla. June 20, 2023) (unpublished).

**D.    Conclusion:**

As shown, Petitioner's Petition contains multiple unexhausted claims, and Petitioner has shown neither that exhaustion is futile nor that he is entitled to a stay. Furthermore, this Court should abstain from considering Petitioner's Petition in light of ongoing state post-conviction proceedings. Petitioner's Petition should be dismissed.

## CONCLUSION

For all these reasons, Respondent respectfully asks this Court to dismiss the Petition without prejudice as unexhausted and pursuant to the *Younger* abstention doctrine.

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ TESSA L. HENRY**
**TESSA L. HENRY, OBA #33193**
**ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (FAX)
fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**


**CERTIFICATE OF SERVICE**

**X**      I hereby certify that on December 29, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

**X**      I hereby certify that on December 29, 2023, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

Kenneth H. Tibbetts, #122414
Joseph Harp Correctional Center
P.O. Box 548
Lexington, Oklahoma, 73051


**s/ TESSA L. HENRY**