May 3rd @ 1:30

IN THE DISTRICT COURT OF BECKHAM COUNTY
STATE OF OKLAHOMA

BECKHAM COUNTY
FILED
APR 05 2016
BY DONNA HOWELL, COURT CLERK
_____ DEPUTY

| | |
|---|---|
| THE STATE OF OKLAHOMA,<br>Plaintiff, | )<br>)<br>) |
| vs. | ) Case No. CF-2015-188<br>) |
| KENNETH HAROLD TIBBETTS,<br>Defendant. | )<br>)<br>) |

### APPLICATION TO WITHDRAW PLEA OF GUILTY

COMES NOW, Kenneth Harold Tibbetts, Defendant, by and through his attorney of record, Alicia Carrington Sorelle, and pursuant to Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App., makes application to this Court for leave to withdraw his plea of guilty in the above styled case, and to request an evidentiary hearing pursuant to Rule 4.2(B) *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. In support of this Application, Defendant would show this Court as follows:

I.

On February 10, 2016, the Defendant appeared before this Court and entered his blind plea of guilty to: Ct. 1: ROBBERY WITH WEAPON; Ct. 2: POSSESSION OF FIREARM AFCF; Ct. 3: KIDNAPPING; Ct. 4: KIDNAPPING; Ct. 5: ATTEMPTED ROBBERY W/DANGEROUS WEAPON; Ct. 6: ATTEMPTED ROBBERY W/DANGEROUS WEAPON; Ct. 7: POSSESSION OF FIREARM AFCF. On March 30, 2016, this Court sentenced Defendant to the following:

Ct. 1: Life;
Ct. 2: 10 years;
Ct. 3: Life;
Ct. 4: Life:
Ct. 5: Life;
Ct. 6: Life;
Ct. 7: 10 years

with Counts 5 & 6 running concurrently with each other, but consecutively with Count 1, and Counts 2, 3, 4, and 7 to run concurrently with each other and with Counts 1, 5 and 6, on the seven-count Information.

II.

Defendant's plea was not entered knowingly and voluntarily, nor did he fully understand what the effect of entering a blind plea could mean for sentencing. Further, Mr. Tibbetts believes that the effects of his medical condition and the drugs used to treat his condition had impaired his mental capacity to comprehend what was happening at the time of the entry of his plea. Mr. Tibbetts believes that he should be evaluated by a mental health expert for the purpose of determining the effect this had on his decision to enter a blind plea in lieu of going forward with a trial.

EXHIBIT 3

80

EXHIBIT 2

## ARGUMENT AND AUTHORITY

If a guilty plea was entered through ignorance, inadvertence, influence, or without deliberation, the Defendant should be provided the opportunity to show the Court why he should be allowed to withdraw his plea of guilty. *Gist v. State,* 278 P.2d 250, (Okl.Cr. 1955).

Where "any reasonable ground is offered in support of his motion" to withdraw guilty plea, it is well established that a Defendant should be permitted to withdraw that plea. *McCloud v. State*, 485 P.2d 480 (Okl.Cr. 1971), *Perrier v. State*, 420 P.2d 920 (Okl.Cr. 1966). Further, where reasonable grounds are offered for taking a case to a jury, the trial court should always exercise its judicial discretion *in favor of granting withdrawal of plea of guilty*. Emphasis added. *Gist v. State*, 278 P.2d 250 (Okl.Cr. 1955).

THEREFORE, Defendant respectfully requests that this Court set a hearing on his Application as provided for by Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals,* id, and, at the conclusion of such hearing, allow him to withdraw his plea of guilty.

Respectfully submitted,

BY: _____
Alisia Carrington Sorelle, OBA #13780
ATTORNEY FOR DEFENDANT
P.O. Box 1223
Elk City, OK 73648
(580) 243-0079

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2016, I hand-delivered a true and correct copy of the foregoing Application to Withdraw Guilty Plea, to: The Honorable Doug Haught, Beckham County Courthouse; Dana Hada, Assistant District Attorney, State of Oklahoma, Beckham County Courthouse.

_____
Alicia Carrington Sorelle

81