ORIGINAL




IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| **KENNETH HAROLD TIBBETTS,** | ) | |
| | ) | |
| **Petitioner,** | ) | **NOT FOR PUBLICATION** |
| | ) | |
| **v.** | ) | **Case No. C-2016-419** |
| | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA
SEP 14 2017

**SUMMARY OPINION DENYING CERTIORARI**

**HUDSON, JUDGE:**

Petitioner Kenneth Harold Tibbetts was charged in Beckham County District Court, Case No. CF-2015-188, with Count 1: Robbery with a Weapon, After Former Conviction of a Felony, in violation of 21 O.S.2011, § 801; Counts 2 and 7: Possession of a Firearm After Former Conviction of a Felony, in violation of 21 O.S.Supp.2014, § 1283; Counts 3 and 4: Kidnapping, After Former Conviction of a Felony, in violation of 21 O.S.Supp.2012, § 741; and Counts 5 and 6: Attempted Robbery with a Dangerous Weapon, After Former Conviction of a Felony, in violation of 21 O.S.2011, § 801. Tibbetts entered a blind plea of guilty to the charges on February 10, 2016 before the Honorable Doug Haught, District Judge. After a pre-sentence investigation report was prepared and a sentencing hearing was held on March 30, 2016, Petitioner was sentenced to life imprisonment on Counts 1, 3, 4, 5 and 6, and ten (10) years imprisonment on Counts 2 and 7 (O.R. 100-102; 3/30/2016 Tr. 176-79). The trial court ordered that Counts 1, 2, 3, 4 and 7 run concurrent each to the

EXHIBIT 12

other. Counts 5 and 6 were ordered to run concurrent each to the other but consecutive to Count 1.[1] Judge Haught further imposed various costs and fees.

On April 6, 2016, Petitioner, through plea counsel, filed a motion to withdraw his guilty plea. Petitioner alleged in the written motion that his plea was not entered "knowingly and voluntarily, nor did he fully understand what the effect of entering a blind plea could mean for sentencing." Petitioner contended the "effect of his medical condition and the drugs used to treat his condition had impaired his mental capacity to comprehend what was happening at the time of [his plea]." Thus, Petitioner asserted he should be evaluated by a mental health expert to determine the effect his medications had on his decision to enter a blind plea.

Conflict counsel was subsequently appointed on April 13 and thereafter filed a Brief in Support of Application to Withdraw Plea of Guilty on April 18. Conflict counsel's brief additionally challenged Petitioner's "state of mind" at the time the incidents occurred. Conflict counsel argued "[t]he state of mind at the time of the incident[s] is crucial to a fair and impartial determination of guilt and what type of punishment, if any, should be issued." A hearing on Petitioner's motion to withdraw was held May 11, 2016, before Judge Haught. No witnesses were called at the hearing. After hearing brief argument from counsel, Judge Haught denied Petitioner's motion to withdraw his guilty plea.

---

1 Appellant must serve at least 85% of his Count 1 sentence before parole eligibility. 21 O.S.Supp.2014, § 13.1(8).

Petitioner now seeks a writ of certiorari alleging the following eight (8) propositions of error:

I. PETITIONER'S GUILTY PLEA WAS INVALID, BECAUSE THE COURT—JUST WEEKS AFTER A NOTICE TO DECLARE AN INSANITY DEFENSE WAS FILED—FAILED TO CONDUCT ANY MEANINGFUL INQUIRY INTO PETITIONER'S COMPETENCE.

II. THE RECORD DID NOT ESTABLISH AN ADEQUATE FACTUAL BASIS, AS EVEN THE STATE ACKNOWLEDGED. THE PLEA CANNOT BE CONSIDERED KNOWING, INTELLIGENT AND VOLUNTARY. THE TRIAL COURT ERRED BY DENYING PETITIONER'S APPLICATION TO WITHDRAW THE GUILTY PLEA.

III. PETITIONER WAS NOT PROPERLY ADVISED OF THE PUNISHMENT RANGES FOR THE UNDERLYING OFFENSES, AND THE PLEA CANNOT BE CONSIDERED KNOWING, INTELLIGENT AND VOLUNTARY. THE TRIAL COURT ERRED BY DENYING PETITIONER'S APPLICATION TO WITHDRAW THE GUILTY PLEA.

IV. ACCEPTANCE OF PETITIONER'S PLEAS AND IMPOSITION OF SENTENCES VIOLATED PETITIONER'S CONSTITUTIONAL AND STATUTORY PROTECTIONS AGAINST DOUBLE JEOPARDY AND DOUBLE PUNISHMENT.

V. ADMITTING DOCUMENTS PROTECTED BY DOCTOR-PATIENT PRIVILEGE INTO EVIDENCE CONSTITUTED PLAIN ERROR. PETITIONER WAS DEPRIVED A FAIR SENTENCING HEARING, AND THE ERROR CONTRIBUTED TO AN EXCESSIVE SENTENCE.

VI. PROSECUTORIAL MISCONDUCT AT BOTH THE SENTENCING HEARING AND THE WITHDRAWAL HEARING DEPRIVED PETITIONER OF HIS RIGHT TO A FAIR PROCEEDING.

VII. PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL THROUGHOUT THE CASE IN VIOLATION OF HIS RIGHTS UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. II, §§ 7 AND 20, OF THE OKLAHOMA CONSTITUTION.

VIII. CUMULATIVE ERRORS DEPRIVED PETITIONER OF A FAIR PROCEEDING AND A RELIABLE OUTCOME.

After thorough consideration of the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we find that no relief is required under the law and evidence. Petitioner's Petition for Writ of Certiorari is therefore **DENIED**.

This Court reviews the denial of a motion to withdraw guilty plea for an abuse of discretion. *Cox v. State*, 2006 OK CR 51, ¶ 18, 152 P.3d 244, 251, *overruled on other grounds, State v. Vincent*, 2016 OK CR 7, 371 P.3d 1127. On certiorari review of a guilty plea, our review is limited to two inquiries: (1) whether the guilty plea was made knowingly and voluntarily; and (2) whether the district court accepting the guilty plea had jurisdiction. *Lewis v. State*, 2009 OK CR 30, ¶ 4, 220 P.3d 1140, 1142 (citing *Cox*, 2006 OK CR 51, ¶ 4, 152 P.3d at 247). A voluntary guilty plea waives all non-jurisdictional defects. *Cox*, 2006 OK CR 51, ¶ 4, 152 P.3d at 247 (citing *Frederick v. State*, 1991 OK CR 56, ¶ 5, 811 P.2d 601, 603). We review the entire record in examining the voluntariness of the plea. *Fields v. State*, 1996 OK CR 35, ¶ 28, 923 P.2d 624, 630; *Berget v. State*, 1991 OK CR 121, ¶ 15, 824 P.2d 364, 370.

The standard for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *Hopkins v. State*, 1988 OK CR 257, ¶ 2, 764 P.2d 215, 216. When a defendant claims that his guilty plea was entered through inadvertence, ignorance, influence or without deliberation, he has the

burden of showing that the plea was entered as a result of one of these reasons and that there is a defense that should be presented to the jury. *Estell v. State*, 1988 OK CR 287, ¶ 7, 766 P.2d 1380, 1383.

**I. Competency to Plead**

Petitioner contends the trial court failed to conduct an adequate investigation into his competency to enter a guilty plea. Three (3) weeks prior to entering his blind plea, Petitioner filed a notice of intent to declare an insanity defense on January 20, 2016. On appeal, Petitioner asserts this notice placed his "mental state" at issue and necessitated the trial court conduct a comprehensive probe into his competency prior to accepting his plea. Petitioner argues that "[w]ithout an appropriate interrogation before accepting [his] plea and waiver of constitutional rights, acceptance of the guilty plea was fundamentally defective." Thus, Petitioner contends the trial court abused its discretion when it denied his application to withdraw.

Petitioner has failed to demonstrate the trial court abused its discretion in denying his motion to withdraw his plea. Given that Petitioner had previously filed notice of his intent to pursue an insanity defense, the trial court *arguably* could have delved a little deeper into Petitioner's competence at the plea hearing. However, the court's inquiry was not, as Petitioner contends, "fundamentally defective." Especially in light of the fact that neither plea counsel nor the prosecutor questioned Petitioner's competency at the plea hearing. *See Ocampo v. State*, 1989 OK CR 38, ¶ 5, 778 P.2d 920, 922 ("In tendering a guilty plea, defense counsel, bound by the Rules of Professional

Conduct, should either raise the issue of competency, if there are articulable facts which raise a question of the present condition of the defendant prior to the tender of a plea, or be restrained from utilizing the issue of competency as a tactic to obtain a delay of the proceedings.").

As defined in 22 O.S.2011, § 1175.1(1), "'competency' means the *present ability* of a person . . . to understand the nature of the charges and proceedings brought against him or her and to effectively and rationally assist in his or her defense." (emphasis added). A review of the record clearly reveals Petitioner was competent to enter his plea. *See Ocampo,* 1989 OK CR 38, ¶¶ 3—8, 778 P.2d at 921-23. The mere fact Petitioner subsequently became unhappy with the sentences he received does not render his plea invalid. *Fields*, 1996 OK CR 35, ¶ 53, 923 P.2d at 634. The trial court did not abuse its discretion in denying Petitioner's motion to withdraw. Petitioner's Proposition I is denied.

**II. Factual Basis**

Petitioner contends his plea was not supported by a sufficient factual basis. Petitioner's claim is procedurally defective as he failed to raise this issue in his application to withdraw his guilty plea or at any point during the hearing on the motion to withdraw. A petitioner must first file "an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence, setting forth in detail the grounds for the withdrawal of the plea." Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Ch. 18, App. (2016). "No matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to

withdraw the plea." *Id.* "The filing of the petition in error is jurisdictional and failure to timely file constitutes waiver of right to appeal." Rule 4.3(A), *Rules of the Oklahoma Court of Criminal Appeals*, Ch. 18, App. (2016). The petition for a writ of certiorari shall include "[t]he errors of law urged as having been committed during the proceedings in the trial court which were raised in the application to withdraw plea." Rule 4.3(C)(5), *Rules of the Oklahoma Court of Criminal Appeals*, Ch. 18, App. (2016).

Thus, a petitioner waives appellate review of an issue if: (1) the issue is not presented to the trial court in the motion to withdraw guilty plea, or (2) the issue is not raised in the petition for a writ of certiorari. *Weeks v. State*, 2015 OK CR 16, ¶¶ 27-29, 362 P.3d 650, 657; *Lewis*, 2009 OK CR 30, ¶ 4, 220 P.3d at 1142; *Cox*, 2006 OK CR 51, ¶ 4, 152 P.3d at 247; *Walker v. State*, 1998 OK CR 14, ¶ 3, 953 P.2d 354, 355. In a certiorari appeal, with the exception of jurisdictional defects, this Court does not reach the merits of issues for which appellate review has been waived. *Cox*, 2006 OK CR 51, ¶ 4, 152 P.3d at 247; *Walker*, 1998 OK CR 14, ¶ 3, 953 P.2d at 355.

In the present case, Petitioner failed to preserve this claim for appellate review. He did not raise the claim in his application to withdraw plea or his brief in support of the withdrawal application. Nor was it raised at any point during the hearing on his motion to withdraw. Thus, Petitioner's Proposition II claim is waived.

### III. Knowing and Voluntary Plea—Punishment Ranges

Petition contends his plea was not knowingly entered because he was misinformed as to the punishment ranges for five of the seven charges. Petitioner's claim is procedurally defective as he failed to raise this issue in his application to withdraw his guilty plea or in his brief in support of the withdrawal application. Nor was it raised at any point during the hearing on his motion to withdraw. Thus, this claim is waived. Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals,* Ch. 18, App. (2016) ("No matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea."); *see also Weeks*, 2015 OK CR 16, ¶¶ 27-29, 362 P.3d at 657.

### IV. Double Jeopardy

Petition claims a number of his convictions violate the Double Jeopardy Clause of the United States and Oklahoma Constitutions and Oklahoma's statutory prohibition against double punishment found at 21 O.S.2011, § 11(A).[2] Petitioner's claim is procedurally defective as he failed to raise this issue in his application to withdraw his guilty plea or his brief in support of the withdrawal application. Nor was it raised at any point during the hearing on his motion to withdraw. Thus, we do not reach the merits of Petitioner's claim as he has waived appellate review of this issue. Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals,* Ch. 18, App. (2016) ("No matter may be

2 Petitioner specifically challenges his (1) Counts 2 and 7 convictions for Possession of a Firearm After a Former Felony Conviction; (2) Count 1—Robbery with a Dangerous Weapon and Count 3—Kidnapping convictions; and (3) Counts 5 and 6 convictions for Attempted Robbery with a Dangerous Weapon.

raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea.").

**V. Excessive Sentence**

Petitioner argues that he received an excessive sentence because of improprieties at the sentencing hearing. Specifically, Petitioner argues the State was erroneously permitted to admit "privileged" medical records at the sentencing hearing. Petitioner argues, "The impact of divulging these privileged communications cannot be understated, and it eradicated any possibility of leniency from the sentencing court."

This Court will review a properly raised excessive sentence claim presented in a certiorari appeal. *Whitaker v State*, 2015 OK CR 1, ¶ 9, 341 P.3d 87, 90. However, excessive sentence claims must be raised before the district court at the hearing on the motion to withdraw plea and a sufficient record must be made which allows for meaningful appellate review. *Id.*, 2015 OK CR 1, ¶¶ 10-11, 341 P.3d at 90. Petitioner failed to raise below any of the underlying issues of this claim in his application to withdraw, brief in support of his withdrawal application, or at any point during the hearing on his motion. Thus, Petitioner's Proposition V claim is waived. Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Ch. 18, App. (2016).

**VI. Prosecutorial Misconduct**

Petitioner argues improper conduct by the prosecutor deprived him of his right to a fair proceeding and due process of law. Petitioner specifically contends the prosecutor (1) improperly utilized Petitioner's medical records at

the sentencing hearing (Proposition V above); and (2) erroneously asserted at the withdrawal hearing that Petitioner had already been "mentally evaluated" by a professional. As to his first contention, Petitioner did not raise this claim in his application to withdraw, brief in support of his withdrawal application, or at any point during the hearing on his motion. Thus, this portion of his claim is waived. *See* Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016) ("No matter may be raised in a petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea, which must accompany the records filed with this Court.").

Moreover, Petitioner's second claim alleging prosecutorial misconduct at the withdrawal hearing is outside the scope of review in a certiorari appeal. On certiorari review of a guilty plea, this Court's review is limited to two inquiries: (1) whether the guilty plea was made knowingly and voluntarily; and (2) whether the district court accepting the guilty plea had jurisdiction to accept the plea. *Cox*, 2006 OK CR 51, ¶ 14, 152 P.3d at 247. Petitioner's claim has nothing to do with whether his plea was made knowingly and voluntarily, or whether the trial court had jurisdiction to accept the plea. Consequently, this claim is not reviewable in this appeal.

Even assuming arguendo that Petitioner's second claim is reviewable, Petitioner failed to timely object to the prosecutor's allegedly inaccurate assertion at the withdrawal hearing. *See Phillips v. State*, 1999 OK CR 38, ¶ 66, 989 P.2d 1017, 1036 ("It is the duty of counsel to aid the court in avoiding error by raising specific objections at trial, thus giving the trial court the

opportunity to correct any error."). Appellant has thus waived all but plain error review. *Marshall v. State*, 2010 OK CR 8, ¶ 47, 232 P.3d 467, 478. "Plain error is an actual error, that is plain or obvious, and that affects a defendant's substantial rights, affecting the outcome of the trial." *Mitchell v. State*, 2016 OK CR 21, ¶ 24, 387 P.3d 934, 943. *See also Jackson v. State*, 2016 OK CR 5, ¶ 4, 371 P.3d 1120, 1121. No such error is found to have occurred here as Petitioner fails to demonstrate the prosecutor's assertion was inaccurate. Petitioner also fails to demonstrate the prosecutor's assertion was the underlying factor that resulted in the trial court's denial of his withdrawal motion. Proposition VI is denied.

**VII. Ineffective Assistance of Counsel**

Petitioner alleges that both his plea counsel and conflict counsel were ineffective. As to plea counsel's performance, Petitioner complains that counsel was ineffective for failing to:

(1) investigate and confirm Petitioner's competency prior to his plea—Proposition I;

(2) challenge the factual basis of Petitioner's plea—Proposition II;

(3) ensure Petitioner was properly advised of the sentencing ranges—Proposition III;

(4) ensure Petitioner was not doubly punished for a single crimination transaction—Proposition IV;

(5) object to privileged material being introduced at the sentencing hearing—Proposition V;

(6) object to the prosecutor's improper statements at the sentencing hearing—Proposition VI; and

(7) invoke the rule of sequestration at the sentencing hearing.

Petitioner did not raise any of these ineffectiveness claims in his application to withdraw, brief in support of his withdrawal application, or at any point during the hearing on his motion. This, despite the fact conflict counsel was appointed to represent Petitioner nearly a month prior to the hearing on his motion to withdraw.[3] Nor does Petitioner contend on appeal that conflict counsel was ineffective for failing to raise these issues below. These claims are therefore waived. *See* Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016) ("No matter may be raised in a petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea, which must accompany the records filed with this Court.").

As to conflict counsel, Petitioner complains only that counsel's written brief filed in support of Petitioner's application to withdraw and counsel's performance at the withdrawal hearing were deficient. This is the first opportunity in which this claim could be raised so it is properly before the Court. A criminal defendant is entitled to effective assistance of counsel at a hearing on a motion to withdraw. *Carey v. State*, 1995 OK CR 55, ¶ 5, 902 P.2d 1116, 1117; *Randall v. State*, 1993 OK CR 47, ¶ 7, 861 P.2d 314, 316. To prevail on an ineffective assistance of counsel claim, an appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). *See also Harrington v.*

3 Conflict counsel was appointed on April 13, 2016 (O.R. 106). The withdrawal hearing was conducted on May 11, 2016.

*Richter*, 562 U.S. 86, 104-05, 131 S. Ct. 770, 787-88, 178 L. Ed. 2d 624 (2011) (summarizing *Strickland* two-part test).

As discussed in Proposition I, the record sufficiently demonstrates Petitioner was competent at the time he entered his plea. Thus, Petitioner fails to show prejudice even if counsel was deficient in the manner in which he handled this issue at the withdrawal hearing. Petitioner's failure to show prejudice is fatal to his claim. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Proposition VII is denied.

**VIII. Cumulative Error**

Petitioner contends the cumulative impact of the aforementioned errors deprived him of a fair proceeding. Petitioner's Propositions II—VII raise issues relating to Petitioner's plea and sentencing hearing. These issues could have been, but were not, raised below in his application to withdraw. Thus, this Court found Petitioner waived appellate review of each of these individual issues. Petitioner similarly did not raise the instant claim challenging the cumulative effect of these same issues in his motion to withdraw. Hence, Petitioner has waived appellate review of this claim as it relates to these specific issues.

As to the remainder of issues forming Petitioner's accumulation error allegation, this Court has repeatedly held that a cumulative error argument has no merit when none of the errors raised by an appellant are sustained. *Lott v. State*, 2004 OK CR 27, ¶ 167, 98 P.3d 318, 357. Cumulative error does not deprive a defendant of a fair proceeding when the errors considered

together do not affect the outcome of the proceedings. *Postelle v. State*, 2011 OK CR 30, ¶ 94, 267 P.3d 114, 146. Petitioner's remaining claims, neither individually nor collectively, warrant relief. Proposition VIII is denied.

**DECISION**

The Petition for Writ of Certiorari is **DENIED**. The Judgment and Sentence of the District Court is **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017), the **MANDATE** is **ORDERED** issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF BECKHAM COUNTY
THE HONORABLE DOUGLAS HAUGHT, DISTRICT JUDGE

**APPEARANCES IN DISTRICT COURT**

ALICIA SORELLE
ATTORNEY AT LAW
P.O. BOX 309
ELK CITY, OK 73648
COUNSEL FOR DEFENDANT (PLEA)

RICHARD YOHN
ATTORNEY AT LAW
P.O. BOX 1494
CLINTON, OK 73601
COUNSEL FOR DEFENDANT
(MOTION TO WITHDRAW HEARING)

ANGELA C. MARSEE
DISTRICT ATTORNEY
DANA HADA
ASSISTANT DISTRICT ATTORNEY
P.O. BOX 507
SAYRE, OK 73662
COUNSEL FOR THE STATE

**APPEARANCES ON APPEAL**

CHAD JOHNSON
P.O. BOX 926
NORMAN, OK 73070
COUNSEL FOR PETITIONER

MIKE HUNTER
OKLAHOMA ATTORNEY GENERAL
JENNIFER B. WELCH
ASSISTANT ATTORNEY GENERAL
313 N.E. 21ST STREET
OKLAHOMA CITY, OK 73105
COUNSEL FOR RESPONDENT

**OPINION BY: HUDSON, J.**
**LUMPKIN, P.J.: SPECIALLY CONCUR**
**LEWIS, V.P.J.: CONCUR**

**LUMPKIN, PRESIDING JUDGE: SPECIALLY CONCURRING**

I concur in the results reached but write further as to Proposition Four to explain that additional analysis is required before the Court may determine that Petitioner waived this claim of error.

I note that "[e]ven a double jeopardy claim may be waived by the entry of a guilty plea." *Weeks v. State*, 2015 OK CR 16, ¶ 9, 362 P.3d 650, 653. However, a plea of guilty does not bar consideration of a claim "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge." *Menna v. New York*, 423 U.S. 61, 62, 96 S. Ct. 241, 242, 46 L. Ed. 2d 195 (1975). "'[A] plea of guilty to a charge does not waive a claim that-judged on its face-the charge is one which the State may not constitutionally prosecute.'" *United States v. Broce*, 488 U.S. 563, 575, 109 S. Ct. 757, 765, 102 L. Ed. 2d 927 (1989) (*quoting Menna*, 423 U.S. at 63 n. 2, 96 S.Ct., at 242 n. 2).

Reviewing the charges in the present case on their face, I find that the United States Constitution did not preclude the State from haling Petitioner into court on the charges. Each of the offenses was separated by time, place, or victim. Thus, the offenses were distinct and required proof that the other did not. *Rousch v. State*, 2017 OK CR 7, ¶ 3, 394 P.3d 1281, 1282; *Grant v. State*, 2009 OK CR 11, ¶ 37, 205 P.3d 1, 17. Since the State was not precluded from haling Petitioner into court on the charges, the Court's conclusion that

Petitioner waived review of this claim when he failed to raise it in his application to withdraw his plea of guilty is correct.