IN THE DISTRICT COURT OF BECKHAM COUNTY
STATE OF OKLAHOMA

BECKHAM COUNTY
FILED
MAY 1 6 2018
BY _____ COURT CLERK
DONNA HOWELL    DEPUTY

KENNETH H. TIBBETTS,

        Plaintiff,

v.                                   Case No.   CF-2015-188

THE STATE OF OKLAHOMA,

        Defendant.

## APPLICATION FOR POST-CONVICTION RELIEF
### (PART  A)

    I, **Kenneth H. Tibbetts**, whose present address is P.O. Box 548, Lexington, OK. 73051, hereby applies for relief under the Post-Conviction Procedure Act, of *Title 22, Oklahoma Statutes, Sec. 1080, et seq.*

The sentence from which I seek release ia as follows:

1.(a)   Court in which sentence was rendered:  **Beckham County District Court**
  (b)   Case Number: **CF-2015-188**

2.    Date of sentence: **March 30, 2016**

3.    Terms of sentence:   **Count 1: Life Imprisonment + $2,800.00 Restitution;**
                              **Count 2: 10 Years in Oklahoma DOC;**
                              **Count 3: Life Imprisonment;**
                              **Count 4: Life Imprisonment;**
                              **Count 5: Life Imprisonment + $500.00 Restitution;**
                              **Count 6: Life Imprisonment; and**
                              **Count 7: 10 Years in Oklahoma DOC;**

4.    Name of presiding judge:  **Hon. Floyd Douglas Haught**

5.    Are you now in custody serving this sentence?  **Yes, at the Joseph Harp Corr. Center**

6.    For what crimes were you convicted:
      **Count 1: Robbery w/a Weapon (21 O.S. §801);**
      **Count 2: Possession of a Firearm, AFCF (21 O.S. §1283(A));**
      **Count 3: Kidnapping (21 O.S. §741);**
      **Count 4: Kidnapping (21 O.S. §741);**

1

EXHIBIT 14

Count 5: Attempted Robbery w/a Dangerous Weapon  (21 O.S. §791, 801);
Count 6: Attempted Robbery w/a Dangerous Weapon  (21 O.S. §791, 801); and
Count 7: Possession of a Firearm, AFCF (21 O.S. §1283(A))

7.   Finding of guilty was made:  **After a 'blind plea' of guilty**

8.   Name of lawyer who represented you in trial court:  **Alicia Sorrelle, P.O. Box 1223, Elk City, OK.  73648  Phone #: (580) 243-0079**

9.   Did you appeal the conviction?  **Yes**
     To what court or courts:  **Oklahoma Court of Criminal Appeals**

10.  Lawyer representing Petitioner on appeal?  **Chad Johnson, Oklahoma Indigent Defense System, P.O. Box 926, Norman, OK.  73070  Phone #: (405) 801-2727**

11.  Was an opinion written by the appellate court? Yes;  *Tibbetts v. State, C-2016-419 (Decided Sept. 14, 2017)*

12.  Did you seek any further review of or relief from your conviction in any other court? No

### (PART  B)

I believe I have **Nine ( 9 )** propositions for relief from the conviction and sentence described in **PART  A**. Petitioner would ask this Court to refer to the attached *Brief in Support for Application for Post-Conviction Relief* for:

❖ discussion of each proposition of error;
❖ the legal right or privilege Petitioner was deprived of;
❖ the specific facts underlying each proposition;
❖ legal authority in support of relief;
❖ the supporting exhibits to prove the facts asserted; and,
❖ why, despite a direct appeal being taken, these propositions were not raised therein.

### (PART  C)

I understand that I have an absolute right to appeal to the Court of Criminal Appeals from the trial court's order entered in this case, but unless I do so within thirty (30) days after the entry of the trial judge's order, I will have waived my right to appeal as provided by Section 1087 of Title 22.

### (PART  D)

51

I have read the foregoing application and assignment(s) of error and hereby state under oath that there are no other grounds upon which I wish to attach the judgment and sentence under which I am presently convicted. I realize that I cannot later raise or assert any reason or ground known to me at this time, or which could have been discovered by me by the exercise of due diligence. I further realize that I am not entitled to file a second or subsequent application for post-conviction relief based upon facts within my knowledge or which I could discover with reasonable diligene at this time.

### (PART E)

I hereby apply to have counsel appointed to represent me. I believe I am entitled to relief. I do not possess any money or property except the following:  *'None'*

Dated:  5/14/18

**Kenneth H. Tibbetts, Petitioner**

STATE OF OKLAHOMA
COUNTY OF CLEVELAND

**Kenneth H. Tibbetts**, being first sworn under oath, signed the above application in my presence, as well as this declaration verifying the same, attesting that the statements therein are true and correct to the best of his knowledge and belief.

Kenneth H. Tibbetts, Petitioner/Affiant

Notary Public  5-14-18

(seal)

3

IN THE DISTRICT COURT OF BECKHAM COUNTY
STATE OF OKLAHOMA

BECKHAM COUNTY
FILED
MAY 16 2018
BY DONNA HOWELL, COURT CLERK
DEPUTY

KENNETH H. TIBBETTS,

      Petitioner,

v.

      Case No.   CF-2015-188

THE STATE OF OKLAHOMA,

      Respondent.

## BRIEF IN SUPPORT
## OF
## APPLICATION FOR POST-CONVICTION RELIEF

COMES NOW the Petitioner, **Kenneth H. Tibbetts**, and hereby applies for relief under the Oklahoma's *Post-Conviction Procedure Act*, as codified in *Title 22, Oklahoma Statutes, §§ 1080-1087*, due to **(1)** the egregious constitutional violations of Petitioner's Sixth Amendment rights to the effective assistance of counsel and a fair trial; and **(2)** the trial court's lack of subject-matter jurisdiction.  In support of his foregoing claims, Petitioner would state:

## STATEMENT OF THE CASE

On May 26, 2015 and May 27, 2015, Petitioner was charged by *Information* in the Beckahm County District Court, Case No(s) CF-2015-188 and CF-2015-192, with multiple felony counts,[1] to include:

| Count I | Robbery w/a Weapon | 21 O.S. §801 |
| Count II | Possession of a Firearm AFCF | 21 O.S. §1283(A) |
| Count III | Kidnapping | 21 O.S. §741 |
| Count IV | Kidnapping | 21 O.S. §741 |
| Count V | Attempted Robbery w/a Dangerous Weapon | 21 O.S. §§791, 801 |
| Count VI | Attempted Robbery w/a Dangerous Weapon | 21 O.S. §§791, 801 |
| Count VII | Possession of a Firearm AFCF | 21 O.S. §1283(A) |

Petitioner entered a guilty plea to all of the foregoing charges on February 10, 2016,[2] and was subsequently sentenced on March 30, 2016.[3]  (See **Exhibit 1**)  On April 6, 2016, Petitioner

---

[1]    On January 19, 2016, these charges were joined in a single *Information*, under Case No. CF-2015-188.

[2]    All references to the guilty plea hearing hearing will be denoted as **Plea Tr.**, followed by a page number.

[3]    All references to the sentencing hearing will be denoted as **S Tr.**, followed by a page number.

53

timely filed an *Application to Withdraw Plea of Guilty*, (See **Exhibit 2**), followed by a *Brief in Support of Application to Withdraw Plea of Guilty*, filed on April 18, 2016.  (See **Exhibit 3**) which the trial court denied on May 11, 2016.[4]

From the district court denial of Petitioner's *Application to Withdraw Guilty Plea(s)*, Petitioner perfected an appeal on May 18, 2016, raising as claims for consideration:

I.     MR. TIBBETTS' GUILTY PLEA WAS INVALID, BECAUSE THE COURT ~ JUST WEEKS AFTER A NOTICE TO DECLARE AN INSANITY DEFENSE WAS FILED ~ FAILED TO CONDUCT ANY MEANINGFUL INQUIRY INTO PETITIONER'S COMPETENCE.

II.     THE RECORD DID NOT ESTABLISH AN ADEQUATE FACTUAL BASIS, AS EVEN THE STATE ACKNOWLEDGED. THE PLEA CANNOT BE CONSIDERED KNOWING, INTELLIGENT AND VOLUNTARY. THE TRIAL COURT ERRED BY DENYING PETITIONER'S APPLICATION TO WITHDRAW THE GUILTY PLEA.

III.     PETITIONER WAS NOT PROPERLY ADVISED OF THE PUNISHMENT RANGES FOR THE UNDERLYING OFFENSES, AND THE PLEA CANNOT BE CONSIDERED KNOWING, INTELLIGENT AND VOLUNTARY. THE TRIAL COURT ERRED BY DENYING PETITIONER'S APPLICATION TO WITHDRAW THE GUILTY PLEA.

IV.     ACCEPTANCE OF PETITIONER'S PLEAS AND IMPOSITION OF SENTENCES VIOLATED PETITIONER'S CONSTITUTIONAL AND STATUTORY PROTECTIONS AGAINST DOUBLE JEOPARDY AND DOUBLE PUNISHMENT.

V.     ADMITTING DOCUMENTS PROTECTED BY THE DOCTOR-PATIENT PRIVILEGE INTO EVIDENCE CONSTITUTED PLAIN ERROR. PETITIONER WAS DEPRIVED A FAIR SENTENCING HEARING, AND THE ERROR CONTRIBUTED TO AN EXCESSIVE SENTENCE.

VI.     PROSECUTORIAL MISCONDUCT AT BOTH THE SENTENCING HEARING AND THE WITHDRAWAL HEARING DEPRIVED MR. TIBBETTS OF HIS RIGHT TO FAIR PROCEEDINGS.

VII.     PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL THROUGHOUT THE CASE IN VIOLATION OF HIS RIGHTS UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. II, §§7 AND 20, OF THE OKLAHOMA CONSTITUTION.

VIII.     CUMULATIVE ERRORS DEPRIVED MR. TIBBETTS OF A FAIR PROCEEDING AND A RELIABLE OUTCOME.

On September 14, 2017, the Oklahoma Court of Criminal Appeals (OCCA) denied Petitioner's certiorari appeal.[5]  See *Tibbetts v. State, C-2016-419 (Entered 9/14/2017)*

---

[4]     The trial court exceeded the thirty (30) days allowed for conducting a hearing on Petitioner's application.

54

## STATEMENT OF THE FACTS

On May 9, 2015, there was a robbery at Janie's Garden Center in Elk City, Oklahoma. Present were two (2) employees ~ Laura Cornell and Wes Burks ~ and the perpetrator obtained between $2,500-$3,000 in cash. **(S Tr 14-15)**[6] On May 15, 2015, an elderly couple, Troy and Joy Sites,[7] were approached in an Elk City parking lot by a white male who they said attempted to steal the woman's purse, but was unsuccessful. **(S Tr 25-28)**

On May 26, 2015, Petitioner was charged by *Information* in Beckahm County District Court Case No. CF-2015-188 in connection with the first incident.  **(O.R. 1-3)**[8] An *Amended Information* was filed on May 27, 2015. **(O.R. 9-11)** On this same date, Petitioner was charged by *Information* in Case No. CF-2015-192 for the second incident.  Petitioner waived preliminary hearing following the advice of counsel, and was bound over on October 13, 2015. **(O.R. 42-43)** Mr. Tibbetts was arraigned on December 2, 2015 and entered pleas of not guilty.  **(O.R. 44-46)**

Defense counsel presented a disturbing compulsion, with repeated corresponding advice, for Petitioner to plead guilty.  Convincing Petitioner that they would ultimately appear before Judge Roper, (See e.g., **Exhibits 26, 27, 28** and **29**), Petitioner acquiesced, believing in counsel's assurance that a lenient sentence would be imposed upon him.  However, as later events would develop, Petitioner's plea and sentencing before Judge Roper would not be realized as promised.

On January 15, 2016, the court granted  the State's request to consolidate the two cases into Case No. CF-2015-188.  **(O.R. 53, 58)** An *Amended Information* was filed on January 19, 2016, which consolidated the seven charges from both incidents. **(O.R. 54-56)**  The *Amended Information* included a second page, which alleged a prior conviction. **(O.R. 57)**

Following counsel's January 8, 2016 correspondence, **(Exhibit 29)**, Petitioner and his wife ~ who were on a course of marital reconciliation ~ agreed that Petitioner would put forth his sole defense of mental defect, truly believing that Petitioner's medical condition and prescribed medications rendered him psychotic at the time of the crimes, and therefore without sufficient *mens rea* to support a conviction.

---

[5]     In Oklahoma, a *certiorari* appeal is deemed a direct appeal under *22 O.S. §1051*, just limited to an "abuse of discretiion" appellate review, wherein the OCCA conducts two (2) inquiries, which are: (1) whether the plea was voluntary and intelligent; and (2) whether the district court accepting the guilty plea had jurisdiction. See e.g., *Cox v. State, 2006 OK CR 51, ¶¶18, 152 P.3d 144, 152*

[6]     All references to the Sentencing Transcript will be denoted by **S Tr**, followed by a page number.

[7]     These victims are central to Petitioner's 'conflict of interest' claim in **Proposition II, sub. C.2.**

[8]     All references to the Original Record will be denoted as **O.R.**, followed by a page number.

*55*

On January 20, 2016, through his retained counsel, Alicia Sorelle, Mr. Tibbetts filed a *Notice of Intent to Declare Insanity as Defense*, as desired and demanded by Petitioner.   The notice indicated that counsel was seeking medical records and an expert opinion to determine if Petitioner was capable of possessing the requisite mental state at the time of the alleged crimes, in light of his peculiar medical conditions and his combined use of various prescription drugs. **(O.R. 59-60)**

On February 10, 2016, Ms. Sorelle unexpectedly reversed course. Assuring Petitioner of the dire outlook of his chance of success at trial, and threatening to withdraw as counsel, Ms. Sorelle advised Petitioner to enter a blind plea of guilty before the Hon. Floyd Douglas Haught, **(O.R. 70-78)**, the very judge that she claimed an aversion to entering a plea before, and actively counseled Petitioner against. (See e.g., **Exhibits 26, 27, 28** and **29**) After Petitioner grudgingly acquiesced, he acknowledged a truncated recitation on the facts on each count, givng a *"yes/no"* response to a handful of rudimentary inquiries about his competence and waiver of rights, the court accepted his plea.  **(GP Tr. 3-14)**[2]  Mr. Tibbetts was remanded into custody, and a pre-sentence investigation was ordered. **(O.R. 79)**

At the March 30, 2016 sentencing hearing before Judge Haught, Petitioner was represented by Ms. Sorelle, and the State was represented by Angela Marsee and Dana Hada. All four victims, as well as two Elk City detectives, testified for the State.  Two of Petitioner's friends testified on behalf of the defense, as did Mr. Tibbetts, *upon the advice of counsel*.  At the hearings conclusion, the court sentenced Mr. Tibbetts as stated in his application.

## <u>PROPOSITION  I</u>

### THE WAIVER DOCTRINE FOUND IN *22 O.S. §1086* DOES NOT APPLY TO FUNDAMENTAL CONSTITUTIONAL CLAIMS.

In the instant proceeding, Petitioner raises claims that are not subject to the strict doctrine of waiver, as expressed in *22 O.S. §1086*, to include **Proposition II** (ineffective assistance of trial counsel~conflict of interest), **Proposition III** (trial court lacked subject-matter jurisdiction), **Proposition  IV** (ineffective  assistance  of  trial  counsel~deficient  performance/prejudice), **Proposition V** (ineffective assistance of appellate counsel).  The claims in **Propositions II, III**

---

[2]    All references to the Guilty Plea Hearing Transcript will be denoted by GP Tr, followed by a page number.

4



and **IV** necessarily go to the foundation of Petitioner's case, which if proved, require automatic reversal of his conviction.

In *Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 57 (1985)*, the United States Supreme Court made clear that substantive due process guaranteed by the state and federal constitutions is insulated from procedural waiver. *Id., 470 U.S. @ __.* See also, *Adams v. Wainwright, 764 F.2d 1356 (11ᵗʰ Cir. 1985)* (same); *Zapata v. Estelle, 588 F.2d 1017 (5ᵗʰ Cir. 1979)* (same). Hence, for the claims presented in **Proposition II, III** and **IV**, the procedural bar found in *§1086* cannot foreclose judicial consideration of Petitioner's present claims.

**Proposition** V is a claim of ineffective assistance of appellate counsel, and where such a claim is alleged, courts must "examine the merit of the omitted issues." See *United States v. Cook, 45 F.3d 388, 392-93 (10ᵗʰ Cir. 1995); United States v. Dixon, 1 F.3d 1080, 1083 (10ᵗʰ Cir. 1993)*. See also, *Logan v. State, 2013 OK CR 2,¶5, 293 P.3d 969, 973* (Claims of ineffective assistance of appellate counsel may be raised for the first time on post-conviction, because it is usually a petitioner's first opportunity to allege and argue the issue.)

**PROPOSITION  II**

**PETITIONER WAS DENIED CONSTITUTIONALLY EFFECTIVE
ASSISTANCE OF COUNSEL DUE TO AN ACTUAL CONFLICT
OF INTEREST WITH HIS RETAINED COUNSEL OF RECORD.**

**A.   STANDARD OF REVIEW:**

In analyzing a claim of ineffective assistance of counsel, the OCCA has consistently applied the *Strickland* test. See *U.S. Const. amend. VI;  Okla. Const., art. II, §§7, 20; Strickland v. Washington, 466 U.S. 668, 686, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)*. See alos *Jennings v. State, 1987 OK CR 219, ¶¶7-13, 744 P.2d 212, 213-15.*

The Sixth Amendment to the United States Constitution guarantees an accused in a state criminal proceeding the fundamental right to the assistance of counsel  See. *Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)* (6ᵗʰ Amendment right to counsel was extended to state criminal proceedings by virtue of the 14ᵗʰ Amendment) The right to the assistance of counsel contemplates the right to "effective assistance of counsel." See *McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)*

This case will be decided by the standard set forth in *Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)*, and as applied in *United States v. Cronic, 466 U.S. 648,*

*57*

*104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)*. In *Cronic*, the United States Supreme Court unequivocally held that where an accused demonstrates that an actual conflict of interest adversely affected the performance of his counsel's representation, prejudice will be presumed. *Id., 466 U.S. @659, n. 25.*

**B.    RELEVANT FACTS:**

Petitioner, through his wife, Valorie Tibbetts, retained the services and legal representation of Alicia Carrington Sorelle (Ms. Sorelle or defense counsel herein) to defend against the charges brought in this case. Ms. Sorelle was recommended to Mrs. Tibbetts by Celo Harrell, an attorney she had on retainer in a separate divorce proceeding she was pursuing against Petitioner.

In this case, Petitioner's particular set of circumstances suggested that mental defect played a significant role at the time the alleged crimes were committed, and to that end ~ upon Petitioner's insistence ~ a *Notice of Intent to Declare Insanity as Defense* was filed on January 20, 2016. Due to the peculiar set of facts raised in this notice, both counsel and the Court were aware that Petitioner's mental condition was a real concern, both at the time that the crimes were committed and at the moment of Petitioner's tendered plea on February 10, 2016.

Ms. Sorelle actively counseled Petitioner to plead guilty, (See **Exhibits 26, 27, 28** and **29),** despite Petitioner's apparent mental defect, and his asserted absence of *mens rea* due to a suspected drug-induced psychosis, facts which Petitioner insisted on presenting to a jury. In her correspondence, Ms. Sorelle repeatedly intimated that Petitioner would appear, by design, before Judge Roper. *Id.* However, in an unexpected turn of events, counsel coerced Petitioner into entering a blind plea of guilty on February 10, 2016, during a scheduled appearance before Judge Haught.

Counsel's dire predictions, pointed advice, and her threat of withdrawal if not followed, deprived Petitioner's of his fundamental right of, and earlier demand for, a trial on the merit of his mental defect defense. It was apparent that defense counsel harbored a certain amount of animosity towards Petitioner for his rejection of her months-long coaxing and persuasion for him to plead guilty, and her endeavor of a quick adjudication of the combined charges in CF-2015-188. Consequently, Ms. Sorelle abandoned her earlier protestations of pleading before Judge Haught, all the while upbraiding Petitioner on his demand for a trial, and underscoring her rebuke with her proclaimed certainty that Petitioner's defense would fail.

58

Following plea and sentencing, it was discovered that counsel shared a personal and vicarious relationship, along with the victims and their grandchildren, with Judge Haught (See e.g., **Exhibits 6** through **19**)

Additionally, Petitioner's counsel was, and remains, a partner in a law firm shared with Celo Harrell, who both advertise their business addresses as "119 S. Jefferson Ave., Elk City, OK. 73644". (See e.g., **Exhibits 22** and **23**) At the time of Ms. Sorelle's representation of Petitioner, Celo Harrell was representing Petitioner's wife, Valorie Tibbetts, in a separate divorce proceeding, as the attached *Petition* clearly represents. (See e.g., **Exhibit 24**)

## C.   ACTUAL CONFLICT / NO SHOWING OF PREJUDICE REQUIRED:

The presumption that counsel's assistance is an essential component under the Sixth Amendment's Counsel Clause requires a court to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial. *United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).*[10]

In *Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980),* the Supreme Court ruled that a defendant can demonstrate a Sixth Amendment violation by showing that **(1)** defense counsel was actively representing conflicting interests, *Id., @350,* and **(2)** the conflict had an adverse effect on specific aspects of counsel's performance. See e.g., *Blankenship v. Johnson, 118 F.3d 312, 318 (5th Cir. 1997)* (conflict of interest affected performance because counsel took no action on behalf of defendant); *Reynolds v. Chapman, 253 F.3d 1337, 1347 (11th Cir. 2001)* (counsel's conflict of interest affected performance because it prevented counsel from raising reasonable defenses in defendant's favor). The right to effective assistance of counsel is impaired when defense counsel operates under conflict of interest because "counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties." *Strickland, 466 U.S. @692.* If the Sixth Amendment violation "pervade[s] the entire proceeding," then an analysis under the Harmless Error Doctrine is inapplicable. See *Satterwhite v. Texas, 486 U.S. 249, 256, 108 S.Ct. ___, ___ L.Ed.2d ___ (1988).*

---

[10]   "The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding."

59

1. **Conflict of interest due to multiple, conflicting representations by Alicia Carrington Sorelle and Celo Harrell, two attorneys within the same firm:**

As to conflicts of interest, based on the *ABA Standards of Criminal Justice, Standard 4-3.5(a)*, Ms. Sorelle, who represented Petitioner at his plea hearing on February 10, 2016 *should not permit his professional judgment or obligations to be affected by her own business or personal interests*. Further, *Standard 4-3.5(b)* details that defense counsel should disclose to the client as early as possible any interest or connection to the case that might be relevant to counsel's continuing representation in the case.

In this case, Petitioner's defense counsel is partner in a law firm with Celo Harrell. (See e.g., **Exhibits 22** and **23**) The conflict herein arose due to the dual, opposing representations of the two law firm partners, and the diverging interests and loyalties each shared with their respective clients. Ms. Sorelle's law firm partner, Celo Harrell, was enmeshed in divorce proceedings that involved both Petitioner and his wife. Ms. Sorelle just might have made such a connection known to Petitioner.

The *Oklahoma Rules of Professional Conduct, Rule 1.7(a)(2),* "Conflict of Interest" provides in relevant part, "[a] lawyer shall not represent a client if the representation involves a concurrent conflict of interest." The rule defines a concurrent conflict of interest to mean if, "(2) [t]here is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to … a third person or by the personal interest of the lawyer."

In this case, Ms. Sorelle had a duty of loyalty to Petitioner in his criminal case, and Celo Harrell had a duty of loyalty to Petitioner's wife, Valorie Tibbetts, in the divorce proceeding she had retained him to prepare and file against this Petitioner. (See **Exhibit 20**, *Invoice* executed by Celo Harrell; and **Exhibit 24**, *Petition* ~ for divorce)

Mrs. Tibbetts, upon review of the proposed *Petition*, **(Exhibit 24)**, had a momentary change of heart, and she proposed to Mr. Harrell that she and Petitioner have a 30-day period to attempt a reconciliation. (See e.g., **Exhibit 25**) In way of a response, and in a definite demonstration of the partnership between them, Mr. Harrell drafted a check of the remaining $930.00 balance from Mrs. Tibbetts initial retainer, (See **Exhibit 20**), and remitted it to Alicia Sorelle, to defray the costs of Petitioner's defense. (See **Exhibit 21**)

8



During his representation of Mrs. Tibbetts, Mr. Harrell was advocating the divorce and advising her that she would be best served by continuing in the process, and being free of Petitioner and the criminal proceedings that he was going through, and she would ultimately become entangled in.

During Ms. Sorelle's representation of Petitioner, she was supposed to arrange for a plea to be taken before Judge Roper, (See e.g., **Exhibit 26, 27, 28, and 29**), and to pursue a defense based on mental defect. In the end, Ms. Sorelle made good on neither of these assurances and duties. Based on the facts in this case, Ms. Sorelle's *professional judgment and obligations were most definitely affected by her own business, and possibly personal interests*, in this case as they relate to representation of Petitioner, and her law firm partner's litigation in opposition to Petitioner.

2. **Conflict of interest due to personal relationship with granddaughters of the victims:**

Alicia Sorelle also represented conflicting interests as a result of her relationship with the victim's granddaughters, a fact that Petitioner did not learn of until *after* the disposition of his criminal case. Attached exhibits are dispositive of the relationship that defense counsel shared with the granddaughters of Troy and Joy Sites, i.e., Dana Southall, (See e.g., **Exhibits 12, 16, 17, 18 and 19**), and Jenna Dodson, (**Exhibit 15**), who is a "Victim Advocate at Beckham County District Attny Department". (See **Exhibit 14**). The extent of Ms. Sorelle's relationship with the actual victims in this case is unknown, but in light of the close relationship she shared with Dana Southall and Jenna Dodson, to include intimate communications and home visits, (See **Exhibit 16 and 17**), and purchase of personalized merchandise, (See **Exhibit 18 and 19**), it's reasonable to assume that she enjoyed a relationship with Troy and Joy Sites as well.

Ms. Sorelle had a duty to inform Petitioner of her connection to the victims, even if only vicariously through the granddaughters, and to secure a written waiver for the representation she proposed to provide. See e.g., *ABA Standards for Criminal Justice, Standard 4-3.5(b)*, which provides:

> "[d]efense counsel should disclose to the defendant at the earliest feasible opportunity any interest in or connection with the case or any other matter that might be relevant to the defendant's selection of counsel to represent him or her or counsel's continuing representation. Such disclosure should include communication or information reasonably sufficient to permit the client to appreciate the significance of any conflict or potential conflict of interest."



3. **Conflict of interest due to defense counsel's personal relationship with Judge Haught, and his son, Brett Haught:**

Ms. Sorelle's connection to Judge Haught, as well as his son, Brett Haught, is a matter of equal or greater concern.  There's no question that Dana Southall shares a friendship status with Judge Haught, (See **Exhibits 8, 9, and 13**), as well as his son, (See **Exhibit 10 and 11**), as she does with Ms. Sorelle. (See **Exhibit 12**)  And, in view of Jenna Dodson's role as Victim's Advocte within the Beckham County District Attorney's Office, and her personal relationship with Ms. Sorelle, (See **Exhibit 15**), it's reasonable to assume that she, defense counsel, and Judge Haught are intimately familiar with each other.

The disturbing question has always lingered, and remains to this day, whether Ms. Sorelle was in any way related to District Judge Doug Haught himself.  Petitioner believes this to be a fact in need of verification, and that it represents more than a fishing expedition.

C.    **NO SHOWING OF PREJUDICE:**

There are three categories of cases in which prejudice is presumed to exist, which are **(1)** the denial of counsel;  **(2)** where counsel is burdened by an actual conflict of interest;  and **(3)** with the existence of various kinds of state interference.  See *Smith v. Robbins, 528 U.S. 259, 287, 120 S.Ct. ___, ___ L.Ed.2d ___ (2000)*  Petitioner contends that the facts herein sufficiently demonstrate that Ms. Sorelle acted not under one conflicting interest, but under multiple diverging interests, which affected her performance in the representation of Petitioner, depriving him of his Sixth Amendment guarantee of effective assistance of competent counsel.

<u>**PROPOSITION  III**</u>

**THE  DISTRICT  COURT  OF  BECKHAM  COUNTY  WAS WITHOUT   SUBJECT-MATTER   JURISDICTION   TO PROSECUTE PETITIONER.**

A.    **STANDARD OF REVIEW:**

This case must be adjudicated in accord with the Tenth Circuit Court of Appeals' decision in *Murphy v. Royal, 866 F.3d 1164 (10th Cir.)*(decided 8/8/2017), en banc hearing denied, *Murphy v. Royal, 875 F.3d 896 (10th Cir. 11/9/2017)*, as well as federal precedent that preceded and gave rise to the *Murphy* decision. Critical to a complete adjudication of the

62

question regarding Oklahoma's jurisdiction to prosecute Petitioner will be an in depth consideration of *18 U.S.C. §1151*,[11] and *18 U.S.C. §1153*.[12]

**B.    RELEVANT FACTS:**

Petitioner is a recognized "Indian", being a registered member of the Osage Nation. (See **Exhibit 4**)  At the time that this Petitioner is alleged to have committed the crimes identified herein, he was domiciled with his wife, Valorie Tibbetts, and residing in Elk City, Oklahoma, which is within the established boundaries of Beckham County.

A vast area in western Oklahoma, which includes Elk City and the land area in Beckham County relevant to this case, is centrally located within the established boundaries of the Cheyenne-Arapaho reservation,[13] as unequivocally demonstrated by **Exhibit 5**, a 2010 map of the *Tribal Jurisdictions in Oklahoma.*

**C.    ARGUMENTS AND AUTHORITIES:**

In this case, there is no need to 're-invent the wheel', so to speak, as the particualr claim herein has heretofore been raised and decided in the United States Court of Appeals for the Tenth Circuit.  See e.g., *Murphy v. Royal, 866 F.3d 1164 (10ᵗʰ Cir.)*(decided 8/8/2017), en banc hearing denied, *Murphy v. Royal, 875 F.3d 896 (10ᵗʰ Cir. 11/9/2017)*.  See also *Solem v. Bartlett, 465 U.S. 463, 104 S.Ct. 1161, 79 L.Ed.2d 443 (1984)* (the *Solem* Court enunciated the principles that control the determination of reservation status);  *Nebraska v. Parker136 S.Ct. 1072, 1078, 194 L.Ed.2d 152 (2016)* (the United States Supreme Court unanimously recommitted to the "well settled" *Solem* framework)

Reservation status depends on the boundaries which Congress draws, not on who actually owns the particular parcel of land inside the reservation's boundaries.  "[W]hen Congress has once established a reservation, all tracts included within it remain a part of the reservation until separated therefrom by Congress."  *United States v. Celestine, 215 U.S. 278, 285, 30 S.Ct. 93,*

---

[11]    *18 U.S.C. §1151* defines "Indian Country".  See infra, under '**C.   Arguments and Authorities**'.

[12]    The **Major Crimes Act** is codified at *18 U.S.C. §1153*, and applies to enumerated crimes committed by Indians in "Indian Country".  (See e.g., **Exhibit 3**, "*Indian Country Criminal Jurisdictional Chart*")

[13]    "[T]he term ['Indian reservation'] has come to describe federally-protected Indian tribal lands, meaning those lands which Congress has set apart for tribal and federal jurisdiction." See *Indian Country, USA, Inc., v. Oklahoma ex rel Oklahoma Tax Commission, 829 F.2d 967, 973 (10ᵗʰ Cir. 1987), cert. denied 487 U.S. 1218, 108 S.Ct. 2870, 101 L.Ed.2d 906 (1988).*

63

*54 L.Ed. 195 (1909)* The United States Congress has not enacted legislation either diminishing or disestablishing the protected 'Indian lands' of the Cheyenne-Arapaho people.

The Major Crimes Act is the jurisdictional statute at the heart of Petitioner's case. When the Major Crimes Act applies, jurisdiction is exclusively federal. See *Negonsott v. Samuels, 507 U.S. 99, 103, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993).* It was in *Celestine, supra,* that the United States Supreme court explained that the Major Crimes Act applies to crimes committed within the boundaries of Indian reservations, (i.e., within Indian country), regardless of the ownership of the particular land on which the crimes were committed. *Id., 215 U.S. @ 284-87.*

In 1948, Congress amended the Major Crimes Act and codified the definition of "Indian country". See *Act of June 25, 1948, ch. 645, 62 Stat. 683, 757.* Within the definition, Congress included the boundaries-based concept of reservations that developed in case law since the original passage of the Major Crimes Act in 1883.[14]

Under *18 U.S.C. §1151,* "Indian Country" means:

(a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through reservation,

(b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a State, and

(c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

If an area qualifies under any of these definitions, it is Indian Country. See *Oklahoma Tax Commission v. Sac and Fox Nation, 508 U.S. 114, 123, 113 S.Ct. 1985, 124 L.Ed.2d 30 (1993)* ("Congress has defined Indian country broadly to include formal and informal reservations, dependent Indian communities, and Indian allotments, whether restricted or held in trust by the United States.") See also *Indian Country, USA, Inc., v. Oklahoma ex rel Oklahoma Tax Commission, 829 F.2d 967, 973 (10ᵗʰ Cir. 1987), cert. denied 487 U.S. 1218, 108 S.Ct. 2870, 101 L.Ed.2d 906 (1988)* ("A formal designation of Indian lands as a 'reservation' is not required for them to have Indian country status.")

---

[14]    The Major Crimes Act was enacted following the 1883 United States Supreme Court decision in *Ex Parte Crow Dog, 109U.S. 556, 3 S.Ct. 396, 27 L.Ed. 1030 (1883).*



Pursuant to the original Major Crimes Act, codified in *18 U.S.C. §1153*, exclusive federal jurisdiction was  provided for seven major crimes when committed by Indians in Indian country. The number of enumerated criminal offenses has increased to sixteen offenses currently, which includes "kidnapping" and "robbery", crimes this Petitioner was charged with among other lesser crimes.

Despite the opportunity for the State of Oklahoma, under *Public Law 280*,[15] to assume jurisdiction over reservation Indians, the Oklahoma Legislature failed to so act. See e.g., *State v. Klindt, 1989 OK CR ___, 782 P.2d 401*. In *Klindt*, the Oklahoma Court of Criminal Appeals recognized that

> "[j]urisdiction over Indian Country has been given to either the states or the federal government trough statutes.  The Act of August 15, 1953, Pub. L. No. 88-280, 67 Stat. 588 (1953) provided the states permission to assume criminal and civil jurisdiction over an "Indian Country" within the borders of the state.  Under this public law, Oklahoma could have, without the consent of the affected Indians, assumed jurisdictuion over any Indian Country in the state by constitutional amendment.  Because of Title IV of the Civil Rights Act of 1968, 25 U.S.C. §§1321-1326 (1970), however the consent of the affected Indians is now required before a state is permitted to assume criminal and civil jurisdiction over "Indian Country…."  The State of Oklahoma has never acted pursuant to Public Law 83-280 or Title IV of the Civil Rights Act to assume jurisdiction over the "Indian Country" within its borders."

*Id.*  See also, *Cravatt v. State, 1992 OK CR 6, 825 P.2d 277, 279* ("Based on the State's failure to act [upon Public Law 83-280] we held quite simply *'the State of Oklahoma does not have jurisdiction over crimes committed by or against an Indian in Indian Country.'*") (Emphasis Petitioner's)

**D.    CONCLUSION:**

Petitioner's conviction(s), much like those in *Murphy, Klindt* and *Cravatt* are 'void' as having been rendered in the absence of State jurisdiction to bring charges against him. *18 U.S.C. §1151*, as it defines "Indian Country", and *18 U.S.C. §1153*, in its enunciation of certain crimes that are exclusively within federal province, along with the precedential caselaw that has followed, are dispositive of the claim herein.  Petitioner's conviction(s) must be vacated.

---

[15]    *Public Law 280* (Pub. L. 83-280), August 15, 1953, codified as *18 U.S.C. §1162*, is a federal law of the United States establishing "a method whereby States may assume jurisdiction over reservation Indians," as stated in *McClanahan v. State Tax Commission of Arizona, 411 U.S. 164, 177, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973)*.

65

## PROPOSITION IV

**PETITIONER WAS DENIED CONSTITUTIONALLY EFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE DEFICIENT PERFORMANCE OF HIS ATTORNEY AND THE RESULTING PREJUDICE PETITIONER SUFFERED, WHICH WAS THE PROXIMATE RESULT OF CONFLICTING INTERESTS.**

**A.     STANDARD OF REVIEW:**

Under the Sixth Amendment to the Constitution of the United States, a person accused of a crime has a right to have the assistance of counsel for his defense. *U.S.C.A. Const. amend. VI*. See also *Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)* (6th Amendment right to counsel was extended to state criminal proceedings by virtue of the 14th Amendment) Further, the Sixth Amendment right to the assistance of counsel "is the right to the *effective* assistance of counsel." *Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)*, (quoting *McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)*) (Emphasis added)

The overarching test for effective assistance of counsel is whether defense counsel subjected the prosecution's case to meaningful adversarial testing. *Strickland, 466 U.S. 686.* And, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland, 466 U.S. @ 686*

**B.     RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL:**

Effective assistance requires that an attorney adhere to her duty of undivided loyalty to her client. *Strickland, 466 U.S. @ 692.* This duty includes acting as a meaningful adversary vis-à-vis the state. See *Fisher v. Gibson, 282 F.3d 1283, 1291 (10th Cir. 2002).* See also *Osborn v. Shillinger, 861 F.2d 612, (10th Cir. 1988)*, where the court stated that "[t]he right to counsel guaranteed by the constitution contemplates the services of an attorney devoted solely to the interests of [her] client...." *Id., 861 F.2d @ 624-25*, (quoting *Van Moltke v. Gillies, 332 U.S. 708, 725-26, 68 S.Ct. 316, 92 L.Ed. 309 (1948).* "[T]he duty of loyalty is violated not merely when counsel represents clients who have conflicting interests, *but also when counsel acts more for the benefit of, and with more apparent sympathy toward, the prosecution than the client he is defending.*" *Osborn, 861 F.2d @ 625*, (Emphasis assed) (quoting *United State's v. Cronic, 466*

14



*U.S. 648, 666, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)*)  It is such a situation that Petitioner is heard to complain of herein.

Two of the three integral pillars that make up the court in Petitioner's case included District Judge Doug Haught and defense counsel Alicia Sorelle, retained counsel of Petitioner.[16] The victims in this case included Troy and Joy Sites, grandparents of Dana Cummins Southall[17] and great grandparents of Jenna Dodson,[18] all of whom share close personal relationships with Ms. Sorelle. Petitioner contends that, as a consequence of her relationships with the victims, their granddaughter and great granddaughter, and even Judge Haught, Ms. Sorelle's representation of Petitioner was adversely impacted, and constitutionally deficient.  (See also **Proposition II**)

## C.   *STRICKLAND'S* TWO-PRONG TEST FOR EVALUATING INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS:

The process of evaluating the effectiveness of counsel's assistance requires a two-part inquiry. First, Petitioner must show that his trial counsel's representation was constitutionally deficient. *Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2582, 91 L.Ed.2d 305 (1986)* (citing *Strickland, 466 U.S. @ 688, 694)*  For Petitioner to prevail on his Sixth Amendment claim of actual ineffective assistance of counsel, he must demonstrate that counsel "committed serious errors in light of 'prevailing professional norms',"[19] making a showing that counsel's representation fell below an objective standard of reasonableness. *Id.*  See also, *United States v. Haddock, 12 F.3d 950, 955 (10ᵗʰ Cir. 1993)*

Second, where Petitioner sufficiently establishes constitutionally deficient performance by counsel, he must then demonstrate that "there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *Haddock, 12 F.3d @ 955*;  (citing *Strickland, 466 U.S. @ 688, 694); Lockhart v. Fretwell, 506 U.S. ___, 113 S.Ct. 838, 842-43, 122 L.Ed.2d 180 (1993)*

---

[16]     In *Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)*, the Supreme Court rejected the contention that defendants who retain their own counsel are entitled to less protection against inadequate assistance of counsel under the Sixth Amendment, on the basis that the conduct of retained counsel does not involve state action.

[17]     (See Exhibit 6) Dana Southall is the owner and proprietor of the Stitchin' Shop.  (See Exhibits 8 and 11)

[18]     (See Exhibit 6 and 7)

[19]     The U.S. Supreme Court has long looked to the American Bar Association (ABA) standards as "guides to determining what is reasonable." See e.g., *Strickland, 466 U.S. @688; Williams v. Taylor, 529 U.S. 362, 396, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); Wiggins v. Smith, 539 U.S. 510, 524, 123 S.Ct. 2527, 156 L.Ed.2d 471(2003).*



Petitioner carries the burden of establishing both that the purported deficiencies unreasonably fell below prevailing norms of professional conduct *and* that counsel's dificient performance prejudiced his defense. *Strickland, 466 U.S. @ 686; Yarrington v. Davies, 992 F.2d 1077, 1079 (10th Cir. 1993).*

## D. DEFICIENT PERFORMANCE:

A reviewing court must "determine whether [an accused's] attorney fulfilled [her] duty to make reasonable investigations or to determine that such investigations were not necessary." *Osborne v. Schillinger, 861 F.2d 612, 625 (10th Cir. 1988)* (citing *Strickland, 466 U.S. @ 691)* For an adequate showing of ineffective assistance of counsel, a petitioner must show that counsel's representation "fell below an objective standard of reasonableness." *Strickland, 466 U.S. @ 688* "[T]his 'reasonableness standard' [has been defined] as 'the exercise [of] the skill, judgment, and diligence of a reasonably competent defense attorney.'" See *United States v. Burney, 756 F.2d 787, 790 (10th Cir. 1985)*(quoting *Dyer v. Crisp, 613 F.2d 275, 278 (10th Cir.)(en banc), cert. denied, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980)).* See also, *Osborne, supra.*

For an attorney's performance to be deficient, "the performance must be outside the wide range of professionally competent assistance. In other words, it must have been completely unreasonable, not merely wrong." *Hooks v. Workman, 606 F.3d 715, 723 (10th Cir. 2010).* It is at this point that, in addition to the specific failings of counsel heretofore identified,[20] Petitioner would incorporate all of the facts, citations, and legal authorities within **Proposition II, supra**, as support for the existing conflict of interest that is, atleast in part, the origin of all other deficient performance complained of.

Courts must begin with the strong presumption that counsel's performance falls within the wide range of professional assistance. *Kimmelman, 477 U.S. @161.* And, the reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.*

The facts surrounding counsel's performance in this case are dispositive and unequivocal. Counsel committed egregious errors of constitutional magnitude, and Petitioner was deprived of the most fundamental of his constitutional rights, i.e., his Sixth Amendment right to a fair trial.

---

[20]    To the extent that this Court considers a claim of ineffective assistance of counsel as *res judicata*, Petitioner would point out that his previous claim on direct appeal was not predicated upon a demonstrable showing of 'conflict of interest'.



Petitioner asserts that defense counsel, Alicia Sorelle, failed to provide objectively reasonable representation during pre-trial and plea hearing stages, and throughout the entire process, counsel committed the following critical errors:

### 1. Failure to investigate:

Counsel is under an overarching duty to investigate all reasonable lines of defense, or to make reasonable determinations that such investigation is not necessary. *Strickland v. Washington, 466 U.S. @691.* Ms. Sorelle's representation in this respect was wholly inadequate and objectively unreasonable, *Id., @688,* and the cause of this objectively unreasonable representation was Ms. Sorelle's conflicting interests with numerous third parties.

In this case, trial counsel failed to investigate or adequately conduct pretrial preparation, acts that cannot be considered strategic decisions on the part of counsel. See e.g., *Turner v. Duncan, 158 F.3d 449, 456 (9th Cir. 1998)* (the presumption that counsel is effective cannot excuse counsel's total failure to investigate and prepare a defense to a murder charge). See also, *Miller v. Dormire, 310 F.3d 600, 603-04 (8th Cir. 2002)* (counsel was constitutionally ineffective by waiving defendant's right to a trial by jury)

The facts are clear. Petitioner exhibited what can only be described as a psychotic break from reality as a result of his serious medical condition, and his consumption of medications that are known to have severe side-effects. It was Ms. Sorelle's duty, in accord with the *Notice of Intent to Declare Insanity as a Defense*, filed on January 20, 2016, to consult with and retain an expert psychiatrist to develop Petitioner's defense of legal insanity.

With regard to Petitioner's mental defect defense, Ms. Sorelle indicated that she was seeking medical records and an expert opinion to determine if Petitioner was capable of possessing the requisite mental state at the time of the alleged crimes, in light of his medical conditions and prescribed drugs. Just three (3) weeks later, Ms. Sorelle would reverse course, and enter a blind plea before Judge Haught, contrary to her repeated intimations that she would arrange a plea before Judge Roper.

### 2. Rendering constitutionally deficient and coercive advice to enter 'blind guilty pleas':

Following Petitioner's demand that defense counsel pursue the legal insanity line of defense, Ms. Sorelle became agitated with him, and her actions, coupled with her multiple conflicting interests with Petitioner, her law firm partner and business interests with a third party, (i.e.,

17



Petitioner's wife), a intimate relationships with the victims, their grand children, and even the trial judge himself, demonstrate that her performance was adversely affected.

3.    **Abandonment of defense:**

In presenting Petitioner's theory of defense, Ms. Sorelle had the duty, at a minimum, to hold the state "to its heavy burden to prove guilt beyond a reasonable doubt." *Cronic, 466 U.S. @ 657, n. 19.* That most basic duty was not met in this case.

4.    **Petitioner was denied his right to present a complete defense to the accusations presented against him by the State of Oklahoma.**

A defendant has "the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi, 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)* However, without the unconditional effective assistance of counsel, this right to defend, and the right to a fair trial itself, cannot be realized.

As previously stated, Ms. Sorelle failed to adequately investigate the underlying facts of Petitioner's case. Counsel further failed to consult or retain an independent expert to examine Petitioner as well as assist in the development and presentation of a defense in accord with the reported and observable actions of Petitioner.

"[T]he right to present a complete defense ... is a fundamental element of due process of law." *Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967)* See also, *Hancock v. Trammell, 798 F.3d 1002, 1027 (10th Cir. 2015).* Trial counsel failed to protect this fundamental right by his conduct described herein.

C.    **PREJUDICE:**

The prejudice prong of *Strickland* requires a petitioner to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland, 466 U.S. @ 694.* In this case, Petitioner was deprived of his constitutional right to a fair trial as a direct consequence of Ms. Sorelle's deficient performance, and "[t]he [court's] focus is on the fairness of the trial [Petitioner] received." *Cronic, 466 U.S. @655-56.*

"[T]he purpose of the effective assistance guarantee of the Sixth Amendment is ... to ensure that criminal defendants receive a fair trial." *Strickland* states that a court must:

70

... judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep In mind that counsel's function, *as elaborated in prevailing professional norms*, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id., @690.*

In *Miller v. Dormire, 310 F.3d 600, 603-04 (8th Cir. 2002)*, the Court held that counsel was constitutionally ineffective by waiving defendant's right to a trial by jury, an act Ms. Sorelle effectively compelled Petitioner to do. Prejudice, in this instance, is presumed under *Strickland* because such misconduct is tantamount to a structural error.  See also *McGurk v. Stenberg, 163 F.3d 470, 475 (8th Cir. 1998)*

## PROPOSITION  V

### PETITIONER WAS DENIED CONSTITUTIONALL EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

**A.    STANDARD OF REVIEW:**

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).*

When a claim of ineffective assistance of appellate counsel is alleged, courts must "examine the merit of the omitted issues." See *United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995); United States v. Dixon, 1 F.3d 1080, 1083 (10th Cir. 1993).*  See also, *Logan v. State, 2013 OK CR 2,¶5, 293 P.3d 969, 973* (claims of ineffective assistance of appellate counsel may be raised for the first time on post-conviction, because it is usually a petitioner's first opportunity to allege and argue the issue).

**B.    INNEFFECTIVENESS DUE TO FAILURE TO RAISE MERITORIOUS AND JURISDICTIONAL CLAIMS PRESENTED HEREIN:**

While appellate counsel need not raise every non-frivolous claim for appellate consideration, *Banks v. Reynolds, 54 F.3d 1508, 1515 (10th Cir. 1998); Jones v. Barnes 463*



*U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983),* counsel must serve as "an appellate advocate", and "carefully select and develop the legal issues to be presented to the [appellate] court." *Williamson v. State, 1993 OK CR 24, 852 P.2d 167, 169.*

Appellate counsel must obviously "*winnow out*" weaker claims in order to focus more effectively on other claims more likely to prevail. *Smith v. Murray, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); Tapia v. Tansy, 926 F.2d 1554, 1564 (10th Cir.), cert. denied, 502 U.S. 835, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991).* However, it has been held that "an appellate advocate may deliver deficient performance and prejudice a defendant by omitting a '*dead bang winner*', even though counsel may have presented strong but unsuccessful claims on appeal." *Cook, 45 F.3d @394-95* (citing *Page v. United States, 884 F.2d 300, 302 (7th Cir. 1989)*).[21]

In *Logan,* the OCCA addressed circumstances under which appellate counsel's omission of an issue might constitute ineffective assistance under *Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).* In analysing such a claim, "the court must consider the merits of the omitted issue." *Malicoat v. Mullin, 426 F.3d 1241, 1249 (10th Cir. 2005)* (citing *Smith v. Robbins, 528 U.S. 259, 288, 120 S.Ct. 746, 765-66, 145 L.ed.2d 756 (2000)*). "The very focus of a *Strickland* inquiry regarding performance of appellate counsel is upon the merits of the omitted issues, *and no test that ignores the merits of the omitted claims in conducting its inneffective assistance of appellate counsel inquiry comports with federal law.*" *Cargle v. Mullin, 317 F.3d 1196, 1205 (10th Cir. 2003).*

Where omitted claims are *"plainly meritorious"* or *"dead bang winners",* as Petititoner believes the claims herein are, such claims "will directly establish ineffective assistance of appellate counsel and require some form of relief. *Logan, 2013 OK CR 2, ¶10.*

---

[21]   In this case, Petitioner's appellate brief was prepared by OIDS Appellate Defender Chad Johnson, who presented eight (8) claims for appellate consideration, while overlooking more meritorious and jurisdictional claims Petitioner presents herein.



## CONCLUSION

Wherefore, premises considered, Petitioner prays that this Court will vacate his plea(s) of guilty and order a new trial in this case.

Respectfully submitted,

Kenneth H. Tibbetts, Petitioner
#122414
Joseph Harp Correctional Center
P.O. Box 548
Lexington, OK. 73051

## CERTIFICATE OF MAILING

On this the 14ᵗʰ day of May, 2018, the foregoing was mailed, with first-class prepaid postage, to:

Donna Howell, Court Clerk
Beckham County Courthouse
P.O. Box 520
Sayre, OK. 73662-0520

Kenneth H. Tibbetts, Petitioner

73

# LIST OF EXHIBITS

**EXHIBIT 1**    *Judgment and Sentence*, entered 3/30/2016

**EXHIBIT 2**    *Application to Withdraw Plea of Guilty*, filed 04/06/2016

**EXHIBIT 3**    *Brief in Support of Application to Withdraw Plea of Guilty*, filed 04/18/2016

**EXHIBIT 4**    Osage Nation Membership Card, dated 07/27/2009

**EXHIBIT 5**    Map of Tribal Jurisdictions in Oklahoma

**EXHIBIT 6**    Jenna Dodson's Facebook Page ~ which depicts Dana Southall, (top left), Jenna Dodson, (right inset), and their grandparents Troy & Joy Sites, (front), celebrating the Sites' 65th wedding aniversary.

**EXHIBIT 7**    Jenna Dodson's Facebook Page ~ which depicts Jenna Dodson and her great-grandmother, Joy Sites.

**EXHIBIT 8**    Judge Doug Haught's Facebook Page ~ depicting his "Friend" status with Dana Southall, the owner and proprietor of the Stitchin' Shop.

**EXHIBIT 9**    Dana Southall's Facebook Page ~ which depicts "Friends" status with Judge Doug Haught.

**EXHIBIT 10**    Dana Southall's Facebook Page ~ which depicts "Friends" status with Judge Doug Haught's son, Brett Haught.

**EXHIBIT 11**    Brett Haught's Facebook Page ~ which depicts "Friends" status with "Stitchin' Shop", a.k.a. Dana Southall.

**EXHIBIT 12**    Dana Southall's Facebook Page ~ which depicts "Friends" status with Alicia Sorelle, Petitioner's retained counsel.

**EXHIBIT 13**    Judge Doug Haught's Facebook Page ~ which depicts "Friends" status with Dana Cummins Southall

**EXHIBIT 14**    Jenna Dodson's Facebook Page ~ which depicts her as a "Victim Advocate at Beckham County District Attny Department."

**EXHIBIT 15**    Alicia Carrington Sorelle's Facebook Page ~ which depicts "Friends" status with Jenna Dodson, the "victim's advocate" whose grandparents happen to be the victims in Petitioner's case.

**EXHIBIT 16**    Dana Southall's Facebook Message Page ~ with the cryptic message, *"Just a little f y i........I sure do miss that sweet smile of yours,"* a message which required Alicia Carrington Sorelle to "[s]ee translation!" (Dated 02/23/2014)

**EXHIBIT 17**    Alicia Carrington Sorelle's Facebook Message Page ~ with the responsive message, *"I miss you too! I'll have to take a weekend drive and come see you shop sometime(:"*(Dated 02/24/2014)

**EXHIBIT 18**    Dana Southall's Facebook Page ~ which depicts personalized embroidered merchandise for "Jessie", Alicia Carrington Sorelle's daughter.

**EXHIBIT 19**    Dana Southall's Facebook Page ~ which depicts personalized embroidered merchandise for "Kori", Alicia Carrington Sorelle's daughter.

**EXHIBIT 20**    *Invoice*, ~ which originated from Celo Harrell's law office, and depicts a "Check to Alicia", in the amount of $930.00 (Dated 02/11/2016)

**EXHIBIT 21**    *Invoice*, ~ which originated from Alicia Carrington Sorelle's law office, and depicts a Payment in trust of $930.00 (Dated 02/25/2016)

**EXHIBIT 22**    Phone book page which depicts Alicia Carrington Sorelle's law office as being located at 119 S. Jefferson Ave., Elk City, OK. 73644



EXHIBIT 23 Phone book page which depicts Celo Harrell's law office as being located at 119 S. Jefferson Ave., Elk City, OK. 73644

EXHIBIT 24 *Petition* [for dissolution of marriage between Petitioner and his wife, Valorie Tibbetts, which, as indicated by the *Invoice* described in **Exhibit 20**, was drafted by Celo Harrell on 03/16/2015, and dropped off with Valorie Tibbetts for her review.

EXHIBIT 25 Letter ~ Valorie Tibbetts to Celo Harrell, dated 03/16/2015, which explains that Valorie is "in a very emotional state," and that she is vascilating on her "huge and final decision" of going through with the divorce.

EXHIBIT 26 Letter ~ Alicia Carrington Sorelle to Petitioner, dated 10/19/2015, which reminds Petitioner of the 12/02/2015 court date, and intimates that she can schedule a plea hearing prior to that date "before Judge Roper, since we want to be able to enteryour plea to her anyway."

EXHIBIT 27 Letter ~ Alicia Carrington Sorelle to Petitioner, dated 11/23/2015, which again reminds Petitioner of the 12/02/2015 court date, assuring Petitioner that "[w]e can ... set up a date to enter your plea of 'guilty' to Judge Roper on a day in January.

EXHIBIT 28 Letter ~ Alicia Carrington Sorelle to Petitioner, dated 12/21/2015, which explains the scheduling of a plea hearing on 01/07/2016 before Judge Roper.

EXHIBIT 29 Letter ~ Alicia Carrington Sorelle to Petitioner, dated 01/08/2016, which explains which explains the re-scheduling of the plea hearing to 01/15/2016, with the D.A.'s office agreement; and, again intimates that while the docket "will begin in front of Judge Haught, we may still be able to go downstairs to plead before Judge Roper...."

EXHIBIT 30 Letter ~ Alicia Carrington Sorelle to Valorie Tibbetts, dated 04/06/2016, which advises of the plea withdrawal hearing scheduled for Petitioner on 04/20/2016, and the unlikely prospect that the judge would allow withdrawal of Petitioner's pleas.



IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF
OKLAHOMA SITTING IN AND FOR BECKHAM COUNTY

THE STATE OF OKLAHOMA,

    Plaintiff,

vs.

KENNETH HAROLD TIBBETTS

SSN: ███8855
DOB: 07█1957

    Defendant(s).

Case No. CF-2015-188

On ISSUED 7-13-16
Donna Howell, Court Clerk
Deputy

## JUDGMENT AND SENTENCE

Now, on this 30th day of March, 2016, this matter comes on before the undersigned Judge for sentencing and the Defendant, KENNETH HAROLD TIBBETTS, appears personally and by his attorney, Alicia Carrington Sorelle, the State of Oklahoma represented by Dana J. Hada and Angela C. Marsee, and the Defendant, having ENTERED A PLEA OF GUILTY: to/of the crime(s) of:

COUNT 1: ROBBERY WITH A WEAPON, a FELONY, 21 O.S. § 801, committed on or about the 9th day of May, 2015.

COUNT 2: POSSESSION OF FIREARM AFTER FORMER FELONY CONVICTION, a FELONY, 21 O.S. § 1283(A), committed on or about the 9th day of May, 2015.

COUNT 3: KIDNAPPING, a FELONY, 21 O.S. § 741, committed on or about the 9th day of May, 2015.

COUNT 4: KIDNAPPING, a FELONY, 21 O.S. § 741, committed on or about the 9th day of May, 2015.

COUNT 5: ATTEMPTED ROBBERY WITH A DANGEROUS WEAPON, a FELONY, 21 O.S. § 801, committed on or about the 15th day of May, 2015.

COUNT 6: ATTEMPTED ROBBERY WITH A DANGEROUS WEAPON, a FELONY, 21 O.S. § 801, committed on or about the 15th day of May, 2015.

COUNT 7: POSSESSION OF FIREARM AFTER FORMER FELONY CONVICTION, a FELONY, 21 O.S. § 1283(A), committed on or about the 15th day of May, 2015.

(X) IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, KENNETH HAROLD TIBBETTS, is guilty of the above described offenses and is sentenced as follows:

## TERM OF IMPRISONMENT

Count 1: Sentenced to life
Count 2: Sentenced to a term of 10 years
Count 3: Sentenced to life
Count 4: Sentenced to life
Count 5: Sentenced to life
Count 6: Sentenced to life
Count 7: Sentenced to a term of 10 years

Counts 5 and 6 are to run **concurrent** each with the other and **consecutive** to Count 1.

Under the custody and control of:
(X) Oklahoma Department of Corrections.



Upon release from such confinement, the Defendant shall serve a term of post-imprisonment supervision, under conditions prescribed by the Department of Corrections.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that in addition to the preceding terms, the Defendant is also sentenced to:

### COSTS, VCA AND RESTITUTION

COUNT 1:
Restitution  $2,800.00
Victim Compensation Assessment $250.00
PSI Fee: $250.00

COUNT 2:
Victim Compensation Assessment $50.00

COUNT 3:
Victim Compensation Assessment $50.00

COUNT 4:
Victim Compensation Assessment $50.00

COUNT 5:
Restitution  $500.00
Victim Compensation Assessment $250.00

COUNT 6:
Victim Compensation Assessment $250.00

COUNT 7:
Victim Compensation Assessment $50.00
The defendant is to pay court cost as ordered and as agreed upon with the Court Clerk's Office.

### SPECIAL RULES AND CONDITIONS OF PROBATION

The defendant is to follow all rules and condition of probation as ordered by the court.

IT IS FURTHER ORDERED that judgment is hereby entered against the Defendant as to the fines, costs, and assessments set forth above.

The Court further advised the Defendant of his rights and procedure to appeal to the Court of Criminal Appeals of the State of Oklahoma, and of the necessary steps to be taken by him to perfect such appeal, and that if he desired to appeal and was unable to afford counsel and a transcript of the proceedings, that the same would be furnished by the State subject to reimbursement of the cost or representation in accordance with Title 22 O.S. § 1355.14. The Court further advised the Defendant that, in the event the above sentence is for a crime involving domestic violence where the Defendant is or was a spouse, intimate partner, parent, or guardian of the victim, or is or was involved in another similar relationship with the victim, it may be unlawful for him or her to possess, purchase, receive, transport or ship a firearm including a rifle, pistol or revolver or ammunition pursuant to federal law under Title 18 U.S.C. § 992(g)(8) or (9), or state law or both.

In the event the above sentence is for incarceration in the Department of Corrections, the Sheriff of Beckham County, Oklahoma is ordered and directed to deliver the Defendant to the Lexington Assessment and Reception Center at Lexington, Oklahoma, and leave therewith a copy of this Judgment and Sentence to serve as warrant authority of the Sheriff for the transportation and the imprisonment of the Defendant as herein before provided.  The Sheriff to make due return to the clerk of this Court, with his proceedings endorsed thereon.

## COURT CLERK'S DUTY

[TRIAL JUDGE TO COMPLETE THIS SECTION]

**IT IS FURTHER ORDERED** that the Clerk of this Court shall register or report the following circumstances in accordance with the applicable statutory authority:

(L) As to Count(s) _____, the defendant is ineligible to register to vote pursuant to Section 4-101 of Title 26.

( ) Pursuant to Section 985.1 of Title 22, the Court departed from the mandatory minimum sentence of imprisonment as to Count(s) _____.

( ) As to Count(s) _____, the defendant is subject to the Methamphetamine Offender Registry requirements as set forth in Section 2-701 of Title 63.

( ) Defendant is a lawyer and certified copies of this document shall be transmitted to the Chief Justice of the Supreme Court and the General Counsel of the Bar Association within five (5) days as set forth in Rule 7.2 of the Oklahoma Rules of Professional Conduct, 5 O.S.Supp.2014, ch. 1, app. 1-A.

WITNESS my hand the day and year first above mentioned.

_____
Doug Haught
Judge of the District Court

(SEAL)
ATTEST: Donna Howell, Court Clerk

_____
Deputy Clerk

## CLERK'S CERTIFICATION OF COPIES

I, Donna Howell, Clerk of the District Court of Beckham County, State of Oklahoma, do hereby certify the foregoing to be a true, correct, full and complete copy of the original Judgment and Sentence in the case of Oklahoma v. KENNETH HAROLD TIBBETTS as the same appears of record in my office.

WITNESS my hand and official seal this _____ day of _____, _____.

Donna Howell, Court Clerk

By: _____
Deputy Clerk

(SEAL)

## SHERIFF'S RETURN

I received this Judgment and Sentence the _____ day of _____, _____, and executed it by delivering the Defendant to the Lexington Assessment and Reception Center at Lexington, Oklahoma, on the _____ day of _____, _____.

I also certify the above prisoner has served _____ days in the County Jail on the present charge or charges.

Scott Jay, Sheriff

_____
Deputy Sheriff

78

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF
THE STATE OF OKLAHOMA SITTING IN AND FOR BECKHAM COUNTY

### DISTRICT ATTORNEY'S NARRATIVE REPORT
For Sentences Exceeding Two Years

**19 O.S. § 215.39**

TO:    Director
         Lexington A&R Center
**DATE:** 03/30/2016          PO Box 260
         Lexington, OK 73051

**CASE NO:**   CF-2015-188
**DEFENDANT:** Kenneth Harold Tibbetts     TO:    Administrator
         Pardon & Parole Board
         PO Box 53448
         Oklahoma City, Ok 73152

**SSN:**  ***-**-9855
**DOB:**  07/06/1957

| OFFENSE: | | |
|---|---|---|
| | Count 1: | ROBBERY WITH A WEAPON, a FELONY, 21 O.S. § 801 |
| | Count 2: | POSSESSION OF FIREARM AFTER FORMER FELONY CONVICTION, a FELONY, 21 O.S. § 1283(A) |
| | Count 3: | KIDNAPPING, a FELONY, 21 O.S. § 741 |
| | Count 4: | KIDNAPPING, a FELONY, 21 O.S. § 741 |
| | Count 5: | ROBBERY WITH A WEAPON, a FELONY, 21 O.S. § 801 |
| | Count 5: | ROBBERY WITH A WEAPON, a FELONY, 21 O.S. § 801 |
| | Count 6: | ROBBERY WITH A WEAPON, a FELONY, 21 O.S. § 801 |
| | Count 7: | POSSESSION OF FIREARM AFTER FORMER FELONY CONVICTION, a FELONY, 21 O.S. § 1283(A) |

| SENTENCE(S): | | |
|---|---|---|
| | Count 1: | Life Sentence |
| | Count 2: | 10 years |
| | Count 3: | Life Sentence |
| | Count 4: | Life Sentence |
| | Count 5: | Life Sentence |
| | Count 6: | Life Sentence |
| | Count 7: | 10 years |

DOCKET:   _____    *(Pardon & Parole Board Use Only)*

LOCATION:  _____

This charge included:

| | | | | | |
|---|---|---|---|---|---|
| _ | Plea Agreement | X | Use of Weapon | _ | Use of Alcohol/Drugs at Time of Incident |
| _ | Jury Trial | _ | Injury to Victim | | |
| _ | Court Trial | | Property Loss | | |
| X | Guilty Plea on Original Charge | X | Restitution Ordered $ 3,300.°° | _ | Narcotic/Marijuana Offense in the Amount of _____ |
| _ | Guilty Plea on Lesser Charge | | Financial Loss Claimed by Victim $_____ | X | Prior Arrests Number of Prior Felonies _1_ |

As part of your continuing duty to present the state's case, you are required to provide the following information:

_____ This offense was not unusual in any way and contained only circumstances commonly associated with the offense for which the defendant was convicted.

79

May 3rd @ 1:30

BECKHAM COUNTY
FILED
APR 05 2016
BY DONNA HOWELL, COURT CLERK
DEPUTY

IN THE DISTRICT COURT OF BECKHAM COUNTY
STATE OF OKLAHOMA

THE STATE OF OKLAHOMA,           )
Plaintiff,                       )
                                 )
vs.                              )      Case No. CF-2015-188
                                 )
KENNETH HAROLD TIBBETTS,         )
Defendant.                       )

## APPLICATION TO WITHDRAW PLEA OF GUILTY

COMES NOW, Kenneth Harold Tibbetts, Defendant, by and through his attorney of record, Alicia Carrington Sorelle, and pursuant to Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App., makes application to this Court for leave to withdraw his plea of guilty in the above styled case, and to request an evidentiary hearing pursuant to Rule 4.2(B) *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. In support of this Application, Defendant would show this Court as follows:

I.

On February 10, 2016, the Defendant appeared before this Court and entered his blind plea of guilty to: Ct. 1: ROBBERY WITH WEAPON; Ct. 2: POSSESSION OF FIREARM AFCF; Ct. 3: KIDNAPPING; Ct. 4: KIDNAPPING; Ct. 5: ATTEMPTED ROBBERY W/DANGEROUS WEAPON; Ct. 6: ATTEMPTED ROBBERY W/DANGEROUS WEAPON; Ct. 7: POSSESSION OF FIREARM AFCF.   On March 30, 2016, this Court sentenced Defendant to the following:

Ct. 1:  Life;
Ct. 2: 10 years;
Ct. 3: Life;
Ct. 4: Life;
Ct. 5: Life;
Ct. 6: Life;
Ct. 7: 10 years

with Counts 5 & 6 running concurrently with each other, but consecutively with Count 1, and Counts 2, 3, 4, and 7 to run concurrently with each other and with Counts 1, 5 and 6, on the seven-count Information.

II.

Defendant's plea was not entered knowingly and voluntarily, nor did he fully understand what the effect of entering a blind plea could mean for sentencing.   Further, Mr. Tibbetts believes that the effects of his medical condition and the drugs used to treat his condition had impaired his mental capacity to comprehend what was happening at the time of the entry of his plea.  Mr. Tibbetts believes that he should be evaluated by a mental health expert for the purpose of determining the effect this had on his decision to enter a blind plea in lieu of going forward with a trial.

EXHIBIT 2

80

## ARGUMENT AND AUTHORITY

If a guilty plea was entered through ignorance, inadvertence, influence, or without deliberation, the Defendant should be provided the opportunity to show the Court why he should be allowed to withdraw his plea of guilty. *Gist v. State,* 278 P.2d 250, (Okl.Cr. 1955).

Where "any reasonable ground is offered in support of his motion" to withdraw guilty plea, it is well established that a Defendant should be permitted to withdraw that plea. *McCloud v. State*, 485 P.2d 480 (Okl.Cr. 1971), *Perrier v. State*, 420 P.2d 920 (Okl.Cr. 1966). Further, where reasonable grounds are offered for taking a case to a jury, the trial court should always exercise its judicial discretion *in favor of granting withdrawal of plea of guilty*. Emphasis added. *Gist v. State*, 278 P.2d 250 (Okl.Cr. 1955).

THEREFORE, Defendant respectfully requests that this Court set a hearing on his Application as provided for by Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals,* id, and, at the conclusion of such hearing, allow him to withdraw his plea of guilty.

Respectfully submitted,

BY: _____
Alicia Carrington Sorelle, OBA #13780
ATTORNEY FOR DEFENDANT
P.O. Box 1223
Elk City, OK 73648
(580) 243-0079

## CERTIFICATE OF SERVICE

I hereby certify that on the 0th day of April, 2016, I hand-delivered a true and correct copy of the foregoing Application to Withdraw Guilty Plea, to: The Honorable Doug Haught, Beckham County Courthouse; Dana Hada, Assistant District Attorney, State of Oklahoma, Beckham County Courthouse.

_____
Alicia Carrington Sorelle

81

## IN THE DISTRICT COURT IN AND FOR BECKHAM COUNTY
## STATE OF OKLAHOMA

STATE OF OKLAHOMA,  )  Case No.:  CF-2015-188
                    )
        Plaintiff,  )
                    )
vs.                 )
                    )
KENNETH HAROLD TIBBETTS,  )
                    )
        Defendant.  )

### BRIEF IN SUPPORT OF APPLICATION TO WITHDRAW PLEA OF GUILTY

COMES NOW the Defendant, by and through his counsel, Richard L. Yohn, Esq., of OKLAHOMA INDIGENT DEFENSE SYSTEM, and issues the following brief on behalf of the Defendant, and in support of his Application to Withdraw Plea of Guilty, to-wit:

1.      The Defendant states to counsel that his has been diagnosed and suffered from hemochromatosis (accumulation of iron), cirrhosis of the liver (caused by the high iron levels), and hepatis C.  The combination has various side effects as explained in the literature attached hereto.

2.      One of the side effects of the combination is Hepatic Encephalopathy.  This has a symptom of mental confusion, altered level of consciousness and can result in a coma.

3.      The Defendant states that he was not in his correct mind when the incidents causing the current charges occurred and thus, was mental deficient when acting.

4.      An expert is needed to correctly evaluate the possibility and likelihood of whether the Hepatic Encephalopathy could have and/or did cause the Defendant to be in an altered state of mind when the crimes occurred.

5.      The state of mind at the time of the incident is crucial to a fair and impartial determination of guilt and what type of punishment, if any, should be issued.

6.      Counsel has attached three articles found from Wikipedia, on-line, for the Court's information and review on the conditions that may have affected the Defendant when committing the crimes charged.

Page 1 of 2

7.     Defense counsel, not having a medical degree, is not able to evaluate or in the least way, determine whether the Defendant suffered from the infirmative and whether the infirmative affected his actions.  Such determination would have to be made by a highly specialized expert dealing with the affects of medical conditions and their side affects on the working of the brain and process of information received.

**WHEREFORE**, the Defendant, by and through his counsel, prays this Court will consider all the information presented that is attached, reconsider the determination of the sentence and whether this Defendant is guilty of the crime, and allow a proper jury trial on the issues of guilt and punishment.

Respectfully submitted,

Richard L. Yohn, OBA# 14911
**OKLAHOMA INDIGENT DEFENSE SYSTEM**
823 Frisco Ave., P.O. Box 1494
Clinton, OK 73601
580-323-2951        Fax: 580-323-0982
Rick.yohn@oids.ok.gov
Attorney for Defendant

### CERTIFICATE OF MAILING

I certify that a true and correct copy of the foregoing instrument was either hand delivered or mailed, U.S. Postage prepaid, on this 19th day of April, 2016, to:

District Attorney's Office          Alicia Sorelle, Esq.
302 E. Main, Ste 302               119 S. Jefferson Ave.
Sayre, OK 73662                    POB 1223
                                   Elk City, OK 73648

Richard L. Yohn, Esq.

Page 2 of 2

83



**OSAGE NATION**
Membership Card

011265
Enrollment No.

Kenneth Tibbetts

07█1957
Birth Date

27-Jul-09
Issue Date

Principal Chief

EXHIBIT 4

84

EXHIBIT 5





DANA SOUTHALL, JENNA DODSON, TROY & JOY SITES



There is no other place I would rather be! Loved getting to spend the evening celebrating Nanny and Poppa's 65th wedding anniversary!!

JENNA DODSON AND GRANDMOTHER, JOY SITES



EXHIBIT 2

EXHIBIT 2

86

JUDGE HAUGHT ("DOUG") FRIENDS WITH DANA SOUTHALL,
AKA "STITCHIN' SHOP"



DANA SOUTHALL FRIENDS WITH JUDGE HAUGHT.



EXHIBIT 8

EXHIBIT 9



87

JUDGE HAUGHT'S SON, BRENT, "FRIEND" OF DANA SOUTHALL



"STITCHIN' SHOP", (DANA SOUTHALL'S BUSINESS) ~ "FRIEND" OF
BRENT HAUGHT, SON OF JUDGE HAUGHT.



DANA SOUTHALL, "FRIEND" OF ALICIA SORRELLE, RETAINED COUNSEL.



DANA SOUTHALL, "FRIEND" OF JUDGE DOUG HAUGHT



89

JENNA DODSON (GRANDDAUGHTER OF TROY & JOY SITES)



JENNA DODSON, "FRIEND" OF ALICIA SORRELLE, RETAINED COUNSEL.



90

E-MAIL: DANA SOUTHALL TO ALICIA SORRELLE, RETAINED COUNSEL.



Dana Cummins Southall ▶ Alicia Carrington Sorelle
February 23, 2014 · Blair · 👥
Just a little fyi I.......I sure do miss that sweet smile of yours!
See Translation
Comment

EXHIBIT 12

E-MAILS ALICIA SORRELLE'S RESPONSE TO ABOVE E-MAIL

## Comments

Alicia Carrington Sorelle
I miss you too! I'll have to take a weekend drive and come
see your shop sometime(:
February 24, 2014

EXHIBIT 13

91

PERSONALIZED "STITCHIN' SHOP" MERCHANDISE BY DANA
SOUTHALL FOR ALICIA'S DAUGHTERS, "JESSIE", 1.



EXHIBIT 18

AND "KORI."



Stitchin' Shop.

EXHIBIT 19

92

Alicia Carrington Sorelle
Attorney At Law
P.O. Box 1223
Elk City, OK 73648

**Go to:** *aliciasorelle.com* **to pay online with credit or debit card**

February 25, 2016

Kenneth Tibbetts
c/o Valorie Tibbetts
402 Hoover Circle
Elk City, OK 73644

Re:    State v. Tibbetts
       Beckham County Case CF-2015-188

## INVOICE
### FEES

| DATE: | DESCRIPTION: | AMOUNT: |
|-------|--------------|---------|
| 01/19/16 | Trial Fee | $3,400.00 |
| 02/12/16 | Payment in trust | - 2,470.00 |
| 02/25/16 | Payment in trust | -  930.00 |

**BALANCE DUE:**              **$   0.00**

93

EXHIBIT 20

The above 2/25/16 pmt. of #930 was transferred from Alicia Sorrell's law partner Cielo Harrell (same office). The amt of #930 was unused fees prepaid by V.Tibbetts in divorce proceeding against husband Kenneth.

# Celo Harrel, Attorney at Law

Celo Harrel, Attorney at Law
119 S. Jefferson
P.O. Box 309
Elk City, OK  73644

(580) 225-1411
harrel@itlnet.net

## Invoice

| Date | Invoice # |
|---|---|
| 02/11/2016 | 2021 |

| Terms | Due Date |
|---|---|
| Net 30 | 03/12/2016 |

**Bill To**

Valorie Tibbetts
402 Hoover Circle
ELk City, OK  73644

| Amount Due | Enclosed |
|---|---|
| $570.00 | |

Please detach top portion and return with your payment.

| Activity | Quantity | Rate | Amount |
|---|---|---|---|
| 03/12/2015 Office Conference with client | 1 | 200.00 | 200.00 |
| 03/13/2015 Preparation of Petition, Temporary Order and Summons | 1.25 | 200.00 | 250.00 |
| 03/16/2015 Picked up documents and dropped document for review. | 0.1 | 200.00 | 20.00 |
| 05/27/2015 Power of Attorney | 1 | 100.00 | 100.00 |

Paid  $1,500

| | Total | $570.00 |
|---|---|---|

Check TO  $930
Alicia

94

EXHIBIT 21

see note on back

Area Code is 580 Otherwise Specified

Area Code is 580 Unless Otherwise Spe

Hamm & Phillips Service C Thomas 73689............. 661-2104
Hamm & Phillips Service Company
   Chynn................................................. 497-3081
   Or Call............................................... 497-3082
   1105 S Merrm Rd Elk City 73644..................... 225-5335
   Highway 33 W Thomas 73689.......................... 661-2101
   72C N Wilson Rd Wdhrfd 73096....................... 774-1102
Hammack Herb Leedey................................... 488-3469
Hammer Brant & Sarah Crwfrd.......................... 983-2582
Hammer Construction
   1321 Airport Industrial Rd Elk City 73644.......... 225-1661
Hammer Construction Inc 401 N Lcorris Rd Wdhrfd 73096... 774-2720

## HAMMON CITY OF
See Blue Government Pages

Hammon Elementary School
   8 & Shockey St Hammon 73650........................ 473-2289
Hammon Elevator 509 Main St Hammon 73650............. 473-2295
Hammon Head Start 8 & Shockey Hammon 73650........... 473-9110
Hammon High School 802 Shockey St Hammon 73650....... 473-2737
Hammon Independent School District
   Superintendent
   PO Box 279 Hammon 73650............................ 473-2221
   Hammon Elementary School
   PO Box 279 Hammon 73650............................ 473-2289
   Hammon High School
   802 East Shockey PO Box 279 Hammon 73650........... 473-2737
Hammon School District Superintendent
   802 Shockey St Hammon 73650........................ 473-2221
Hammond April & Harold RR 2 Box 73 Elk City.......... 225-5554
Hammond Judy & Robert Crwfrd......................... 983-2264
Hammond Loyd Reydon.................................. 655-4691

## HAMMONS GOWENS HURST & ASSOCIATES
   325 Dean A McGee Ave Oklhm Cty
   73102 Toll Free '1'................... 800 817-8828

## HAMMONS GOWENS HURST & ASSOCIATES
   325 Dean A McGee Ave
   Oklhm Cty 73102........................ 405 235-6100

## HAMMONS MARK SR ATTY
   325 Dean A McGee Ave Oklhm Cty
   73102 Toll Free '1'................... 800 817-8828

Hamons Carnsle Colony................................ 405 929-7276
Hampel Old Inc 18676 Highway 152 Sayre 73662......... 928-8912
Hampton Inn
   2900 Lexington Ave Clinton 73601................... 323-4267
   102 Regional Dr Elk City 73644..................... 225-2553
Hampton Kelsey
   1328 N Washington St Apt 45 Wdhrfd 73096........... 302-8040
Hanawalt Betty Chynn................................. 497-2502
Hance Ray RR 2 Canute............................... 472-3282
Hancock Chas Nw Of City Elk City.................... 243-3946
Hancock Chas 11 E Anchor Dr Sayre 73662............. 928-9847
Hancock Erlene Cvon................................. 343-2861
Hand Glenda & Lonnie 1101 Camelot Dr Clinton 73601... 323-1985
Handke Doug & Gloria Butler......................... 664-5094
Handmade Interiors 128 N Main St Elk City 73644...... 303-4530
Haner G Gill City................................... 674-3718
Haney Eldon Leedey.................................. 488-2963
Haney Jean Ann 1004 Scissortail Dr Clinton 73601..... 647-4217
Haney Mark 312 E 7th St Leedey...................... 488-2254
Haney Mark 312 E 7th St Leedey...................... 488-2989
Haney Ronnie Leedey................................. 488-2963
Hanger Lisa Hydro................................... 663-2050
Hank Dye Agency 301 S 6th St Clinton 73601.......... 323-3125
Hankins Anne & Bryan 108 Stagecoate Wdhrfd 73096..... 774-2323
Hankins Connie & Marvin 24073 Lewter Rd Wdhrfd 73096... 772-0481
Hankins Eddie 1300 Lyle Rd Wdhrfd 73096............. 772-6538
Hanley Linda 213 S Marion Ave Hinton 73047........ 405 542-6368
Hannack Scott Cordell............................... 832-0400
Hannah Carey A & Danny Sweetwater................... 834-2432
Hannah's Salon & Spa 101 N 3rd St Snni 73664........ 393-4647
Hanrahan John 112 W Cedar Ave Sayre 73662........... 928-2933
Hansbro Kristi Chynn................................ 497-3295
Hansen Amber 52 Mulberry St Clinton 73601........... 323-0184
Hansen Carolyn 206 E Saye Ave Sayre 73662........... 928-8317
Hansen Jim & Trish 22103 Highway 55 Rocky 73651..... 666-1004
Hansen Terry Hinton.............................. 405 542-3432
Hanson Anesthesia Svc 3020 N 2430 Rd Wdhrfd 73096.... 772-0072
Hanson Cathy 198 Forrest Ln Clinton 73601........... 547-4533
Hanson Janet & Richard Sweetwater................... 534-2338
Hanson Kathy & Rick 1314 W Modelle Ave Clinton 73601... 547-4660
Harbart Rroudie 707 Cheyenne Rd Foss 73647......... 562-4826
Harbison Barry 127 Blossom St Wdhrfd 73096......... 650-2108
Harbuck David & Nancy Dill City.................... 674-3747
Harbuck John W 905 Roach St Dill City.............. 674-3773
Harbuck Mitchell RR 1 Box 80 Dill City............. 674-3708
Harbuck Ricky Dill City............................ 674-3242
Harbuck W F 1603 N Temple St Cordell 73632......... 832-3949
Harden Freddie Hammon.............................. 473-2496
Harden Freddie Hmmon............................... 473-2533
Harden Wesley Jr Hammon............................ 473-2460
Hardesty Loy 902 Washington St Snni................ 393-4413
Hardesty Norma 18705 E 1140 Rd Elk City 73644...... 303-9140
Hardin Anna Dill City.............................. 674-3284
Hardin Annette & Jay 10072 Lark Rd Wdhrfd 73096.... 772-6171
Hardin Charles & Linda 214 W 1st St Elk City 73644... 243-2309
Hardin Jay 11967 N 1800 Rd Erick 73645............. 526-2344
Hardin Joe Erick................................... 526-3888

Hardin N J 372 Columbia Ave Sayre 73662............. 928-2344
Harding Louis Erick................................. 526-3406
Harding Ollie Hinton............................. 405 542-6146
Hardison Scott Erick................................ 526-3216
Hardwick Bonnie 311 S Middle Ave Cordell 73632....... 832-6124
Hardwick Brad & Lark Anon
   11725 N 2290 Rd Cordell 73632..................... 832-3512
Hardwick Construction 801 E Grant Snni 73664......... 393-4900
Hardy Bachanie 525 W Main St Hinton 73047.......... 405 542-1653
Hardy James & Shelly 101 Zac Ct Elk City 73544....... 226-6100

## HARGIS ELECTRIC INC
   Elk City 73648........................... 243-9578

Hargis Jamis 31' Mohawk Trl Brns Flt................. 562-4539
Hargis Jerry 2101 Peach Ave Wdhrfd 73096............. 774-2366
Hargis Lacy 311 Mohawk Brns Flt..................... 562-4676
Hargis Linda 308 Pawnee Rd Brns Flt................. 562-4464
Hargrace Gloria 906 N Howard Ave Elk City 73644...... 303-9069
Hargrove Dale & Tonya RR 4 Box 108 Elk City......... 243-6513
Hargrove Delores & Jerry RR 2 Box 200 Elk City...... 225-2475
Hargrove Eddie Hydro............................. 405 663-2962
Hargues Raymond 172 Hemng Dr Elk City 73644......... 226-2628
Harguess Tom 213 Parkview Pl Elk City 73644......... 303-4666
Hargus RV Park 1410 Neptune Dr Clinton 73601........ 323-1684
Haris Bradley 318 S Adams Canute................... 472-3681
Harkins Christina Wooten Erick...................... 526-3900
Harkins Donita Erick................................ 526-3157
Harkins Kevin 220 Ash Ave Erick.................... 526-3020
Harkins R H Erick.................................. 526-3513
Harkins Thomas Erick............................... 526-3524
Harl Robert H 114 The Hills St Clinton 73601........ 323-3706
Harlos Keith 416 Walnut Custer City 73639........... 593-2284
Harless Kevin 900 E Gorg St Snni.................... 393-2237
Harless Zac 1509 N 5th St Sayre 73662............... 928-8205
Harman Danny Durham................................. 983-2438
Harman Daren & Kristi 813 W Lakeview Rd Elk City 73644... 225-3459
Harmon Bill Cvon.................................... 497-2424
Harmon Royce Cvon.................................. 497-2548
Harmon Gillian 502 N Jusk Ave Elk City 73644........ 225-2109
Harmon Lee Ann Crwfrd............................... 983-2768
Harmon Ronda J Hammon............................... 473-2515
Harms Beth & Denny 22877 E 1220 Rd Cordell 73632.... 832-2663
Harms David 508 N Oklahoma Com 73024................ 343-2357
Harms David Com.................................... 343-2485
Harms David W Sw Of City Wdhrfd..................... 772-7076
Harms L D Cordell.................................. 832-2910
Harms Leonard Se Of City Clinton.................... 323-2267
Harms Lyndon H 112 Furlong Dr Wdhrfd 73096.......... 772-3875
Harms Marilyn 306 N Relmar Com 73024................ 343-2728
Harms Ogen J 307 W Jefferson Com 73024.............. 343-2510
Harms S M 1107 N Grant St Cordell 73632............. 832-2869
Harms Terry A 1609 Gholston Ave Clinton 73601........ 323-2893
Harness Don & Sheila 1607 Mac Dr Elk City 73644...... 225-2057
Harney Angela & Ronald A
   14352 County Street 2590 Lookeba 73053........... 405 457-6538
Harney Barbara & Roger Lookeba................... 405 457-6736
Harold W Johnston Inc 22843 E 1010 Rd Arapaho 73620... 323-4810
Harp Joshua & Sarah Hinton...................... 405 542-3113
Harper Branda Elk City............................. 225-3630
Harper-Brown Sue Ne Of City Wdhrfd.................. 772-5621
Harper Denene & Don Com............................. 343-2037
Harper Denene & Don Com............................. 343-2076
Harper Denise Elk City.............................. 303-9285
Harper Denise 312 Apache Trl Foss 73647............. 562-4756
Harper Donald 1709 W C Ave Elk City 73644........... 226-6633
Harper Estelle & Leon 9739 N 2270 Rd Clnton.......... 323-2804
Harper Jackie Cordell............................... 832-3800
Harper Margery & Odell 301 E Arapaho Ave Wdhrfd 73096... 772-2488
Harper Mendal & Wendell S Of City Wdhrfd............ 772-8335
Harper Robert 18609 E 1114 Rd Elk City 73644........ 225-3399
Harrall Ivan 221 N 4th St Wdhrfd 73096.............. 772-3502
Harrall J M Nw Of City Wdhrfd...................... 772-2025
Harrall Tomary 101 Aw Main St Trl 3 Wdhrfd 73096.... 302-8018
Harrel Celo 119 S Jefferson Ave Elk City 73644....... 226-1611
Harrel Celo & Michelle Leedey...................... 488-3030
Harrel Chad 507 N 2nd St Sayre 73662................ 928-8979
Harrel Cody Leedey................................. 488-3365
Harrel Duane Leedey................................ 488-3000
Harrel Eddie 319 Lakeshore Dr Elk City 73644........ 225-5176
Harrel Frank Leedey................................ 488-2995
Harrel Frank Leedey................................ 488-3092
Harrel G W Leedey.................................. 488-3476
Harrel Janice M Leedey............................. 488-2426
Harrel Jimmy 2011 W Lawter Rd Wdhrfd................ 774-2244
Harrel Jimmy Dean Leedey........................... 488-2968
Harrel Leeann & Robert 1203 W 2nd St Elk City 73644... 226-7210
Harrel Lornes 144 Fairway Dr Elk City 73644......... 243-1711
Harrel Merle Leedey................................ 488-2222
Harrel Michale Leedey.............................. 488-3164
Harrell Anna W Of City Wdhrfd...................... 774-2426
Harrell Bob & Joan Leedey.......................... 488-3655
Harrell Terry D Leedey............................. 488-2955
Harrelson Kevin 118 Forrest Ln Clinton 73601........ 323-8404
Harrelson Gilbert 9849 N 2436 73096................. 772-0678
Harrelson Herman 2524 Quail Run St Clinton 73601..... 323-1909
Harrelson Micheal 435 S Spencer Ave Hinton 73047.. 405 542-4010
Harrelson Ronald 257 Regency Dr Clinton 73601........ 323-2632
Harriman Clayton 2323 Berry Ave Wdhrfd 73096........ 650-2016
Harrington Betty 401 N 6th St Thomas................ 661-2818
Harrington John C Chynn............................. 497-2620
Harrington Laverne 128 Blue Ridge Dr Elk City 73644... 225-6620

Harris Alisa & Heather Snni......................
Harris Arleen 402 S 18th St Clinton 73601.......
Harris Brian 3300 Fairway Dr Wdhrfd 73096........
Harris Camille 306 Cherokee Trl Brns Flt........
Harris Daniel 305 Wood Dr Dill City 73641.......
Harris Deana 1642 Vanessa Dr Clinton 73601.......
Harris & Deleon Law Ofc
   114 W Broadway Ave Elk City 73644............
Harris Diana 408 S 9th St Snni t................
Harris Don 3000 Fairway Dr Wdhrfd 73096.........
Harris Ernest 312 Fronter Way Foss 73647........
Harris Gary Elk City.............................
Harris Gayle & Wayne Colony......................
Harris J R 1000 Agnes Pl Elk City 73644.........
Harris Jes A 701 S 18th St Clinton 73601........
Harris Jana 3118 N 1950 Rd Hammon 73650.........
Harris Jeson PO Box 475 Elk City 73648..........
Harris Jesson & Laura Erick......................
Harris Joanne Cer Lk.............................
Harris Johnston Virginia 512 Elm Custer City....
Harris Lacey 709 S Western Dill City 73641......
Harris Lori Leedey...............................
Harris M 2306 Et Go Cir Wdhrfd 73096.............
Harris Mike Rural Custer City....................
Harris Ray 506 Nw 1 St Hammon....................
Harris Ronnie Ray 501 Mulberry St Wdhrfd 7309
Harris Tammy Hammon..............................
Harris Virgil M 520 N 1st St Wdhrfd 73096......
Harrison Andy RR 2 Hydro.........................
Harrison Bill Chynn..............................
Harrison Billy Chynn.............................
Harrison Brande Reydon...........................
Harrisor Debra Erick.............................
Harrison Gypsum 1113 Main St Bessie 73822......
Harrison J L Po Box 375 Hinton 73047............
Harrison Jerry L 11096 N 2030 Rd Elk City 73644.
Harrison Joanne Chynn............................
Harrison Kathryn Chynn...........................
Harrison Mike Reydon.............................
Harrison Rosa Lookeba............................
Harrison Tonia Dill City.........................
Harrison Travis 120 Carter Rd Elk City 73644....
Harrison Vikki Chynn.............................
Harrold Ronnie Se Of City Sayre..................
Harsh Mildred 816 E Cedar St Cordell 73632......
Harshall Mark B & S Hinton.......................
Harshberger Melinda 205 Cherokee Brns Flt 73
Hart Denise & Leroy
   7067 County Road 1140 Lookeba 73053..........
Hart Don 205 Meana Rocky 73651..................
Hart E 1405 Timber Creek Dr Wdhrfd 73096........
Hart Eugene 802 N 2nd St Sayre 73662............
Hart Kenneth R 3521 W 7th St Elk City 73844.....
Hart Kim 10274 N 2431 Rd Wdhrfd..................
Hart Kim & Michele 14200 E 1027 Rd Wdhrfd 7
Hart Larry 1435 Cliff Ct Elk City 73644.........
Hart Lawrence E Of City Clinton..................
Hart Matt 115 S 4th St Thomas 73689.............
Hart Michele C PA 119 N Broadway St Wdhrfd
Hart Robert W 512 E Broadway St Thomas 7368
Hart Syboll M 219 N 5th St Thomas 73689.........
Hart T J Hydro...................................
Hartley Charlie Durham...........................
Hartley Cheryl & Roy Reydon......................
Hartley Emily Reydon.............................
Hartley Jason R Reydon...........................
Hartley Timmy Reydon.............................
Hartley Timmy A Reydon...........................
Hartline Wanda Hinton............................
Hartman Bill 18578 E 1180 Rd Sayre 73662........
Hartman Bruce 908 N 4th St Sayre 73662..........
Hartman Carla 120 E Broadway Ave Hinton 7:......
Hartman Glenn Nw Of City Sayre...................
Hartman Jerry & Michelle 1904 Linwood St W
Hartman Jessica 602 N 4th St Sayre 73662........
Hartman Kirk Hydro...............................
Hartman Marshall 804 N 10th St Sayre 73662......
Hartman Ralph N Of City Sayre...................
Hartman Wayne 207 S Broadway St Sayre r 36
Hartpence Marty 226 S Broadway St Sayre 73
Hartronft Jerry 207 E 10th St Dill City 73641...
Hartronk Stoney Dill City........................
Hartsell Appraisal Service 1602 Poke Ave Wt...
Hartsell Judy 1602 Pina Ave Wdhrfd 73096.......

## HARTSELL REAL ESTATE
   Wdhrfd 73096..........................
Hartzell Everett 2072 Valley View Dr Wdhrfd.....
Hartzell Everett & Pam 2072 Valley View Dr W
Hartzell Thomason Lance & Tricia
   320 E Airport Rd Hinton 73047................
Harvey Bev & Billy
   4019 S Broadway Ave Hinton 73047.............
Harvey Courtney & Justin 134 S Oak St Lookel
Harvey Farms 4199 County Road 1120 Hydro 7:.....
Harvey Gary 2044 W 7th Pl Elk City 73644........
Harvey Glen 15013 County Street 2550 Lookeba
Harvey Helen & Scott Hydro.......................
Harvey Jerry Hydro...............................
Harvey Justin 13115 Country Rd 1150 Lookeba.....
Harvey Sandy & Todd Hydro........................
Haskell Dale & Jayna 11248 N 2400 Rd Custer.....
Haskell Lemon Construction
   23625 Route 66 N Wdhrfd 73096................

EXHIBIT 22

88   SOLAR—SOUTHWESTERN
Area Code is 580 Unless Otherwise Specified

Solar Rays 301 W Main St Wthrfrd 73096 .......... 302-3800
Solstice Tanning Co 1123 E Davis Ave Wthrfrd 73096. . 772-8267
Somerloft Steve Cor U. ........................ 405 284-6326
Somers Julie 2220 Ryan Dr Wthrfrd 73096 .......... 772-5467

## SONIC DRIVE IN
801 W 3rd Elk City 73644 .................... 225-2432
1415 N Gary Blvd Clinton 73601 . ........ 323-1416
1312 N Glenn English
Cordell 73632 . ........................ 832-3536
1109 N 4th Sayre 73662 . .............. 928-2224
Sooner Air Gas Inc 100 She're Elk City 73644 . ........ 225-3617
Sooner Energy Group 222 N 1975 Rd Elk City 73644 . ..... 226-6600

SOONER FIBERGLASS 312 SE 89th St
Oklhm City 73149 . .................... 405 632-8995
Sooner Oilfield Rental Svc 222 N 1975 Rd Elk City 73644 . . 226-6700
Sooner Rubber Products Co 108 E 12th St Elk City 73644 ... 225-5511

## SOONER TECHNOLOGY
501 E Franklin Ave Wthrfrd 73096 ............... 302-5713
Soos Tom F 10844 Fr St Heaton 73047 .......... 405 284-6246

## SORELLE ALICIA CARRINGTON
→ 119 S Jefferson Ave Elk City 73644 ............ 243-0079

Sorelle Roland R Jr W Of City Elk City ............... 225-0993
Sorrels Lewis 122 S 6 Sntnl .................... 393-4851
Sorter Kyler R 1407 Pine Ave Clinton 73601 .......... 331-5097
Sorter Margaret 1308 Shelley Ave Clinton 73601 . ....... 323-5393
S O S Staffing Service 105 Janets Way Ste 8 Elk City 73644 . 303-9057
Soto Alberto 1522 Oak Ave Clinton 73601 . .......... 331-5106
Soto Chris Hinton . ...................... 405 542-0516
Soto Elizabeth 511 E Rainey Ave Wthrfrd 73096 ........ 816-5033
Soto Ernesto 2435½ Route 66 N Wthrfrd . ......... 774-2087
Soto Ernesto 718 E Main St Wthrfrd 73096 .......... 774-2253
Soto Patsy 1718 W 10th St Elk City 73644 . ........ 226-2084
Soto Rene 2001 E Davis Ave Wthrfrd 73096 .......... 302-8032
Soto Rocio 315 S 7th St Clinton 73601 . ........... 323-2239
Soto Romando 500 S 10th St Clinton 73601 .......... 331-5049
Soule James Bms Rl. ....................... 662-4712
South Bill Leeder. ........................ 488-3366
South Cannadian Coop Inc 201 N Main St Thomas 73669 . . 661-2336
South James 10056 Deer Creek Rd Wthrfrd 73096 . ...... 772-0122

## SOUTH WEST AIR CONDITIONING & HEATING INC
204 NW Main St Wthrfrd 73096 . ...... 772-8000
Toll Free '1'. ....................... 800 299-3833
Cordell Branch . ..................... 832-2844

## SOUTH WESTERN OKLAHOMA DEVELOPMENT AUTHORITY
Brns Flt 73024 . ......................... 562-4882

Southall C 110 Stewart Ave Wthrfrd 73096 ........... 774-2609
Southard Bill 10½ W Broadway Ave Elk City 73644 . ...... 225-7374
Southard James Elk City. .................... 225-4221
Southard Joanie & Mike 206 Clayton Elk City 73644 . ..... 226-2976
Southard Trish 522 N Booth Ave Elk City 73644 . ....... 243-3124
Southeast Church Of Christ
900 Glenn Smith Rd Clinton 73601 . ............. 323-3483
Southland Linda 708 S 8th St Clinton 73601 . ........ 323-5449
Southern Expressions Gifts & Accessories
511 Frisco Ave Clinton 73601. ............... 323-6388
Southern Transport LLC 309 Connia Dr Elk City 73644 . .... 225-0916

## SOUTHGATE VILLAGE APARTMENTS
Office Hrs M-F 8AM-12PM & 1PM-5PM
1200 S Watkins Ave Elk City 73644 . ...... 225-0044
Fax . ............................... 225-5404
Main Entrance On South Oliver. ........... 225-0044

Southside Church Of Christ
428 E 2nd St Hydro 73048 . ............... 405 663-8008
Southside Gym LLC 2103 S Maia St Sto H Elk City 73644 . . . 225-0423
Southwell L 701 E Broadway Thomas . ............. 661-3889
Southwell Zane 10673 US Highway 183 Clinton 73601 . .... 323-0684
Southwell Adjustment Co 116 N 9th St Clinton 73601 . .... 323-3216
Southwest Auto Pawn And Sales
701 Sw 4th St Wthrfrd 73096 . .............. 302-5528
Southwest Cellular & Tanning
1123 E Davis Ave Wthrfrd 73096 . ............. 774-7555

SOUTHWEST COIN STAMP & JEWELRY
6712 S Western Ave
Oklhm City 73169 . ................. 405 634-9573
Southwest Counseling Svc 703 Frisco Ave Clinton 73601 . . 323-9100

SOUTHWEST DISTRIBUTING CO INC
10018 N Hwy 183 Clinton 73601 . .... 323-3553
www.swdistributing.com

Southwest Elementary School
1903 Opal Ave Clinton 73601 . ............... 323-1290

## SOUTHWEST EXPRESS INC
1018 W City Limits St
Hugoton KS 67951 . ................. 620 544-7500
Southwest Fence Co 2625 E Main St Wthrfrd 73096. ...... 772-6115

## SOUTHWEST GLASS & MIRROR
M-F 8AM-12PM & 1PM-5:00PM
118 E Main St Wthrfrd 73096 . ............ 772-2769
Southwest Kleenpower Wthrfrd . ................ 819-2373
Southwest Lp Pcs Hinton . ................ 405 542-1506

## SOUTHWEST MOVERS
Wthrfrd 73096 . ..................... 772-6297
Southwest National Bank 720 E Main St Wthrfrd 73096 . ... 774-0900
Southwest Oil Field Prod Inc 107 E 25th St E k City 73644 . . 225-0103
Southwest Oklahoma Counseling
725 S 8th St Clinton 73601 . ................. 323-9800

## SOUTHWEST OVERHEAD GARAGE DOOR
114 Meadowridge Dr Elk City 73644 . ......... 225-0442
Toll Free '1'. ....................... 800 536-0442

Southwest Playhouse Fine Arts
K & B Nowghy Clinton 73601 . ............... 323-4448
Southwest Radiator 107 E Loomis Rd Wthrfrd 73096 ...... 772-6210

## SOUTHWEST RETINA SPECIALISTS
7411 Wallace Blvd
Amrl TX 79106 . .................... 806 351-1870
Southwest State Bank 122 E Main St Sntnl 73664 . ...... 393-4367
Southwest Transmissions 301 S Main St Wthrfrd 73096 . ... 772-6297
Southwest Trophy 315 Main St E alty 73053. ....... 405 663-2063

## SOUTHWEST VINYL FENCING
202 E 5th Elk City 73644 . .............. 243-6300
Toll Free '1'. ....................... 877 276-6300
Shannon McAbee Cell . ................ 309-0908
Jeff Jackson Cell . ................... 821-2564
Southwest Wrecker 7 Mi E Hwy 152 Cordell 73632 . ..... 660-1186
Southwestern Christian Church
2525 Lyle Rd Wthrfrd 73096 . ................. 772-6052

## SOUTHWESTERN DENTAL LAB
111 S Bradley St Wthrfrd 73096. .......... 772-1831
Southwestern Explosives Inc
2615 E Highway 66 Elk City 73644. ............. 225-4745
Southwestern Lanes 125 S Broadway St Wthrfrd 73096 . ... 772-7600
Southwestern Memorial Hospital
215 N Kansas St Wthrfrd 73096. ............... 774-4700
Southwestern Mobile Home Park
600 W Arlington Ave Wthrfrd 73096. ............. 772-3797

## SOUTHWESTERN OKLAHOMA STATE UNIVERSITY
Call . .............................. 772-6611
Public Relations & Marketing. ........... 774-3063
Campus Police. ...................... 774-3111
Campus Hotline. ..................... 774-3225
Upward Bound. ...................... 774-7029
Cheyenne Arapaho Tribal College. ....... 774-3742
Crowder Lake University Park. .......... 343-2443
Cedar Canyon Adventure Program
Corn 73024. ...................... 343-2132
Foss Lake Adventure Program
Foss 73647. ...................... 592-4444
Lawton Adventure Program
Lawton 73501. .................... 357-2833
Oklahoma Small Business Development
Center . ......................... 774-7095
Center For Economic & Business
Development. ..................... 774-7095
Kappa Psi National Headquarters. ....... 774-7170
Academic Affairs. .................... 772-6611
Provost. ........................... 774-3771
Assistant VP for Academic Affairs
. ................................ 774-7172
Library. ............................ 774-3730
College of Arts & Sciences. ............ 774-3704
Art. ............................... 774-3756
Biological Sciences. .................. 774-3292
Chemistry/Physics. ................... 774-3266
Communications & Theatre. ............ 772-6611
Language & Literature. ................ 774-3240
Mathematics. ....................... 774-3748
Music. ............................. 774-3708
Social Sciences. ..................... 774-3292
College Of Professional & Graduate Studies
. ................................ 774-3790

(Continued on next page)

Area Code is 580 Unless O

SOUTHWESTERN OK
UNIVERSITY Cont'
School Of Allied He
School Of Business
School Of Nursing.
School Of Behavior

Education. . . . . . . .
Kinesiology. . . . . . .
Park & Recreation I
School Of Business
College Of Pharmac
Distance Learning
College Of Associat
Sayre 73662. . .
President's Office .
VP Administration
Assessment Center
Bursar. . . . . . . . . .
Cashiers. . . . . . . . .
Fine Arts Center. . .
Institutional Advan

Human Resources.
Mailroom. . . . . . . .
Physical Plant. . . . .
Sponsored Program
Web Site Services.
Wellness Center. . .
Sports Information.
Intramurals. . . . . .
Admissions & Recru
Dean Of Students.
Registrar. . . . . . . .
Student Financial S
Student Counseling
Nurse/Student Heal
Student Governmer
Transcript Informat
Director Of Residen
Stewart Hall. . . . . .
Dorm Parent. . . . .
Neff Hall. . . . . . . .
Dorm Parent. . . . .
Oklahoma Hall. . . .
Dorm Parent. . . . .
Rogers Hall. . . . . .
Dorm Parent. . . . .
Jefferson Hall. . . . .
Dorm Parent. . . . .
Student Union. . . .
Food Services. . . . .
Bookstore. . . . . . .
Bulldog Beanery. . .
University Market. .
University Press. . .
Southwestern Oklai
Sayre 400 E Missi
Sayre 73662. . . .
Comptroller/Purcha
Administrative Offic
Associate Provost. .
Athletics . . . . . . . .
Director Athletics. .
Career Services/Nev

VP for Academic Af
VP for Student Affa
International Studer
Library. . . . . . . . . .
Pioneer Cellular Eve
Public Safety. . . . . .
College of Arts & S
College Of Professic

Conference Center.
Information Techno

EXHIBIT 23

## IN THE DISTRICT COURT OF BECKHAM COUNTY
## STATE OF OKLAHOMA

In the Marriage of:                          )
                                             )
VALORIE A. TIBBETTS,                         )
          Petitioner,                     )
   vs                                       )          Case No. FD-2015-
                                             )
KENNETH H. TIBBETTS,                         )
          Respondent.                     )

### PETITION

Comes now Valorie A Tibbetts, Petitioner, and for her Petition she states as follows:

1.   Petitioner and Respondent were lawfully married in Cushing, Oklahoma on November 04, 1999 and their marital relation has existed since that time. The parties have no minor children.  Petitioner is not pregnant.

2.   Petitioner is entitled to a divorce from Respondent by reason of the incompatibility of the parties each to the other.  Both parties have resided in this state for more than six consecutive months immediately preceding the filing hereof and this Court has divorce subject matter jurisdiction herein.  Both parties reside in this county and venue is proper herein.

3.   Each party should be awarded and set aside all of his or her separate property and the same should not be accounted for or included in the Court's division of the party's marital estate.

4.   All items of marital property and marital debt should be identified and valued and should be equitably divided between the parties according to law.

5.   That the Respondent should pay of the court costs and attorney fees incurred by the Petitioner.

6.   Petitioner is not possessed with financial resources for herself, therefore she is entitled to Alimony/Spousal Support from the Respondent.

Wherefore, Petitioner requests a divorce from Respondent together with all ancillary and incidental relief thereto and for all proper relief.

### APPLICATION FOR TEMPORARY ORDER

1.   All allegations above set forth are adopted by reference.

2.   To preserve the peace, marital estate and security of the parties and to clarify the financial and personal relationships arising from the marriage of the parties while this action remains

1



EXHIBIT 24

pending, Petitioner is entitled to and requests that the following temporary orders be entered herein to govern the parties during the pendency of this action, to wit:

3.   Petitioner to be awarded the marital home and  furnishing during the pendency of this action.

4.   Petitioner to be awarded temporary  possession of the Pathfinder or the Altima with the Respondent being responsible for the Nissan Altima vehicle payments.

5.   Each party should be restrained and prohibited from disposing of or encumbering any interest in property during the pendency of this action, whether such disposition be by sale, gift, encumbrance or otherwise, unless expressly agreed to by the parties or unless expressly ordered by the Court including all bank accounts.

6.    Petitioner and Respondent should be awarded all his or her clothing and personal effects.

7.   Except as otherwise specifically stated herein, each party should be awarded possession and use of the personal property in his or her present respective possession.

8.   Petitioner to be awarded the real property in Burns Flat that was previously owned by her Aunt.

9.   That the rent payments made on the rental property shall be applied to the notes and mortgages on said properties.

WHEREFORE, Petitioner requests a divorce from Respondent together with all ancillary and incidental relief thereto, and requests that the Court issue its order setting hearing upon Petitioner's said application for temporary relief as above set forth, and for all proper relief.

Celo J Harrel   OBA #12322
P.O. Box 309
119 S. Jefferson
Elk City, Oklahoma 73648
Telephone (580) 225-1411
Attorney for Petitioner

2



## VERIFICATION

STATE OF OKLAHOMA    )
                     ) ss:
COUNTY OF DEWEY      )


    Valorie A. Tibbetts, of lawful age and being first duly sworn upon oath, states: I am Valorie Tibbetts, Petitioner above named.  I have read the foregoing instrument and state that all statements contained therein are true and correct.


                                              _____
                                              Valorie A. Tibbetts, Petitioner

    Subscribed and sworn to before me on March _____, 2015, by Valorie A. Tibbetts, Petitioner above named.


                                              _____
                                              Notary Public

My Commission Expires:
My Commission No.:

3

99


03/16/2015

Dear Celo,

Thank you very much for your time on Thursday, March 12, 2015. I am in a very emotional state right now and as you know divorce is a huge and final decision.

Kenny came in right before the meeting and as you know asked for 30 days to work this out. I told him I would when I stepped outside with him. I am a person of my word, and would like to put this on hold for a bit, to at least say I have tried every option I could do.

I do want to continue to retain you as my attorney, and after 30 days will see if this needs to be pursued or dropped. At that time, I will come in and visit with you whether to drop this or continue.

Until then, you have my $1500.00 Retainer fee I paid to you on 03/12/2015, less the time/hours spent preparing the paper work to this point.

Thank you,

Valorie Tibbetts

402 Hoover Circle

Elk City, OK 73644

EXHIBIT 25

100

# Alicia Carrington Sorelle
Attorney At Law

P.O. Box 1223
Elk City, Oklahoma 73648
(580) 243-0079
Fax (580) 243-2012
sorelle@itlnet.net
aliciasorelle.com

October 19, 2015

Mr. Kenneth Tibbetts
402 Hoover Circle
Elk City, OK 73644

RE:  State of OK v. Kenneth Tibbetts
     Beckham County Cases CF-2015-188; CF-2015-192

Dear Mr. Tibbetts:

     This letter is to again remind you that your next court date is scheduled for **Wednesday December 2, 2015 at 1:30 p.m. at the Beckham County Courthouse, Sayre, OK.** This is the time set for your Formal Arraignment before the District Judge in the THIRD FLOOR COURTROOM. Please make arrangements to meet me there at that time. If you wish to avoid the victims showing up at court again for your case, we can handle this a few days in advance before Judge Roper, since we want to be able to enter your plea to her anyway. Plan to get in touch with me about two weeks prior to the scheduled court date so we can look for an earlier date that fits with the Court's schedule.

     If you have any questions or problems regarding any of these matters, please feel free to contact me and I will be happy to help. Otherwise, I will plan to see you in court on December 2nd, or on an earlier date at your instruction.

Sincerely,

Alicia Carrington Sorelle

EXHIBIT 26

101

# Alicia Carrington Sorelle
Attorney At Law

P.O. Box 1223
Elk City, Oklahoma 73648
(580) 243-0079
Fax (580) 243-2012
sorelle@itlnet.net
aliciasorelle.com

November 23, 2015

Mr. Kenneth Tibbetts
402 Hoover Circle
Elk City, OK 73644

RE: State of OK v. Kenneth Tibbetts
Beckham County Cases CF-2015-188; CF-2015-192

Dear Mr. Tibbetts:

This letter is to again remind you that your next court date is scheduled for **Wednesday December 2, 2015 at 1:30 p.m. at the Beckham County Courthouse, Sayre, OK.** This is the time set for your Formal Arraignment before the District Judge in the THIRD FLOOR COURTROOM.

Since we will be in front of Judge Haught for this appearance, all we will do on this date is enter a "not guilty" plea to all of the charges. We can then set up a date to enter your plea of "guilty" to Judge Roper on a day in January. She will then schedule a sentencing date about 30 days away, and as we discussed in our meeting last week, you should be prepared to surrender yourself at that time. I will attempt to get Judge Roper to allow you to remain out in the community with the ankle monitor, but it will be unusual for her to agree to this.

If you have any questions or problems regarding any of these matters, please feel free to contact me and I will be happy to help. Otherwise, I will plan to see you in court on December 2nd.

Sincerely,

Alicia Carrington Sorelle

EXHIBIT 27

102

# Alicia Carrington Sorelle
Attorney At Law

P.O. Box 1223
Elk City, Oklahoma 73648
(580) 243-0079
Fax (580) 243-2012
sorelle@itlnet.net
aliciasorelle.com

December 21, 2015

Mr. Kenneth Tibbetts
402 Hoover Circle
Elk City, OK 73644

RE:  State of OK v. Kenneth Tibbetts
     Beckham County Cases CF-2015-188; CF-2015-192

Dear Mr. Tibbetts:

This letter is to inform you that I have scheduled your case for plea on **Thursday January 7, 2016 at 2:00 p.m. at the Beckham County Courthouse, Sayre, OK second floor courtroom, before Judge Roper.** Please make arrangements to meet me there at that time for the entry of your plea. As we have discussed earlier, you may have to go into custody at this time, so please be prepared for this to happen. You will have to make arrangements to have the ankle monitor removed at the jail, so you should contact the operator and ask them what is required.

Also, I have attempted to contact Patricia Parmalee by letter and by phone call, and as of this date, I have had no response. We still have some time before we will need her to testify, so I will continue trying to visit with her about her help in this matter, but if I have not heard from her by the 7th, we will need to discuss other options.

If you have any questions or problems regarding any of these matters, please feel free to contact me and I will be happy to help. Otherwise, I will plan to see you in court on January 7th.

Sincerely,

Alicia Carrington Sorelle

103

EXHIBIT 28

# Alicia Carrington Sorelle
Attorney At Law

P.O. Box 1223
Elk City, Oklahoma 73648
(580) 243-0079
Fax (580) 243-2012
sorelle@itlnet.net
aliciasorelle.com

January 8, 2016

Mr. Kenneth Tibbetts
402 Hoover Circle
Elk City, OK 73644

RE:  State of OK v. Kenneth Tibbetts
     Beckham County Cases CF-2015-188; CF-2015-192

Dear Mr. Tibbetts:

I have talked with the District Attorney regarding the scheduling of your case for plea, and the only day next week that works with all of our schedules is that **Friday January 15, 2016 at 9:30 a.m. at the Beckham County Courthouse, Sayre, OK Third floor courtroom.** Although we will begin the docket in front of Judge Haught, we may still be able to go downstairs to plead before Judge Roper, depending upon the size of the docket.  Please plan to meet me on the floor of the courthouse about 30 minutes prior to the docket so we can go through the paperwork for your plea.

Again, please make sure you have made the necessary arrangements to have the ankle monitor removed at the jail on this date to avoid any added expenses.

If you have any questions or problems regarding any of these matters, please feel free to contact me and I will be happy to help.  Otherwise, I will plan to see you in court on January 15th.

Sincerely,

Alicia Carrington Sorelle

104

EXHIBIT 29

# Alicia Carrington Sorelle
Attorney At Law

P.O. Box 1223
Elk City, Oklahoma 73648
(580) 243-0079
Fax (580) 243-2012
sorelle@itlnet.net
aliciasorelle.com

April 6, 2016

Mrs. Valorie Tibbetts
402 Hoover Circle
Elk City, OK 73644

RE:  State of OK v. Kenneth Tibbetts
     Beckham County Cases CF-2015-188; CF-2015-192

Dear Mrs. Tibbetts:

I have met with Mr. Tibbetts and we have filed an Application to Withdraw Guilty Plea in an effort to begin the appeal process regarding his sentence. The Judge must hold a hearing on the Application within 30 days, and he has scheduled it for **Wednesday April 20, 2016 at 1:30 p.m. at the Beckham County Courthouse, Sayre, OK, Third Floor Courtroom.**

Please note that you are allowed to attend this hearing, if you are able. At the hearing, the Judge will decide whether there is a reason that meets the statutory requirements which would allow him to withdraw his plea and ask for a trial instead. As I have discussed with your husband, it is very unlikely that the Judge would allow this, but once he has ruled, it can go up on appeal. Kenneth will need to decide whether he wants to hire an attorney for his appeal, or ask for a court appointed attorney from the Oklahoma City Appellate Division.

If you have any questions regarding this process, please feel free to contact me and I will be happy to help.

Sincerely,

Alicia Carrington Sorelle

Encl.

EXHIBIT 30

105