



## IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

KENNETH H. TIBBETTS,

          Petitioner,

v.

DISTRICT COURT OF BECKHAM
COUNTY,

          Respondent.

Case No **MA 2023 196**

FILED
COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

MAR 1 0 2023

JOHN D. HADDEN
CLERK

### PETITION FOR A WRIT OF MANDAMUS

COMES NOW the Petitioner, KENNETH H. TIBBETTS, and moves this Court of a writ

of mandamus pursuant to *Title 12, Oklahoma Statutes, Section 1451, et seq.*, directing the

District Court of Beckham County to entertain and act upon Petitioner's *Application for Post-*

*Conviction Relief,* as styled in *Tibbetts v. State, CF-23015-188.*

In further support thereof, Petitioner would show this Court the following:

## I.    CLEAR LEGAL RIGHT TO RELIEF SOUGHT:

Oklahoma's Post-Conviction Procedure Act, as codified in *Title 22, Oklahoma Statutes,*

*Sections 1080 through 1087, et seq.*, provides a statutory remedy for *any* person, who has been

convicted, or sentenced, for a crime to seek relief from such unlawful conviction or sentence.

On May 16, 2018, Petitioner filed his first application seeking post-conviction relief, in

which he raised the following claims:

PROPOSITION I:    THE WAIVER DOCTRINE FOUND IN *22 O.S. §1086* DOES
NOT APPLY TO FUNDAMENTAL CONSTITUTIONAL
CLAIMS.

PROPOSITION II:    PETITIONER WAS DENIED CONSTITUTIONALLY
EFFECTIVE ASSISTANCE OF COUNSEL DUE TO AN
ACTUAL CONFLICT OF INTEREST WITH HIS RETAINED
COUNSEL OF RECORD.

1

RECEIVED

**EXHIBIT 16**

PROPOSITION III:  THE DISTRICT COURT OF BECKHAM COUNTY WAS
WITHOUT SUBJECT-MATTER JURISDICTION TO
PROSECUTE PETITIONER.

PROPOSITION IV:  PETITIONER WAS DENIED CONSTITUTIONALLY
EFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE
DEFICIENT PERFORMANCE OF HIS ATTORNEY AND THE
RESULTING PREJUDICE PETITIONER SUFFERED,
WHICH WAS THE PROXIMATE RESULT OF
CONFLICTING INTERESTS.

PROPOSITION V:  PETITIONER WAS DENIED CONSTITUTIONALLY
EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

On December 19, 2018, the State filed its answer to Petitioner's application. In light of

unrelated litigation regarding the sovereignty of "Indian lands", and those persons prosecuted

therein, Petitioner's post-conviction action was apparently stayed by the District Court, though no

such order appears in the OSCN Case Details. (See **Exhibit A**)

It is now evident, more than four (4) years later, that the District Court of Beckham County

has dropped the ball in Petitioner's case, by failing to adjudicate his post-conviction application.

**II.     PLAIN LEGAL DUTY OF RESPONDENT:**

The duty of Respondent is found in *22 O.S. §1083* and *§1084* of Oklahoma's Post-

Conviction Procedure Act. *§1083* specifically imposes a duty upon the district court to adjudicate

the post-conviction application, based upon the facts presented. And, where a material issue of fact

remains, *§1084* mandates that the district court conduct an evidentiary hearing.

In this case, Petitioner contends that material issues of fact are evident, and there is a

necessity, in the interests of justice, that the district court conduct an evidentiary hearing to dispose

of such facts. The record in this case is insufficient to establish appropriate finding of facts and

conclusions of law.

2

**III.    ADEQUACY OF MANDAMUS -- UNAVAILABILITY OF OTHER RELIEF:**

Mandamus is the only remedy known to Petitioner to compel the performance of the Court to act upon his *Application for Post-Conviction Relief.* In light of Petitioner's *"clear legal right"* and the Respondent's *"plain legal duty",* mandamus is both adequate and appropriate.

**CONCLUSION**

WHEREFORE, premises considered, Petitioner would ask this Court to direct Respondent to respect the spirit of **Article II, Section 6,** of the Oklahoma Constitution, as well as the **Fourteenth (14th) Amendment** to the United States Constitution, and provide him the necessary court access in Beckham County to adjudicate his meritorious claims of state and federal constitutional violation that entitles him to relief.

Respectfully submitted,

Kenneth H. Tibbetts, Petitioner
#122414 (JHCC)
P.O. Box 548
Lexington, OK. 73051

**CERTIFICATE OF SERVICE**

I, Kenneth H. Tibbetts, do hereby certify under the penalty of perjury, that I mailed true and correct copies of the foregoing Petition for a Writ of Mandamus to the below-named officials, on this the _27th_ day of February, 2023:

Leasa Hartman, Court Clerk
District Court of Beckham County
104 S. 3rd St.
Sayre, OK. 73662

Clerk of the Appellate Courts
2100 N. Lincoln Blvd., Ste. 4
Oklahoma City, OK 73105

Kenneth H. Tibbetts, Petitioner



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR <u>BECKHAM COUNTY</u>, OKLAHOMA

**No. CF-2015-00188**
**(Criminal Felony)**

STATE OF OKLAHOMA V. KENNETH HAROLD TIBBETTS       Filed: 05/26/2015

Judge: HAUGHT, HONORABLE DOUG

## PARTIES

TIBBETTS, KENNETH HAROLD, Defendant
ELK CITY POLICE DEPARTMENT, ARRESTING AGENCY
COOK, JOHN #2, ARRESTING OFFICER

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| MARSEE, MS. ANGELA C. | |
| DISTRICT ATTORNEY | |
| P. O. BOX 36 | |
| ARAPAHO , OK 73620 | |
| | |
| YOHN, MR. RICHARD | |
| PO BOX 1494 | |
| CLINTON , OK 73601 | |

## EVENTS

| Event | Party | Docket | Reporter |
|---|---|---|---|
| Tuesday, June 9, 2015 at 1:30PM<br>  ATTORNEY DATE | | | |
| Thursday, July 30, 2015 at 9:00AM<br>  BOND HEARING | | | |
| Tuesday, September 1, 2015 at 9:00AM<br>  PRELIMINARY HEARING | | | |

*EXHIBIT A*

**07-07-2016  [ TEXT ]**

TRANSCRIPT OF PROCEEDINGS JUDGMENT AND SENTENCE
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

HAD ON THE 30TH DAY OF MARCH, 2016 BEFORE THE HONORABLE

DOUG HAUGHT DISTRICT JUDGE.

**07-07-2016  [ TEXT ]**

CONT'D
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**07-13-2016  [ TEXT ]**

JUDGMENT AND SENTENCE ISSUED
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**07-15-2016  [ TEXT ]**

JUDGMENT AND SENTENCE RETURNED
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**07-21-2016  [ TEXT ]**

NOTICE OF COMPLETION OF RECORD FOR APPEALS FROM
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

DISTRICT COURT

**07-25-2016  [ TEXT ]**

REQUEST TO TRANSMIT APPEAL RECORDS
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**07-25-2016  [ TEXT ]**                                             $ 200.00

PREPARING AND TRANSMITTING CF/CM RECORD ON APPEAL

(NON-JURY TRIAL)

**07-25-2016  [ TEXT ]**

CERTIFICATE OF MAILING
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**07-06-2017  [ TEXT ]**                                             $ 10.00

OTC: WARRENT INTERCEPT MAILED TO OTC

**09-15-2017  [ TEXT ]**

SUMMARY OPINION DENYING CERTIORARI
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**09-15-2017  [ TEXT ]**

MANDATE
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**05-16-2018  [ TEXT ]**

APPLICATION FOR POST-CONVICTION RELIEF
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**12-19-2018  [ TEXT ]**

STATE'S ANSWER TO PETITIONER'S APPLICATION FOR POST
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

CONVICTION RELIEF



# SUPREME COURT OF OKLAHOMA
## CLERK OF THE APPELLATE COURTS

John D. Hadden

March 2, 2023

Kenneth Tibbetts #122414
JHCC
P.O. Box 548
Lexington, OK 73051

Dear Mr. Tibbetts:

Receipt of the Petition in Error, for filing with the Court of Criminal Appeals, is hereby acknowledged, however the Petition cannot be filed at this time.

The Rules of the Court of Criminal Appeals provide that each Petition must be accompanied by the filing fee of $50.00 or a completed Affidavit in Forma Pauperis, before an appeal number shall be assigned. Upon receipt of the Petition, I did not locate either the filing fee or affidavit. I am enclosing a sample affidavit for your information and I will retain the Petition pending timely receipt of the filing fee or affidavit.

Please be advised that this does not extend your filing deadline. If you do not provide a completed affidavit or required filing fees by your filing deadline, your Petition may be considered out of time and dismissed. Due to the fact the payment of filing fees is based upon the cost for filing documents with this Court, any filing fees submitted on Petition that are determined by the Court to be out of time will not be refunded.

If this office can be of further assistance, please contact us.

Sincerely,

Candace Duncan
Deputy Clerk

# OCCAOnline Rules of the Court of Criminal Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Form 13.2 Affidavit in Forma Pauperis**

The Affidavit in Forma Pauperis must be in the following form:

I, _Kenneth H. Tibbetts_, state that I am a poor person without funds or property or relatives willing to assist me in paying for filing the within instrument. I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct.

Signed this _7th_ day of _March_, 20_23_ at _Lexington, Cleveland, Oklahoma_.
(Print City, County, & State)

_Kenneth H. Tibbetts_
(Signature of Affiant)

_Kenneth H. Tibbetts_
(Print Name)

RECEIVED

MAR 10 2023

CLERK OF THE
APPELLATE COURTS