ORIGINAL

# IN THE DISTRICT COURT OF BECKHAM COUNTY
## STATE OF OKLAHOMA

BECKHAM COUNTY
FILED

SEP 07 2023

DONNA HOWELL, COURT CLERK
BY _____ DEPUTY

KENNETH H. TIBBETTS,
Petitioner,

vs.

STATE OF OKLAHOMA,
Respondent,

)
)
)
)
)
)
)
)
)
)

Case No. CF-2015-188

# APPLICATION FOR POST-CONVICTION RELIEF

I, Kenneth H. Tibbetts, whose present address is **Joseph Harp Correctional Center, P.O. Box 548, Lexington, OK 73051-0548** hereby apply for relief the under Post-Conviction Procedure Act §1080 et. seq., of Oklahoma Statutes Title 22.

The sentence from which I seek relief is as follows:

1. (a) Court in which sentence was rendered: Beckham County, State District Court
   (b) Case Number: CF-2015-188
2. Date of sentence: March 30th 2016
3. Term(s) of sentence: 3 Life Sentences and 2 Ten year Sentences CC and CS to 2 Lifes CC
4. Name of Presiding Judge: Floyd Douglas Haught
5. Are you in custody serving this sentence? (X) yes        ( ) no
   Where? JHCC, P.O. Box 548, Lexington, Oklahoma, 73051
6. For what crimes were you convicted? Robbery w/Weapon; 2cts Poss of F/A AFCF; 2cts Kidnapping; 2 cts Attempted Armed Robbery w/Dang. Weapon
7. Check whether the finding of guilty was made:

   (X) After a plea of guilty      ( ) After a plea of not guilty

8. If found guilty after a plea of not guilty, check whether the following was made by:

   ( ) A jury          ( ) A judge without a jury

Title 22, Ch. 18, App., Form 13.11

i

EXHIBIT 25

9. Name of lawyer who represented you in trial court:

Alicia Sorelle

10. Was your lawyer by you or your family?          (X) yes          ( ) no

Appointed by the court?                             ( ) yes          (X) no

11. Did you appeal the conviction?                  (X) yes          ( ) no

To what court or courts? Oklahoma Court of Criminal Appeals

12. Did a lawyer represent you for the appeal?      (X) yes          ( ) no

Was it the same Lawyer as in No. 9 above?           ( ) yes          (X) no

If "no", what was the lawyer's name? Chad Johnson

Address? P.O. Box 926 Norman, Oklahoma          73070

13. Was an opinion written by the appellate court?  (X) yes          ( ) no

If "yes", give citations if published: _____

If not published, give appellate case no.: C - 2016 - 419

14. Did you seek any further review of or relief from your conviction at any other time in any other court?          (X) yes          ( ) no

If "yes," state when you did so, the nature of your claim and the result (include citations to any reported opinions.): Beckham County State District Court, Post-Conviction relief on May 16th 2018; Denied on March 29th 2023; OCCA, Appeal of Post-Conviction denial on July 12th 2023, Case No PC-2023-581 and the OCCA declined Jurisdiction on July 25th 2023

## PART B

(If you have more than one proposition for relief, attach a separate sheet for each proposition. Answer the questions below as to each additional proposition, labeled SECOND PROPOSITION, THIRD PROPOSITION.)

I believe that I have ___1___ (number of) propositions for relief from the conviction and sentence described in PART A. This is the first proposition: At No Fault Of The Incarcerated Pro Se Petitioner, And At The Fault Of The Beckham County Court Clerk Petitioner Was Denied The Appeal Of The Beckham County District Court's March 29, 2023 Post Conviction Order To The Oklahoma Court Of Criminal Appeals.

1. Of what legal right or privilege do you believe you were deprived in your case? I Was Denied The 22 O.S. §1087 Statutory Appeal of the District Courts Post Conviction Denial Order

2. In the facts of your case, what happened to deprive you of that legal right or privilege and who made the error or which you complain? 1. The statutory §1087, 30 day period is to short, in light of the no prisoner mail box tolling rule and the OCCA R. extending §1087 statutory 30 day time, to 60 days violate the Seperation of Powers clause and is unconstitutional and the Beckham County Court Clerk Office failed to perform its duties to provide the (see iiia) 91.2.

3. List by name and citation any case or cases that are very close factually and legally to yours as examples of the error you believe occurred in the case. Blades v. State, 2005 OK CR, 1, 107 P.3d 607, 608 and at 914, Court is order an Evidentiary Hearing and provide a findings of fact and conclusions for the OCCA]; Robinson v. Whitten (unpubl. opin) WL 7409596 at *4 OCCA declines Jurisdiction, citing failure to provide in Petition In Error date Notice filed );

4. How do you think you could now prove the facts you have stated in answer to Question No. 2, above? Attach supporting documentation. An Evidentiary hearing with testimony or Affidavits of Beckham County District Court Clerk and JHCC prison mailroom and law library officials and logs; and testimony of Petitioner; also the attached Exhibits 1 and 2 and exhibits inside of ATT. Exh(s);

5. If you did not timely appeal the original conviction, set forth facts showing how you were denied a direct appeal through no fault of your own. (**Pursuant to T. 22, Ch. 18, App., Rule 2.1 E. Appeal Out of Time**): _____

PROP 1. # 2 Facts Cont:

incarcerated pro se Petitioner with the requested stamped file copy of his Notice Of Post conviction Appeal and failure to provide Petitioner with Notice Of Completion of appeal Record and Index of Appeal record transmittal letter, rendering the Petitioner incapable of complying with the mandatory OCCA Rule **5.2.6.2**, to provide date the Notice of Post-conviction Appeal was filed in the Jurisdictional Petition In Error.

2. I have always desired to appeal my Beckham County District Court convictions and sentences, and requested the indigent appeal timely and it was pursued and the OCCA affirmed the J&S.

3. I with the assistance of a fellow JHCC prisoner, prepared my verified Post Conviction Relief Application and a pauper Affidavit;

4. I utilized the JHCC prisoner legal mail system on May 14, 2018, to mail 1st class to the Beckham County District Court Clerk Office, PCRA and the Court clerk filed it on May 16th 2018, Id at 14

5. The Court on March 29th 2023 denied the Post-Conviction Application, the Clerk filed, certified and mailed the Denial order to the Petitioner on March 29, 2023. ATT- Ex 1 "Ex A"

6. I received the Courts certified denial order on March 31 2023, and had 20 days from the date the order was filed by the clerk, to file my Notice of Appeal in the District Court or until April 18, 2023 to file the Notice In The District Court; and by Post Conviction Procedure Act, statute 22 §1087.

7. I had only 30 days from the date the denial order was filed in the District or until April 28th 2023 to file my Petition In Error with date the Notice of Appeal was filed in the District Court, in the Oklahoma Court of Criminal Appeals; and under the OCCA Rule 5.2.C-1 I had 60 days from the March 29, 2023 date of the District Court denial order, to file in the OCCA, the Petition In Error, with date

iii (a)

PROP. 1 # Facts (cont.)

the Notice Of Appeal was filed in District Court and Brief In support
of Petition In Error in the OCCA. or by May 30, 2023;

8   Petitioner without any benifits of a mail box tolling rule,
and the conflicting 30 and 60 days to file Petition In Error,
desired to appeal the District Court's denial order. ATT. Ex. 1 "Ex A"

9   I was without sufficient time, to comply with the statutory
30 day time period, to complete the Petition In Error with the
date of the Notice Of Intent To Appeal filed date and statutes
overrule OCCA Rules on time constraints;

10  I timely and properly completed and mailed on April 10th
2023, my Notice Of Appeal to the Beckham County Court Clerk office
with 2 copies of the Notice and request on 1 copy to return
stamped filed to Petitioner notation. ATT. Ex. 1 Ex B " Ex. 1"

11  I received no copy of the Notice of Appeal from the Court
Clerk office, until June 10th 2023 in response to my request
for the date the Notice was filed; ATT. Ex. 2 "Ex(s) 1, 2 and 3;

12  The Notice of Appeal was filed in the District Court on April 18th
2023 and therefore it was timely under the OCCA Rule 5.2.C.1
and insufficient time for me to file in the OCCA, a Petition In
Error with file date of the Notice Of Appeal;

13  The District Court Clerk, by OCCA Rules 5.2.C (6), 5.3.B and
2.3.1 had 30 days from the April 18, 2023 date the Notice Of
Appeal was filed by the Clerk, or until May 18, 2023 to compile
the Notice of record on Appeal, including the certified Notice of
Intent To Appeal, and file in the OCCA, Notice of Appeal record
completion, and notify the Parties, including me, of the compl-
etion of Appeal record in a transmittal letter that included
the Index of Appeal record contents.

14  The District Court Clerk, never notified me or provided
me any Index, which would have included Notice Of Intent
To Appeal, file date.

Prop 1, #2  Facts (cont):

15  I was unable, at no fault of my own and at the fault of the District Court Clerk, from completing for a timely filing in the OCCA, a Petition In Error with the date the Notice Of Appeal was filed in the District Court.

16  Failure to provide the date the Notice Of Appeal was filed in the District Court, in the Petition In Error, is fatal to the Appeal in the OCCA, see Robinson (unpub. opin) Id at *3 (cases cited)

17  I was not capable of completing the Petition In Error, with the date the Notice Of Appeal was filed in the District Court, until/after I received on June 10, 2023, the Notice Of Appeal copy stamped filed by District Court Clerk.

18  I mailed to the OCCA clerk, on July 8th 2023, the completed Pauper, Petition-In-Error and Extension Time To File Brief and it was stamped filed on July 12, 2023, ATT Ex(s) 1 and 2

19  The OCCA declined jurisdiction and dismissed my Appeal on grounds it was out-of-time. ATT-Ex 3

20  I am entitled to and request a recommendation to be granted an out-of-time appeal of the District Court's March 29th 2023 Post Conviction denial order, to the OCCA, on the grounds that at no fault of my own and at the faults of the Beckham County Court Clerk, I was denied the appeal of the Post Conviction denial order of the District Court.

6. Is this a proposition that could have been raised on direct appeal?   ( ) yes          (X) no

Explain: _____

_____

_____

_____

### PART C

I understand that I have absolute right to appeal to the Court of Criminal Appeals from the trial court's order entered in this case, but unless I do so within thirty (30) days after the entry of the trial judge's order, I will have waived my right to appeal as provided by section 1087 of Title 22.

### PART D

I have read the foregoing application and assignment(s) of error and hereby state under oath that there are no other grounds upon which i wish to attack the judgment and sentence under which I am presently convicted. **I realize that I cannot later raise or assert any reason or ground known to me at this time or which could have been discovered by me by the exercise of reasonable diligence.** I further realize that I am not entitled to a second or subsequent application for post-conviction relief based upon facts within my knowledge or which I could discover with reasonable diligence at this time.

### PART E

I hereby apply to have counsel appointed to represent me. I believe I am entitled to relief. I do not possess any money or property except the following: (If none, state "None"). _____

_____

DATED: _September 5, 2023_

SIGNATURE: _Kenneth H. Tibbetts_

Title 22, Ch. 18, App., Form 13.11

iv

STATE OF OKLAHOMA          )
                          )
COUNTY OF CLEVELAND       )

_Kenneth H. Tibbetts_____ being first sworn under oath, states that he/she signed the above application and that the statements therein are true and to the best of his/her knowledge and belief.

_Kenneth H. Tibbetts_____
Signature of Petitioner

Subscribed and sworn before me this _5_ day of _September_____, 20_23_

_Donna Blackman_____
Signature of Notary Public

My Commission Expires: _3_____

DONNA BLACKMAN
NOTARY
# 12002230
EXP. 03/07/24
PUBLIC
STATE OF OKLAHOMA

Title 22, Ch. 18, App., Form 13.11

v

ORIGINAL

ATT-Ex "1"

*1055674020*

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

KENNETH H. TIBBETTS,

          Petitioner,

v.

THE STATE OF OKLAHOMA,

          Respondent.

## PC 2023 581

Case No. _____

**FILED**
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

**JUL 1 2 2023**

JOHN D. HADDEN
CLERK

### PETITION IN ERROR

KENNETH H. TIBBETTS, (Appellant herein), appears *pro se* before this Court, presenting his *Petition in Error and* states as follows:

### I.

On February 20, 2016, Appellant appeared before the Hon. Doug Haught for purpose of a plea hearing in CF-2015-188. Appellant tendered pleas to the seven (7) counts contained in the State's *Information,* which include:

| | |
|---|---|
| Count 1: | ROBBERY WITH A WEAPON |
| Count 2: | POSSESSION OF FIREARM AFTER FORMER FELONY CONVICTION |
| Count 3: | KIDNAPPING |
| Count 4: | KIDNAPPING |
| Count 5: | ATTEMPTED ROBBERY WITH A DANGEROUS WEAPON |
| Count 6: | ATTEMPTED ROBBERY WITH A DANGEROUS WEAPON |
| Count 7: | POSSESSION OF FIREARM AFTER FORMER FELONY CONVICTION |

Appellant was sentenced on March 30, 2016, at which time Judge Haught imposed five (5) concurrent Life sentences on Counts 1, 3, 4, 5 and 6. On Counts 2 and 7, Judge Haught sentenced Appellant to concurrent ten (10) year terms of imprisonment.

Appellant timely moved to withdraw his pleas of guilty on April 6, 2016, and a hearing was held on May 18, 2016, where the Court denied Petitioner's application to withdraw his plea.[1]

Counsel filed Petitioners *Notice of Intent to Appeal* and *Designation of Record* on May 18, 2016, alleging eight (8) propositions of error, to wit:

    a.    The trial court failed to conduct a meaningful inquiry into petitioner's competence;

    b.    There was insufficient factual basis for the plea and therefore his plea was not knowingly, intelligently and voluntarily given;

---

[1]    Due to Alicia Sorelle's request and sustained motion to terminate her representation due to conflict, Petitioner was represented by conflict counsel Richard Yohn at this hearing.

   c.     Petitioner did not receive adequate information on the punishment ranges, therefore it was error to overrule the application to withdraw the guilty plea;

   d.     Imposition of the sentence violated constitutional protections against double jeopardy;

   e.     It was error to admit documents protected by doctor-client privilege;

   f.     Prosecutorial misconduct;

   g.     Ineffective assistance of trial counsel; and,

   h.     Cumulative errors deprived the petitioner of a fair proceeding.

In its *Summary Opinion Denying Certiorari*, this Court affirmed the trial court's denial of Appellant's *Motion to Withdraw Guilty Plea(s)* on September 14, 2017. See ***Tibbetts v. State, C-2016-419*** (Entered 9/14/2017).

Appellant filed his *Application for Post-Conviction Relief* May 16, 2018, and the State responded on December 19, 2018, over seven (7) months later.

Appellant's *Application for Post-Conviction Relief* was denied on March 29, 2023 by the Hon. Jill C. Weedon. (**Exhibit A**, attached hereto)

## II.

Written Notice of Post-Conviction Appeal was filed in the District Court of Beckham County on April 18 2023. (Exhibit B attached hereto)

## III.

Appellant asserts that the following issues are cognizable, and should be considered on appeal:

   I.     THE TRIAL COURT ERRED BY NOT CONDUCTING AN EVIDENTIARY HEARING TO DEVELOP A SUFFICIENT RECORD FOR PROPER ADJUDICATION OF APPELLANT'S CLAIMS, REGARDING:

        (A)    THE PREJUDICE RESULTING FROM DEFENSE COUNSEL'S INEFFECTIVENESS THROUGHOUT PRETRIAL AND PLEA PROCEEDINGS, TO ENABLE A FULL AND FAIR CONSIDERATION ON THIS APPEAL.

        (B)    THE PREJUDICE RESULTING FROM DEFENSE COUNSEL'S CONFLICTING INTERESTS.

        (C)    THE PREJUDICE RESULTING FROM DEFENSE COUNSEL'S FAILURE TO ADEQUATELY INVESTIGATE MENTAL DEFECT AS A DEFENSE, AND TO RETAIN A QUALIFIED EXPERT [2] WHO WAS

---

[2]    In ***Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)***, the expert qualified to conduct such an examination, and to assist in the evaluation, preparation, and presentation of the defense was, at a minimum, "a competent psychiatrist". ***Id., @ 83, 105 S.Ct. @ 1096.***

CAPABLE OF CONDUCTING AN APPROPRIATE EXAMINATION AND ASSISTING IN EVALUATION, PREPARATION, AND PRESENTATION OF THE DEFENSE.

II.   THE WAIVER DOCTRINE FOUND IN *22 O.S. §1086* [3] DOES NOT APPLY IN THIS CASE DUE TO THE DISTRICT COURT'S ERRONEOUS *POST-CONVICTION FINDINGS*.

III.  THE TRIAL COURT ERRED BY NOT GIVING DUE CONSIDERATION TO APPELLANT'S CLAIM THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

IV.

This Court has jurisdiction to entertain this appeal in *22 O.S. §1087* and **Rule 5.2, *Rules of the Court of Criminal Appeals.***

Respectfully submitted,

Kenneth H. Tibbetts, Petitioner
Joseph Harp Correctional Center
#122414
P.O. Box 548
Lexington, OK. 73051

## CERTIFICATE OF MAILING

On this, the 8th day of May, 2023, the foregoing was mailed to Clerk of the Appellate Courts, Oklahoma Judicial Center, 2100 N. Lincoln Blvd., Suite 4, Oklahoma City, OK. 73105-4907.

Kenneth H. Tibbetts, Petitioner

---

[3]   Judge Weedon inaccurately cited the statutory waiver doctrine as *20 O.S. §1086*.

3

Ex "A"

BECKHAM COUNTY
FILED
MAR 29 2023
DONNA HOWELL, COURT CLERK
BY_____
DEPUTY

IN THE DISTRICT COURT OF BECKHAM COUNTY

STATE OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH H. TIBBETS, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CF-2015-188 |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| Respondent. | ) | |

## POST CONVICTION FINDINGS

**ORIGINAL CHARGES:**
Count 1: Robbery with a Weapon After Former Felony Conviction (Life imprisonment)
Count 2: Possession of a Firearm After Former Felony Conviction (10 years)
Count 3: Kidnapping After Former Felony Conviction (Life imprisonment)
Count 4: Kidnapping After Former Felony Conviction (Life imprisonment)
Count 5: Attempted Robbery with a Dangerous Weapon After Former Felony Conviction (Life Imprisonment)
Count 6: Attempted Robbery with a Dangerous Weapon After Former Felony Conviction (Life Imprisonment)
Count 7: Possession of a Firearm After Former Felony Conviction (10 years)

**JUDGMENT AND SENTENCE DATE:** March 30, 2016

**APPLICATION FOR POST CONVICTION RELIEF FILED:** May 16, 2018

**RESPONSE OF DISTRICT ATTORNEY FILED:** December 19, 2018

**WAS FORM AUTHORIZED BY COURT OF CRIMINAL APPEALS USED?** Yes.

**PROCEEDINGS IN COURT OF CRIMINAL APPEALS, IF ANY:** C-2016-419 (Certiorari denied.)

**IS THERE A GENUINE ISSUE OF MATERIAL FACT?** No

**IS AN EVIDENTIARY HEARING NECESSARY?** No

**MATERIAL CONSIDERED BY THE REVIEWING COURT:**
Application for Post-Conviction Relief filed on May 16, 2018;
State's Response to Application for Post-Conviction Relief filed December 19, 2018;
Docket Sheet in CF-2015-188;
Amended Information filed January 19, 2016;
Plea of Guilty Summary of Fact filed February 10, 2016;

1

Notice of Intent to Declare Insanity Defense filed January 20, 2016;
Brief of Petitioner filed October 10, 2016, in C-2016-419 (Court of Criminal Appeals);
Summary Opinion Denying Certiorari filed September 15, 2017 in Beckham County; and
Judgment and Sentence filed July 15, 2016.

## FINDINGS OF FACT:

1.  Petitioner entered a plea of guilty on February 20, 2016, and was sentenced on March 30, 2016.  Petitioner was represented by attorney Alicia Sorelle at the time of plea.

2.  A Notice of Intent to Declare Insanity as a Defense was filed on January 20, 2016.

3.  Petitioner filed a Motion to Withdraw Plea on April 6, 2016.  Conflict counsel was appointed.  A hearing on the motion was held on May 11, 2016, and the Honorable Doug Haught denied the motion.

4.  Petitioner timely sought a writ of certiorari.  He alleged eight (8) propositions of error including ineffective assistance of counsel.  Petitioner claimed trial counsel was ineffective due to failure to investigate Petitioner's mental health issues, failure to challenge the factual basis of Petitioner's plea, failure to advise Petitioner of the sentencing ranges, failure to object to double jeopardy, failure to object to privileged material being introduced at sentencing, failure to object to inappropriate comments by the prosecutor, and failure to invoke the rule of sequestration at sentencing.  The writ was denied and the Judgment and sentence affirmed.

### CONCLUSIONS OF LAW:

I.   **The waiver doctrine found in 20 O.S. §1086 does not apply to fundamental constitutional claims.**

Insofar as this proposition applies to the Petitioner's claims, it will be discussed with each individual Proposition below.

2

II.     Petitioner was denied constitutionally effective assistance of counsel due to an actual conflict of interest with his retained counsel of record.

Petitioner alleges that his wife hired attorney Alicia Sorelle to represent him.  He further alleges that Celo Harrel, his wife's attorney in a divorce case against Petitioner, recommended Ms. Sorelle, and that Sorelle and Harrel were law partners.

Petitioner has established that Sorelle and Harrel office out of the same physical address, but there is no evidence that they were law partners.  In fact, the letterhead of each attorney attached as Exhibit 21 and Exhibits 26-30 to the Post-Conviction Application show that Sorelle and Harrel were both sole practitioners.  Exhibits 22 and 23 show that they had different telephone numbers.

Lawyers in a firm are prohibited from representing a client if "any one of them practicing alone would be prohibited from doing so..."  Oklahoma Rules of Professional Conduct Rule 1.10(a).  A firm is defined as "a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law..."  Oklahoma Rules of Professional Conduct Rule 1.0(c). There is no evidence that Sorelle and Harrel were associated in any way other than officing in the same building.

Petitioner seems to argue that Sorelle had a conflict of interest because a lawyer in the same building represented Petitioner's wife in a potential divorce against him.  Putting aside the fact that there is no evidence of a law firm relationship between the two lawyers, there is no evidence that Sorelle's representation of Petitioner in a criminal case would be directly adverse to his wife, or that there was

3

a significant risk that Harrel's representation of his wife would materially limit Sorelle's representation of him. Oklahoma Rules of Professional Conduct Rule 1.7(a).

Petitioner further alleges that Alicia Sorelle "shared a personal and vicarious relationship" with the victims, the grandchildren of the victims, and Judge Haught. Petitioner relies solely on evidence that Alicia Sorelle is Facebook friends with Dana Southall, Jenna Dodson, and Judge Haught for his allegation of conflict of interest. Petitioner has not established that Dana Southall and Jenna Dodson are related to any victim in this case. Even taking the evidence in the light most favorable to Petitioner, the existence of a Facebook relationship with a granddaughter of a victim does not establish a conflict of interest for an attorney. Petitioner has also failed to establish any conflict of interest due to a purported relationship with Judge Haught.

The claim of ineffective assistance of counsel due to a conflict of interest is denied. The Court further finds that this claim has been waived pursuant to 22 O.S. §1086. Petitioner certainly knew about the alleged conflict of interest between Sorelle and Harrel at the time he appealed the plea.

Proposition I is denied.

III.    **The District Court of Beckham County was without subject matter jurisdiction to prosecute Petitioner.**

4

Petitioner alleges that the District Court of Beckham County, State of Oklahoma, did not have jurisdiction to prosecute him pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020).

It is undisputed that the location of the crime is within the historical boundaries of the Cheyenne and Arapaho Reservation. Petitioner asserts that the reservation still exists, and the State of Oklahoma cannot prosecute him for a crime committed in Indian Country. In *Murphy v. Royal*, 875 F.3d 896, 904 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412 (2020), the Tenth Circuit explained:

> All land within the borders of an Indian reservation – regardless of whether the tribe, individual Indians, or non-Indians hold title to a given tract of land – is Indian country unless Congress has disestablished the reservation or diminished its borders.

The United States Supreme Court recently addressed the application of the Major Crimes Act to crimes committed within the Creek Nation in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). Justice Gorsuch succinctly stated the analysis for determining disestablishment of a reservation:

> To determine whether a tribe continues to hold a reservation, there is only one place we may look: the Acts of Congress.

*McGirt* at 2462. It is not within the Court's role to disestablish a reservation.

> But wishes don't make for laws, and saving the political branches the embarrassment of disestablishing a reservation is not one of our constitutionally assigned prerogatives. "[O]nly Congress can divest a reservation of its land and diminish its boundaries." *Solem*, 465 U.S., at 470, 104 S.Ct. 1161. So it's no matter how many other promises to a tribe the federal government has already broken. If Congress wishes to break the promise of a reservation, it must say so.

*Id.* Congress must explicitly state "an act of cession, the transfer of a sovereign claim from one nation to another." *Id.* *McGirt* sets out examples of language used by Congress to withdraw a reservation: words such as "cession," an unconditional commitment to compensate the tribe for its land, and language evidencing total surrender of tribal interests. *Id.*

5

The General Allotment Act of February 8, 1887, authorized the President of the United States to allot portions of reservation land to tribal members and sell surplus land to settlers. The Jerome Commission was established to negotiate with the individual tribes. The Creek Nation's treaty allotted all lands belonging to the Creek Nation "among the citizens of the tribe". *Creek Allotment Agreement* ratified March 1, 1901, ch 676 Fifty-Sixth Congress. The Creek Nation's surplus land (except land reserved for some public purposes such as schools and courthouses) was further allotted to tribal members to equalize the value of allotments. *Id.* The allotment deeds conveyed "all right, title, and interest of the Creek Nation and of all other citizens in and to the lands embraced in his allotment certificate". *Id.* The conveyances further relinquished all right, title and interest of the United States in the deeded lands. *Id.*

The Cheyenne and Arapaho Tribes' agreement was codified in The Act of March 3, 1891. Under this treaty, Cheyenne and Arapaho tribal members could each choose 160 acres for an individual allotment. The Cheyenne and Arapaho Tribes were paid $1,500,000.00 as consideration for the unallotted land. (The actual payment of these funds was problematic, but that issue is not before the Court.)

The Act of March 3, 1891, stated that, subject to the allotment of land to the individual members of the tribe:

> Cheyenne and Arapahoe tribes of Indians hereby **cede, convey, transfer, relinquish and surrender forever and absolutely, without any reservation whatever express or implied, all claim, title, and interest, of every kind and character,** in and to the lands embraced in the following described tract of country in the Indian Territory, to-wit:

The Act goes on to describe an area of land that appears to include the location of the subject offense.

6

The funds were to be paid to the Cheyenne and Arapaho Tribes in consideration for "...the **cessation of territory and relinquishment of title, claim, and interest** in and to lands as aforesaid...". The Tenth Circuit has interpreted this language as evincing a "manifest purpose to dissolve tribal government and assimilate the Indian allottees in the community". *Ellis v. Page*, 351 F.2d 250, 252 (10th Cir. 1965). In a hunting rights case in the Tenth Circuit, the Cheyenne and Arapaho Tribes did not contest the district court's finding that the reservation was disestablished. *Cheyenne-Arapaho Tribes of Oklahoma v. State of Oklahoma*, 618 F.2d 665, 667 (10th Cir. 1980).

The language in the treaty with the Cheyenne and Arapaho Tribes is very different from the language in the Creek Nation's Treaty. The plain language of the Act appears to divest the Cheyenne and Arapaho Tribes of all rights to the surplus land. The language "cede... relinquish and surrender forever and absolutely" along with the receipt of consideration for "cessation of territory" rises to the level of an act of cession. The Cheyenne and Arapaho Tribe sold their surplus unallotted lands to the Federal Government without reserving any interest and thereby disestablished the reservation.

The Court notes that the Cheyenne and Arapaho Tribes made their agreement only four years after the Dawes Act, and ten years before the Creek Nation finally signed a treaty.

Pursuant to the analysis set out in *McGirt*, the Court finds that the Cheyenne and Arapaho Treaty, which was ratified by Congress through the Act of March 3, 1891, disestablished the Cheyenne and Arapaho Tribes' Reservation.

Indian Country includes Indian reservations, dependent Indian Communities, and Indian allotments to which the Indian titles have not been extinguished. 18 USC §1151; *State v. Klindt*,

7

1989 OK CR 75, 782 P.2d 401, 403. There is no evidence that the crime occurred on Trust Land, land owned by the Tribe, or an existing Indian allotment.

The Oklahoma Court of Criminal Appeals considered the Kiowa allotment and cession agreement and found it disestablished the Kiowa Comanche Apache Reservation. *Martinez v. State* 2021 OK CR 40 ¶18-24. In an unpublished opinion, the Court of Criminal Appeals found the Cheyenne and Arapaho agreement contained "almost identical language" as the Kiowa agreement, and found the historic Cheyenne and Arapaho Reservation was disestablished by Congress. *State v. Whitebuffalo,* F-2021-429 at page 8.

Further, the Oklahoma Court of Criminal Appeals has ruled that *McGirt* does not apply retroactively to convictions already final when that ruling was announced. *Matloff v. Wallace,* 2021 OK CR 21 ¶40. Petitioner's convictions were final for at the time *McGirt* was decided, and relief is further barred by the ruling in *Matloff.*

Proposition III is denied.

**IV.    Petitioner was denied constitutionally effective assistance of counsel due to the deficient performance of his attorney and the resulting prejudice Petitioner suffered, which was the proximate result of conflicting interests.**

To prevail on his claims of ineffective assistance of trial counsel, Petitioner must show counsel's (1) deficient performance, by demonstrating that counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 669, 687-689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner again argues that Ms. Sorelle was ineffective due to conflict of interest. This claim was addressed in Proposition II above, and is denied.

8

Petitioner also argues that Sorelle failed to investigate or conduct pretrial preparation. This is a thinly veiled attempt to raise the claim that Sorelle failed to follow through with the investigation of Petitioner's insanity defense. Petitioner argued this in his Petition for Certiorari. Brief of Petitioner page 41-42. This claim is res judicata.

Petitioner further argues that Sorelle compelled him to plead and give up his right to trial. The voluntariness of his plea was previously decided by the Court of Criminal Appeals. This claim is res judicata.

Proposition IV is denied.

### V.   Petitioner was denied constitutionally effective assistance of appellate counsel.

Post-conviction claims of ineffective assistance of appellate counsel are reviewed under the standard for ineffective assistance of counsel set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Smith v. Robbins,* 528 U.S. 259, 289, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000). *Logan v. State* 2014 OK CR. 2 ¶5. Petitioner must show (1) deficient performance (objectively unreasonable conduct by counsel) and (2) resulting prejudice (reasonable probability that the appeal would have had a different result absent counsel's error). *Id.* This Court must consider the merits of the omitted appellate issues and ask "is there a reasonable probability that raising the omitted issues would have resulted in a different outcome in the direct appeal?" *Id.* at ¶6.

Petitioner fails to explicitly identify any claims omitted from his appeal. The Court will assume that Petitioner meant to allege appellate counsel was ineffective due to failure to raise Propositions II, III, and IV. The record reflects that appellate counsel argued ineffective

9

assistance of trial counsel. The Court has found that trial counsel did not have a conflict of interest and that the crime was not committed within Indian Country. Therefore, appellate counsel was not ineffective for failure to raise these claims. Proposition V is denied.

**ORDER: IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT PETITIONER'S APPLICATION FOR POST CONVICTION RELIEF IS DENIED.**

**DATE:** March 29, 2023

**COURT REPORTER PRESENT:** None

_____
JILL C. WEEDON
JUDGE OF THE DISTRICT COURT

I, DONNA HOWELL, Court Clerk for Beckham County Oklahoma hereby certify that the foregoing is a true correct and complete copy of the instrument herewith set out as appears of record in District Court Clerk's Office of Beckham County, Oklahoma this 29 day of March, 2023
DONNA HOWELL, Court Clerk
BY _____ DEPUTY

10

BECKHAM COUNTY
FILED

MAR 29 2023

DONNA HOWELL, COURT CLERK
BY_____
DEPUTY

IN THE DISTRICT COURT OF BECKHAM COUNTY
STATE OF OKLAHOMA

KENNETH HAROLD TIBBETTS,      )
              Petitioner,     )
v.                            )      Case No. CF-2015-188
                              )
STATE OF OKLAHOMA,            )
              Respondent.     )

## CERTIFICATE OF DELIVERY

I hereby certify that on the 29 day of March, 2023, I mailed a file stamped,

CERTIFIED copy of the Post-Conviction Findings filed on this date, the following parties and/or

attorneys, to wit:

Kenneth Harold Tibbetts
DOC # 122414
Joseph Harp Correctional Center
P.O. Box 548
Lexington, OK 73051-0548

Angela Marsee
Julia O'Neal
District Attorney
Beckham County Courthouse
Sayre, Oklahoma
(hand-deliver)

Clerk of the Court of Criminal Appeals
Oklahoma Judicial Center
2100 N. Lincoln Blvd., Suite 4
Oklahoma City, OK 73105



DONNA HOWELL,
COURT CLERK

By: Deputy

1

Ex "B"

BECKHAM COUNTY
FILED

APR 1 8 2023

DONNA HOWELL, COURT CLERK
BY_____DEPUTY

### IN THE DISTRICT COURT OF BECKHAM COUNTY
### STATE OF OKLAHOMA

KENNETH *H*. TIBBETTS,
           **Petitioner,**

v.

*Case No. LF-2015-188*

THE STATE OF OKLAHOMA,
           **Respondent.**

### NOTICE OF POST-CONVICTION APPEAL

The Petitioner gives notice of intent to appeal the order denying his application for post-conviction relief entered in the District Court of Beckham County, on the 31st day of March, 2023,[1] arising from District Court Case No. CF-2016-188. The Petitioner requests the preparation of the record on appeal as required by Rule 5.2(C)(6).

*Kenneth H. Tibbetts*
Kenneth *H*. Tibbetts, Petitioner
#122414
Joseph Harp Correctional Center
P.O. Box 548
Lexington, OK. 73051

I, DONNA HOWELL, Court Clerk for Beckham County Oklahoma hereby certify that the foregoing is a true correct and complete copy of the instrument herewith set out as appears of record in District Court Clerk's Office of Beckham County, Oklahoma.
this 14th day of June, 20 23
DONNA HOWELL, Court Clerk
BY_____DEPUTY

---

[1]    Petitioner actually received this order at the Joseph Harp Correctional Center on March 31, 2023.

# OCCAOnline Rules of the Court of Criminal Appeals

**Form 13.2 Affidavit in Forma Pauperis**

The Affidavit in Forma Pauperis must be in the following form:

I, *Kenneth Tibbetts*, state that I am a poor person without funds or property or relatives willing to assist me in paying for filing the within instrument. I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct.

Signed this *10th* day of *July*, 20 *23* at *Lexington, Cleveland, OKla.*
(Print City, County, & State)

_____
(Signature of Affiant)

*Kenneth H. Tibbetts*
(Print Name)

<<Prior Section    Index    Next Section>>

Return to OCCA Online

Service provided by the IS department of the Oklahoma Court of Criminal Appeals.
Email our webmaster with any of your comments or suggestions.

RECEIVED
JUL 12 2023
CLERK'S OFFICE

ORIGINAL

ATT-Ex "3"

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

JUL 25 2023

JOHN D. HADDEN
CLERK

# IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF OKLAHOMA

THE CLERK SHALL ENTER THE FOLLOWING ORDERS OF THE COURT:

**1**      **RE-2023-341**                      **MEGAN LEIGHANN SANDERS**
       **Okmulgee County**          **v. THE STATE OF OKLAHOMA**
       **Case No. CM-2017-450**
       **Honorable Deborah Reheard**
       **Special Judge**

### ORDER DISMISSING APPEAL

Appellant's Petition in Error was due on or before July 5, 2023, but was not timely filed. Pursuant to this Court's Rule 3.1(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2023), the filing of the Petition in Error is jurisdictional and failure to timely file constitutes waiver of the right to appeal. As the Petition in Error was not timely filed, the above-styled appeal is **DISMISSED.** If Petitioner feels she has been denied an appeal through no fault of her own, she may seek the appropriate relief with the District Court. *See* Rule 2.1(E)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2023). Issuance of this order concludes proceedings before this Court.

CONCUR: Rowland, P.J.; Hudson, V.P.J.; Lumpkin, J.; Lewis, J.; Musseman, J.

**2**      **MA-2023-559**                      **JOHNNY VAN FERRELL, JR.**
       **Rogers County**             **v. THE STATE OF OKLAHOMA**
       **Case Nos. CF-2009-465,**
       **CF-2009-483, CF-2010-31,**
       **CF-2010-31 and**
       **CF-2019-524**
       **Honorable Stephen R. Pazzo**
       **District Judge**

### ORDER DECLINING JURISDICTION

Rule 10.3, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2023) requires an applicant seeking extraordinary relief to serve notice on

the adverse party when requesting relief from this Court. Petitioner has failed to give adequate notice to the proper party. The Court **DECLINES** jurisdiction and **DISMISSES** this matter.

CONCUR: Rowland, P.J.; Hudson, V.P.J.; Lumpkin, J.; Lewis, J.; Musseman, J.

| | | |
|---|---|---|
| **3** | **PC-2023-581** | **KENNETH H. TIBBETTS v. THE** |
| | **Beckham County** | **STATE OF OKLAHOMA** |
| | **Case No. CF-2015-188** | |
| | **Honorable Michelle Kirby** | |
| | **Roper** | |
| | **Associate District Judge** | |

## ORDER DECLINING JURISDICTION

Petitioner's request for post-conviction relief was denied by the District Court in an order filed March 29, 2023. Petitioner's Petition in Error should have been filed with this Court on or before May 30, 2023, but was not filed until July 12, 2023. Petitioner failed to timely file the Petition in Error with the Clerk of this Court within sixty (60) days from the filing date of the District Court's final order. *See* Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2023). The Court **DECLINES** jurisdiction and **DISMISSES** this matter. If Petitioner feels he has been denied a post-conviction appeal through no fault of his own, he may seek the appropriate relief with the District Court. *See* Rule 2.1(E)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2023).

CONCUR: Rowland, P.J.; Hudson, V.P.J.; Lumpkin, J.; Lewis, J.; Musseman, J.

**IT IS SO ORDERED.**

**WITNESS MY HAND AND THE SEAL OF THIS COURT** this ___25___ day of July, 2023.

_____
**SCOTT ROWLAND, Presiding Judge**

ATTEST:

*John D. Hadden*
_____
Clerk

2

ORIGINAL

ATT-EX 2

IN THE OKLAHOMA CRIMINAL COURT OF APPEALS

KENNETH TIBBETTS,
                    APPELLANT

-Vs-

STATE OF OKLAHOMA
                    APPELLEE

PC  2023  581

Case No.

**FILED**
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

JUL 12 2023

JOHN D. HADDEN
CLERK

APPELLANT'S MOTION FOR AN EXTENSION OF
TIME TO FILE APPELLANT'S BRIEF IN SUPPORT OF
APPELLANT'S PETITION IN ERROR.

Comes Now, Kenneth Tibbetts the Appellant appearing and proceeding Pro se to submit this Motion For An Extension of Time To File Appellant's Brief In Support Of Post Conviction Petition In Error.

In Support of this Motion, Appellant states and shows this Honorable Court:

1 Appellant is currently and has been since 2016, an incarcerated Oklahoma State prisoner and unable to communicate with or access the State Courts and its Court Clerks Office, except by U.S. Mail.

2. The District Court of Beckham County, on 3/29/2023 denied Appellant's 5/16/2016 Post Conviction Relief Application. See Appellant's Petition In Error, Ex. A (copy of the 3/29/23 certified order of the District Court denying Post Conviction Application.)

**1**

2. Appellant on 3/31/2023 received by U.S. Mail, the District Court 3/29/23 order denying Post Conviction Relief. See Ex "1" (copy of envelope the 3/29/23 denial order mailed to Appellant, reflecting Appellant received on 3/31/23);

3 Appellant pursuant to OCCA Rule 5, had 20 days from 3/29/23 to file a Notice Of Intent To Appeal and Request For Record in the District Court, and 60 days from the 3/29/23 denial order, to file the Petition In Error, Brief In Support and Pauper Affidavit or submit filing Fee in this Court, in order to appeal the denial order.

4. Appellant on 4/10/2023 timely mailed a Notice Of Intent To Appeal to the District Court and a copy to the OCCA. See Petition In Error. Ex "B" (copy of Notice in District Court) and See Ex "Z" (Copy Of Notice to OCCA)

The OCCA Clerk on 4/13/2023 stamped the Notice and returned it in U.S. mail. the Appellant received on 4/15/2023. See Ex "Z" (copy of Notice OCCA Clerk stamped filed on 4/13/23, that Appellant received by US Mail on 4/15/23)

The District Court Clerk on a unknown date, timely received Appellant's Notice Of Intent To Appeal and stamped it filed on 4/18/2023. See Petition In Error. Ex "B"

The District Court Clerk, failed to return Appellant's stamped Copy of the Notice, failed to notify Appellant of it receipt, date of receipt and date filed, until Appellant on 6/8/2023 wrote the Clerk inquiring of Notice filed date, and in response to that inquiry. the Clerk on 6/14/2023 mailed Appellant the stamped filed copy of his Notice Of Intent To Appeal, that Appellant

received on 6/26/2023. See Ex "3" (copy of envelope Clerk mailed to Appellant containing the stamped filed copy of Notice and reflecting Appellant received mail on 6/20/23)

5. Appellant was unable to complete the Jurisdictional Petition In Error and timely perfect it's filings in the OCCA on or before it's 5/28/2023 due date, as the result of the District Court Clerk. Inordinate delaying the disclosure of the date the Appellant's Notice Of Intent was filed, in order for the Appellant to comply with OCCA Rule 5. requirement that date Notice filed in District Court entered in the Petition In Error.

6. On 5/19/2023 the State prisons were on a State wide lockdown until 6/27/23. During this lockdown prisoners including Appellant was without access to utilize the prison Pro Se legal program services of Court forms, notary, xeroxing, pauper processing and prisoner law clerks, therefore the Appellant exercised due dilligence in an attempt to file a protectional pleading on 5/26/2023. by mailing to the OCCA an Extension Of Time To File the Brief In Support. The OCCA Clerk on 6/1/2023 Stamped filed the Extension of Time Motion and returned the Stamped filed copy to Appellant, denied due to no open appeal case. See Ex "4" and "5" (copy of Extension and denial of Extension on 6/1/23); Ex 6 (copy of OCCA envelope reflecting Appellant received on 6/6/2023);

7. The Appellate issues in this case are Jurisdictional (see McGirt v. Oklahoma, 140 S-Ct. 2452 (2020), involves very complex Factual and legal Treaties, retro active applications of State decisional cases. such as Matloff v Wallace, 2021 OKCR 21, that has recently been rejected by Federal Habeas decision. See Graham v White __ F.Supp 3d __ 2023 WL 4141662; and Appellant having no training or Skills at law. is in need of additional time to complete his Brief In Support of his Petition In Error.

8. Appellant for the aforesaid reasons and grounds. respectfully request this Court grant him a 60 day Extension of time to file his Brief In Support, from 7/11/2023 to 9/10/2023.

## CONCLUSION AND PRAYER FOR RELIEF:

Appellant in good faith, and not for purposes of harrassment or undue delay tactics, respectfully request this Honorable Court grant Appellant a 60 Extension of Time, or until ▓ 9/10/2023 to file his Brief In Support in this Court.

All Premises considered on this 8th day of July 2023 by the Appellant, Kenneth Tibbetts

/S/ Kenneth H. Tibbetts

Ex "2"

## IN THE DISTRICT COURT OF BECKHAM COUNTY
## STATE OF OKLAHOMA

KENNETH H. TIBBETTS,
　　　　　　Petitioner,

v.

THE STATE OF OKLAHOMA,
　　　　　　Respondent.

*Case No. CF-2016-188*

### NOTICE OF POST-CONVICTION APPEAL

The Petitioner gives notice of intent to appeal the order denying his application for post-conviction relief entered in the District Court of Beckham County, on the *31st* day of March, 2023, [1] arising from District Court Case No. CF-2016-188. The Petitioner requests the preparation of the record on appeal as required by Rule 5.2(C)(6).

　　　　　　　　　　　*Kenneth H. Tibbetts*
　　　　　　　　　　　Kenneth H. Tibbetts, Petitioner
　　　　　　　　　　　#122414
　　　　　　　　　　　Joseph Harp Correctional Center
　　　　　　　　　　　P.O. Box 548
　　　　　　　　　　　Lexington, OK. 73051

RECEIVED

APR 13 2023

CLERK OF THE
APPELLATE COURTS

---

[1]　　　　Petitioner actually received this order at the Joseph Harp Correctional Center on March 31, 2023.



**Donna Howell**
Court Clerk of Beckham County
BECKHAM COUNTY COURTHOUSE
POST OFFICE BOX 520
SAYRE, OKLAHOMA 73662-0520

Ex "3"

122414  J-202  A ron

KENNETH HAROLD TIBBETTS
J.H.C.C. J UNIT 202B
PO BOX 548
LEXINGTON, OK  73051

JUN 20

IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

KENNETH H. TIBBETTS
    Petitioner/Appellant

Ex "4"

Case No. CF-2016-188

V.

THE STATE OF OKLAHOMA

MOTION FOR EXTENSION OF TIME TO FILE PETITION IN ERROR
AND BRIEF IN SUPPORT OF PETITION IN ERROR

Comes now the petitioner/appellant, Kenneth H. Tibbetts, and moves this Court for an extension of time from May 31, 2023 to June 30, 2023, to file his petition in error and brief in support of petition in error on his current post conviction application. This would be a 30 day extension.

The Department of Corrections, and this facility where petitioner is housed at, Joseph Harp Correctional Center, is on a statewide lockdown, and has been since May 19, 2023. There is no indication when the lockdown will be lifted. Petitioner has no access to the law library resources to complete his post conviction, books and materials to complete this and get this done at this time.

The final judgment from the District Court on this post conviction in Tibbetts v. State, CF 2015-188 (Beckham Co.) (Entered March 28, 2023) was received by petitioner at Joseph Harp on May 31, 2023. Petitioner filed Notice of Intent to Appeal Post Conviction with OCCA and Beckham Co. District Court within the 20 days.

Wherefore, due to the above consideration, petitioner/appellant prays this Court will grant this motion for a 30 day extension, until June 30, 2023, for petitioner/appellant to file his post conviction petition in error and brief in support of petition in error.

Respectfully Submitted,

Kenneth H. Tibbetts

Kenneth H. Tibbetts #122414
Joseph Harp Corr. Center
J unit 202 B
P.O. Box 548
Lexington, OK 73051

RECEIVED

JUN - 1 2023

CLERK'S OFFICE

## CERTIFICATE OF SERVICE/MAILING

I, KENNETH H. TIBBETTS, DO HEREBY CERTIFY THAT I MAILED TRUE AND CORRECT COPIES OF THE FOREGOING MOTION FOR AN EXTENSION OF TIME TO THE BELOW NAMED OFFICIALS ON THIS 26th DAY OF MAY, 2023.

COURT CLERK OF THE APPELLATE COURTS
OKLAHOMA JUDICIAL CENTER
2100 N, LINCOLN BLVD, STE, 4
OKLA, CITY, OK 73105

ATTORNEY GENERAL OF OKLAHOMA
112 STATE CAPITOL BLDG.
OKLA. CITY, OKLA. 73105

Kenneth H. Tibbetts
Petitioner/Appellant



_Ex "5"_

# THE SUPREME COURT
## State of Oklahoma

---

John D. Hadden
Clerk of the
Appellate Courts

2100 N. Lincoln, Ste. 4
Oklahoma City, Ok 73105

(405)556-9400

June 1, 2023

Kenneth H. Tibbetts #122414
JHCC
P.O. Box 548
Lexington, OK 73051

Re: Motion for Extension of Time to File Petition in Error.

Mr. Tibbetts:

Receipt of your motion is hereby acknowledged. This Court cannot file documents that do not have an open case on file. I am returning this motion to you as I cannot file it without a case to file it in. I have also included the OCCA Rules 5.1 through 5.6 for your perusal.

If our office can be of any further assistance please reach out to us again.

Sincerely,

_Candace Duncan_

Candace Duncan
Deputy Court Clerk



Clerk of the Appellate Courts
Oklahoma Judicial Center
2100 N. Lincoln Blvd., Ste. 4
Oklahoma City, Oklahoma 73105-4907

Ex "6"

I- 232 A open

Kenneth H. Tibbetts #122414
JHCC
P.O. Box 548
Lexington, OK 73051

JHCC
LAW LIBRARY

JUN 0 6 2023

RECEIVED

quadient
IMI
FIRST-CLASS MAIL
$000.84 º
06/01/2023 ZIP 73105
043M31232160

US POSTAGE

Clerk of the Appellate Courts
Oklahoma Judicial Center
2100 N. Lincoln Blvd., Ste. 4
Oklahoma City, Oklahoma 73105-4907

**Kenneth H Tibbetts**
**#122414**
**P.O. Box 548**
**Lexington, OK 73051**
**PC-2023-581**

JHCC
LAW LIBRARY

JUL 27 2023

RECEIVED