"ORIGINAL"

IN THE DISTRICT COURT OF Beckham

STATE OF OKLAHOMA

BECKHAM COUNTY
COUNTY FILED

SEP 07 2023

DONNA HOWELL, COURT CLERK
BY _____ DEPUTY

Kenneth H. Tibbetts
Petitioner,

vs.

STATE OF OKLAHOMA,
Respondent,

)
)
)
)
)
)
)
)
)

Case No. CF-2015-188

## BRIEF IN SUPPORT OF
## APPLICATION FOR POST-CONVICTION RELIEF

Comes Now Kenneth H. Tibbets, the Petitioner appearing and proceeding
Pro se and submits this Brief In Support of his pro se verified Post Conviction
Relief Application (PCRA) 22 O.S. 2022 §§1080 et seq. Seeking this Court's
recommendation to the Oklahoma Court of Criminal Appeals (OCCA), that it
grant Petitioner an Appeal-Out-Of-Time, from this Court's March 29th 2023
denial of Post Conviction Relief Order, pursuant to Rule 2.1.E(1) and (3),
Rules of the Oklahoma Court of Criminal Appeals, Title 21 Ch. 18 (2023).

STATEMENT OF THE CASE.

1. Petitioner, was convicted by pleas and sentenced on March 30, 2016, in Beckham
County, State District Court Case No. CF-2015-188; and on September 14th 2017 the
OCCA affirmed the J&S in case No. C-2016-419; See PCRA id at pp. i-ii;

2. Petitioner's pro se and verified Pauper Affidavit and PCRA, Case No. CF-2015-188
was filed in the Beckham County, District Court, on May 16th 2018, requesting

Brief in Support of Application for Post Conviction Relief
1

EXHIBIT 26

attorney assistance and redress relief vacating and setting aside the plea convictions and sentences.; See ATT-Ex "1" Ex "A" at p. 1

3. The Respondent, State on December 19th 2018 filed in the Beckham County District Court, its answer to Petitioner's PCRA, requesting the Court to deny the PCRA; Ex A p. 1 id

4. The Beckham County District Court denied Petitioner's PCRA on March 29, 2023 and the Beckham County Court clerk office, mailed a certified copy of the order to the Petitioner,: Id, Ex ATT. 1. Ex "A" and ATT. Ex "2" pp. 2-3 and Ex(s) 1-6;

5. Petitioner's pro se Notice OF Intent To Appeal, requesting Preparation of Record, was filed in the Beckham County District Court on April 18th 2023; and the Copy of the NOA, Petitioner sent to the OCCA clerk on April 10th 2023, was stamped filed by the OCCA clerk office on April 13th 2023; See Id ATT-Ex "1" Ex "2"

6. Petitioner's May 26th 2023, Motion for Extension OF Time To File Petition-In-Error and Brief-In-Support of Petition-In-Error was received in the OCCA clerk office on June 1st 2023; and on June 1st 2023 the clerk returned unfiled to Petitioner the Extension OF Time Motion, on grounds "no open case on file."; See Id ATT-Ex "2" pp. 2-3 and Ex(s) "4-6"

7. Petitioner through the prison legal mail system, mailed 1st class on June 8th 2023, to the Beckham County District Court Clerk office, a letter inquiring and requesting the date, the Petitioner's April 10th 2023 Notice OF Intent To Appeal, was filed in the Beckham County District Court, and on

177

June 14th 2023 the court Clerk certified the copy of Petitioner's April 10th 2023 Notice Of Intent To Appeal, stamped filed April 18th 2023 and mailed it to Petitioner, 1st Class. Id. ATT-Ex "A" Ex."1" and ATT. Ex "2" pp. 2-3, Ex 1-3"

8. Petitioner through the prison legal mail system, received on June 20th 2023 1st class mail from the Beckham County District Court Clerk Office, with the stamped filed April 18th 2023 copy of Petitioner's April 10th 2023 Notice Of Intent To Appeal; Id Att-Ex "2" pp. 2-4 and Ex(s) 1-3.

9. Petitioner pro se pauper affidavit, Petition In Error and Extension Of Time To File Brief-In-Support Motion was filed in the OCCA, on July 12th 2023, and numbered PC-2023-581; See ATT-Ex "3" p. 2

10. On July 25th 2023 The OCCA declined appellate jurisdiction, on grounds Petition In Error was due May 30, 2023 and was filed out-of-time on July 12th 2023 and if Petitioner feels he was denied this appeal at no fault of his own, he may seek appeal out of time relief in the Beckham County District Court; See Id ATT-Ex. "3" at p. 2

11. Petitioner informa pauper and pro se files the accompanying verified PCRA, seeking and requesting assistance of an attorney, an Evidentiary Hearing and a recommendation to the OCCA, to grant Petitioner an appeal out of time of this Court's March 29, 2023 order denying

178

Petitioner's PCRA.

## II.

## STATEMENT OF FACTS

**1.** Petitioner currently and has been since March 30, 2016 an incarcerated Oklahoma State prisoner under Judgment and Sentence authority of the Beckham County District Court in case no. CF-2015-188; See PCRA 2d at p.1;

**2.** Petitioner due to the confinement conditions of his incarceration, can only communicate with Courts and officers there-of by U.S. mail. Id, PCRA

**3.** Petitioner, through the "Joseph Harp Correctional Center" (JHCC) prisoner legal mail system, on May 14th 2018, mailed 1st Class, a pro se pauper affidavit an original and 2 copies of the pro se verified Post-Conviction Relief Application (PCRA) requesting on one of the 2 copies, the Court clerk, return to Petitioner stamped filed. Id PCRA #2 "Facts"

**4.** The Beckham County Court Clerk office, on May 16th 2018 stamped filed the Petitioner's May 14, 2018 verified PCRA, and mailed a stamped file copy of PCRA, to the Petitioner at JHCC, by 1st class mail. PCRA #2 Facts

**5.** The Respondent filed its answer in the District Court on December 19, 2018 and by 1st Class mail, served a copy of the Stamped-filed copy of the answer to the Petitioner at JHCC.

**6.** The Beckham County District Court denied Petitioner's verified PCRA on March 29, 2023; and in accordance with OCCA Rule 5.3.A the Clerk of

4

179

the Court, on March 29th 2023 certified and mailed 1st class to the Petitioner at JHCC, a copy of the denial order. PCRA Facts #2 ¶5-6

7. Petitioner, through the JHCC prison legal mail system, received on March 31, 2023, 1st class mail from the Beckham County Court Clerk Office, containing the certified March 29, 2023 Court order denial of PCRA; Id PCRA #2 Facts ¶¶ 5-6

8 There exist no prison mail box toll rule in Oklahoma State Criminal Justice system. Banks v State, 1998 OK CR. 5 . 953 P.2d 344. 346. and Rule 5.2 C.1., affords a Post-Conviction appellant. 20 days from the date of the District Court's certified final Post Conviction order, March 29, 2023, to file in that District Court a Notice Of Intent To Appeal; and pursuant to 22 O.S. 2022 § 1087 the Appellant has only 30 days from the date of the District Court final Post Conviction order, to file a Petition In Error in the OCCA; and in conflict with § 1087 "30" day time constraint, OCCA. Rule 5.2.C.B, affords Appellant 60 days from date the District Court's Final Post Conviction Order is filed with the clerk of the District Court, to file in the OCCA, the Petition In Error and Brief In Support.

9. Petitioner without sufficient knowledge of time to file Petition In Error in the OCCA, due to statute and Rule contradictions id. ~~~~~ PCRA #2 Facts ¶¶ 6-7 and 9

10. Petitioner at all times since his March 31st, 2023 receipt of the certified March 29, 2023 District Court Order, denying PCRA, id at ¶.7, desired to Appeal the denial order to the OCCA. PCRA. #2 Facts ¶¶ 2 and 8

10. Petitioner desiring to appeal the denial order id at ¶¶.6 - pro se prepared and mailed 1st class, through the JHCC prison legal mail system on April 10, 2023 to the Beckham County District Court Clerk Office, an original and 2 copies of the Notice Of Intent To Appeal requesting

180

preparation of record. and on 1 of the Notice Of Intent To Appeal copies, requested returned to Petitioner Stemped-filed copy. PCRA. #2 Foots #10

12. Petitioner was required by OCCA Rule.5.2.C.(2). to State in his OCCA. Petition - In - Error. the date and in what District Court his Notice Of Post - Conviction was filed. Petitioner failure to provide date the Notice was filed in the District Court, is fatal to the appeal in the OCCA. see. Robinson v. Whitten, U.S. Northern District of Oklahoma. Case No. 20-cv-0006-GKF-CDL (12/17/20) 2020 WL 7409596 *4 (Unpublished Opinion) [Petitioner Robinson's Post Conviction Case No PC-2018-105, attempted Appeal to the OCCA. is dismissed as out-of-time on grounds, basis and reasons that "Petitioner's failure to either provide a copy of his Notice Of Post Conviction Appeal or provide a statement in his Petition-In-Error regarding the date he filed the Notice of Appeal, as required by Rule 5.2.(C)(2), of OCCA, Title 22 Ch.18 App. (2018));

Further OCCA Rule 5.3 (B) "Duties Of Court Clerks ..." provide "upon receipt of the Notice of Post Conviction Appeal. the clerk of the District Court shall compile 2 certified copies of the record on appeal as defined by Rule 5.2.(c)(6) and ensure the Notice Of Completion of the record is filed with [OCCA] within 30 days of the filing of the Notice Of Post-Conviction Appeal, unless an extension is requested by the Court Clerk and granted by th[e] [OCCA]; and

OCCA Rule 2.3.B.(1) Duties of Trial Court Clerk on Completion of Record" "Notification of Parties: Notify all parties in writing when the record on appeal has been completed and is ready for transmission. This Notice/Transmittal letter shall include an Index of the record to be submitted on appeal---;"

13. Petitioner also, mailed 1st class, through the JHCC Legal mail System, on April 10, 2023, 1 copies of the Notice Of Intent To

181

Appeal, Petitioner mailed to the Beckham County Court Clerk Office, to the Clerk of the OCCA, with request on one copy, to return to Petitioner Stamped filed. See ATT-Ex "2" Ex."2"

14. Petitioner received through the JHCC prison legal system, on April. 18, 2023 1st class mail, from the Clerk of the OCCA, and it contained the Stamped Filed on April 13-2023 by the OCCA clerk, copy of the Notice Of Intent To Appeal, that Petitioner had mailed the original and 2 copies there-of to the Beckham County Court Clerk Office. See Id at ¶¶ 13; also see ATT. Ex. 2 "Ex 2" (copy of OCCA clerk)Stamp)

15. On a date unknown to Petitioner, the Petitioners Notice Of Intent Appeal, documents were received by the Beckham County District Court Clerk Office and is stamped filed on April 18, 2023. ATT. Ex. 1 "Ex "B" also see PCRA #2 Feets ¶¶ 10-14;

16. Petitioners Notice Of Intent To Appeal filed in the Beckham County Court Clerks office, is timely filed under OCCA Rule 5.2-C.1; and Rule 5.3-(B) required the Beckham County Court Clerk to compile within 30 days - by May 18th 2023, 2 certified copies of the record on appeal, ensure the Notice Of Completion of the record is filed with the OCCA. Notify all parties in writing when the record on appeal has been completed, and ready for transmission, and that Notice/Transmittal letter shall include an Index of the record to be submitted on Appeal. See Rule 5.2-(C)(6) it includes a certif-ied copy of the Notice Of Intent To Appeal filed. Id PCRA #2 Feets

17. Petitioners requested stamped file copy of his Notice Of Intent To Appeal, filed in the Beckham County Cleric Office, was not returned to Petitioner by the Court Clerk, PCRA # Feets ¶¶ 10-14

18. Petitioner's 22 § 1087 (also see OCCA Rule 5.4 "Judge Duties" citing § 1087 time constraints) statutory 30 day period to File the Jurisdict-ional Petition In Error in the OCCA, expired on April 28th 2023, and Petitioners OCCA Rule 5.2.C.(2) 60 day period to file the

182

Petition In Error and Brief In Support in the OCCA.

19. Petitioner has never received any type Notice or Transmittal letter from the Beckham County Court Clerk Office regarding the Post Conviction record on Appeal. PCRA.#2 Facts ¶¶ 10-14

20. The State prison system, went into a total lockdown status – all inmates confined to assigned cell. 24 hours a day on May 19th 2023 and until June 27th 2023

21. Petitioner utilizing the JHCC prison legal mail system. on May 26, 2023 mailed 1st Class to the OCCA Court Clerk office, a Motion For Extension Of Time To File The Petition In Error and Brief In Support of Petition In Error. ATT. Ex "2" Ex 4

22 The OCCA Court clerk on June 1st 2023 stamped filed the Petitioner's May 26, 2023 Extension of Time Motion Id at 21. and the Clerk returned the Motion To the Petitioner. with correspondence Motion denied due to no open appeal case. ATT. . Ex. 2 "Ex 5 and 6"

23. Petitioner received through JHCC prison legal mail system. 1st class mail from the OCCA Court Clerk Office on June 6th. 2023 and it contained the June 1st 2023 stamped filed copy of Petitioner's Extension Motion and Clerk correspondence Id. at 22.

24. Petitioner utilizing the JHCC prisoner legal mail system, on June 8th 2023 mailed 1st class to the Beckham County Court Clerk office. a letter inquiring of the date the Court Clerk Office filed Petitioner's Notice Of Post Conviction Appeal. PCRA.#2 Facts ¶¶ 10-11

25. Petitioner, received through the JHCC prisoner legal mail system, on June 20th 2023 1st Class mail from the Beckham County Court Clerk's office, dated mailed on June 14th 2023 and it contained a stamped filed on April 18th 2023 copy of the Notice Of Intent To Appeal. that Petitioner on April 10 2023 mailed 1st Class to Beckham County Court Clerk Office. Id PCRA #2 Facts ¶¶ 10-11 and ATT. Ex "1" Ex 8"

26. Petitioner through the JHCC prison legal mail system. on July 8th 2023, mailed 1st Class, to the OCCA Court Clerk office, a Pauper Affidavit, the original and 2 copies of a Petition In Error and Motion For Extension of

183

Time To File Brief In Support of Petition In Error. ATT.Ex 1; ATT-EX 2;

27. Petitioner received through JHCC prison legal mail system on July 18, 2023 from the OCCA Court Clerk Office. 1st class mail, containing Filing Fee balance $0.00 and stamped filed July 12th 2023 and numbered P.C.-2023-581. Petition-In-Error and Motion For Extension Of Time. copies.

28. Petitioner, received through JHCC prison legal mail system, on July 27th 2023 1st class mail date July 25, 2023. from the OCCA Court Clerk Office, the OCCA's July 25, 2023 order declining Jurisdiction of Petitioner's Post Conviction Appeal case no. PC-2023-581, citing failure to file the Petition In Error with the OCCA Clerk within 60 days of the March 29th 2023 date the District Court Post-Conviction-final denial order was filed. and advising the Petitioner, if he feels he was denied the appeal through no fault of his own, he may seek the appropriate out-of-time appeal relief in the District Court. PCRA # 2. Facts ¶¶ 18-19, and ATT-Ex 3;

29. Petitioner was at no fault of his own and at the fault of the Beckham County District Court Clerk Office. deprived and denied the ability to timely appeal the Beckham County. District Court. March 29, 2023 Post Conviction denial order to the OCCA. on or before the May 30th 2023 due date, as a result of the Beckham County Court Clerk's:

 (a) failure to return to Petitioner, the Petitioner's requested stamped file copy of Petitioner's Notice Of Intent To Appeal, the Clerk stamped as filed on April 18th 2023;

 (2). Failure to comply with OCCA Rules, 5.2.(C)(6), 5.3.B. and 2.3.B.1. requirements, the District Court Clerk within 30 days of the April 18th 2023 date the Clerk filed Petitioner's Notice Of Post Conviction Appeal, to compile record on appeal, including certified copy of Notice Of Post-Conviction Appeal, notify all parties, including Petitioner of appeal-record completion and Transmittal of Record Index, provided.

184

30. Petitioner due to Beckham County District Court Clerk Office failures to perform its purely ministerial, legally enjoined mandatory duties id at ¶ 29. the Pro Se Petitioner was left unable to comply the mandatory OCCA Rule 5.2 C-2 to include in the Jurisdictional Petition In Error, the date and Court the Notice Of Post Conviction was filed.

31. Petitioner was without sufficient time to include in the Petition In Error, the date the Notice Of Post Conviction was filed in the Beckham County District Court, within the 22 § 1087 statutory time period for filing the Petition In Error in the OCCA, having no mail box tolling rule benifits, and with understanding a OCCA Rule affording 60 days to file the Petition In Error and Brief In Support in the OCCA, does not overrule the § 1087 Statutory time limitation to file the Petition In Error In the OCCA within 30 days, without violating Okla Const Art 4 § 1 Separation Of Powers Clause, despite 22 O.S. 1051(b) delegation to OCCA, in only the furtherance of the Appellate Statutory provisions, having force and effect of a statute.

185

## ARGUMENT AND AUTHORITIES:

Petitioner an incarcerated indigent state prisoner, confined at JHCC and due to incarceration confinement conditions the Petitioner's sole method of communicating with the Courts and officers of the Court is by U.S. Postal Services.

Petitioner is without the benefit of a prisoner mail box tolling rule in the Oklahoma State Court, Post Conviction proceedings. See Banks v. State 1998 Ok CR 5, 953 P.2d 344-346.

Petitioner's incoming and out-going legal mail is logged by Oklahoma Department of Corrections JHCC law library and mail room officials.

Petitioner's Notice Of Post Conviction Appeal, was timely filed in the Beckham County District Court on April 18, 2023 and the Clerk never returned to the Petitioner, the copy of the Notice stamped filed as requested by the Petitioner nor otherwise provided the date the Notice was filed in the District Court to the Petitioner. PCRA #2 Facts ¶¶ 10-12.

The Beckham County District Court Clerk, knew of the extremely short, time constraints of 30 days by statute 22 §1087 and 60 days by OCCA Rule 5-2.C.2. for the Petitioner to file in the OCCA, a Petition In Error, that included the date the Notice Of Post Conviction Appeal was filed in the District Court, also See OCCA Rule 5.4, citing 22 §1087 time constraints.

Further the Beckham County District Court, was legally enjoined by OCCA Rules 5.2.C.(6), 5.3 B. and 2.3.1, to perform the mandatory ministerial duties, including no use of Clerks discretion, to compile within 30 days of date the Notice Of Post Conviction Appeal is filed with the Clerk, the record on Appeal, including the clerk certified copy of the Notice Of Intent To Appeal filed in the District Court, and to Notify the OCCA of the completion of record on appeal, and the parties, including

11

186

# ARGUMENT & AUTHORITIES

providing in the letter of transmittel to the parties, the Index of appeal records compiled, including the Notice of Appeal filed.

The Clerk never provided Petitioner any Notice, or Index nor a transmittal letter. PCRR#2 Facts ¶.11

Had the Clerk either returned the requested stamped file copy of the Notice Of Intent To Appeal or the Index, the Petitioner would have acquired the date his Notice of Intent To Appeal was filed in the District Court, and been able to complete timely under OCCA Rule 5.2.C.2 his Petition In Error and filed it before the May 29, 2023 due date. ATT.Ex 3

Petitioner was without any other means of obtaining the filed date, except through the clerk of the Court, by return of the copy requested or the Index, both through U.S. Postal Services delivery. PCRR Facts ¶¶ 4,5,10-12, 14,18

OCCA Rule 5.2.C.2, terms "Shall" include date the Notice filed in the District Court, is mandatory and the failure to comply with that mandate is fatal to the Post-Conviction Appeal in the OCCA, See Robinson v Whitten (unpubl. opin) 2020 WL 7409596 ¶ 4, the OCCA decline jurisdiction of Post-Conviction Appeal, citing Petitioner failure to provide date the Notice of Intent To Appeal was filed in the District Court.)

The OCCA insist on strict compliance with its rules see Bemles id Braun v. State 937 P.2d 505, 508 n. ¶¶ 9-11;

Secondly due to U.S. Federal Court decisions, holding the 22 § 1086, 30 day time period to file the Petition In Error, without any benifit of a prisoner mail box-tolling, is too short, the OCCA, in violation of okla Const. Art 4 §1, Seperation of Powers clause, enacted its Rule 5.2.C.2, 60 day time limitation to file Petition In Error, over-riding the statutory 22 § 1087 30 day time limitation to file the Petition In Error in the OCCA; See e.g. Loftis v. Champion, 812 F.3d 1268, (10th Cir 2016) Bellis v Whitten, (unpubl-opin)(U.S. District, W.D. Okla, 2020 WL 7090705 ¶ 11 n. 14)

187

## ARGUMENTS & AUTHORITIES

However, after the OCCA enacted the amended Rule 5.2.C. 60 day time constraint, the legislation in 2022 amended the Post Conviction Procedure Act. 22 §1080 et seq. time limits and §1087, 30 day time limit, remained unamended and unchanged, therefore the OCCA Rule 5.2.C.2, 60 day time limitation, is invalid on its face. Okla Const Art 4 §1

Accordingly the Petitioner was technically out-of-time from the onset, to file the Petition-In Error, after 30 days from the date of the denial order, because the Clerk withheld from Petitioner the date his Notice of Intent To Appeal was filed by the Clerk.

The Petitioner at no faults of his own and due to the faults of the District Court clerk, was denied the opportunity to appeal the March 29, 2023 Post conviction denial order of the District Court to the OCCA. and therefore pursuant to OCCA Rule 2.1.E. Petitioner request and has demonstrated entitlement to a recommendation to the OCCA, to grant Petitioner an out-of-time appeal of the denial order.

All Premises Considered on this 6th day of Sept 2023 and respectfully submitted by Petitioner Kenneth Tibbetts

/S/ Kenneth H. Tibbetts

188

13