* ORIGINAL *

**ORIGINAL**

*1056509673*

# IN THE OKLAHOMA COURT OF CRIMINAL APPEALS

KENNETH H. TIBBETTS
        Petitioner

-vs-

STATE OF OKLAHOMA
        Respondant.

PC 2023 880
Case No.

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

OCT 31 2023

JOHN D. HADDEN
CLERK

## PETITION FOR AN APPEAL OUT-OF-TIME OF THE DISTRICT COURT'S FINAL POST CONVICTION JUDGMENT

Comes Now Kenneth H. Tibbetts, the Petitioner appearing and proceeding Pro Se to Petition this Honorable Appellate Court grant the Petitioner An Appeal Out-Of-Time Of The Beckham County District Court's Final Post Conviction Judgment pursuant to Rule 2.1 (E)(1) and (3) of the Rules of the Oklahoma Court of Criminal Appeals "OCCA" Title 22 Ch. 18. App (2023). On the grounds the indigent incarcerated Pro Se Petitioner was deprived/denied the opportunity to timely appeal in the OCCA, the District Court's Final Post Conviction Judgment at no fault of his own, and at the faults of the District Court and Clerk of the District Court, failures to perform their legally enjoined mandatory ministerial duties.

Petitioner in support of this Petition and relief requested, shows the Court as follows:

1 Petitioner indigent, incarcerated and Pro Se, has always desired to appeal to the OCCA the Beckham County District Court's 3/29/2023 Final Post Conviction Judgment. Supp Evid. Ex "I(A) verified PCRA, p.iii(a)-iii(c)

2 Within 20 days of the 3/29/2023 Final Judgment of the District Court, the Appellant, Tibbetts, was required by OCCA R. 5.2 C(1) to file a proper "Notice Of Post-

**1**

EXHIIBT 29

Conviction Appeal in the District Court. Id R 5 2. C. (1) (9) and (10)." ...[T]he Clerk of the District Court shall not be required to accept for filing or act upon any pleading which does not comply with Rule 5.2.(C)(6) and (9)," otherwise Rule 5.2.C. 6 (f) and Rule 5.3.B duties of Court Clerk, mandate upon receipt of a proper Notice Of Post Conviction Appeal, it be certified, the record on appeal compiled, ensure the Notice Of Completion of record filed in the OCCA, and transmitted in accordance with procedures set-forth in Rule. 2.5 (B) (1) Notification of all parties in written Notice/ Transmittal letter with Index of Record on Appeal,) with 30 days of the filing of the proper Notice Of Post Conviction Appeal, unless an extension is requested and granted by the OCCA; Id Rule 3.5.B (1); 5.2.C (6); and 2.5 (B).

The District Court Judge has the mandatory ministerial duties to monitor and ensure timely notice is provided to the parties by the clerk of the District Court and a timely completion of the record on appeal by the Clerk of the District Court, due to the 30 day statutory time constraints of 22 O.S. 81087;

The Post Conviction Procedure Act "(PCPA), 22 O.S. §1087 "Appeal To OCCA" within 30 days of the District Court's entry of the 3/29/2023 Final Post Conviction Judgment, by filing of a Petition In Error. Weatherford v. State 13 P.3d 982, 988-89 and n 13 (OCCA 2000) or within 60 days of the 3/29/2023 entry of the District Court's Final Post-Conviction Judgment, to file a proper Petition In Error and Brief In Support of Petition In Error in the OCCA, See Rule. 5.2.(C)(2), Robinson v Whitten, (unpubl. Opin. U.S. N.D Okla. 2020 WL 7409596 * OCCA Rule 5.2.(C)(2) requirements; also see Loftis v. Chrisman, 812 F.3d 1268, 1270-71 (10th Cir 2016) (OCCA Rules cannot be ignored)

2. Petitioner on 4/10/2023, mailed proper Notice Of Post Conviction Appeal, with 2 copies (requesting on 1 of the copies, return stamped filed to Petitioner) to:

(i) Clerk of the District Court, was stamped filed on 4/18/2023 and no stamped filed copy was returned to Petitioner (until 6/20/2023, Ex "B" p.1 certification date.)

(ii) Clerk of the OCCA, was stamped filed on 4/13/2023 and stamped filed requested copy returned to Petitioner on 4/18/2023; Ex "2"

3. The Clerk of the District Court, after receipt of the Petitioner's proper "Notice of Post Conviction Appeal" and within 20 days of the 3/29/23 District Court Judgment, did Stamp the "Notice" filed on 4/18/23, Supp. Evid. Ex. "B" – – – – – – – – . and otherwise the Clerk failed to act upon the "Notice," by:

(i) ignoring copy of the Notice, request to return stamp-filed to Petitioner, Supp. Evid Ex "I" p.iii (6) ¶¶ 10-11 and Ex "B" see certification, and Ex "3" envelope date

(ii) failed to perform, the legally enjoined mandatory ministerial duties, to certify the 4/18/23 Notice Of Appeal, within 30 days of its filing. OCCA Rule 5.2. C (6)(F) and 5.3.B (1) citing R. 5.2.1C(6) and 30 day time period.

(iii) failed to perform, the legally enjoined mandatory ministerial duties of compiling with an Index, a certified copy of the record on appeal, within 30 days of the 4/18/23 Notice of Appeal filing; OCCA. Rule 5.2.C. (6), 5.3.B(1) and 2-3.B(1)

(iv) failed to perform, the legally enjoined mandatory ministerial duties, to file in the OCCA, in accordance with Rule 2.3 (B), a Notice of Completion Of Record, within 30 days of the 4/18/23 filing of Petitioner's Notice Of Appeal. OCCA. Rule. 5.3.B (1), 5.2.C(6) and 2.3. B (1)


(V) failed to perform the legally enjoined mandatory ministerial duties, of notifying in a written "Notice/Transmittal" letter, with a Index of Appeal record, the Petitioner, Of the Completion of the Record, within 30 days of the 4/18/23 filing of Petitioner's Notice Of Appeal. OCCA. Rules 5.3.B(1); 5.2.(C)(6) and 2.3.B(1)

Had the Clerk of the District Court either acted upon, Petitioner's return to Petitioner stamp-filed copy request id. at ¶ 3, or upon the receipt of the proper Notice of Appeal, performed the legally enjoined duties id. the Petitioner would have had the critically necessary date his Notice Of Appeal was filed, within 30 days of its 4/18/23 filing or a certified copy of the filed on 4/18/23 Notice Of Appeal, on or before the 5/30/23, 60 day-juris-dictional statute of limitations time to file the proper Petition In Error in the OCCA, with Brief-In Support expired. Supp. Evid. Ex I (a) and (b).

4. The District Court failed to perform its legally enjoined, Rule 5.4 mandatory ministerial duties, monitor and ensure, that within 30 days of 4/18/23 filing of the Notice Of Appeal, the Clerk of the District Court, in a written Notice/Transmittal letter, with Index, Notification of Completion of Appeal Record, is served on the Petitioner. Supp. Evid. Ex "IV" p. 3 averments of Judge Weeden, admitting the failure to perform Rule 5.4 (B) duties.

Had the Judge of the District Court, performed the enjoined mandatory ministerial duties of monitoring the Clerk of the District Court, the Petitioner would have had either the 4/18/23 date his Notice Of Appeal was filed in the District Court, within 30 days of the Notice filing and/or before the expiration of the 5/30/2023, 60 day jurisdictional statute of limitations to file a proper Petition-In-Error in the OCCA. Supp. Evid Ex I (a) and (b) et. seq.

5. Petitioner at no fault of his own, and at the faults of the Clerk of District Court and Judge of District Court failures to perform their legally enjoined mandatory ministerial duties id at ¶¶ 3-4, was deprived and denied of the opportunity to file a proper Petition In Error in the OCCA, on or before the 5/30/23 60 day jurisdictional filing dead-line, having no other method or means available to Petitioner to acquire date his Notice Of Appeal was filed in the District Court, to complete a Petition In Error, to file in the OCCA.

6. After the 5/30/2023 expiration of the 60 day jurisdictional time limitation for filing in the OCCA, the Petition In Error and Brief In Support, the Petitioner's pro se Motion For Extension Of Time To file Petition In Error and Brief was filed by the clerk of the OCCA on 6/1/23 and the OCCA clerk on 6/1/2023, advised the Petitioner, no open appellate case or case number, to file the Extension of Time Petition; Supp. Evid Ex "5" and "6"

-4-

7. Petitioner on 6/8/2023, made a second request to the Clerk of the District Court, to return to Petitioner, the copy of the Notice of Appeal stamped filed as requested on the copy on 4/10/2023, or provide the date of the Notice of Appeal filing in the District Court. Supp-Evid. Ex "I"(a) facts 10-11 and Ex. I (b) p. 8 #24

8. The District Court Clerk, on 6/20/23, in response to Petitioners 6/8/23, request id. at 9.7. ~~XXX~~ Certified the Notice Of Appeal filed on 4/18/23, in the District Court, and mailed the copy to the Petitioner. Supp. Evid. Ex "I"(a) facts #10-11 and ATT-Ex "I" and Ex "B" also see Ex "I" (b) p. 8 #25, OCCA Rule 5-2-C-(6)(f).

9. Petitioner, pro se and informa pauperis, filed on 7/12/2023 in the OCCA, a properly completed Petition In Error, with the 3/29/23 certified copy of the District Court Final Judgment, and 6/14/23 certified copy of the Notice Of Appeal filed 4/18/23, attached; and a Motion For Extension Of Time To File Brief, and on 7/25/2023 the OCCA declined appellate jurisdiction, on grounds the 5/30/2023 dead-line to file Petition In Error in the OCCA expired, citing OCCA Rule 5-2-(C)(6) ~~XXX~~ Supp Evid. ATT-Ex 3 p. 2

10. Petitioner informa pauperis and Pro Se filed in the Beckham County District Court, on 9/7/2023 a verified Post Conviction Relief Application seeking a recommendation to the OCCA, to grant Petitioner an Appeal Out-of-Time of the District Court's 3/29/23 Final Judgment, pursuant to 22 §§ 1080 and Rule 2.1.E. on the grounds, Petitioner always desired and attempted to properly appeal the judgment to the OCCA, on and before the 5/30/23 expiration of 60 day jurisdictional time limitation to file in the OCCA, and at no fault of the Petitioner, he was deprived and denied the opportunity to file a proper Petition In Error Appeal in the OCCA, at the faults of the District Court Clerk, failures to perform the legally enjoined mandatory ministerial duties of providing Petitioner with either- the copy of the certified Notice Of Appeal the

Clerk filed on 4/18/23 or the date, the Notice of Appeal was filed. Supp. Evid Ex "I(a)" and "I" (b)

11. The Respondant State on 10/4/23, filed it's Answer in the District Court, seeking the denial of Petitioner's Post Conviction Relief Application, on grounds, of failure to file a designation of record at p. 2 & Petitioner's confusion over whether the 22 § 1087, 30 day jurisdictional statute of limitations to file Petition In Error in the OCCA, or the OCCA Rule 5.2.C (2) 60 day jurisdictional time period to file Petition In Error and Brief in the OCCA, applied, was not fault of Petitioner failure to timely file the Petition In Error in the OCCA on or before the 5/30/23 dead line, at pp 3-4   , and the Clerk of the District Court, does not provide nor inform a Petitioner of his obligations to file appropriate documents or date documents are required to be filed, nor file the Petition In Error in the OCCA, and the OCCA addressed the obligation created by OCCA Rule 5.3. of the Clerk to assemble and transmit to the OCCA, the Notice of Completion of Appeal Record, thus cannot justify or cause Petitioner to fail to timely appeal, at p 4-6 and Prison Lock down, did not prevent Petitioner from accessing mail system, rather Petitioner mistakeningly waited for directives from the District Court Clerk, of dead-line and/or an outline of documents to appeal, at p. 6.       , Supp. Evid Ex. "III"

12. Petitioner did not nor was required to file a Designation of Record, due to OCCA Rule 5.2C(6) exemption of Designation of Record filing and OCCA Rule 5.2.C(9)   requirement that Petitioner in the Notice Of Appeal, request the preparation of record on appeal, to which the Petitioner fully complyed with on 4/10/23 in the Notice Of Appeal filed on 4/18/23. Supp. Evid Ex. "B" also see Ex "2"

13 Petitioner a pro se laymen, in light of Weatherford v State, 2000 OK CR. 22, 9, 5 and n.1, 13. P.3d 987, 988-89 and n.1, (... the appellate time period, 30 days, is set by statute 22 § 1087 [and] [i]t is beyond [OCCA's] power to change - either by court rule or otherwise - the

minimum statutory prerequisites for bringing an appeal citing and quoting Shuler v. State, 1959 OK CR 31, 94, 337 P.2d 454, thus OCCA Rule 5.2. (C) should not be read as lessening the jurisdictional prerequisite of (1) filing that Petition In Error necessitated by 22 §1087 of the PCRA,' and (2) Filing it within the (30) day time frame ordained by §1087); was and remains legitimately confused over which applies, the §1087 30 day jurisdictional statute of limitations to file a Petition In Error in the OCCA, or the OCCA Rule 5.2. (C) ( ) 60 day jurisdictional time limitation to file in the OCCA, the Petition In Error and Brief. Supp. Evid. Ex "I" (a) p. 11(c); and Ex "I" (b) at p. 5 * 8;

14. Petitioner has never requested the Clerk of the District Court to provide Petitioner with information of his obligations to file any document or with date document required to be filed, or infer any Rule required the Clerk to perform either or to file a Petition In Error in OCCA, as the State Respondent pretends in its Answer at p. 6, failing to address the Petitioner's verified PCRA . . . . . well pleaded factual allegations that the Clerk of the District Court, failed to act upon and perform the legally required mandatory ministerial duties to provide Petitioner with either the certified copy of the file-up file Notice Of Appeal or the date it was filed within 30 days of date the Clerk filed the Notice of Appeal, as at fault for Petitioner being deprived of the right to appeal at no fault of Petitioner - id at # 4-5

15. The District Court on 10/3/2023, entered its findings of facts and conclusions of law, recommending to the OCCA, the Petitioner be granted an appeal out-of-time of the District Courts 3/29/23 Final Post Conviction Judgment, on grounds that at the faults of the District Court Clerk and Judge, of the District Court, failures to perform their legally enjoined by OCCA Rules 5.3, 5.2. (C) and 2.3. (B) and 5.4. mandatory ministerial duties, Petitioner was deprived of the right to appeal the Courts 3/29/23 final Judgment, OCCA Rules 2.1. F. (1) and 5.3. Supp. Evid Ex "IV"

14. Petitioner here-in Petitions this Honorable Court of Appeals, to adopt in full the 10/5/23 District Court, findings of fact, conclusions of law and recommendation to grant Petitioner an Appeal Out-of-Time, of the District Court's final Post-Conviction Judgment, pursuant to OCCA Rules 2.1 E (1) also see (3) and Rule 5.4, on the grounds the District Court, did not commit clear error or abuse its discretion. Dixon v. State 2010 OKCR, 3-9.5, 228. P. 3d 531, 532; Blades v State. 107. P 3d 607. 608. (OCCA 2005.)

Conclusion

Petitioner respectfully request this Honorable Court, on the above facts, evidence and authorities, grant Petitioner an appeal Out-of Time Of the District Court's 3/29/23 final Post-Conviction Judgment, pursuant to OCCA Rule 2.1-E, due to Petitioner at no fault of his own, and at the faults of the District Court and Clerk of the District Court, was deprived of the right to appeal the District Court's Judgment, to the OCCA on or before 5/30/2023 deadline to file a proper Petition In Error.

All Premises considered and respectfully submitted on this 26th day of October, 2023, by the Petitioner.

/s/ Kenneth H. Tibbetts Petitioner
Kenneth H. Tibbetts
JHCC
P.O. Box 548
Lexington, Oklahoma 73051

VERIFICATION:

I the undersigned, hereby state under penalty of perjury laws of the State Of Oklahoma, that the foregoing facts and information are true and correct, and that the accompanying as supporting evidence Exhibits are authentic, true and correct.

October 26th 2023, at JHCC, P.O. Box 548, Lexington, Oklahoma,

/s/ Kenneth H. Tibbetts undersigned
Kenneth H. Tibbetts.

-8-

$Ex$ "A"

BECKHAM COUNTY
FILED

MAR 2 9 2023

DONNA HOWELL, COURT CLERK
BY _____
DEPUTY

IN THE DISTRICT COURT OF BECKHAM COUNTY

STATE OF OKLAHOMA

KENNETH H. TIBBETS,      )
      Petitioner,      )
                  )
v.      )      Case No. CF-2015-188
                  )
STATE OF OKLAHOMA,      )
      Respondent.      )

## POST CONVICTION FINDINGS

**ORIGINAL CHARGES:**
    Count 1: Robbery with a Weapon After Former Felony Conviction (Life imprisonment)
    Count 2: Possession of a Firearm After Former Felony Conviction (10 years)
    Count 3: Kidnapping After Former Felony Conviction (Life imprisonment)
    Count 4: Kidnapping After Former Felony Conviction (Life imprisonment)
    Count 5: Attempted Robbery with a Dangerous Weapon After Former Felony
    Conviction (Life Imprisonment)
    Count 6: Attempted Robbery with a Dangerous Weapon After Former Felony
    Conviction (Life Imprisonment)
    Count 7: Possession of a Firearm After Former Felony Conviction (10 years)

**JUDGMENT AND SENTENCE DATE:** March 30, 2016

**APPLICATION FOR POST CONVICTION RELIEF FILED:** May 16, 2018

**RESPONSE OF DISTRICT ATTORNEY FILED:** December 19, 2018

**WAS FORM AUTHORIZED BY COURT OF CRIMINAL APPEALS USED?** Yes.

**PROCEEDINGS IN COURT OF CRIMINAL APPEALS, IF ANY:** C-2016-419 (Certiorari denied.)

**IS THERE A GENUINE ISSUE OF MATERIAL FACT?** No

**IS AN EVIDENTIARY HEARING NECESSARY?** No

**MATERIAL CONSIDERED BY THE REVIEWING COURT:**
    Application for Post-Conviction Relief filed on May 16, 2018;
    State's Response to Application for Post-Conviction Relief filed December 19, 2018;
    Docket Sheet in CF-2015-188;
    Amended Information filed January 19, 2016;
    Plea of Guilty Summary of Fact filed February 10, 2016;

1          PCRA- JUDGMENT "

Ex "A"  p. 1- of - 11

Notice of Intent to Declare Insanity Defense filed January 20, 2016;
Brief of Petitioner filed October 10, 2016, in C-2016-419 (Court of Criminal Appeals);
Summary Opinion Denying Certiorari filed September 15, 2017 in Beckham County; and
Judgment and Sentence filed July 15, 2016.

## FINDINGS OF FACT:

1.  Petitioner entered a plea of guilty on February 20, 2016, and was sentenced on March 30, 2016. Petitioner was represented by attorney Alicia Sorelle at the time of plea.

2.  A Notice of Intent to Declare Insanity as a Defense was filed on January 20, 2016.

3.  Petitioner filed a Motion to Withdraw Plea on April 6, 2016. Conflict counsel was appointed. A hearing on the motion was held on May 11, 2016, and the Honorable Doug Haught denied the motion.

4.  Petitioner timely sought a writ of certiorari. He alleged eight (8) propositions of error including ineffective assistance of counsel. Petitioner claimed trial counsel was ineffective due to failure to investigate Petitioner's mental health issues, failure to challenge the factual basis of Petitioner's plea, failure to advise Petitioner of the sentencing ranges, failure to object to double jeopardy, failure to object to privileged material being introduced at sentencing, failure to object to inappropriate comments by the prosecutor, and failure to invoke the rule of sequestration at sentencing. The writ was denied and the Judgment and sentence affirmed.

## CONCLUSIONS OF LAW:

I.  **The waiver doctrine found in 20 O.S. §1086 does not apply to fundamental constitutional claims.**

Insofar as this proposition applies to the Petitioner's claims, it will be discussed with each individual Proposition below.

2

" PCRA- JUDGMENT "
Ex "A"  p. 2. of- 11

II.     Petitioner was denied constitutionally effective assistance of counsel due to an actual conflict of interest with his retained counsel of record.

Petitioner alleges that his wife hired attorney Alicia Sorelle to represent him. He further alleges that Celo Harrel, his wife's attorney in a divorce case against Petitioner, recommended Ms. Sorelle, and that Sorelle and Harrel were law partners.

Petitioner has established that Sorelle and Harrel office out of the same physical address, but there is no evidence that they were law partners. In fact, the letterhead of each attorney attached as Exhibit 21 and Exhibits 26-30 to the Post-Conviction Application show that Sorelle and Harrel were both sole practitioners. Exhibits 22 and 23 show that they had different telephone numbers.

Lawyers in a firm are prohibited from representing a client if "any one of them practicing alone would be prohibited from doing so..." Oklahoma Rules of Professional Conduct Rule 1.10(a). A firm is defined as "a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law..." Oklahoma Rules of Professional Conduct Rule 1.0(c). There is no evidence that Sorelle and Harrel were associated in any way other than officing in the same building.

Petitioner seems to argue that Sorelle had a conflict of interest because a lawyer in the same building represented Petitioner's wife in a potential divorce against him. Putting aside the fact that there is no evidence of a law firm relationship between the two lawyers, there is no evidence that Sorelle's representation of Petitioner in a criminal case would be directly adverse to his wife, or that there was

3

" PCRA - JUDGMENT "
Ex " A "   p. 3 - of - 11

a significant risk that Harrel's representation of his wife would materially limit Sorelle's representation of him. Oklahoma Rules of Professional Conduct Rule 1.7(a).

Petitioner further alleges that Alicia Sorelle "shared a personal and vicarious relationship" with the victims, the grandchildren of the victims, and Judge Haught. Petitioner relies solely on evidence that Alicia Sorelle is Facebook friends with Dana Southall, Jenna Dodson, and Judge Haught for his allegation of conflict of interest. Petitioner has not established that Dana Southall and Jenna Dodson are related to any victim in this case. Even taking the evidence in the light most favorable to Petitioner, the existence of a Facebook relationship with a granddaughter of a victim does not establish a conflict of interest for an attorney. Petitioner has also failed to establish any conflict of interest due to a purported relationship with Judge Haught.

The claim of ineffective assistance of counsel due to a conflict of interest is denied. The Court further finds that this claim has been waived pursuant to 22 O.S. §1086. Petitioner certainly knew about the alleged conflict of interest between Sorelle and Harrel at the time he appealed the plea.

Proposition I is denied.

III.   The District Court of Beckham County was without subject matter jurisdiction to prosecute Petitioner.

4

PCRA-JUDGMENT "
Ex "A" p. 4 - of - 11

Petitioner alleges that the District Court of Beckham County, State of

Oklahoma, did not have jurisdiction to prosecute him pursuant to *McGirt v. Oklahoma*, 140 S.

Ct. 2452 (2020).

It is undisputed that the location of the crime is within the historical boundaries of the

Cheyenne and Arapaho Reservation. Petitioner asserts that the reservation still exists, and the

State of Oklahoma cannot prosecute him for a crime committed in Indian Country. In *Murphy v.*

*Royal*, 875 F.3d 896, 904 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412

(2020), the Tenth Circuit explained:

> All land within the borders of an Indian reservation – regardless of whether the tribe,
> individual Indians, or non-Indians hold title to a given tract of land – is Indian country unless
> Congress has disestablished the reservation or diminished its borders.

The United States Supreme Court recently addressed the application of the Major Crimes Act

to crimes committed within the Creek Nation in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020).

Justice Gorsuch succinctly stated the analysis for determining disestablishment of a reservation:

> To determine whether a tribe continues to hold a reservation, there is only one place we
> may look: the Acts of Congress.

*McGirt* at 2462. It is not within the Court's role to disestablish a reservation.

> But wishes don't make for laws, and saving the political branches the embarrassment of
> disestablishing a reservation is not one of our constitutionally assigned prerogatives.
> "[O]nly Congress can divest a reservation of its land and diminish its boundaries." *Solem*,
> 465 U.S., at 470, 104 S.Ct. 1161. So it's no matter how many other promises to a tribe the
> federal government has already broken. If Congress wishes to break the promise of a
> reservation, it must say so.

*Id.* Congress must explicitly state "an act of cession, the transfer of a sovereign claim from one

nation to another." *Id. McGirt* sets out examples of language used by Congress to withdraw a

reservation: words such as "cession," an unconditional commitment to compensate the tribe for

its land, and language evidencing total surrender of tribal interests. *Id.*

5

" PCRA – JUDGMENT "
Ex "A"   p. 5 – of – 11

The General Allotment Act of February 8, 1887, authorized the President of the United States to allot portions of reservation land to tribal members and sell surplus land to settlers. The Jerome Commission was established to negotiate with the individual tribes. The Creek Nation's treaty allotted all lands belonging to the Creek Nation "among the citizens of the tribe". *Creek Allotment Agreement* ratified March 1, 1901, ch 676 Fifty-Sixth Congress. The Creek Nation's surplus land (except land reserved for some public purposes such as schools and courthouses) was further allotted to tribal members to equalize the value of allotments. *Id.* The allotment deeds conveyed "all right, title, and interest of the Creek Nation and of all other citizens in and to the lands embraced in his allotment certificate". *Id.* The conveyances further relinquished all right, title and interest of the United States in the deeded lands. *Id.*

The Cheyenne and Arapaho Tribes' agreement was codified in The Act of March 3, 1891. Under this treaty, Cheyenne and Arapaho tribal members could each choose 160 acres for an individual allotment. The Cheyenne and Arapaho Tribes were paid $1,500,000.00 as consideration for the unallotted land. (The actual payment of these funds was problematic, but that issue is not before the Court.)

The Act of March 3, 1891, stated that, subject to the allotment of land to the individual members of the tribe:

Cheyenne and Arapahoe tribes of Indians hereby cede, convey, transfer, relinquish and surrender forever and absolutely, without any reservation whatever express or implied, all claim, title, and interest, of every kind and character, in and to the lands embraced in the following described tract of country in the Indian Territory, to-wit:

The Act goes on to describe an area of land that appears to include the location of the subject offense.

6

PCRA - JUDGMENT "
EX "A"  p. 6 - oF - 11

The funds were to be paid to the Cheyenne and Arapaho Tribes in consideration for "...the cessation of territory and relinquishment of title, claim, and interest in and to lands as aforesaid...". The Tenth Circuit has interpreted this language as evincing a "manifest purpose to dissolve tribal government and assimilate the Indian allottees in the community". *Ellis v. Page*, 351 F.2d 250, 252 (10th Cir. 1965). In a hunting rights case in the Tenth Circuit, the Cheyenne and Arapaho Tribes did not contest the district court's finding that the reservation was disestablished. *Cheyenne-Arapaho Tribes of Oklahoma v. State of Oklahoma*, 618 F.2d 665, 667 (10th Cir. 1980).

The language in the treaty with the Cheyenne and Arapaho Tribes is very different from the language in the Creek Nation's Treaty. The plain language of the Act appears to divest the Cheyenne and Arapaho Tribes of all rights to the surplus land. The language "cede... relinquish and surrender forever and absolutely" along with the receipt of consideration for "cessation of territory" rises to the level of an act of cession. The Cheyenne and Arapaho Tribe sold their surplus unallotted lands to the Federal Government without reserving any interest and thereby disestablished the reservation.

The Court notes that the Cheyenne and Arapaho Tribes made their agreement only four years after the Dawes Act, and ten years before the Creek Nation finally signed a treaty.

Pursuant to the analysis set out in *McGirt*, the Court finds that the Cheyenne and Arapaho Treaty, which was ratified by Congress through the Act of March 3, 1891, disestablished the Cheyenne and Arapaho Tribes' Reservation.

Indian Country includes Indian reservations, dependent Indian Communities, and Indian allotments to which the Indian titles have not been extinguished. 18 USC §1151; *State v. Klindt*,

7

PCRA - JUDGMENT "
Ex "A" p. 7 - of - 11

1989 OK CR 75, 782 P.2d 401, 403. There is no evidence that the crime occurred on Trust Land, land owned by the Tribe, or an existing Indian allotment.

The Oklahoma Court of Criminal Appeals considered the Kiowa allotment and cession agreement and found it disestablished the Kiowa Comanche Apache Reservation. *Martinez v. State* 2021 OK CR 40 ¶18-24. In an unpublished opinion, the Court of Criminal Appeals found the Cheyenne and Arapaho agreement contained "almost identical language" as the Kiowa agreement, and found the historic Cheyenne and Arapaho Reservation was disestablished by Congress. *State v. Whitebuffalo*, F-2021-429 at page 8.

Further, the Oklahoma Court of Criminal Appeals has ruled that *McGirt* does not apply retroactively to convictions already final when that ruling was announced. *Matloff v. Wallace*, 2021 OK CR 21 ¶40. Petitioner's convictions were final for at the time *McGirt* was decided, and relief is further barred by the ruling in *Matloff*.

Proposition III is denied.

IV.   **Petitioner was denied constitutionally effective assistance of counsel due to the deficient performance of his attorney and the resulting prejudice Petitioner suffered, which was the proximate result of conflicting interests.**

To prevail on his claims of ineffective assistance of trial counsel, Petitioner must show counsel's (1) deficient performance, by demonstrating that counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 669, 687-689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner again argues that Ms. Sorelle was ineffective due to conflict of interest. This claim was addressed in Proposition II above, and is denied.

8

PCRA - JUDGMENT "
Ex "A" p. 8 - of - 11

Petitioner also argues that Sorelle failed to investigate or conduct pretrial preparation. This is a thinly veiled attempt to raise the claim that Sorelle failed to follow through with the investigation of Petitioner's insanity defense. Petitioner argued this in his Petition for Certiorari. Brief of Petitioner page 41-42. This claim is res judicata.

Petitioner further argues that Sorelle compelled him to plead and give up his right to trial. The voluntariness of his plea was previously decided by the Court of Criminal Appeals. This claim is res judicata.

Proposition IV is denied.

V.     **Petitioner was denied constitutionally effective assistance of appellate counsel.**

Post-conviction claims of ineffective assistance of appellate counsel are reviewed under the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Smith v. Robbins*, 528 U.S. 259, 289, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000). *Logan v. State* 2014 OK CR. 2 ¶5. Petitioner must show (1) deficient performance (objectively unreasonable conduct by counsel) and (2) resulting prejudice (reasonable probability that the appeal would have had a different result absent counsel's error). *Id.* This Court must consider the merits of the omitted appellate issues and ask "is there a reasonable probability that raising the omitted issues would have resulted in a different outcome in the direct appeal?" *Id.* at ¶6.

Petitioner fails to explicitly identify any claims omitted from his appeal. The Court will assume that Petitioner meant to allege appellate counsel was ineffective due to failure to raise Propositions II, III, and IV. The record reflects that appellate counsel argued ineffective

9

PCRA - JUDGMENT "

Ex "A"  p. 9-of-11

assistance of trial counsel. The Court has found that trial counsel did not have a conflict of

interest and that the crime was not committed within Indian Country. Therefore, appellate

counsel was not ineffective for failure to raise these claims. Proposition V is denied.

## ORDER: IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT PETITIONER'S APPLICATION FOR POST CONVICTION RELIEF IS DENIED.

DATE: March 29, 2023

COURT REPORTER PRESENT: None

JILL C. WEEDON
JUDGE OF THE DISTRICT COURT

I, DONNA HOWELL, Clerk, District Court of Beckham
County Oklahoma hereby certify that the foregoing is
a true correct and complete copy of the instrument
herewith set out as appears of record in the District Court
Clerk's Office of Beckham County, Oklahoma
this ___ day of _____ 20__
DONNA HOWELL, Court Clerk
BY _____ DEPUTY

10

" PCRA - JUDGMENT "
Ex "A" p. 10-of-11

BECKHAM COUNTY
FILED

MAR 2 9 2023

DONNA HOWELL, COURT CLERK
BY _____
DEPUTY

IN THE DISTRICT COURT OF BECKHAM COUNTY
STATE OF OKLAHOMA

KENNETH HAROLD TIBBETTS,           )
          Petitioner,               )
v.                                  )     Case No. CF-2015-188
                                    )
STATE OF OKLAHOMA,                  )
          Respondent.               )

## CERTIFICATE OF DELIVERY

I hereby certify that on the $\cancel{29}$ day of March, 2023, I mailed a file stamped,

CERTIFIED copy of the Post-Conviction Findings filed on this date, the following parties and/or

attorneys, to wit:

Kenneth Harold Tibbetts
DOC # 122414
Joseph Harp Correctional Center
P.O. Box 548
Lexington, OK 73051-0548

Angela Marsee
Julia O'Neal
District Attorney
Beckham County Courthouse
Sayre, Oklahoma
(hand-deliver)

Clerk of the Court of Criminal Appeals
Oklahoma Judicial Center
2100 N. Lincoln Blvd., Suite 4
Oklahoma City, OK 73105



DONNA HOWELL,
COURT CLERK

By: Deputy

1\]

PCRA - JUDGMENT "
Ex "A"  p. 11 - of - 11



Ex " 2 "

## IN THE DISTRICT COURT OF BECKHAM COUNTY
## STATE OF OKLAHOMA

KENNETH *H'*. TIBBETTS,
           Petitioner,

                             *Case No. CF-2016-188*

v.

THE STATE OF OKLAHOMA,
           Respondent.

## NOTICE OF POST-CONVICTION APPEAL

    The Petitioner gives notice of intent to appeal the order denying his application for post-conviction relief entered in the District Court of Beckham County, on the *31st* day of March, 2023, [1] arising from District Court Case No. CF-2016-188. The Petitioner requests the preparation of the record on appeal as required by Rule 5.2(C)(6).

                             *Kenneth H. Tibbetts*
                             Kenneth *H.* Tibbetts, Petitioner
                             #122414
                             Joseph Harp Correctional Center
                             P.O. Box 548
                             Lexington, OK. 73051

RECEIVED

APR 1 3 2023

CLERK OF THE
APPELLATE COURTS

1 - of - 1

---

  1     Petitioner actually received this order at the Joseph Harp Correctional Center on March 31, 2023.



Donna Howell
Court Clerk of Beckham County
BECKHAM COUNTY COURTHOUSE
POST OFFICE BOX 520
SAYRE, OKLAHOMA 73662-0520

Ex "3"

122414   J.202

KENNETH HAROLD TIBBETTS
J.H.C.C.  J UNIT 202B
PO BOX 548
LEXINGTON, OK  73051

A 2per

4 - of - 1

Ex "B"

BECKHAM COUNTY
FILED

APR 1 8 2023

DONNA HOWELL, COURT CLERK
BY_____ DEPUTY

IN THE DISTRICT COURT OF BECKHAM COUNTY
STATE OF OKLAHOMA

KENNETH *H.* TIBBETTS,
      Petitioner,

v.

THE STATE OF OKLAHOMA,
      Respondent.

*Case No. CF-2015-188*

## NOTICE OF POST-CONVICTION APPEAL

The Petitioner gives notice of intent to appeal the order denying his application for post-conviction relief entered in the District Court of Beckham County, on the *31st* day of March, 2023, [1] arising from District Court Case No. CF-2016-188. The Petitioner requests the preparation of the record on appeal as required by Rule 5.2(C)(6).

Kenneth *H.* Tibbetts, Petitioner
#122414
Joseph Harp Correctional Center
P.O. Box 548
Lexington, OK. 73051

I, DONNA HOWELL, Court Clerk for Beckham County Oklahoma hereby certify that the foregoing is a true correct and complete copy of the instrument herewith set out as appears of record in District Court Clerk's Office of Beckham County, Oklahoma.
This 14th day of June, 20 23
DONNA HOWELL, Court Clerk
BY_____ DEPUTY

1

---

[1]   Petitioner actually received this order at the Joseph Harp Correctional Center on March 31, 2023.

1 - OF - 1



$Ex\ "5"$

# THE SUPREME COURT
## State of Oklahoma

John D. Hadden
Clerk of the
Appellate Courts

2100 N. Lincoln, Ste. 4
Oklahoma City, Ok 73105

(405)556-9400

June 1, 2023

Kenneth H. Tibbetts #122414
JHCC
P.O. Box 548
Lexington, OK 73051

Re: Motion for Extension of Time to File Petition in Error.

Mr. Tibbetts:

Receipt of your motion is hereby acknowledged. This Court cannot file documents that do not have an open case on file. I am returning this motion to you as I cannot file it without a case to file it in. I have also included the OCCA Rules 5.1 through 5.6 for your perusal.

If our office can be of any further assistance please reach out to us again.

Sincerely,

Candace Duncan

Candace Duncan
Deputy Court Clerk

US POSTAGE

quadient

FIRST-CLASS MAIL

$000.84⁹

06/01/2023 ZIP 73105
043M31232160

JHCC
LAW LIBRARY

JUN 0 6 2023

RECEIVED

"9" X "1"

I- 202 A open

Kenneth H. Tibbetts #122414
JHCC
P.O. Box 548
Lexington, OK 73051

Clerk of the Appellate Courts
Oklahoma Judicial Center
2100 N. Lincoln Blvd., Ste. 4
Oklahoma City, Oklahoma 73105-4907



Case 5:23-cv-00913-J   Document 14-29   Filed 11/20/23 S Page 25 of 63  Scanned File Copy

ATT·Ex "1"

*1055674020*

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

KENNETH H. TIBBETTS,

        Petitioner,

v.

THE STATE OF OKLAHOMA,

        Respondent.

PC 2023 581

Case No. _____

**FILED**
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

JUL 12 2023

JOHN D. HADDEN
CLERK

### PETITION IN ERROR

KENNETH H. TIBBETTS, (Appellant herein), appears *pro se* before this Court, presenting his *Petition in Error and* states as follows:

### I.

On February 20, 2016, Appellant appeared before the Hon. Doug Haught for purpose of a plea hearing in CF-2015-188. Appellant tendered pleas to the seven (7) counts contained in the State's *Information,* which include:

| | |
|---|---|
| Count 1: | ROBBERY WITH A WEAPON |
| Count 2: | POSSESSION OF FIREARM AFTER FORMER FELONY CONVICTION |
| Count 3: | KIDNAPPING |
| Count 4: | KIDNAPPING |
| Count 5: | ATTEMPTED ROBBERY WITH A DANGEROUS WEAPON |
| Count 6: | ATTEMPTED ROBBERY WITH A DANGEROUS WEAPON |
| Count 7: | POSSESSION OF FIREARM AFTER FORMER FELONY CONVICTION |

Appellant was sentenced on March 30, 2016, at which time Judge Haught imposed five (5) concurrent Life sentences on Counts 1, 3, 4, 5 and 6. On Counts 2 and 7, Judge Haught sentenced Appellant to concurrent ten (10) year terms of imprisonment.

Appellant timely moved to withdraw his pleas of guilty on April 6, 2016, and a hearing was held on May 18, 2016, where the Court denied Petitioner's application to withdraw his plea.[1]

Counsel filed Petitioners *Notice of Intent to Appeal* and *Designation of Record* on May 18, 2016, alleging eight (8) propositions of error, to wit:

    a.    The trial court failed to conduct a meaningful inquiry into petitioner's competence;

    b.    There was insufficient factual basis for the plea and therefore his plea was not knowingly, intelligently and voluntarily given;

---

[1]    Due to Alicia Sorelle's request and sustained motion to terminate her representation due to conflict, Petitioner was represented by conflict counsel Richard Yohn at this hearing.

ATT Ex "1" p. 1 of 3

    c.     Petitioner did not receive adequate information on the punishment ranges, therefore it was error to overrule the application to withdraw the guilty plea;

    d.     Imposition of the sentence violated constitutional protections against double jeopardy;

    e.     It was error to admit documents protected by doctor-client privilege;

    f.     Prosecutorial misconduct;

    g.     Ineffective assistance of trial counsel; and,

    h.     Cumulative errors deprived the petitioner of a fair proceeding.

In its *Summary Opinion Denying Certiorari,* this Court affirmed the trial court's denial of Appellant's *Motion to Withdraw Guilty Plea(s)* on September 14, 2017. See ***Tibbetts v. State, C-2016-419*** (Entered 9/14/2017).

Appellant filed his *Application for Post-Conviction Relief* May 16, 2018, and the State responded on December 19, 2018, over seven (7) months later.

Appellant's *Application for Post-Conviction Relief* was denied on March 29, 2023 by the Hon. Jill C. Weedon. (**Exhibit A**, attached hereto)

**II.**

Written Notice of Post-Conviction Appeal was filed in the District Court of Beckham County on April 18 2023. (Exhibit B attached hereto)

**III.**

Appellant asserts that the following issues are cognizable, and should be considered on appeal:

    I.    THE TRIAL COURT ERRED BY NOT CONDUCTING AN EVIDENTIARY HEARING TO DEVELOP A SUFFICIENT RECORD FOR PROPER ADJUDICATION OF APPELLANT'S CLAIMS, REGARDING:

        (A)    THE PREJUDICE RESULTING FROM DEFENSE COUNSEL'S INEFFECTIVENESS THROUGHOUT PRETRIAL AND PLEA PROCEEDINGS, TO ENABLE A FULL AND FAIR CONSIDERATION ON THIS APPEAL.

        (B)    THE PREJUDICE RESULTING FROM DEFENSE COUNSEL'S CONFLICTING INTERESTS.

        (C)    THE PREJUDICE RESULTING FROM DEFENSE COUNSEL'S FAILURE TO ADEQUATELY INVESTIGATE MENTAL DEFECT AS A DEFENSE, AND TO RETAIN A QUALIFIED EXPERT [2] WHO WAS

---

[2]   In *Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985),* the expert qualified to conduct such an examination, and to assist in the evaluation, preparation, and presentation of the defense was, at a minimum, "a competent psychiatrist". *Id., @ 83, 105 S.Ct. @ 1096.*

Att - Ex "1" p- 2 - of - 3

CAPABLE OF CONDUCTING AN APPROPRIATE EXAMINATION AND ASSISTING IN EVALUATION, PREPARATION, AND PRESENTATION OF THE DEFENSE.

II.   THE WAIVER DOCTRINE FOUND IN *22 O.S. §1086* [3] DOES NOT APPLY IN THIS CASE DUE TO THE DISTRICT COURT'S ERRONEOUS *POST-CONVICTION FINDINGS.*

III.   THE TRIAL COURT ERRED BY NOT GIVING DUE CONSIDERATION TO APPELLANT'S CLAIM THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

IV.

This Court has jurisdiction to entertain this appeal in *22 O.S. §1087* and **Rule 5.2, Rules of** *the Court of Criminal Appeals.*

Respectfully submitted,

*Kenneth H. Tibbetts*

Kenneth H. Tibbetts, Petitioner
Joseph Harp Correctional Center
#122414
P.O. Box 548
Lexington, OK. 73051

## CERTIFICATE OF MAILING

On this, the 8th day of July, 2023, the foregoing was mailed to Clerk of the Appellate Courts, Oklahoma Judicial Center, 2100 N. Lincoln Blvd., Suite 4, Oklahoma City, OK. 73105-4907.

*Kenneth H. Tibbetts*

Kenneth H. Tibbetts, Petitioner

---

[3]   Judge Weedon inaccurately cited the statutory waiver doctrine as *20 O.S. §1086.*

3

ATT- Ex "1" p - 3 - of - 3

ATT-Ex "3"

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

JUL 25 2023

JOHN D. HADDEN
CLERK

## IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF OKLAHOMA

THE CLERK SHALL ENTER THE FOLLOWING ORDERS OF THE COURT:

**1**  **RE-2023-341**               **MEGAN LEIGHANN SANDERS**
    **Okmulgee County**        **v. THE STATE OF OKLAHOMA**
    **Case No. CM-2017-450**
    **Honorable Deborah Reheard**
    **Special Judge**

### ORDER DISMISSING APPEAL

Appellant's Petition in Error was due on or before July 5, 2023, but was not timely filed. Pursuant to this Court's Rule 3.1(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2023), the filing of the Petition in Error is jurisdictional and failure to timely file constitutes waiver of the right to appeal. As the Petition in Error was not timely filed, the above-styled appeal is **DISMISSED.** If Petitioner feels she has been denied an appeal through no fault of her own, she may seek the appropriate relief with the District Court. *See* Rule 2.1(E)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2023). Issuance of this order concludes proceedings before this Court.

CONCUR: Rowland, P.J.; Hudson, V.P.J.; Lumpkin, J.; Lewis, J.; Musseman, J.

**2**  **MA-2023-559**              **JOHNNY VAN FERRELL, JR.**
    **Rogers County**          **v. THE STATE OF OKLAHOMA**
    **Case Nos. CF-2009-465,**
    **CF-2009-483, CF-2010-31,**
    **CF-2010-31 and**
    **CF-2019-524**
    **Honorable Stephen R. Pazzo**
    **District Judge**

### ORDER DECLINING JURISDICTION

Rule 10.3, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2023) requires an applicant seeking extraordinary relief to serve notice on

ATT-EX "3"  p.1-of-2

Order 07-10-23

the adverse party when requesting relief from this Court. Petitioner has failed to give adequate notice to the proper party. The Court **DECLINES** jurisdiction and **DISMISSES** this matter.

CONCUR: Rowland, P.J.; Hudson, V.P.J.; Lumpkin, J.; Lewis, J.; Musseman, J.

| 3 | PC-2023-581 | KENNETH H. TIBBETTS v. THE |
|---|---|---|
| | Beckham County | STATE OF OKLAHOMA |
| | Case No. CF-2015-188 | |
| | Honorable Michelle Kirby | |
| | Roper | |
| | Associate District Judge | |

## ORDER DECLINING JURISDICTION

Petitioner's request for post-conviction relief was denied by the District Court in an order filed March 29, 2023. Petitioner's Petition in Error should have been filed with this Court on or before May 30, 2023, but was not filed until July 12, 2023. Petitioner failed to timely file the Petition in Error with the Clerk of this Court within sixty (60) days from the filing date of the District Court's final order. *See* Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2023). The Court **DECLINES** jurisdiction and **DISMISSES** this matter. If Petitioner feels he has been denied a post-conviction appeal through no fault of his own, he may seek the appropriate relief with the District Court. *See* Rule 2.1(E)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2023).

CONCUR: Rowland, P.J.; Hudson, V.P.J.; Lumpkin, J.; Lewis, J.; Musseman, J.

**IT IS SO ORDERED.**

**WITNESS MY HAND AND THE SEAL OF THIS COURT** this ___25___ day of July, 2023.

**SCOTT ROWLAND, Presiding Judge**

ATTEST:
*John D. Hadden*

_____
Clerk

2          ATT-Ex "3" p. 2-of-2

*Certified Copy*

# IN THE DISTRICT COURT OF BECKHAM COUNTY
## STATE OF OKLAHOMA

Ex. "I" (A)

BECKHAM COUNTY
FILED
SEP 07 2023
DONNA HOWELL, COURT CLERK
BY _____ DEPUTY

KENNETH H. TIBBETTS,
Petitioner,

vs.

STATE OF OKLAHOMA,
Respondent,

)
)
)
)
)
)
)
)
)

Case No. CF-2015-188

## APPLICATION FOR POST-CONVICTION RELIEF

I, Kenneth H. Tibbetts, whose present address is **Joseph Harp Correctional Center, P.O. Box 548, Lexington, OK 73051-0548** hereby apply for relief the under Post-Conviction Procedure Act §1080 et. seq., of Oklahoma Statutes Title 22.

The sentence from which I seek relief is as follows:

1. (a) Court in which sentence was rendered: Beckham County, State District Court
   (b) Case Number: CF-2015-188

2. Date of sentence: March 30th 2016

3. Term(s) of sentence: 3 Life Sentences and 2 Ten year Sentences CC and CS to 2 Lifes CC

4. Name of Presiding Judge: Floyd Douglas Haught

5. Are you in custody serving this sentence?   (X) yes        ( ) no
   Where? JHCC P.O. Box 548, Lexington, Oklahoma 73051

6. For what crimes were you convicted? Robbery w/Weapon; 2 cts Poss of F/A AFCF; 2 cts Kidnapping; 2 cts Attempted Armed Robbery w/Dang. Weapon

7. Check whether the finding of guilty was made:

   (X) After a plea of guilty      ( ) After a plea of not guilty

8. If found guilty after a plea of not guilty, check whether the following was made by:

   ( ) A jury                ( ) A judge without a jury

Title 22, Ch. 18, App., Form 13.11

i

Ex "I" p. 1 of - 8

9. Name of lawyer who represented you in trial court:

Alicia Sorelle

| | | |
|---|---|---|
| 10. Was your lawyer by you or your family? | (X) yes | ( ) no |
| Appointed by the court? | ( ) yes | (X) no |
| 11. Did you appeal the conviction? | (X) yes | ( ) no |

To what court or courts? Oklahoma Court of Criminal Appeals

| | | |
|---|---|---|
| 12. Did a lawyer represent you for the appeal? | (X) yes | ( ) no |
| Was it the same Lawyer as in No. 9 above? | ( ) yes | (X) no |

If "no", what was the lawyer's name? Chad Johnson

Address? P.O. Box 926 Norman, Oklahoma            73070

| | | |
|---|---|---|
| 13. Was an opinion written by the appellate court? | (X) yes | ( ) no |

If "yes", give citations if published: _____

If not published, give appellate case no.: C-2016-419

14. Did you seek any further review of or relief from your conviction at any other time in any other court?        (X) yes      ( ) no

If "yes," state when you did so, the nature of your claim and the result (include citations to any reported opinions.): Beckham County State District Court, Post-Conviction relief on May 16th 2018; Denied on March 29th 2023; OCCA, Appeal of Post-Conviction denial on July 12th 2023, Case No PC-2023-581 and the OCCA declined Jurisdiction on July 25th 2023

### PART B

(If you have more than one proposition for relief, attach a separate sheet for each proposition. Answer the questions below as to each additional proposition, labeled SECOND PROPOSITION, THIRD PROPOSITION.)

I believe that I have ___1___ (number of) propositions for relief from the conviction and sentence described in PART A. This is the first proposition: At No Fault Of The Incarcerated Pro Se Petitioner, And At The Fault Of The Beckham County Court Clerk, Petitioner Was Denied The Appeal Of The Beckham County District Court's March 29, 2023 Post Conviction Order To The Oklahoma Court Of Criminal Appeals.

1. Of what legal right or privilege do you believe you were deprived in your case? I was Denied the 22 O.S. § 1087 Statutory Appeal of the District Courts Post Conviction Denial Order

2. In the facts of your case, what happened to deprive you of that legal right or privilege and who made the error or which you complain? The statutory §1087 30 day period is to short, in light of the pro prisoner mail box falling rule and the OCCA R. extending §1087 statutory 30 day time, to 60 days violate the Seperation of Powers clause and is unconstitutional and the Beckham County Court Clerk Office failed to perform its duties to provide the (see iii a) 91. 2.

3. List by name and citation any case or cases that are very close factually and legally to yours as examples of the error you believe occurred in the case. Blades v. State 2005 OK CR, 1, 107 P.3d 607, 608 and at ¶ ¶ 9, Court is order an evidentiary Hearing and provide a findings of fact and conclusions for the OCCA]; Robinson v. Whitten (unpubl. opin) WL 7409596 at *4 OCCA declines Jurisdiction, citing failure to provide in R. 11(a) In Time date Notice filed];

4. How do you think you could now prove the facts you have stated in answer to Question No. 2, above? Attach supporting documentation. An Evidentiary hearing with testimony or Affidavits of Beckham County District Court Clerk and JHCC prison mailroom and law library officials and legal and testimony of Petitioner; also the attached Exhibits 1 and 2 and exhibits inside of ATT. Exh (s);

5. If you did not timely appeal the original conviction, set forth facts showing how you were denied a direct appeal through no fault of your own. (**Pursuant to T. 22, Ch. 18, App., Rule 2.1 E. Appeal Out of Time**): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Title 22, Ch. 18, App., Form 13.11

iii

Ex "I" p. 3-of-8

PROP 1. # 2 Facts Cont:

incarcerated pro se Petitioner with the requested stamped file copy of his Notice Of Post-conviction Appeal and failure to provide Petitioner with Notice Of Completion of appeal Record and Index of Appeal record transmittal letter, rendering the Petitioner incapable of complying with the mandatory OCCA Rule 5.2C.2., to provide date the Notice of Post-conviction Appeal was filed in the jurisdictional Petition In Error.

I have always desired to appeal my Beckham County District Court convictions and sentences, and requested the indigent appeal timely and it was pursued and the OCCA affirmed the J&S.

I with the assistance of a fellow JHCC prisoner, prepared my verified Post Conviction Relief Application and a pauper Affidavit;

I utilized the JHCC prisoner legal mail system on May 14, 2018, to mail 1st class to the Beckham County District Court Clerk Office, and the Court clerk filed it on May 16th 2018,-Id at 14 PCRA

The Court on March 29th 2023 denied the Post-conviction Application, the Clerk filed, certified and mailed the Denial order to the Petitioner on March 29, 2023 ATT. Ex 1 "Ex"A"

I received the Courts certified denial order on March 31 2023, and had 20 days from the date the Order was filed by the clerk, to file my Notice of Appeal in the District Court or until April 18, 2023 to file the Notice In The District Court; and by Post Conviction Procedure Act, statute 22.§1087 I had only 30 days from the date the denial order was filed in the District or until April 28th 2023 to file my Petition In Error with date the Notice of Appeal was filed in the District Courts, in the Oklahoma Court of Criminal Appeals; and under the OCCA Rule 5.2.C.1 I had 60 days from the March 29, 2023 date of the District Court denial order, to file in the OCCA, the Petition In Error, with date

iii (a)          Ex"I" p. 4-of-8

PROP. 1 ª Facts (cont)

the Notice Of Appeal was filed in District Court and Brief In Support
of Petition In Error in the OCCA, or by May 30, 2023;

8   Petitioner without any benifits of a mail box telling rule,
and the conflicting 30 and 60 days to file Petition In Error,
desired to appeal the District Courts denial order. ATT-Ex 1 "Ex."A";

9   I was without sufficient time, to comply with the statutory
30 day time period, to complete the Petition In Error with the
date of the Notice Of Intent To Appeal filed date and statutes
overrule OCCA Roles on time constraints;

10   I timely and properly completed and mailed on April 10th
2023, my Notice Of Appeal to the Beckham County Court Clerk Office
with 2 copies of the Notice and request on 1 copy to return
stamped Filed to Petitioner notation. ATT-Ex 1 "Ex." B";

11   I received no copy of the Notice of Appeal from the Court
Clerk Office, until June 10th 2023 in response to my request
for the date the Notice was filed;

12   The Notice Of Appeal was filed in the District Court on April 18th
2023 and therefore it was timely under the OCCA Role S. 2.C.1
and insufficient time for me to file in the OCCA, a Petition In
Error with file date of the Notice Of Appeal;

13   The District Court Clerk, by OCCA Roles S.2.C (6), 5.3.B and
2.3.1 had 30 days from the April 18, 2023 date the Notice Of
Appeal was filed by the Clerk, or until May 18, 2023 to compile
the Notice Of record on Appeal, including the certified Notice Of
Intent To Appeal, and file in the OCCA, Notice of Appeal record
completion, and notify the Parties, including me, of the compl-
etion of Appeal record in a transmittal letter that included
the Index of Appeal record contents.

      The District Court Clerk, never notified me or provided
14   me any Index, which would have included Notice Of Intent
To Appeal, file date.

111 (b)            Ex "I" p. 5-of-8

Prop 1, #2  Facts (cont):

15. I was unable at no fault of my own and at the fault of the District Court Clerk, from completing for a timely filing in the OCCA, a Petition In Error with the date the Notice Of Appeal was filed in the District Court.

16. Failure to provide the date the Notice of Appeal was filed in the District Court, in the Petition In Error, is fatal to the Appeal in the OCCA, See Robinson, (unpubl. Opin) Id at #3 (cases cited)

17. I was not capable of completing the Petition In Error, with the date the Notice of Appeal was filed in the District Court, until after I received on June 10, 2023, the Notice of Appeal copy stamped filed by District Court Clerk.

18. I mailed to the OCCA clerk on July 8th 2023, the completed Pauper, Petition-In-Error and Extension Time To File Brief and it was stamped filed on July 12, 2023.

19. The OCCA declined jurisdiction and dismissed my Appeal on grounds it was out-of-time.

20. I am entitled to and request a recommendation to be granted an out-of-time appeal of the District Courts March 29th 2023 Post Conviction denial order, to the OCCA, on the grounds that at no fault of my own and at the faults of the Beckham County Court Clerk, I was denied the appeal of the Post Conviction denial order of the District Court.

6. Is this a proposition that could have been raised on direct appeal?   ( ) yes   (X) no

Explain: _____

_____

_____

_____

## PART C

I understand that I have absolute right to appeal to the Court of Criminal Appeals from the trial court's order entered in this case, but unless I do so within thirty (30) days after the entry of the trial judge's order, I will have waived my right to appeal as provided by section 1087 of Title 22.

## PART D

I have read the foregoing application and assignment(s) of error and hereby state under oath that there are no other grounds upon which i wish to attack the judgment and sentence under which I am presently convicted.  **I realize that I cannot later raise or assert any reason or ground known to me at this time or which could have been discovered by me by the exercise of reasonable diligence**.  I further realize that I am not entitled to a second or subsequent application for post-conviction relief based upon facts within my knowledge or which I could discover with reasonable diligence at this time.

## PART E

I hereby apply to have counsel appointed to represent me. I believe I am entitled to relief. I do not possess any money or property except the following: (If none, state "None"). _____

DATED: _September 5, 2023_

SIGNATURE: _Kenneth H. Elliott_

Ex "I" p. 7 of 8

STATE OF OKLAHOMA      )
                       )
COUNTY OF CLEVELAND    )

_Kenneth H. Tibbets_____, being first sworn under oath, states that he/she signed the above application and that the statements therein are true and to the best of his/her knowledge and belief.

_____

Signature of Petitioner

Subscribed and sworn before me this _5th__ day of __Sept_____, 20_23_

_____

Signature of Notary Public

My Commission Expires: _____

Title 22, Ch. 18, App., Form 13.11

v

Ex "I" p. 8 - of - 8



**IN THE DISTRICT COURT OF** <u>Beckham</u> **COUNTY**
**STATE OF OKLAHOMA**

<u>Kenneth H. Tibbetts,</u>          )
Petitioner,                              )
                                         )          Ex "I" (B)
                                         )
vs.                                      )          Case No. CF-2015-188
                                         )
                                         )
STATE OF OKLAHOMA,                       )
Respondent,                              )
                                         )

### BRIEF IN SUPPORT OF
### APPLICATION FOR POST-CONVICTION RELIEF

Comes Now Kenneth H. Tibbets, the Petitioner appearing and proceeding Pro se and submits this Brief In Support of his pro se verified Post Conviction Relief Application (PCRA) 22 O.S 2022 §§1080 et.seq. seeking this Court's recommendation, to the Oklahoma Court of Criminal Appeals (OCCA), that it grant Petitioner an Appeal-Out-of-Time, from this Court's March 29th 2023 denial of Post Conviction Relief Order, pursuant to Rule 2.1. E (1) and (3). Rules of the Oklahoma Court of Criminal Appeals, Title 21 Ch. 18 (2023).

<u>STATEMENT OF THE CASE.</u>

1. Petitioner was convicted by pleas and sentenced on March 30 2016, in Beckham County, State District Court case no. CF-2018-188; and on September 14th 2017 the OCCA affirmed the J&S in case no. C-2016-419; see PCRA id at pp. 1-11;

2. Petitioner's pro se and verified Pauper Affidavit and PCRA, Case No. CF-2018-188 was filed in the Beckham County District Court, on May 16th 2018, requesting

PCRA-Appeal Out-of-Time Brief
1-of-13

attorney assistance and redress relief vacating and setting aside the plea convictions and sentences; See ATT-Ex"1" Ex"A" at p.1

3. The Respondent, State on December 19th 2018 filed in the Beckham County District Court its answer to Petitioner's PCRA, requesting the court to deny the PCRA; Ex A p.1 id

4. The Beckham County District Court denied Petitioner's PCRA on March 29, 2023 and the Beckham County Court clerk office mailed a certified copy of the order to the Petitioner; Id, Ex ATT.1 Ex"A" and ATT. Ex"2" pp. 2-3 and Exs) 1-6;

5. Petitioner's pro se Notice of Intent To Appeal, requesting Preparation of Record, was filed in the Beckham County District Court on April 18th 2023; and the copy of the NOA, Petitioner sent to the OCCA clerk on April 10th 2023, was stamped filed by the OCCA clerk office on April 13th 2023; See Id ATT-Ex"1" Ex"2"

6. Petitioner Sr May 26th 2023 Motion for Extension Of Time To File Petition-In-Error and Brief-In-Support of Petition-In-Error was received in the OCCA clerk office on June 1st 2023; and on June 1st 2023 the clerk returned unfiled to Petitioner the Extension Of Time Motion, on grounds "no open case on file."; See Id ATT-Ex"2" pp. 2-3 and Exs) 4-6

7. Petitioner through the prison legal mail system, mailed 1st class on June 8th 2023, to the Beckham County District Court Clerk office, a letter inquiring and requesting the date, the Petitioner's April 10th 2023 Notice Of Intent To Appeal, was filed in the Beckham County District Court and on

June 14th 2023 the Court Clerk certified the copy of Petitioner's April 16th

2023 Notice Of Intent To Appeal, stamped filed April 18th 2023 and mailed

It to Petitioner, 1st Class  Id. ATT-Ex "A" Ex "1" and ATT Ex "2" pp 2-3, Ex 1-3'

8. Petitioner through the prison legal mail system, received on June 20th 2023

1st class mail from the Beckham County District Court Clerk Office, with the

Stamped filed April 18th 2023 copy of Petitioner's April 16th 2023 Notice Of

Intent To Appeal; Id ATT-Ex "2" pp. 2-4 and Exc's 1-3;

9. Petitioner pro se pauper affidavit, Petition In Error and Extension Of Time

To File Brief-In-Support Motion Was filed in the OCCA, on July 12th 2023,

and numbered PC-2023-581; See ATT-Ex "3" p. 2

10. On July 25th 2023 The OCCA declined appellate jurisdiction, on grounds

Petition In Error was due May 30, 2023 and was filed out-of-time on July

12th 2023 and if Petitioner feels he was denied this appeal at no fault of

his own, he may seek appeal out of time relief in the Beckham County

District Court; See Id ATT-Ex "3" at p 2

11. Petitioner informa pauper and pro se files the accompanying verified

PCRA, seeking and requesting assistance of an attorney, an Evidentiary

Hearing and a recommendation to the OCCA, to grant Petitioner

an appeal out of time of this Court's March 29, 2023 order denying

Petitioner's PCRA.

## II

## STATEMENT OF FACTS

**1.** Petitioner currently and has been since March 30, 2016 an "incarcerated Oklahoma State prisoner, under Judgment and Sentence authority of the Beckham County District Court in case no CF-2015-188; See PCRA 2d at p.1,

**2.** Petitioner due to the confinement conditions of his incarceration, can only communicate with Courts and officers there-of by U.S. mail. Id. PCRA

**3.** Petitioner, through the "Joseph Harp Correctional Center" (JHCC), prisoner legal mail system, on May 14th 2018, mailed 1st Class, a pro se pauper affidavit an original and 2 copies of the pro se verified Post-Conviction Relief Application (PCRA) requesting on one of the 2 copies, the Court clerk, return to Petitioner stamped filed. Id PCRA #2 Facts;

**4.** The Beckham County Court Clerk office, on May 16th 2018 stamped filed the Petitioner's May 14, 2018 verified PCRA, and mailed a stamped file copy of PCRA to the Petitioner at JHCC, by 1st Class mail. PCRA #2 Facts

**5.** The Respondent filed its answer in the District Court on December 19, 2018 and by 1st Class mail, served a copy of the Stamped-filed copy of the answer to the Petitioner at JHCC.

**6.** The Beckham County District Court denied Petitioner's verified PCRA on March 29, 2023; and in accordance with OCCA Rule 5.3.A the Clerk of

4     PCRA-Appeal Out-of-Time Brief
      4 of 13

the Court, on March 29th 2023 certified and mailed 1st class to the Petitioner at JHCC, a copy of the denial order. PCRA #2 Facts ¶¶ 5-6

7. Petitioner, through the JHCC prison legal mail system, received on March 31, 2023, 1st class mail from the Beckham County Court Clerk office, containing the certified March 29, 2023 Court order denial of PCRA; Id PCRA #2 Facts ¶¶ 5-6

8 There exist no prison mail box toll rule in Oklahoma State Criminal Justice system. Banks v State, 1998 OK CR.5. 953 P.2d 344.346. and Rule 5.2 C.1., affords a Post-Conviction appellant, 20 days from the date of the District Court's certified Final Post Conviction order, March 29, 2023, to file in that District Court a Notice Of Intent To Appeal; and pursuant to 22 O.S. 2022 §1087 the Appellant has only 30 days from the date of the District Court Final Post Conviction Order, to file a Petition In Error in the OCCA; and in conflict with §1087 "30" day time constraint, OCCA. Rule 5.2.C.3 affords Appellant 60 days from date the District Court's Final Post Conviction Order is filed with the clerk of the District Court, to file in the OCCA, the Petition In Error and Brief In Support.

9 Petitioner without sufficient knowledge of time to file Petition In Error in the OCCA. due to statute and Rule contradictions id. at ¶.8; PCRA #2 Facts ¶¶ 6, 7 and 9

10. Petitioner at all times since his March 31st, 2023 receipt of the certified March 29, 2023 District Court Order, denying PCRA, id at ¶.7, desired to Appeal the denial order to the OCCA. PCRA #2 Facts ¶¶ 2 and 8

10. Petitioner desiring to appeal the denial order id at ¶¶. 6 , pro se prepared and mailed 1st class, through the JHCC prison legal mail system on April 10, 2023 to the Beckham County District Court Clerk office, an original and 2 copies of the Notice Of Intent To Appeal requesting

PCRA-Appeal-Out-of-Time Brief
5 - OF - 13

preparation of record, and on 1 of the Notice Of Intent To Appeal copies, requested returned to Petitioner stamped-filed copy.

12. Petitioner was required by OCCA Rule 5.2.C.(2), to state in his OCCA, Petition-In-Error, the date and in what District Court his Notice Of Post-Conviction was filed. Petitioner failure to provide date the Notice was filed in the District Court, is fatal to the appeal in the OCCA. see Robenson v. Whitten, U.S. Northern District of Oklahoma, case No. 20-CV-0046-GKF-CDL (12/17/20) 2020 WL 7409596 *4 (Unpublished Opinion) [Petitioner Robinsons Post Conviction case No PC-2018-105, attempted Appeal to the OCCA, is dismissed as out-of-time on grounds, basis and reasons that "Petitioner's failure to either provide a copy of his Notice Of Post Conviction Appeal or provide a statement in his Petition-In-Error regarding the date he filed the Notice of Appeal, as required by Rule 5.2.(C)(2), of OCCA, Title 22 Ch.18 App. (2018)];

Further OCCA Rule 5.3 (B) "Duties Of Court Clerks ..." provide "upon receipt of the Notice of Post Conviction Appeal, the clerk of the District Court shall compile 2 certified copies of the record on appeal as defined by Rule 5.2.(C)(6) and ensure the Notice Of Completion of the record is filed with [OCCA] within 30 days of the filing of the Notice Of Post-Conviction Appeal, unless an extension is requested by the Court Clerk and granted by this [OCCA]; and

OCCA Rule 2.3.B.(1) Duties of Trial Court Clerk on Completion of Record" "Notification of Parties : Notify all parties in writing when the record on appeal has been completed and is ready for transmission. This Notice/Transmittal letter shall include an Index of the record to be submitted on appeal...";

13. Petitioner also, mailed 1st class, through the JHCC Legal mail System, on April 10, 2023 1 copies of the Notice Of Intent To

Appeal, Petitioner mailed to the Beckham County Court Clerk Office, to the Clerk of the OCCA, with request on one copy, to return to Petitioner Stamped filed. See ATT-Ex "Z" "Ex "Z"

14. Petitioner received through the JHCC prison legal system, on April 16, 2023 1st class mail, from the Clerk of the OCCA and it contained the Stamped filed on April 13, 2023 by the OCCA clerk, copy of the Notice Of Intent To Appeal, that Petitioner had mailed the original and 2 copies there-of to the Beckham County Court Clerk Office. See Id at ¶¶ 13, also see ATT-Ex 2 "Ex "Z" (copy of OCCA Clerk Stamp)

15. On a date unknown to Petitioner, the Petitioners Notice Of Intent Appeal, documents were received by the Beckham County District Court Clerk Office, and is stamped filed on April 18, 2023. ATT-Ex 1 "Ex, "B"; also see PCRA # 2 Facts ¶¶ 10-14;.

16. Petitioner's Notice Of Intent To Appeal filed in the Beckham County Court clerks office, is timely filed under OCCA Rule 5.2-C.1; and Rule 5.3.(B) required the Beckham County Court Clerk to compile within 30 days - by May 18th 2023, 2 certified copies of the record on appeal, ensure the Notice Of Completion of the record is filed with the OCCA. Notify all parties in writing when the record on appeal has been completed, and ready for transmission, and that Notice/Transmittal letter shall include an Index of the record to be submitted on Appeal. See Rule 5.2.(c)(a) it includes a certified copy of the Notice Of Intent To Appeal filed. Id. PCRA#2 Facts.

17. Petitioners requested Stamped file copy of his Notice Of Intent To Appeal filed in the Beckham County Clerks Office, was not returned to Petitioner by the Court Clerk. PCRA # 2 Facts ¶¶ 10-14

18. Petitioner's 22 § 1087 (also see OCCA Rule 5.4. "Judge Duties" citing §1087 time constraints) statutory 30 day period to file the jurisdictional Petition In Error to the OCCA, expired on April 28th 2023, and Petitioners OCCA Rule 5.2.C.(2) 60 day period to file the

Petition In Error and Brief In Support in the OCCA.

19. Petitioner has never received any type Notice or Transmittal letter from the Beckham County Court Clerk Office regarding the Post Conviction record on Appeal. PCRA #2 Facts ¶¶. 10-14

20. The State prison system went into a total lockdown status - all Inmates confined to assigned cell. 24 hours a day on May 19th 2023 and until June 27th 2023

21. Petitioner utilizing the JHCC prison legal mail system, on May 26, 2023 mailed 1st Class to the OCCA Court Clerk office, a Motion For Extension Of Time To File The Petition In Error and Brief In Support of Petition In Error. ATT-Ex. 2 "Ex 4"

22 The OCCA Court clerk on June 1st 2023 stamped filed the Petitioner's May 26, 2023 Extension of Time Motion Id at 21. and the Clerk returned the Motion To the Petitioner with correspondence Motion denied due to no open appeal case. ATT- . Ex. 2 "Ex(s) 5 and 6"

23. Petitioner received through JHCC prison legal mail system. 1st class mail from the OCCA Court Clerk Office on June 6th 2023 and it contained the June 1st 2023 stamped filed copy of Petitioner's Extension Motion and Clerk correspondence Id. at 22.

24. Petitioner utilizing the JHCC prisoner legal mail system, on June 8th 2023 mailed 1st class to the Beckham County Court Clerk Office, a letter inquiring of the date the Court Clerk Office filed Petitioner's Notice Of Post Conviction Appeal. PCRA #2 Facts ¶¶. 10-11

25. Petitioner received through the JHCC prisoner legal mail system, on June 20th 2023 1st Class mail from the Beckham County Court Clerk's office, dated mailed on June 14th 2023 and it contained a stamped filed on April 18th 2023 copy of the Notice Of Intent To Appeal, that Petitioner on April 10 2023 mailed 1st Class to Beckham County Court Clerk Office. Id PCRA #2 Facts ¶¶. 10-11 and ATT- Ex. "L" "Ex B"

26. Petitioner through the JHCC prison legal mail system, on July 8th 2023, mailed 1st Class, to the OCCA Court Clerk office, a Pauper Affidavit, the original and 2 Copies of a Petition In Error and Motion For Extension of

Time To File Brief In Support of Petition In Error. ATT-Ex. 1 "Ex. 2";

27. Petitioner received through JHCC prison legal mail system on July 18, 2023 from the OCCA Court Clerk Office. 1st class mail, containing Filing Fee balance $0.00 and stamped filed July 12th 2023 and numbered P.C.-2023-581, Petition-In-Error and Motion For Extension of Time. copies.

28. Petitioner, received through JHCC prison legal mail system, on July 27th 2023, 1st class mail date July 25, 2023. from the OCCA Court Clerk Office, the OCCA's July 25, 2023 order declining Jurisdiction of Petitioner's Post Conviction Appeal case no. PC-2023-581, citing failure to file the Petition In Error with the OCCA clerk within 60 days of the March 29th 2023 date the District Court Post-Conviction-final denial order was filed. and advising the Petitioner if he feels he was denied the appeal through no fault of his own, he may seek the appropriate out-of-time appeal relief in the District Court. PCRA #2 Facts ¶¶. 18-19 and ATT-Ex "3"

29. Petitioner was at no fault of his own and at the fault of the Beckham County District Court Clerk Office. deprived and denied the ability to timely appeal the Beckham County. District Court. March 29, 2023 Post Conviction denial order to the OCCA. on or before the May 30th 2023 due date, as a result of the Beckham County Court Clerk's:
   (a) failure to return to Petitioner, the Petitioner's requested stamped file copy of Petitioner's Notice Of Intent To Appeal, the Clerk stamped as filed on April 18th 2023;
   (2). failure to comply with OCCA Rules, 5.2.(C)(6), 5.3. B. and 2.3. B. 1., requirements. the District Court Clerk within 30 days of the April 18th 2023 date the clerk filed Petitioner's Notice Of Post Conviction Appeal, to compile record on appeal. including certified copy of Notice Of Post-Conviction Appeal, notify all parties, including Petitioner of appeal-record completion and Transmittal of Record Index, provided.

30. Petitioner due to Beckham County District Court Clerk Office failures to perform its purely ministerial, legally enjoined mandatory duties id. at ¶ 29. the Pro Se Petitioner was left unable to comply the mandatory OCCA Rule 5.2.2 to include in the Jurisdictional Petition In Error, the date and Court the Notice Of Post Conviction was filed.

31. Petitioner was without sufficient time, to include in the Petition In-Error, the date the Notice Of Post Conviction was filed in the Beckham County District Court. within the 22 § 1087 statutory time period for filing the Petition In Error in the OCCA, having no mailbox tolling rule benifits, and with understanding a OCCA Rule. affording 60 days to file the Petition In Error and Brief In Support in the OCCA, does not overrule the § 1087 Statutory time limitation to file the Petition In Error In the OCCA within 30 days, without violating Okla. Const. Art. 4 § 1 Separation Of Powers Clause. despite 22 O.S. 1051(b) delegation to OCCA, in only the furtherance of the Appellate Statutory provisions, having force and effect of a statute.

ARGUMENT AND AUTHORITIES:

Petitioner an incarcerated indigent state prisoner, confined at JHCC and due to incarceration confinement conditions the Petitioner's sole method of communicating with the Courts and officers of the Court is by U.S. Postal Services.

Petitioner is without the benefit of a prisoner mail box tolling rule in the Oklahoma State Court, Post Conviction proceedings. See Bunka v. State 1998 Ok CR 7, ¶ 953  P.2d 344-346

Petitioners incoming and out-going legal mail is logged by Oklahoma Department of Corrections, JHCC law library and mail room officials.

Petitioner's Notice Of Post Conviction Appeal, was timely filed in the Beckham County District Court, on April 18, 2023 and the Clerk never returned to the Petitioner, the copy of the Notice stamped filed as requested by the Petitioner nor otherwise provided the date the Notice was filed in the District Court to the Petitioner. PCRA #2 Facts ¶¶. 10-12

The Beckham County District Court Clerk, knew of the extremely short, time constraints of 30 days by Statute 22 § 1087 and 60 days by OCCA, Rule 5-2.C.2. for the Petitioner to file in the OCCA, a Petition In Error, that included the date the Notice Of Post Conviction Appeal was filed in the District Court, also See OCCA Rule 5.4, citing 22 § 1087 time constraints.

Further, the Beckham County District Court, was legally enjoined by OCCA Rules 5.2-6.(6), 5.3 B and 2.3.1, to perform the mandatory ministerial duties, involving no use of Clerks discretion, to compile within 30 days of date the Notice of Post Conviction Appeal is filed with the Clerk, the record on Appeal, including the clerk certified copy of the Notice Of Intent To Appeal filed in the District Court, and to Notify the OCCA of the completion of record on appeal, and the parties, including

11

ARGUMENT & AUTHORITIES

providing in the letter of transmittal, to the parties the Index of appeal records compiled, including the Notice of Appeal filed.

The Clerk never provided Petitioner any Notice, or Index nor a transmittal letter.

Had the Clerk either returned the requested stamped file copy of the Notice of Intent To Appeal or the Index, the Petitioner would have acquired the date his Notice of Intent To Appeal was filed in the District Court, and been able to complete timely under OCCA Rule 5.2.C.2 his Petition In Error and filed it before the May 29, 2023 due date.

Petitioner was without any other means of obtaining the filed date, except through the clerk of the Court, by return of the copy requested or the Index, both through U.S. Postal Service delivery.

OCCA Rule 5.2.C.2, terms "Shall" include date the Notice filed in the District Court, is mandatory and the failure to comply with that mandate is fatal to the Post-Conviction Appeal in the OCCA. See Robinson v. Whitten (unpubl. opin) 2020 WL 7409596 * 4, the OCCA decline jurisdiction of Post Conviction Appeal, citing Petitioner failure to provide date the Notice of Intent To Appeal was filed in the District Court.)

The OCCA insist on strict compliance with its rules see Bevles v. Braun v. State, 937 P.2d 505, 508 at ¶¶ 9-11

Secondly due to U.S. Federal Court decision, holding the 22 § 1086, 30 day time period to file the Petition In Error, without any benefit of a prisoner mail box-tolling, is too short, the OCCA, in violation of Okla Const. Art 481, separation of Power clause, enacted its Rule 5.2.C.2 60 day time limitation to file Petition In Error, overriding the statutory 22 § 1087 30 day time limitation to file the Petition In Error in the OCCA; See e.g. Loftis v. Champion, 812 F.3d 1268 (10th 2016) Bellis v. Whitten (unpubl. Opin.) (U.S. District, W.D. Okla- 2020 WL 7090705 *11 n.14);

12            PCRA - Appeal Out-of-Time Brief
                        12 - of - 13

## ARGUMENTS & AUTHORITIES

However, after the OCCA enacted the amended Rule 5.2.C.2
60 day time constraint, the legislative in 2022 amended the
Post Conviction Procedure Act, 22 §1080 et seq, time limits
and §1087, 30 day time limit, remained unamended
and unchanged, Therefore the OCCA Rule 5.2.C.2, 60
day time limitation, is invalid on it's face. Okla Const Art 4§1

Accordingly the Petitioner was technically out-of-time
from the on-set, to file the Petition - In Error, after- 30
days from the date of the denial order, because the Clerk
with-held from Petitioner the date his Notice of Intent To
Appeal was filed by the Clerk.

The Petitioner at no faults of his own and due to the
faults of the District Court clerk, was denied the opportunity
to appeal the March 29, 2023 Post Conviction denial order
of the District Court to the OCCA, and therefore pursuant
to OCCA Rule 2.1.E. Petitioner request and has demon-
strated entitlement to a recommendation to the OCCA,
to grant Petitioner an out-of-time appeal of the denial
order.

All Premises Considered on this 5th day of Sept 2023
and respectfully submitted by Petitioner Kenneth Tibbetts
/S/ Kenneth A. Tibbetts

Ex **III**

IN THE DISTRICT COURT OF BECKHAM COUNTY
STATE OF OKLAHOMA

KENNETH HAROLD TIBBETTS,          )
                  Petitioner,    )
vs.                               )          Case No. CF-2015-188
                                  )
STATE OF OKLAHOMA,                )
                  Respondent.     )

## STATE'S ANSWER TO PETITIONER'S
## APPLICATION FOR POST CONVICTION RELIEF

COMES NOW Angela C. Marsee, the duly elected District Attorney for the Second

Judicial District, by and through Julia O'Neal, Assistant District Attorney and respectfully

requests the Defendant's Application be denied.

1. The Petitioner entered a plea of guilty on February 20, 2016 with sentencing held on March 30, 2016. The Petitioner was sentenced to life sentences on Count 1, 3, 4, 5, and 6 and 10 years on count 2 and 7 with the Department of Corrections.
2. The Petitioner filed an application to withdraw plea of guilty on April 6, 2016
3. A hearing was held on May 11, 2016 wherein this Honorable Judge Haught overruled the application.
4. On May 18, 2016, the Petitioner filed a Notice of Intent to Appeal. The Petitioner alleged eight propositions of error.
   a. The trial court failed to conduct a meaningful inquiry into petitioner's competence.
   b. There was insufficient factual basis for the plea and therefore his plea was not knowingly, intelligently, and voluntarily given.
   c. Petitioner did not receive adequate information on the punishment ranges; therefore, it was error to overrule the application to withdraw the guilty plea.
   d. Imposition of the sentence violated constitutional protections against double jeopardy.
   e. It was error to admit documents protected by doctor-client privilege.
   f. Prosecutorial misconduct
   g. Ineffective assistance of trial counsel.
   h. Cumulative errors deprived the petitioner of a fair proceeding.
5. On September 14, 2017, the Oklahoma Court of Criminal appeals denied the Petitioner's direct appeal.
6. On May 16, 2018, the Petitioner filed a Post-Conviction Relief application alleging two errors (1) ineffective assistance of counsel and (2) the trial court's lack of subject matter jurisdiction. However, he outlines the following also:
   a. Waiver Doctrine 22 O.S. §1086 does not apply to fundamental constitutional claims.

State Answer p. 1 of 6

      b. Ineffective Assistance of counsel due to actual conflict of interest with his retained counsel of record.

      c. Beckham County was without subject matter jurisdiction.

      d. Ineffective assistance of counsel due to deficient performance which was caused by a conflict of interest.

      e. Ineffective assistance of appellate counsel.

7. The State of Oklahoma filed a response to Petitioner's application.

8. On March 29, 2023, this Honorable Court denied the Petitioner's application.

9. On March 30, 2023, the Petitioner filed a Writ of Mandamus with the Oklahoma court of Criminal Appeals with the following issues:

      a. Stating the District Court had an obligation to rule on his Application for Post-Conviction Relief.

      b. Requesting a hearing be held on the Application.

10. On March 29, 2023, this Honorable Court issued Findings of Fact and Conclusions of Law and denied all of Petitioner's contentions.

11. April 18, 2023, the Oklahoma Court of Criminal Appeals dismissed the Writ of Mandamus as moot.

12. On April 18, 2023, the Petitioner filed a Notice of Intent to Appeal with the Beckham County Court Clerk. However, the Petitioner did not file the Designation of Record.

13. On July 12, 2023, the Petitioner filed a Petition in Error with the Oklahoma Court of Criminal Appeals alleging:

      a. Trial court errored in not conducting an evidentiary hearing on the APCR.

      b. Ineffective assistance of counsel.

      c. conflict of interests by his defense counsel.

      d. defense counsel failed to investigate Petitioner's mental defects.

      e. waiver doctrine in 22 O.S. §1086 does not apply for the reason the District Court erred in its ruling on the Post Conviction Relief

      f. Trial Court erred by not giving due consideration to Appellant's claim of ineffective assistance of appellate counsel.

14. On July 24, 2023, the Oklahoma Court of Criminal Appeals Declined jurisdiction stating the Petitioner had until May 30, 2023, to file an Petition in Error with the court pursuant to Rule 2.1(B).

15. On September 7, 2023, the Petitioner filed an Application for Post-Conviction Relief seeking a recommendation for an appeal out of time.

## AUTHORITY AND ARGUMENT

The right to an appeal out of time is dependent on the ability of the petitioner to prove that he was denied an appeal through no fault of his own. Rule 2.4(E)(1) of the Rules of the Oklahoma Court of Criminal Appeals; *Blades v. State*, 2005 OK CR 1, 107 P.3d 607. Only upon proving as much is the petitioner then entitled to a District Court's recommendation for an appeal out of time. *Dixon v. State*, 2010 OK CR 3, ¶5, 228 P.2d 531, 532.

State Answer p. 2 of 6

## A. PETITIONER ALLEGES THE TIME LIMITS IN 22 O.S. §1087 AND RULE 5.2C(2) ARE IN CONFLICT AS ONE STATES THIRTY (30) DAYS AND ONE STATES SIXTY (60) DAYS.  HE ALLEGES THIS CONFLICT PREVENTED HIM FROM TIMELY FILING.[1]

Practice in the Oklahoma Court of Criminal Appeals is governed by the Rules of the Court of Criminal Appeals "COCA" and guidance in applying those Rules is found in cases decided by the Court of Criminal Appeals. *Banks v. State*, 1998 OK CR 5, ¶5, 953 P.2d 344

For a petitioner to appeal of a denial of an Application for Post-Conviction Relief, 22 O.S. § 1087 states "A final judgment entered under this act may be appealed to the Court of Criminal Appeals on Petition in Error filed either by the applicant or the state within thirty (30) days from the entry of the judgment."

A petitioner must also file a Notice of Post-Conviction Appeal with the Clerk of the District Court within twenty (20) days of the date the order is filed in the District Court. Pursuant to Rule 5.2 (C)(1).  The format to use for the Notice of Post-Conviction Appeal is outlined in Rule 5.2 (C)(9).

Upon receipt of the Notice of Post-Conviction Appeal, the Clerk of the District Court shall compile two certified copies of the record on appeal as defined by Rule 5.2(C)(6), and ensure the Notice of Completion of record is filed with the COCA within thirty (30) days of the filing of the Notice of Post-conviction appeal, unless an extension is requested by the court clerk and granted by the Court of Criminal Appeals. Rule 5.3 (B)(1)

Rule 5.2 (C)(2) states that a party desiring to appeal must file a Petition in Error and supporting brief with a certified copy of the final order in with Court of Criminal Appeals within sixty (60) days of the final order that is being appealed.    Rule 5.2 (C) (2) was amended in 2018 to allow for filing of the Petition in Error within sixty days.  Prior to the 2018 Amendment, the Rule required the filing within 30 days which matched the amount listed in 22 O.S. §1087. *See* 2018 OK CR 1.

Rule 5.2 (C) (5) states failure to file a Petition in Error with brief, in the time provided is jurisdictional and shall constitute a waiver of the right to appeal.

---

[1] See Petitioner's APCR PG 5.

State Answer p. 3 of 6

If a petitioner misses a deadline, the procedure required is to file an APCR Request Appeal Out of Time in the trial court pursuant to Rule 2.1 (E) (3).

In the matter at hand, the District Court filed the findings of fact and conclusions of law regarding the Petitioner's Application for Post-Conviction Relief "APCR" on March 29, 2023 in the Beckham County District Court Clerk's office. A copy of this decision was mailed to the Petitioner on March 29, 2023.

The Petitioner had to file a Notice of Appeal on or before April 18, 2023 in the Beckham County District Court. The Petitioner did file said Notice on April 18, 2023.

The Petitioner was then required to file Petition in Error with supporting brief and a certified copy of the "trial court's" Order within sixty days (as provided in Rule 5.2 (C) (2)) to the Court of Criminal Appeals. Petitioner filed a Petition in Error, Motion for Extension of time to file Brief in Support on July 12, 2023 with COCA. COCA declined jurisdiction on July 24, 2023. (See Order Declining Jurisdiction filed July 27, 2023 in the Beckham County Court Clerk's office.) Said Order indicated Petitioner had until May 30, 2023 (60 days) to file a Petition in Error and Brief in Support.

Petitioner's contention that the statutes are in conflict does not provide a basis for his failure to file a Petition in Error with supporting brief on or before May 30, 2023. If he had been confused by the thirty versus the sixty day requirement, he still did not file in the time frame provided. He filed his Petition in Error on July 12, 2023, forty-three days after the sixty-day deadline.

Rule 5.2 (C) (5) states failure to file a Petition in Error, with brief, in the time provided is jurisdictional and shall constitute a waiver of the right to appeal. Petitioner's confusion does not justify filing the Petition in Error, without a brief, forty-three days late nor does it provide a basis for failing to file within the time required.

## B. PETITIONER CONTENDS THE BECKHAM COUNTY COURT CLERK FAILED TO FILE THE PROPER DOCUMENTS WITH OKLAHOMA COURT OF CRIMINAL APPEALS.[2]

This contention is not relevant to the issue had hand, i.e., that the failure to file within the timeframe required was through no fault of his own. The Petitioner has the requirement to file

---

[2] See Petitioner's APCR PG 9.

4

the Notice of Post-Conviction Appeal with the Beckham County Court Clerk. He further has the requirement to file the Petition in Error and Brief in Support with the Court of Criminal Appeals within the time frames allowed (sixty days). Petitioner contends that he did not receive the proper paperwork from the Beckham County Court Clerk. The Beckham County Court Clerk's office does not provide nor inform a petitioner of his obligations to file the appropriate documents. Further, the court clerk's office does not inform a petitioner what date the documents are required to be filed nor do they file his Petition in Error with COCA for him. The requirements are found in the Rules of COCA as outlined above. This does not justify his failing to timely file his Petition in Error with the Court of Criminal Appeals.

Petitioner further contends the Beckham County Court Clerk's office did not send him the information or documents necessary until after the deadline. The Petitioner was required to file a Petition in Error, with supporting brief and a certified copy of the Post Conviction Findings with COCA. A copy of the Findings was mailed to the Petitioner on March 29, 2023.

The Oklahoma Court of Criminal Appeals addressed the obligation created in Rule 5.3 of the court clerk. The court had experienced difficulties in the timely receipt of the record on appeal in post-conviction appeals. They noted that the filing of the Notice of Post-Conviction Appeal with the district court is essential because it triggers the District Court Clerk's duty to assemble the record on appeal, then to transmit the Notice of Completion of the record. [3] However, the court clerk's duty to transmit information to the Court of Criminal Appeals is not jurisdictional and cannot cause the dismissal for failure to timely file a document as required by the Rules.

This does not provide sufficient reasoning for the Petitioner to have missed his deadlines as required by Rule 5.2.

## C. PETITIONER STATES THE PRISON WHERE HE IS LOCATED WAS ON LOCK DOWN FROM MAY 19TH 2023 UNTIL JUNE 27, 2023. [4]

Petitioner does not state the lock down prevented him from using the mailing system. A system which would allow him to have filed his APCR in a timely manner. In fact, he states in his APCR that he mailed a motion for extension of time to the OCCA on May 26, 2023. By his

---

[3] *Pershall v. State*, 2017 OK CR 13, ¶3, 400 P.3d 871.
[4] See Petitioner's APCR PG 8.

State Answer p. 5 of 6

own statement, he verified that he had access to a system which would have allowed him to timely file his Petition in Error. He mistakenly waited for a directive from the Beckham County Court Clerk's office. Nothing in the language of Rule 5.2 indicates that a court clerk is required to provide deadlines and or an outline of documents that must be filed in an appeal.

WHEREFORE, the State respectfully requests this Court to deny the Application for Appeal Out of Time for the reason that Petitioner failed to show any evidence of his failure to file an appeal of the denial of his Application Post-Conviction Relief was through no fault of his own.

Respectfully Submitted,

BY: _____
Julia A. O'Neal
Assistant District Attorney

Certificate of Mailing

I hereby certify I mailed a copy of the above Answer postage prepaid on 4ᵗʰ day of October, 2023 to the following:

Kenneth H. Tibbetts
DOC # 122414
JHCC
P.O. Box 548
Lexington, Oklahoma  73051-0548

_____
Julia O'Neal

6

State Answer p. 6 of 6

Ex. "IV"

## IN THE DISTRICT COURT OF BECKHAM COUNTY
## STATE OF OKLAHOMA

KENNETH H. TIBBETS,                )
                                   )
        PETITIONER,                )
                                   )        CASE NO. CF-2015-188
VS.                                )
                                   )
THE STATE OF OKLAHOMA,             )
        RESPONDENT.                )

BECKHAM COUNTY
**FILED**

OCT **0 5** 2023

DONNA HOWELL, COURT CLERK
BY_____DEPUTY

### ORDER RECOMMENDING APPEAL OUT OF TIME

### POST CONVICTION FINDINGS

**ORIGINAL CHARGES:**
>   Count 1:  Robbery with a Weapon After Former Felony Conviction (Life imprisonment)
>   Count 2:  Possession of a Firearm After Former Felony Conviction (10 years)
>   Count 3:  Kidnapping After Former Felony Conviction (Life imprisonment)
>   Count 4:  Kidnapping After Former Felony Conviction (Life imprisonment)
>   Count 5:  Attempted Robbery with a Dangerous Weapon After Former Felony
>   Conviction (Life Imprisonment)
>   Count 6:  Attempted Robbery with a Dangerous Weapon After Former Felony
>   Conviction (Life Imprisonment)
>   Count 7: Possession of a Firearm After Former Felony Conviction (10 years)

**JUDGMENT AND SENTENCE DATE:**  March 30, 2016

**APPLICATION FOR POST-CONVICTION RELIEF FILED:**  September 7, 2023

**RESPONSE OF DISTRICT ATTORNEY FILED:**  October 4, 2023

**WAS FORM AUTHORIZED BY COURT OF CRIMINAL APPEALS USED?**  In part.

**PROCEEDINGS IN COURT OF CRIMINAL APPEALS, IF ANY:**  C-2016-419, MA-23-96, and PC-23-381.

**IS THERE A GENUINE ISSUE OF MATERIAL FACT?**  No

**IS AN EVIDENTIARY HEARING NECESSARY?**  No

**MATERIAL CONSIDERED BY THE REVIEWING COURT:**
>   Application for Post-Conviction Relief filed on September 7, 2023;
>   Docket Sheet in CF-2015-188;
>   Post Conviction findings filed March 29, 2023;

Appeal Out-of-Time Recommendation
p. 1 - of - 3

-1-

Certificate of Delivery filed March 29, 2023;
Notice of Post-Conviction Appeal filed April 18, 2023.

**FINDINGS OF FACT:**

1.  The Court denied Petitioner's Post-Conviction Application and a certified copy of the
    Post-Conviction Findings were mailed to Petitioner on March 29, 2023.

2.  Petitioner received the Court's ruling on March 31, 2023, at Joseph Harp Correctional
    Center.

3.  Petitioner filed a Notice of Post-Conviction Appeal on April 18, 2023.

4.  Petitioner wrote the Beckham County Court Clerk requesting a certified copy of the
    Notice of Post-Conviction Appeal. The letter was filed on June 14, 2023.

5.  Petitioner alleges that he did not receive a file stamped copy of the Notice of Post-
    Conviction Appeal until June 20, 2023.

6.  Nothing in the file indicates that Petitioner was notified of the filing of the Notice of
    Post-Conviction Appeal prior to June 20, 2023.

7.  The Beckham County Court Clerk did not prepare the record for appeal as required
    by Court of Criminal Appeals Rule 5.3(B)(1).

**CONCLUSIONS OF LAW:**

Petitioner requests an appeal out of time, alleging that he could not timely file his Petition
in Error because he did not know the date of filing of the Notice of Post-Conviction Appeal.
This The date of filing must be included in the Petition in Error. Court of Criminal Appeals Rule
5.2(C)(2). Nothing in the record indicates that the Beckham County Court Clerk sent Respondent
a file-stamped copy of the Notice of Post-Conviction Appeal. Further, the Court Clerk did

Appeal Out-of-Time Recommendation
P. 2 - of - 3

prepare the record and give notice of completion within 30 days as required by Court of Criminal

Appeals Rule 5.3(B)(1).

Further, the undersigned judge did not monitor and ensure timely notice was provided to

the parties by the clerk of the District Court as required by Court of Criminal Appeals Rule

5.4(B).

The Court is satisfied on the basis of the application that Petitioner was denied an appeal

at no fault of his own, and he is entitled to post-conviction relief.

**ORDER: IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** the

Court recommends an appeal out of time of the Post-Conviction Findings filed on March 29,

2023. Petitioner shall file a petition for an appeal out of time in the Court of Criminal Appeals

within thirty (30) days of this ruling. The petitioner must comply with Court of Criminal Appeals

Rule2.1(E)

**DATE:** October _5_, 2023.

**COURT REPORTER PRESENT:** None.

The Court Clerk of Beckham County is directed to mail a certified copy of this Order to

the Petitioner on the date of filing of this Order.

JILL C. WEEDON
DISTRICT JUDGE



I, DONNA HOWELL, Court Clerk for Beckham
County Oklahoma hereby certify that the foregoing is
a true correct and complete copy of the instrument
herewith set out as appears of record in District Court
Clerk's Office of Beckham County, Oklahoma.
this 5th day of OCTOBER, 20 23
DONNA HOWELL, Court Clerk
BY _____ DEPUTY

Appeal-Out-of-Time Recommendation
P. 3 - of - 3

~ 3 ~

*Please Return Stamped Filed*
*To Petitioner*

Ex "V"

BECKHAM COUNTY
**FILED**

## IN THE DISTRICT COURT OF Beckham COUNTY
### STATE OF OKLAHOMA

OCT 18 2023

DONNA HOWELL, COURT CLERK
BY_____ DEPUTY

Kenneth H Tibbetts ,          )
Petitioner/Appellant,          )
                              )
                              )
vs.                           )          CASE NO. CF-2015-188
                              )
**STATE OF OKLAHOMA**          )
Respondent/Appellee.          )

### NOTICE OF POST-CONVICTION APPEAL

The *pro-se* Petitioner/Appellant gives **Notice of Intent** to appeal the Order ~~denying~~ *Granting* his Application for Post-Conviction Relief pursuant to *22 O.S. §§1080 et seq.*, entered in the District Court of Beckham County, On the 5th day of October , 20 23 , arising from the District Court Case No. CF-2015-188 . The Petitioner/Appellant requests the preparation of the record on appeal as required by Rule 5.2 (C) (6).

Dated: Oct. 12th 2023

Signature: /s/ Kenneth H. Tibbetts

Print Name: Kenneth H. Tibbetts

> Joseph Harp Correctional Center
> P.O. Box 548
> Lexington, OK 73051-0548

I, DONNA HOWELL, Court Clerk for Beckham County Oklahoma hereby certify that the foregoing is a true correct and complete copy of the instrument herewith set out as appears of record in District Court Clerk's office of Beckham County, Oklahoma this _____ day of _____, 20____
DONNA HOWELL, Court Clerk,
BY_____ DEPUTY

### CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing was give to the Law Library Supervisor for legal mail processing, postage prepaid on the 13th day of October , 20 23 to:

Court Clerk's Office: Donna Howell

P.O. Box 520

Sayre, Okla 73662-0520

Signature: /s/ Kenneth H. Tibbetts

Ex "V"

Page 1 of 1

1

Ex **VI**



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR <u>BECKHAM COUNTY</u>, OKLAHOMA

**No. CF-2015-00188**
**(Criminal Felony)**

STATE OF OKLAHOMA V. KENNETH HAROLD TIBBETTS

Filed: 05/26/2015

Judge: HAUGHT, HONORABLE DOUG

## PARTIES

TIBBETTS, KENNETH HAROLD, Defendant
ELK CITY POLICE DEPARTMENT, ARRESTING AGENCY
COOK, JOHN #2, ARRESTING OFFICER

## ATTORNEYS

**Attorney**

YOHN, MR. RICHARD
PO BOX 1494
CLINTON , OK 73601

MARSEE, MS. ANGELA C.
DISTRICT ATTORNEY
P. O. BOX 36
ARAPAHO , OK 73620

**Represented Parties**

## EVENTS

| Event | Party | Docket | Reporter |
|---|---|---|---|
| Tuesday, June 9, 2015 at 1:30PM<br>ATTORNEY DATE | | | |
| Thursday, July 30, 2015 at 9:00AM<br>BOND HEARING | | | |
| Tuesday, September 1, 2015 at 9:00 AM<br>PRELIMINARY HEARING | | | |

Docket Sheet p. 1 of 2

- 1 -

**03-23-2023  [ TEXT ]**

ORDER DIRECTING RESPONSE
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**03-29-2023  [ TEXT ]**

POST CONVICTIN FINDINGS
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**03-29-2023  [ TEXT ]**

CERTIFICATE OF DELIVERY
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**03-30-2023  [ TEXT ]**

PETITION FOR WRIT OF MANDAMUS
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**04-18-2023  [ TEXT ]**

NOTICE OF POST-CONVICTION APPEAL
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**04-25-2023  [ TEXT ]**

COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

ORDER DISMISSING REQUEST AS MOOT

**06-14-2023  [ TEXT ]**

REQUEST FROM DEFENDANT
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**07-17-2023  [ TEXT ]**

CERTIFICATE OF APPEAL
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**07-27-2023  [ TEXT ]**

IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

OKLAHOMA - ORDER DECLINING JURISDICTION

**09-07-2023  [ TEXT ]**

AFFIDAVIT IN FORMA PAUPERIS
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

**09-07-2023  [ TEXT ]**

BRIEF IN SUPPORT OF APPLICATION FOR POST-CONVICTION
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

RELIEF

**09-07-2023  [ TEXT ]**

APPLICATION FOR POST-CONVICTION RELIEF
Pursuant to 12 O.S. § 39, Document Available at Court Clerk's Office

# OCCAOnline Rules of the Court of Criminal Appeals

Form 13.2 Affidavit in Forma Pauperis

The Affidavit in Forma Pauperis must be in the following form:

I, _Kenneth H. Tibbetts_ state that I am a poor person without funds or property or relatives willing to assist me in paying for filing the within instrument. I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct.

Signed this _26th_ day of _October_, 20_23_ at _Lexington, Cleveland, Oklahoma_
(Print City, County, & State)

_Kenneth H. Tibbetts_
(Signature of Affiant)

_Kenneth H. Tibbetts_
(Print Name)

<<Prior Section     Index     Next Section>>

Return to OCCA Online

Service provided by the IS department of the Oklahoma Court of Criminal Appeals.
Email our webmaster with any of your comments or suggestions.