In The Court of Criminal Appeals
State of Oklahoma

FILED
COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA
DEC - 6 2023
JOHN D. HADDEN
CLERK

RECEIVED
DEC 06 2023
ATTORNEY GENERAL

Kenneth H. Tibbetts,
  Petitioner,

-vs-

State of Oklahoma
  Respondent.

Case No. _____

**PC 2023 978**

## Petitioner's Brief In Support of Post Conviction Appeal

Comes Now Kenneth H. Tibbetts Petitioner, appearing and proceeding Pro se, submits this Brief In Support of Post Conviction Appeal.

### I
### Statement of the Case

Petitioner a native american indian and an enrolled member of the federally recognized Osage indian tribe, committed, Federal "Major Crime Act" [MCA] 18 USC §1153(a) offenses, against 4 victims, in indian country locations in Elk City, Oklahoma on 5/9/2015 and 5/15/2015. (See PCRA. Br. Supp. "Statement of Facts" ¶.1 p. 3 also see ¶.2);

The State of Oklahoma, in the Beckham County, Oklahoma State District Court, case no. CF-2015-188 and CF-2015-192, charged the Petitioner with 7 state crimes on 5/26/2015 and 5/27/2015, for Petitioner's MCA offenses. (See PCRA. Br. In Supp. "Statement of Facts" ¶.2 p. 3)

EXHIBIT 35

Petitioner while represented by retained defense counsel Ms. Sorrelle, was convicted by blind pleas and sentenced on 3/30/2016 in the State Court. (See PCRA. p. 1 #1-8)

Petitioner represented by appointed counsel on __/__/2015 for Plea Withdrawal hearing in the District Court and the Court denied Plea Withdrawal. Petitioner was represented by court appointed appellate counsel on Certiorari appeal of Plea Convictions, case no. C-2016-419 in the "Oklahoma Court of Criminal Appeals" (OCCA), and the OCCA denied the appeal on 9/14/2017. See PCRA, p. 2 and Br. In Supp. "Statement of Facts")

Petitioner while incarcerated pro se, and in forma pauperis filed a verified Post Conviction Relief Application (PCRA) and Brief In Support, on 5/16/2018, in the Beckham County District Court, case No. CF-2015-188, raising for 1st time Tribal Court lacked jurisdiction, and ineffective assistance trial and appellate counsel and applied for appointment of counsel. See PCRA, pp. 2-3 and Br. Supp. pp. 1-21 and 30 exhibits.

The State on 12/19/2018 filed its Answer with 2 exhibits requesting the Court apply procedural bar to ineffective assistance of trial counsel and deny the jurisdictional and ineffective assistance of appellate counsel claims on the merits. See App. Rec. at 106-126 copy of Respondent's 12/19/18 Answer)

The District Court on 3/29/2023, denied Petitioner's PCRA, on procedural grounds in part and on merits in part without evidentiary hearing and without addressing application for counsel appointment. See Petition In Error, Ex "B" copy of District Court denial order.

The OCCA on 11/8/2023 granted Petitioner an appeal-out-of-time of the District Court's 3/29/2023 PCRA denial order. See Pet. In. Error. at p 2 ¶, Ex "C" App. Rec. 2 (unknown)

## II

## STATEMENT OF FACTS

1. At all times relevant to this case, the Petitioner is a indian and an an enrolled member of the federally recognized Osage indian tribe. See

-2-

(See. Petr's PCRA. Br. In Supp. Sec. B "Relevant Facts" ¶ 1, p. 18 and Ex 4 (copy of Petr's 7/27/2009 Osage Tribe membership Card); State's 12/19/18 Answer sec. C. ¶ 2. p. 4;

2. Prior to and after the diminishment or disestablishment of the Cheyenne-Arapaho Indian Tribe Reservation, Elk City, Oklahoma, was located within the boundaries of the reservation. See Petr's PCRA. Br. In Supp. Sec. B "Relevant Facts" ¶ 2 and n. 3 and Ex 5 (copy of "Indian Country Criminal Jurisdictional Chart"); and State's 12/19/18 Answer at Sec. C. p. 5 ¶. 1 and 2, Ex "1"; p. 6 ¶ 2 and 3; p. 7-8 ¶ 2; and 3; (Petr. notes the State's Answer does not cite to its Ex "2" as supporting evidence or authority)

3. Cheyenne-Arapaho reservation lands. Id. at # 2, in parts were held in trust by United States for use by Indians and other parts were Allotted lands, and these lands exist within the geographical boundaries of Elk City, Oklahoma. Petr's PCRA. Br. In Supp. Sec. B. "Relevant Facts" ¶ 2, n.3 and Ex "5"; State's Answer Ex(s) 1 and 2 (copies of General Allotment Act (1887) and Act (1891) (describing land tract boundaries, the lands ceded, the lands held in trust and allotted lands.)

4. Within the lands in trust and/or allotted lands the Petitioner committed the Major Crime Act offenses on 5/12/2015 and 5/15/2015. See Id. at Sec I p1 ¶ 2; See II # 2 and 3;

5. There exist no evidence in the court file record of this case establishing the U.S. Government extinguished any of the trust lands or allotments Id. at # 2-4 and State's Answer Ex "1 and 2" also see 3/29/2023 PCRA denial order of the District Court, p. 8 conceding there exist trust land and Indian Allotments in Elk City Oklahoma geographical boundaries.

6. Petitioner's defense nor appellate attorneys raised the jurisdictional ground of error in the District or Appellate Court. See Petr's PCRA Br.

3

Prop. I pp 4-5; State's Answer, Sec. C, p. 4. ¶ 1 citing Wallace v. State, 1997 OK CR 18, 15, 935 P.2d 366, 372;

7. Petitioner PCRA, nor Br. In Supp. raise or cite nor relied on McGirt v. Oklahoma, U.S. Supreme Court decision. See Pet's PCRA and Br. In Supp. filed on 5/16/2018, nearly two years before McGirt decision Id. but See District Court's 3/29/2023 order denying PCRA, at p. 5 ¶ 1 "Petitioner alleges the State Court did not have jurisdiction to prosecute him pursuant to McGirt v Oklahoma (2020)."

8. McGirt nor it's Oklahoma v Castro-Huerta 597 U.S. ___ 142 S.Ct. 2486 (2022) or State Ex Rel Matloff v. Wallace 2021 OK CR 21, 497 P.3d 686, apply retroactive to the Petitioner's PCRA case. See State's Answer.

9. The incarcerated indigent pro se Petitioner on 5/16/2018 applied in the verified PCRA, for appointment of counsel, complying with OCCA Rule 5.6, 13.13, and Form 13.11. See Pet's verified PCRA, Sec. E, p. 3,

10. Petitioner in the District Court, proceeded without payment of cost. (See Post Conviction Appeal record et. seq., and Id at #9;)

11. Petitioner as a matter of law is entitled to post conviction relief on his PCRA, Br. In Supp. Prop III, jurisdictional ground of error.

4.

# III

## PROPOSITIONS OF ERROR

### PROPOSITION OF ERROR 1

THE DISTRICT COURT COMMITTED CLEAR LEGAL ERROR AND/OR ABUSED DISCRETION IN FAILING TO ADDRESS AND ADJUDICATE PETITIONER'S PCRA APPLICATION FOR APPOINTMENT OF COUNSEL.

(a)

The incarcerated indigent pro se Petitioner, pursuant to the "Post Conviction Procedure Act" (PCPA) 22 O.S. § 1082, and in full compliance with the mandatory OCCA Rules 5.6, 13.0 and Form 13.11, applied for appointment of counsel representation, at sec. E of his verified PCRA, filed on 5/16/2018 in the District Court. (See Petr's PCRA, p. 3 at Sec. E, notarized on 5/14/2018) also see above at Sec I, p. 2, ¶3; Sec II p. 4 #9.);

The State did not oppose, or even mention Petitioner's PCRA, pauper affidavit or application for appointment of counsel. Id (see State's 12/19/2018 Answer to Petr's PCRA, et. seq.); Like the State id. the District Court does not mention or adjudicate the indigent pro se Petitioner's PCRA application for appointment of counsel or pauper affidavit therein. (See District Court's 3/28/2023 Post Conviction denial order, et. seq.) However as evidenced in the record on appeal, the Petitioner proceeded on Post Conviction without payment of costs. See Record on Appeal et. seq.)

Petitioner on appeal, claims the District Court committed a clear legal and/or abused its discretion, by failing to mention and/or adjudicate the indigent pro se Petitioner's appointment of counsel application, in the verified PCRA at sec. E, p. 3. See 22 § 1082 and e.g., Logan v State, 2013 OK CR 7, ¶ 24, 293 P.3d 969, 979 (quoting in part §1082 counsel provision)

(b)

### STANDARD OF REVIEW

~~The OCCA on post conviction appeal reviews for an abuse of~~

In Oklahoma State post conviction - collateral review proceedings

-5-

review system, there exist no state or Federal statutory or constitutional right to counsel appointment or representation, however the State District Court, pursuant to §1082 of the PCPA, is vested discretion to appoint counsel to represent a indigent pro se applicant, in a limited circumstance. Id §1082 and Logan Id at ¶24. and as a result thereof the OCCA, on a post conviction appeal will review for an abuse of discretion, the District Court's exercise of §1082 discretion granting or ~~denying~~ an appointment of counsel application. In Hencock v. State, 2022 OK CR 13, ¶5, 514 P.3d 1088, 1089, explain "We have defined an abuse of discretion as a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented." citing Neloms v. State, 2012 OK CR 7, ¶35, 274 P.3d 161, 170 (holding an abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue.")

Further, the OCCA, on appeal of a Post-conviction order of the District Court, will "afford its Factual findings that are supported by the record, great deference and review those findings for an abuse of discretion", however "[it] review the legal conclusions, as well as interpretations of the relevant statutes without deference" See Parker v. State, 2021 OK CR 17, ¶34, 495 P.3d 653, 665; Smith v. State, 2007 OK CR 16, ¶40, 157 P.3d 1155, 1169; also see OCCA Rule 5.4 (At Tit. 22 O.S., Ch. 18, App-2023; Logan Id at ¶17+¶29 93 P.3d at ¶¶77 citing OCCA Rule 5.4. and granting remand ~~to the District~~ with instructions for the District Court, to comply with Rule 5.4.(b), entry of a order making specific findings of fact and state expressly it's conclusions of law relating to each issue presented. Further the OCCA at ¶.25 Id. insturted the District Court to determine first, whether there are any genuine issues of material fact that must be resolved through an evidentiary hearing on Logan's ineffective assistance of appellate counsel claim.

(c)

ARGUMENT AND AUTHORITIES

Initially the Petitioner, asserts and argues, that his PCRA, Br. In Supp. Prop. III, Jurisdictional ground of error claim, is an extremely complex issue, factually and legally to plead and prove against extremely deceptive State prosecutors and their staff, for even the most competent attorneys at law, see McGirt v. Oklahoma 591 U.S. ___, 140 S.Ct. 2452 (2020), the majority justices repeatively identifying the historical deceptive practices of the State Court prosecutors and attorneys, to evade the MCA mandates in indian country against indian defendants, and to uphold the erroneous state Court convictions obtained, through the opinion, including against the dissenters attempts to defend the State's deceptive and material misrepresentations to the Court.

Accordingly, the Petitioner request this Court to take judicial Notice of those State activities and explanations id in McGirt. Either this incarcerated indigent pro se applicant prepared his verified PCRA without the benifit of the McGirt opinion disclosures and historical State practices against indians committing major crime act offenses in indian land in the State Court system. See Petr's PCRA Br. In Supp. Prop. III pp 10-13, citing and relying Murphy v. Royal 866 F.3d 1164 (10th Cir. 2017) and 875 F.3d 896 (10th 2017) as authority in support of Petitioner's jurisdictional ground of error.

Petitioner an incarcerated layman in law, pro se prepared his verified PCRA and Brief In Support, and although there are defects in its form, the substance of its factual allegations, supporting evidence exhibits and authority citations, stated a valid and clearly meritorious jurisdictional claim of error, if proven true, would entitled Petitioner to the post conviction relief requested vacating and setting aside the void plea convictions and sentences, at Prop. III id and an equally valid meritorious ineffective assistance of appellant counsel claim, in Prop V, for failing to raise the clearly meritorious Prop III Jurisdict-

7

ground of error, which would have on the merits prevailed. See Logan, Id.

The District Court, in light of Logan, id and 22 §§ 1082 and 1083(a), erred by failing to perform, first its preliminary functions of determining whether Petitioner's PCRA Bn. Supp. Prop. III and V, Jurisdictional and ineffective assistance of appellate counsel claims were meritorious, and if so determine whether assistance of Court appointed counsel representation necessary to provide a fair determination of the meritorious claims found by the Court, if so the Court "shall make available to the indigent pro se applicant, court appointed representation of counsel. Shall connotes mandatory rather than discretionary.

Petitioner argues, the first impression issue, that the District Court in this case, failure to conduct in conjunction with its §1083(a), preliminary review and consideration of the indigent Petitioner's Pro Se Verified PCRA and Brief In Support, the substance regardless of defects of form, with the §1082 review and determination of whether it presents any meritorious claims, in order to determine and decide whether it is necessary for assistance of counsel representation of such meritorious claim to provide a fair determination of that claim, the Petitioner was not appointed counsel for the meritorious claims and it denied Petitioner a fair determination of the meritorious Prop. III and V. claims as more fully demonstrated below in Prop. ___ and ___.

Petitioner asserts and argues the failure of the District Court, id was an unreasonable and arbitrary abuse of discretion action, see Neloms 234 P.3d at 170, taken by the Court without consideration of the facts and law pertaining to the matter at issue.

(C)

Conclusion

Petitioner respectfully request this Court on appeal to review this

8

claim de novo and in light of Prop 2 (below) and remand this matter with instructions to the District Court to properly consider and adjudicate Petitioners application for appointment of Counsel.

### PROPOSITION OF ERROR 2

THE DISTRICT COURT COMMITTED CLEAR LEGAL ERRORS AND ABUSED ITS DISCRETION TO DENY PETITIONERS POST CONVICTION RELIEF ON PROP. III CLAIM THE STATE COURT LACKED JURISDICTION TO PROSECUTE THE PETITIONER AN INDIAN FOR THE MAJOR CRIME ACT OFFENSES PETITIONER COMMITTED IN INDIAN COUNTRY. 18 USC. §1153, and 1151.'

Petitioners pro se verified PCRA. Re. S. pp. Prop III alleged in well pleaded facts, supported by 30 evidence Exhibits, arguments and authorities that on 5/9/2015 and 5/15/2015 the Petitioner an Indian and an enrolled member of the federally recognized Osage Indian tribe, committed the federal Major Crime Act offenses of armed robbery(s) and kidnapping against 4 victims in Indian Country lands of the Cheyenne-Arapaho Tribe. PCRA. EX "5" and the Prop III cited the relevant controlling authorities, including 18 U.S.C. §1151 "MCA" Murphy v. Royal I and II id as well as other State and federal decisions on the issue raised.

The State, consistent with its attorneys in McGirt id see Prop. 1(c) above at p. 7, filed a deceptive and materially misleading answer addressing Petitioner's PCRA Prop. III jurisdictional claim. See Applt. Record of State's 12/19/18 Answer at pp 4-11 and its Ex(s) 1 and 2. (copies of General Allotment Act) The State conceded that Petitioner was Indian and an enrolled tribe member, that the crimes qualified as MCA offenses against 4 victims in locations in Elk City Oklahoma, that Elk City Oklahoma, formerly was

within the geographical boundaries of the disestablished Cheyenne-Arapaho reservation, arguing due to the disestablishment of the reservation by congressional Acts, in the 18th century, Elk City locations where the crimes occurred were no longer Indian country as a matter of law, to request the Court deny the Petitioner's PCRA Jurisdictional claim for relief.

Accordingly the sole and dispositive issue before the District Court, based upon the pleadings and evidence, was that of whether the location of where the MCA offenses occurred in Elk City, Oklahoma remained Indian country lands, via either allotments or trusts with the U.S. government, after the reservation was disestablished, therefore a pure legal question and involves statutory interpretations of the MCA and 18 USC §§ 1151 and 1153. The Court reviewed de novo and reached the clearly erroneous conclusions on 3/29/23 that the locations in Elk City, Oklahoma, where the two crimes occurred in May of 2015, was not in the Cheyenne-Arapaho reservation boundaries, due to distablishment of that reservation, and no evidence in the record the land in trust of the U.S. government therefor crimes did not occur in Indian country to deny the Prop III Jurisdictional claim. (See Pet. In Error Ex "B" copy of order)

(b)

STANDARD OF REVIEW

The subject jurisdiction question in the case at bar, is a question of law, that OCCA on a post conviction appeal, reviews de novo, see e.g. Brester, 2023 OK CR 10, ¶26, 531 P.3d 125, 130; Smith v. State, 2007 OK CR 16, ¶40, and n.R, 157 P.3d 1155, 1169, the specific question of whether the 2 crimes scenes, are in trust lands or Allotted lands - Indian country after reservation disestablishment.

(c)

ARGUMENT AND AUTHORITIES

Petitioner argues as a matter of law, regardless of the reservation of the Tribe was destablished by Congress in State's Ex 1 and 2. Acts, that evidence in conjunction with Pet's PCRA Ex 5 evidence, shows the lands in a trust to the Government for use of Indians and allotted, thus Indian country

See Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 511 111 S.Ct 905, 910 (1991) (the Court explained: [No] precedent of this court has ever drawn the distinction between the tribal trust land and reservation that Oklahoma urges... We [have] stated the test for determining whether land is Indian Country does not turn upon whether that land is denominated trust land or reservation. Rather we ask whether the area has been validly set aside for the use of the Indians as such under superintence of the U.S. Government, citing U.S. v John 437 U.S. 634, 650, 98 S.Ct. 2544 (1978) (major crimes act provides the proper basis for Federal Prosecution of a crime occurring on lands held in trust by the Federal government for the benefit of the Mississippi Choctaw Indians) see also Okla. Tax Comm'n v. Chickasaw Nation, 515 U.S. 450, 453 n.2 115 S.Ct. 2214 (1995) (holding Oklahoma may not apply its motor fuel tax to fuel sold by the tribe in Indian Country and Indian Country as Congress comprehends that term. see 18 U.S.C. §1151, it includes formal and informal reservations, dependant Indian communities and Indian allotments, whether restricted or held in trust by the U.S.) McGirt v. Oklahoma 591 U.S. ___, 140 S.Ct 2452, (2020) (affirms)

To be for sure, Congress itself, in §1153, defines Indian Country broadly and Petitioner in this appeal argues that applying the above Supreme Court cases, confirm an official Reservation status is by no means dispositive, as the state, and the State and District Court believes it to be in this matter to deny Petitioner Prop III, see Cheyenne-Arapaho Tribe v. State of Oklahoma, 518 F.2d 665, 668 (10th 1980) (holding the state's hunting and fishing laws do not apply on trust lands located within a disestablished reservation, because lands held in trust by the U.S. government for the tribes are Indian Country within the meaning of §1151(a); of Mustang Fuel Corp v. Cheyenne-Arapaho Tax Comm'n, 4 Okla Tribal 1 (Tribal Supreme Court 1994) (The Court agrees even when Reservation disestablished, it does not always lose its Indian Country status of §1153 Major Crimes Act, and it recounts court decisions rejecting the interpretation of the State's Ex 1 and 2 as terminating Cheyenne-Arapaho Indian Country Allotment and trust lands inside and outside the boundaries of its former reservation, and it further held "Indian Country in Western Oklahoma includes Cheyenne-Arapaho, and for that reason in 1974 Tribal Courts were established for minor crimes, and in 1988 the Cheyenne-Arapaho District Court created.

The State's Ex. 1 and 2 simply do not support the interpretational readings the State and the court contend, extinguishes Elk City, Oklahoma, former Indian Country status. The (Ex)(s) id. clearly state, Allotments, in various sizes, is to remain on the specified tracts of land that existed on the reservation being disestablished by the treaty and other lands to be held in trust by the U.S. government. Moreover, the state's outlandish and deceptive interpretational readings of the treaty, allotment and act statute, and decisional cases, like the District Courts legal conclusions, are contrary to the holdings of McGirt, that Reservations and Indian Allotments, the Indian titles to which have not been extinguished, qualify as Indian Country under subsections (a) and (c) of § 1151 Major Crimes Act. But dependent Indian communities also qualify as Indian Country under § 1151 (b) so Oklahoma lacks jurisdiction to prosecute an Indian, whether the land happen to fall into one categor or another. Id. at 2476.

Accordingly, land held in trust by the federal government for use of Cheyenne-Arapaho Tribe and Indians, as well allotted lands, located within the geographical boundaries of Elk City, Oklahoma, qualifies now, and did prior to 5/9/2015, as Indian Country for Major Crimes Act purposes, therefore, unless and until the State and/or the District Court can adduce reliable evidence establishing the locations of the crime scenes in Elk City, Oklahoma, is not held in trust by the government for use of Indians, or not allotted, the State lacks subject matter jurisdiction to prosecute Petitioner for the Major Crime Act offense.

The District Court, legal conclusion, the disestablishment of the Cheyenne-Arapaho reservation, dispositive of the jurisdictional question raised, is clearly erroneous as a matter of law, and for that reason, this Court on appeal, is respectfully requested to reject that legal conclusion on de novo review and remand this matter with instructions to the District Court, to grant Petitioner PCRA Br. Supp. Prop. III.

/S/ Kenneth H. Tibbetts
Kenneth H. Tibbetts, Petitioner
JHCC, P.O. Box
Lexington Oklahoma
73

12

Certificate of Mailing

I, Kenneth H. Tibbetts, the undersigned, hereby certify on this 4th Day of December, 2023, that I have mailed the original Brief In Support and copy to the below addresses:

    Clerk of the Appellate Courts
    Oklahoma Judicial Center
    2100 N. Lincoln Blvd, Ste 4
    OKC, Oklahoma
        73105-4907

/s/ Kenneth H. Tibbetts
Kenneth H. Tibbetts #122414
JHCC P.O. Box 548
Lexington, Oklahoma
    73051

-13-