IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

KENNETH H. TIBBETTS,
  Petitioner,

-vs-

DAVID ROGERS
  Respondent.

Case No. CIV-23-913-J

**FILED**
MAR 01 2024
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT. WESTERN DIST. OKLA.
BY _naa_ , DEPUTY

PETITIONER'S OBJECTION RESPONSE TO RESPONDENT'S PRE-ANSWER MOTION TO DISMISS PETITIONER'S PROTECTIVE MIXED HABEAS CORPUS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES AND BASED ON THE YOUNGER ABSENTION DOCTRINE.

Comes now Petitioner Kenneth H. Tibbetts, appearing and proceeding pro se to submit Petitioner's Objection Response to the Respondent's pre-answer Motion To Dismiss.

Petitioner respectfully request this Honorable Court, deny the Respondent's Motion, grant Petitioner a Stay of this habeas proceeding, and Abatement of Petitioner's Protectionally filed mixed habeas Petition pending State remedy exhaustion, and a Leave to Amend the Mixed Petition after State remedy exhaustion satisfied, on the following good cause basis, grounds, reasons and authorities:

1. Petitioner pro se and pursuant to AEDPA, 28 USC. §§ 2244(d) and 2254, timely and properly filed in the Federal District Court a "Protectional Mixed Habeas Corpus Petition, requesting inter-alia the Court grant Petitioner a Stay Abeyance, until grounds 5, 6 and 7 exhausted, ... and any other relief to which Petitioner may be entitled, on 10/11/2023. See Hab. Pet. (DOC 1, at p.1 and p.25, at #18 (2), also see Resp. Mot. Dism. Br. In Supp. (DOC__, at p.7 and n.5) Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); Rhines v. Webber 544 US 269

1

Notwithstanding, the liberal construction and reading of the Petitioner's protectionally filed mixed Habeas Petition, is entitled to by this Court, it sets forth in great and sufficient facts and information, identifying and recounting:

(1) Habeas grounds, 1, 2, 3, and 4, exhausted, how, when, where and results. See Hab-Pet. (DOC 1, at pp. 2-15 and p. 25 at #18), (evidence showing the Petitioner within 10 days of being sentenced, exercised due dilligence to timely and properly initiate and prosecute his state law right of direct appeal, the time of its pendency and effects on the 28 USC § 2244(d) AEDPA, 1 year Statute of Limitations time period, tolling and run begin date.); also see Resp. Mot Dism. Br. (DOC ___ at pp 3-4 _ agreeing with Petitioner's AEDPA calculations, run initiation, but argues the Habeas grounds V. and VII unexhausted, due to theory, different or in stronger postures, than asserted on appeal. see pp 14-15)

(2) Habeas grounds, 5, 6 and 7 partially exhausted in State court, how, when, where and why, including results, inordinate delays by District Court, Court Clerk, depriving Petitioner of timely post conviction appeal, Petitioner confusion about the state post-conviction appeal filing time frames, and its effects on Petitioner's AEDPA, § 2244(d) 1 year statute of limitations time period remaining, its toll and calculations, and the status of the currently pending State post-conviction appeal out of time, see Hab. Pet. (DOC. 1, at pp. 15-25) Evidence the grounds potentially meritorious, the Petitioner exercise of due dilligence within 153 days of the direct appeal denial, timely and properly raised the grounds in a pro se Post Conviction, and was deprived of a timely appeal to the OCCA by the Court Clerk errors, resulting in Petitioner current post conviction for appeal out-of-time proceeding, pending in the State District Court, that inordinately delayed the 1st post conviction proceeding for 4 years, 19 months ~~days~~, leaving Petitioner unable to know how long the

appeal-out-of-time proceedings would be pending nor the result of of the proceeding, while under the Habeas Petition form noting, such a State a State proceeding does not qualify to toll. Petitioner's remaining 267 days of AEDPA time to file Habeas Petition in Federal Court, see Hab Pet Id at p. 25-26 *. Duncan v Walker, 533 U.S. 167, 181-82 (2001)

Resp. Mot. Dism. Br. (Doc at pp. 18-19 argue there is no confusion over or about the filing times of the Post Conviction Appeal. Id at 19 OCCA Rule 5.2(c) controls over the Post Conviction Act, statutory, statute of limitations time to file in the OCCA, and acknowledges, Petitioner's due diligence filing of the 1st Post Conviction, the inordinate delays of the trial Court to proceed, until Petitioner filed a Mandamus Writ Petition in the OCCA to compel the District Court proceed, citing its Ex(s) 16-17,19; Further Respondent agrees with Petitioner, denial result; his timely and proper Notice of Post Conviction filing in the District Court, the attempted appeal declined, the filing of the Appeal out of time post-conviction, the Court and Clerk at fault, the OCCA granting and the Petitioner filing the currently pending Post Conviction appeal, citing to its Ex(s) 22-36, to argue the time remaining to file would be 105 days, the grounds without merit or omitted from the appeal, and Younger, applies, at pp 19, 24 and Petitioner fails his burden of showing good cause for a Stay/Abeyance. Id at pp 16-24;

Petitioner in objecting to Respondent's Mot To Dismiss, first argues to this Court, its denial of a Stay and Abeyance, to which this Petitioner timely and properly sought on 10/11/23, would result in Petitioner, having only 4 days of AEDPA time to refile, if any time now remains, because neither the Habeas in Federal Court or the post conviction, for out-of-time appeal, tolls the run of the AEDPA, 1 year time period. See, 28 USC § 2244(d); See Dodds v. Nunn, not reported in F. Supp. 2021 WL 2954002 E.D. Okla. at *__ citing Duncan v. Walker, 533 U.S. 167, 181-82, 121 S.Ct. 2121 (2001) At the time Petitioner, filed the protectional mixed Habeas Petition, he was

legitimately confused about the state post conviction filing times, and its effects impacts on Petitioner's remaining AEDPA, § 2244(d), time period to file his Habeas Petition, in this Federal District Court, and was without any knowledge of how long his then pending in State District Court, post conviction, for appeal out of time of the District Courts post conviction denial order. See Heb. Pet. Id.. The Resp. Mot Dism Br. (Doc at 18-19, makes the beyond cavil arguments, of the after the fact, of the Petitioner's Habeas Petition filings, actions of the State District Court, OCCA, and Petitioner, filings of recommendation to OCCA, it's granting and post conviction appeal filings, impacts on Petitioner's remaining AEDPA time period, to argue there purportedly is 105 days remaining to file in Federal Court.

To the contrary, Petitioner, Respondent nor this Court, had any knowledge or means to know, how much AEDPA time period the Petitioner would have remaining, to file in this Court, when the Petitioner filed the protectional Habeas Petition, nor any tollings, that might occur, prior to the expiration of Petitioner's AEDPA time remaining. Simply put, Petitioner established good cause for not exhausting Habeas grounds 5, 6 and 7, and for filing the protective mixed Habeas Petition, requesting stay and Abeyance, on 10/11/23. Pace, 544 U.S. at 276-79.

In fact, the Petitioner shows the Court, that U.S. District Courts for the Districts of Oklahoma, have on facts, and evidence, like those in this case, as set forth above, have, even in the absence of a protectional filing of a mixed habeas Petition, or a stay/Abeyance request, held, the Petitioner met the good cause burden for the failure to exhaust, had not engaged in dilatory litigation tactics, and the grounds, potentially meritorious. See Harris v. Quick, E.D. Okla 2023 WL 2258304 (Stay granted pending exhaustion); Mason v. Okla, W.D. Okla, N. Reported In Fed Supp. 2022 WL 17491328 (Court without stay request sua sponte Conduct Rhines analysis, for a stay), Fitzer v. Whitten, E.D. Okla, not reported

in Fed Supp. 2019 WL 409,373 # (stay granted on Protectional Habeas Petition, without explanation from Petitioner for it's filing while initial Post Conviction pending) Belcher v. Braggs, N.D. Okla 2018 WL 4305728 (stay granted)

Amazingly, the Respondents Mot Dism. Br. (DOC __ at p 19-20 argues the unexhausted Habeas Petition grounds 5, 6 and 7 are meritless, citing as its evidence in support, Ex(s) (Doc 1, and post-conviction decision of the District Court, denying Post Conviction Relief, State Post Conviction Response, Petitioner's currently pending Post Conviction Appeal. To the contrary, Petitioner is a Indian, an enrolled member of Osage-federally recognized tribe, who committed Major crime Act, offenses, in indian country, that claimed the State Court Lacked Jurisdiction to prosecute, convict and punish Petitioner, that trial and Appellate Counsel was ineffective, in relation to that "Lack of Jurisdiction ground and for other reasons, prior to the McGirt v. Oklahoma, litigation, the State District Court, did not find the claims plainly without merit, and the OCCA, continues to review, the Lack of Jurisdiction portion of the claim on appeal, for 2 months and counting, thereby evidencing the appellate grounds potentially meritorious, rather then plainly meritless, nor is it procedurally barred, in State Court.

The U.S. Supreme Court, determined under some circumstances a petitioner, in light of the AEDPA, 28 USC § 2244(d), 1 year statute of limitations, and § 2254(B) exhaustion of available State remedies, is entitled to file a protective Habeas Corpus Petition in a Federal District Court and request a stay and abeyance, notwithstanding, the Petitioner's failure to exhaust fully available State remedies on the claim(s) in the Habeas Petition, in Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines v. Webber, 544 U.S. 269, 278, 125 sct __, (2005)). See Souza v Massachusetts, U.S. District Court, D. Massachusetts, 2024 WL 583510 at *1 (". . . a habeas petitioner who is concerned about the possible effects of his state post-conviction.

filing on the one year limitations period on habeas [§2244(d)(1)(A)-(D)] can file a "protective" petition in federal Court and then ask for the Petition to be held in abeyance pending the exhaustion of State post-conviction remedies. citing Pace v DiGualielmo, 544 US 408, 416 (2005)(citing Rhines v. Webber, 544 U.S. 544 U.S. 269, 278 (2005)

With respect to the Stay and abeyance, in the context of a mixed habeas Petition, and AEDPA, 28 USC § § 2244(d), 1 year statute of limitation period and the § 2254(B), exhaustion of available state remedies prior to filing a habeas petition in Federal Court, the U.S. Supreme Court in Rhines v Webber 544 U.S. 269, 279 (2005) acknowledge the interaction, recognized gravity of two risks is created, and sanctioned the stay-and-abeyance procedure... in which the Federal District Courts, have a broad, but not unlimited discretion, to decide whether a stay is warranted given the specific circumstances of the case. Id at 275-78. The Court, held "[G]ranting a Stay... is only appropriate when the District Court determines there was good cause for the petitioner's failure to exhaust his claims first in State Court" Id at 277. The Court stated, if a Petitioner engages in abusive litigation tactics or intentional delay, the District Court should not grant him a stay at all. On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the Petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the District Court should stay rather than dismiss, the mixed petition, citing Lundy v. Rose, 455 U.S. 522 (1982)(total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief.") Id at 278. See also Doe v. Jones, 762 F.3d 1174, 1176-79, 1181-82 (10th Cir. 2014) and Belcher v. Jones, U.S. District Court, N.D. Okla, Not Reported in Fed. Supp. 2018 WL 4305798, at * 3-5, (citing Rhines v. Webber 544 U.S. 269 (2005), and Doe v. Jones, 762 F.3d 1174 (10th Cir.

filed in the District Court, the Notice of Appeal, on 3/_/23, the Court Clerk and Court, in a bad faith effort to prevent Petitioner timely appeal of the 3/_/23 denial order, withheld the filing date of the Notice from Petitioner, thereby leaving Petitioner unable to timely perfect a proper appeal in the OCCA; and Petitioner was legitimately confused over the valid due dates, in 22 O.S. §1087 and conflicting OCCA R. 5.2.(C) time frames — See Hab Pet.  , nevertheless Petitioner sought on _/_/_, an extension of time to file appeal in the OCCA, from the OCCA, and on _/_/23 the OCCA clerk declined the filing;                 , Petitioner's _/_/_, Post Conviction Appeal in the OCCA, was declined by the OCCA on _/_/_. within ___ days of the OCCA declining jurisdiction of the Post Conviction Appeal, the Petitioner on _/_/_, timely and properly filed pro se a Post Conviction for Appeal out-of-time of the post conviction denial order, in the District Court, faulting the Clerk, for depriving Petitioner of the appeal to the OCCA,           , this type post conviction filing and proceedings, having no tolling effects on f

2014), granting stay and abeyance of the protectively filed, mixed Habeas Petition, pending exhaustion of State remedy; pending State post-conviction finding good cause shown of Petitioner confusion over state filing times, and short time remaining of AEDPA statute of limition period, to refile if the stay denied and Habeas Petition dismissed.)

Under the above cases, facts, evidence and circumstances of this case the Petitioner, has satisfied all 3 of the Rhines factors, see Pace id., entitling Petitioner, to the requested Stay and Abeyance relief in his Hab Pet (DOC 1, p. 26,) and the denial of the Respondents Mot. Dism. (DOC __)

Petitioner, if stay/abeyance granted, Motions For Leave to Amend the currently pending mixed habeas Petition, grounds 1, 2, 3, 4, 5, 6 and 7, to assert only total exhausted claims, based on the same theory, and in same strengths, presented in the State Courts, pursuant to FRCP 15; 28 USC §2254(B) See Demarest v. Price, 130 F.3d 923 929-30 (10th 1997); also see Resp. Mot. Dism. Br. Supp. (DOC __ at pp 9-10, complaining of theory and strength differences, rendering the Hab. grounds, unexhausted in state Courts.)

Petitioner objects to Resp. Mot Dism and Br. (DOC __ and __ , pp contentions and argument of Younger v. Harris, 401 U.S. 37 (1971), warrants this Court Abstein, and dismiss Petitioner's protectional mixed Habeas Petition, because of the ongoing state post conviction appeal proceeding in the OCCA to exhaust the unexhausted Hab ground V - citing its Exs 34-36, and Petitioner failure argue or plead facts, establishing Younger does not Abstein this Court's granting the Stay/Abeyance relief sought, citing purported authorities supporting it's Mot. Dism. request.

Petitioner objection, need not tarry long in arguing that in the particular facts of Petitioner filing a protective mixed Habeas Petition,

7

in Federal Court. While attempting to totally exhaust, the unexhausted claims in a on going State post conviction proceeding, and seeking the federal Court, on good causes, to Stay and Abate the proceeding and Petition, pending the exhaustion of the unexhausted claims. <u>Rhines v. Webber</u> 544 U.S. 276 (2005) also see Pace 544 US 408. Id. preempts the <u>Younger</u> Abstaining.

Additionally the unpublished authority cited by Resp. Br. where <u>Younger</u> abstaining doctrine was applied to Federal Habeas cases, in which there was on going State Court proceedings on unexhausted Hab. Pet. claims. Those cases, show no protectional Habeas Petition filing, nor any Stay or abeyance requested, moreover, those Petitioner filed no objections to the application of <u>Younger</u>, to Dismiss the Habeas Petition. <u>See</u> Br. p. 25, citing <u>Sampon v Okla</u>. <u>Green v Whetsel</u>, and <u>Klinger v Bridges</u>, all other cases cited are in context of 42 USC. § 1983 civil cases.

In whatever context, the cases cited and relied on by Resp. Br. pp. 24-25 regarding <u>Younger</u> doctrine, they are inapposite to and apply not to the context of the Petitioner's case. Accordingly no <u>Younger</u> bases exist, to grant Respondent's Mot. to Dism. Petitioner's Hab. Pet. (DOC 1), and Petitioner request the Court, deny Resp. Mot. Dismiss based on <u>Younger</u>.

## CONCLUSION

Petitioner in the protectively filed mixed Habeas Petition, (DOC 1), although pro se, did in details allege sufficient facts and information, showing the good cause reasons for not only his failure to totally exhaust, Habeas grounds. 5, 6 and 7. potentially meritorious claims in on-going state court proceedings, but also for the protectional Habeas filings, in a timely manner, and there was nothing indicating Petitioner had engaged in any dilatory litigation tactics, and requested relief granting a stay and abeyance pending exhaustion of grounds 5, 6 and 7 and any other relief to which Petitioner may be entitled. satisfying ~~not need~~ the Pace/Rhines elements, entitling Petitioner to a Stay and Abeyance requested, in the Hab Pet id at p. 26, The Courts' denial and dismissal will irreparably impair Petitioner right to refile a timely Habeas, upon exhaustion. <u>Fitzer</u> id at ¶ 3.

8

For the foregoing reasons Petitioner respectfully requests this Court deny Respondents' Motion to Dismiss (DOC __) in all of its aspects and exercise its discretion to grant Petitioner the Stay and Abeyance relief requested herein and in the pending Hab. Pet. (DOC 1 at p. 28) for good causes shown under <u>Pace</u> and <u>Rhines</u> id.

All PREMISES CONSIDERED, on this 16th day of Feb. 2024, and Respectfully submitted by: _Kenneth H. Tibbetts_, Petitioner

Kenneth H. Tibbetts,
Joseph Harp Corr. Ctr.
P.O. Box 548
Lexington, Okla. 73051

## CERTIFICATE OF SERVICE

I Kenneth H. Tibbetts, the undersigned mailer person, hereby certify pursuant to 28 U.S.C. § 1746, that on this 20th day of Feb, 2023, I have pre-paid sufficient 1st class postage, xeroxing services, and delivered the original Objection, to the JHCC law library Supervisor, for mailing original and copies to the below addressees:

~~U.S. District Court,~~
~~Western District of Okla.~~
William J. Holloway, Jr.
U.S. Courthouse
200 N.W. 4th Street, Suite 1210
OKC, Okla. 73102

Oklahoma State Attorney General
C/o Asst Atty Tessa L. Henry
313 N.E. 21st Street
OKC, Okla. 73105

/s/ _Kenneth H. Tibbetts_
mailer

9