# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

KENNETH H. TIBBETTS,         )
                                        )

            Petitioner,          )
                                        )

v.                                 )      Case No. CIV-23-913-J
                                        )

DAVID ROGERS, Warden,        )
                                        )

            Respondent.         )

## ORDER

Petitioner, Kenneth H. Tibbetts, a state prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent filed a motion to dismiss arguing that Petitioner improperly presented both exhausted and unexhausted claims [Doc. Nos. 13-14] and Judge Mitchell has issued a Report and Recommendation agreeing. (Rep. and Rec.) [Doc. No. 22].[1] Judge Mitchell recommends that the Court permit Petitioner to dismiss the unexhausted claim, which would moot the motion to dismiss or, if Petitioner declines to dismiss the unexhausted claim, she recommends that the Court grant the motion to dismiss and dismiss the Petition without prejudice. *See id.* at 17. Petitioner has objected (Pet.'s Obj.) [Doc. No. 25], triggering de novo review.

---

[1] In June 2024, Judge Mitchell issued a Report and Recommendation with the same recommendation. However, that recommendation was based on the belief that Petitioner's post-conviction appeal was still pending before the Oklahoma Court of Criminal Appeals (OCCA). While that recommendation was pending, the OCCA denied Petitioner's post-conviction appeal. The Court thus declined to adopt the Report and Recommendation and re-referred the matter back to Judge Mitchell. [Doc. No. 21].

## I.      **Relevant Background**

In Beckham County District Court, Case No. CF-2015-188, Petitioner blindly pleaded guilty to (1) Count One: robbery with a weapon, (2) Counts Two and Seven: possession of a firearm, (3) Counts Three and Four: kidnapping, and (4) Counts Five and Six: attempted robbery with a dangerous weapon, all after a former felony conviction.  [Doc. No. 14, Ex. 1].  The court sentenced Petitioner to life imprisonment on Counts One, Three, Four, Five, and Six, and ten-years imprisonment on Counts Two and Seven.  *See id.*, Ex. 2.

Petitioner was represented by Ms. Alicia Sorelle during the plea and sentencing.  At his request, Ms. Sorelle also prepared a motion to withdraw the guilty plea alleging that Petitioner's plea was not entered knowingly and voluntarily because (1) he did not fully understand the effects of entering a blind plea, and (2) the effects of his medical condition and medications impaired his mental capacity.  *See id.*, Ex. 3.  A conflict attorney, Mr. Richard Yohn, prepared the brief in support of Petitioner's motion to withdraw his guilty plea and represented Petitioner during the hearing on the motion.  Mr. Yohn focused on Petitioner's alleged mental incapacitation.  *See id.*, Ex. 4.  The court overruled the motion to withdraw.  *See id.*, Ex. 6.

Petitioner then filed a direct appeal, represented by Mr. Chad Johnson.  Relevant here, the direct appeal alleged that Ms. Sorelle's representation was constitutionally ineffective because she (1) mishandled Petitioner's mental health/competency issues, (2) allowed a plea without sufficient factual basis, (3) failed to properly advise Petitioner of the sentencing ranges, (4) allowed impermissible multiple punishments, (5) failed to object to privileged materials, (6) failed to object to the State's improper statements, and (7) failed to invoke sequestration.  The direct appeal also argued that Mr. Yohn's representation was constitutionally ineffective on grounds that he only summarized the medical history and did not request a competency determination.  *See id.*, Ex. 9.

2

The OCCA found that these claims were waived because they were not raised in Ms. Sorelle's motion to withdraw the plea, in Mr. Yohn's brief in support of that motion, or during the plea withdraw hearing. The OCCA further noted that Petitioner had not alleged that Mr. Yohn was ineffective for failing to challenge Ms. Sorelle's alleged ineffectiveness. *See id.*, Ex. 12.

Petitioner then proceeded with a pro se application for post-conviction relief. He argued for the first time that the State lacked jurisdiction to convict him and alleged that Ms. Sorelle had conflicts of interest, failed to investigate all lines of defense (including Petitioner's competency), and coerced him into pleading guilty. He also raised a generic ineffective assistance of appellate counsel claim with no description of the alleged errors. *See id.*, Ex. 14. The state court denied relief on the jurisdiction question and found that Petitioner's claims regarding Ms. Sorelle's representation lacked merit and had been waived. As for Petitioner's ineffective assistance of appellate counsel claim, the court assumed Petitioner was arguing that representation was deficient because Mr. Johnson failed to challenge the State's jurisdiction or allege that Ms. Sorelle had conflicts of interest, failed to investigate all lines of defense, and coerced him into pleading guilty. On that basis, the state court found that because the relevant claims lacked merit, Petitioner could not establish that his appellate counsel had been ineffective for failing to raise them. *See id.*, Ex. 18.

On appeal to the OCCA, Petitioner alleged that he was entitled to relief because (1) the state court failed to address and consider his motion for appointment of post-conviction counsel, (2) the State lacked jurisdiction to charge and convict him, and (3) appellate counsel had failed to challenge the state court's jurisdiction. *See id.*, Ex. 35. The OCCA again denied relief, concluding that Petitioner's ineffective assistance of appellate counsel and jurisdictional claims were without merit. [Doc. No. 19, Ex. 1].

## II.    Petitioner's Habeas Claims

Relevant here, Petitioner has raised three claims of ineffective assistance of counsel.   In Ground Four, Petitioner alleges that Ms. Sorelle was ineffective for failing to (1) request a mental competency exam, (2) challenge the plea's factual basis, (3) advise Petitioner of the sentencing ranges, (4) object to impermissible multiple punishments, (5) object to privileged materials, (6) object to the State's improper statements, and (7) invoke sequestration.  *See* Pet. at 13.  In Ground Five, Petitioner claims that (1) Ms. Sorelle was ineffective because she failed to raise her own deficiencies in the motion to withdraw the guilty plea, (2) Mr. Yohn was ineffective for failing to conduct an independent investigation into Ms. Sorelle's deficiencies, and (3) appellate counsel was ineffective for failing to raise these "clearly meritorious grounds of error" on direct appeal. *Id.* at 15-16.  Finally, in Ground Seven, Petitioner argues that Ms. Sorelle was ineffective because she had conflicts of interest with Petitioner, including having a working relationship with Petitioner's wife's divorce attorney and having a personal relationship with the sitting judge and the victim's family.  Petitioner also blames appellate counsel for failing to investigate and raise these claims on direct appeal.  *See id.* at 20.

## III.    Judge Mitchell's Recommendation

Respondent filed a motion to dismiss arguing, in relevant part, that Petitioner's Grounds Five and Seven were unexhausted and thus Petitioner had improperly filed a Petition containing both exhausted and unexhausted claims.  [Doc. Nos. 13-14].  However, after the motion to dismiss was filed, the OCCA ruled on Petitioner's post-conviction appeal.  *See supra* at 1, n. 1.  Thus, Judge Mitchell concludes that Ground Seven is exhausted and only a portion of Ground Five – Petitioner's allegation that Ms. Sorelle was ineffective for failing to raise her own deficiencies in the motion to withdraw the guilty plea – remains unexhausted.  *See* Rep. and Rec. at 9-12.

4

## IV.    <u>Analysis</u>

### A.    **Exhaustion Requirements**

To be heard in federal court on a petition for writ of habeas corpus, a state prisoner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This means a state prisoner must pursue each claim through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (cleaned up). If a petitioner has not properly exhausted state remedies, the Court will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile, i.e., because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). Finally, "a federal district court must ordinarily dismiss the entire petition when one or more of the habeas claims are unexhausted." *Kell v. Benzon*, 925 F.3d 448, 451 (10th Cir. 2019).

### B.    **The Court's Finding and Petitioner's Objection**

A thorough review of Petitioner's claims in his direct appeal, application for post-conviction relief, and post-conviction appeal reveals that Petitioner has never complained to either the state court or the OCCA that Ms. Sorelle was deficient in failing to raise her own alleged ineffectiveness in the original plea withdrawal motion. *See supra* at 2-3. Thus, the Court agrees with Judge Mitchell that this portion of Ground Five is unexhausted and Petitioner has presented a pleading containing both exhausted and unexhausted claims.

In his objection, Petitioner argues that the Court should excuse exhaustion of this claim on grounds of futility. First, with liberal construction, Petitioner appears to argue that the limited ten-day window a defendant has from the date he enters his plea to the deadline for moving to withdraw

the plea is insufficient. Second, he argues that the process further "forecloses appeal of ineffective assistance of counsel that occurs during the drafting, filing, and hearing of the motion to withdraw plea." Pet.'s Obj. at 4. In support, Petitioner cites *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Travino v. Thaler*, 569 U.S. 413 (2013). *See id.*

In *Martinez*, the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial" when state law provides that "claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding" and "in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17. In *Trevino*, the Supreme Court held that *Martinez* applied even when the state provided a theoretical opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, "but the design and operation of the state's procedural requirements for doing so often made that theoretical possibility a practical impossibility." *Fairchild v. Trammell*, 784 F.3d 702, 720 (10th Cir. 2015). But these cases are not applicable here because the Tenth Circuit has concluded that Oklahoma law allows defendants a meaningful opportunity to raise ineffective assistance of trial counsel claims on direct appeal. *See id.* at 721; *see also Cuesta-Rodriguez v. Royal*, No. CIV-11-1142-M, 2016 WL 5485117, at *19 (W.D. Okla. Sept. 29, 2016) ("The exceptions in *Martinez* . . . and *Trevino* . . . are not applicable to Petitioner, as Oklahoma law allows defendants a meaningful opportunity to raise ineffective-assistance-of-trial-counsel claims on direct appeal under OCCA Rule 3.11."), *aff'd sub nom.*, *Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885 (10th Cir. 2019). Indeed, both Petitioner's conflict attorney and appellate attorney could have addressed Ms. Sorelle's failure to raise her own ineffectiveness, and as importantly, Petitioner could have raised the claim and/or challenged Mr.

Yohn and Mr. Carpenter's failure to do so, in his application for post-conviction relief.  He did not, *see supra* at 2-3, and the claim remains unexhausted.

**V.**     <u>**Conclusion**</u>

On de novo review, the Court agrees with Judge Mitchell that Petitioner's claim in Ground Five that Ms. Sorelle was ineffective for failing to raise her own deficiencies in the original motion to withdraw his plea is unexhausted and thus ADOPTS the Report and Recommendation. Anticipating this result, Petitioner asks to dismiss this claim and proceed with his exhausted claims.  *See* Pet.'s Obj. at 7.  Plaintiff's request is GRANTED, and the relevant claim is deemed DISMISSED without prejudice.  As this leaves Petitioner's Petition with only exhausted claims, Respondent's pending motion to dismiss [Doc. No. 13] is DENIED as moot.  This matter is RE-REFERRED to Judge Mitchell.

IT IS SO ORDERED this 21st day of November, 2024.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE