UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH H. TIBBETTS,              )<br>                                               )<br>           Petitioner,                       )<br>                                               )<br>v.                                              )      Case No. CIV-23-913-J<br>                                               )<br>DAVID ROGERS, Warden,          )<br>                                               )<br>           Respondent.                    )  | |

# ORDER

Petitioner, Kenneth H. Tibbetts, a state prisoner appearing pro se, filed an Amended Petition pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. (Amend. Pet.) [Doc. No. 34].  The matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Respondent responded to the Amended Petition, providing the state court records [Doc. No. 36], and Petitioner replied. [Doc. No. 43].  Judge Mitchell now recommends that the Court deny habeas relief.  (Rep. & Rec.) [Doc. No. 46].  Petitioner has objected (Pet.'s Obj.) [Doc. No. 50], triggering de novo review.[1]

## I.    Relevant Background

As documented in this Court's prior Order,

> In Beckham County District Court, Case No. CF-2015-188, Petitioner blindly pleaded guilty to (1) Count One: robbery with a weapon, (2) Counts Two and Seven: possession of a firearm, (3) Counts Three and Four: kidnapping, and (4) Counts Five and Six: attempted robbery with a dangerous weapon, all after a former felony conviction.
>
> Petitioner was represented by Ms. Alicia Sorelle during the plea and sentencing.  At his request, Ms. Sorelle also prepared a motion to withdraw the guilty plea alleging that Petitioner's plea was not entered knowingly and voluntarily because (1) he did not fully understand the effects of entering a blind plea, and (2)

---

[1] The Court GRANTS Petitioner's motion to file an objection with excessive pages.  [Doc. No. 49].

the effects of his medical condition and medications impaired his mental capacity. A conflict attorney, Mr. Richard Yohn, prepared the brief in support of Petitioner's motion to withdraw his guilty plea and represented Petitioner during the hearing on the motion. Mr. Yohn focused on Petitioner's alleged mental incapacitation. The court overruled the motion to withdraw.

Petitioner then filed a direct appeal, represented by Mr. Chad Johnson. Relevant here, the direct appeal alleged that Ms. Sorelle's representation was constitutionally ineffective because she (1) mishandled Petitioner's mental health/competency issues, (2) allowed a plea without sufficient factual basis, (3) failed to properly advise Petitioner of the sentencing ranges, (4) allowed impermissible multiple punishments, (5) failed to object to privileged materials, (6) failed to object to the State's improper statements, and (7) failed to invoke sequestration. The direct appeal also argued that Mr. Yohn's representation was constitutionally ineffective on grounds that he only summarized the medical history and did not request a competency determination.[2]

The [Oklahoma Court of Criminal Appeals (OCCA)] found that these claims were waived because they were not raised in Ms. Sorelle's motion to withdraw the plea, in Mr. Yohn's brief in support of that motion, or during the plea withdraw hearing. The OCCA further noted that Petitioner had not alleged that Mr. Yohn was ineffective for failing to challenge Ms. Sorelle's alleged ineffectiveness.

Petitioner then proceeded with a pro se application for post-conviction relief. He argued for the first time that the State lacked jurisdiction to convict him and alleged that Ms. Sorelle had conflicts of interest, failed to investigate all lines of defense (including Petitioner's competency), and coerced him into pleading guilty. He also raised a generic ineffective assistance of appellate counsel claim with no description of the alleged errors. The state court denied relief on the jurisdiction question and found that Petitioner's claims regarding Ms. Sorelle's representation lacked merit and had been waived. As for Petitioner's ineffective assistance of appellate counsel claim, the court assumed Petitioner was arguing that representation was deficient because Mr. Johnson failed to challenge the State's jurisdiction or allege that Ms. Sorelle had conflicts of interest, failed to investigate all lines of defense, and coerced him into pleading guilty. On that basis, the state court found that because the relevant claims lacked merit, Petitioner could not establish that his appellate counsel had been ineffective for failing to raise them.

---

[2] In addition to this history, the Court notes that Petitioner raised additional claims in his direct appeal, including allegations that (1) he was incompetent at the time he entered his guilty pleas, (2) the state court failed to establish a factual basis for the pleas, (3) his pleas were not knowing and voluntary because Petitioner was not informed of the punishment ranges, (4) his convictions violate the Double Jeopardy Clause, (5) admission of privileged medical records was plain error, (6) prosecutorial misconduct, and (7) cumulative error. [Doc. No. 36, Ex. 6]. The OCCA denied relief on all claims. *See id.*, Ex. 9.

2

On appeal to the OCCA, Petitioner alleged that he was entitled to relief because (1) the state court failed to address and consider his motion for appointment of post-conviction counsel, (2) the State lacked jurisdiction to charge and convict him, and (3) appellate counsel had failed to challenge the state court's jurisdiction. The OCCA again denied relief, concluding that Petitioner's ineffective assistance of appellate counsel and jurisdictional claims were without merit.

[Doc. No. 26 at 2-3 (internal citations omitted)].

## II. Petitioner's Habeas Claims

Petitioner has raised seven grounds for relief, alleging: (Ground One) the State obtained Petitioner's conviction in violation of due process because he was "mentally insane," and a "drug addict" at the time he committed his crimes and was "more than likely . . . incompetent" when he entered his blind plea; (Ground Two) his convictions violate the Double Jeopardy Clause; (Ground Three) the state court considered "inadmissible prejudicial medical evidence" during sentencing and the prosecutor's actions constituted prosecutorial misconduct; (Ground Four) Ms. Sorelle provided ineffective assistance of counsel during the guilty plea and sentencing; (Ground Five) Mr. Yohn provided ineffective assistance of counsel during the plea withdraw phase; (Ground Six) the State lacked jurisdiction to convict him; and (Ground Seven) Mr. Johnson provided ineffective assistance of counsel on appeal. *See* Amend. Pet. at 5-20.

## III. Judge Mitchell's Recommendation

In a very thorough Report and Recommendation, Judge Mitchell addressed each of Petitioner's claims, applied the appropriate standards for relief,[3] and recommended that habeas relief be denied. She concluded that:

- Ground One: the OCCA (1) did not improperly apply Supreme Court law or unreasonably determine that Petitioner was competent to enter his guilty pleas; (2) reasonably determined

---

[3] Petitioner does not challenge the standards Judge Mitchell applied. They are not recited herein but can be found in the Report and Recommendation. *See* Rep. & Rec. at 6-12.

3

that the state court did not deprive Petitioner of his procedural due process rights in failing to further investigate his alleged incompetency; (3) did not unreasonably apply Supreme Court law or unreasonably determine the facts when it found Petitioner was competent to enter his guilty pleas; and (4) applied an independent and adequate state procedural bar to Petitioner's claim that his guilty pleas lacked sufficient factual basis. Judge Mitchell further found that Petitioner failed to establish cause and prejudice or a fundamental miscarriage of justice to overcome the procedural default. *See* Rep. & Rec. at 12-26.

- Grounds Two and Three: the OCCA applied an independent and adequate state procedural bar to Petitioner's claims that his convictions violate the Double Jeopardy Clause (Ground Two) and that the state court considered prejudicial medical evidence and entertained prosecutorial misconduct (Ground Three) and Petitioner failed to establish cause and prejudice or a fundamental miscarriage of justice to overcome the procedural default. *See id.* at 26-32.

- Ground Four: the OCCA applied an independent and adequate state procedural bar to Petitioner's claim that Ms. Sorell provided constitutionally ineffective assistance of counsel and Petitioner failed to establish cause and prejudice or a fundamental miscarriage of justice to overcome the procedural default. *See id.* at 32-35.

- Ground Five: the OCCA reasonably applied *Strickland v. Washington*, 466 U.S. 688 (1984) in finding that Mr. Yohn did not provide ineffective assistance of counsel during the plea withdraw process. *See* Rep. & Rec. at 35-39.

- Ground Six: the OCCA did not unreasonably determine the facts when it held that Petitioner failed to provide any evidence that he committed his crimes in existing

Cheyenne-Arapaho reservation land and denying his jurisdictional claim under *McGirt v. Oklahoma*, 591 U.S. 894. *See* Rep. & Rec. at 39-56.

- Ground Seven: the OCCA reasonably applied *Strickland* in finding that Mr. Johnson did not provide ineffective assistance of counsel during the appellate process. *See id.* at 56-62.

### IV. Analysis

The Court has applied a de novo review and has carefully considered Petitioner's Amended Petition, Respondent's Response and attached state court records, Petitioner's reply to the Response, the Report and Recommendation, and Petitioner's 45-page objection. While Petitioner urges the Court to reject the Report and Recommendation on grounds that (1) his constitutional rights were violated, (2) he established cause and prejudice on the procedural defaulted claims, and (3) the state court lacked jurisdiction over his action, his arguments amount to little more than recitations of his underlying claims raised both before the OCCA and this Court. As noted, those claims have been thoroughly considered on de novo review and the Court ADOPTS Judge Mitchell's well-reasoned and thorough recommendation and DENIES Petitioner's Amended Petition.

### V. Conclusion

Judge Mitchell's Report and Recommendation is ADOPTED on de novo review and Petitioner's Amended Petition for a writ of habeas corpus [Doc. No. 34] is DENIED. Petitioner's motion to file an objection with excessive pages [Doc. No. 49] is GRANTED. Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A separate judgment will issue.

IT IS SO ORDERED this 15th day of January, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE